MICHAEL W. BOLECHOWSKI (State Bar #228725)
MARK C. RASKOFF (State Bar #72330)
MARY A. KIKER (State Bar #137824)
BISHOP, BARRY, HOWE, HANEY & RYDER
Watergate Tower III
2000 Powell Street, Suite 1425
Emeryville, CA 94608
Telephone: (510) 596-0888
Facsimile: (510) 596-0899

WILLIAM S. BERLAND (State Bar #43879)
FERGUSON & BERLAND
1816 – 5th Street
Berkeley, CA 94710
Telephone: (510) 548-9005
Facsimile: (510) 548-3143

Attorneys for Defendants Lakireddy Bali Reddy, Vijay Kumar Lakireddy, Jayaprakash Reddy Lakireddy, Venkateswara Reddy Lakireddy, Pasand Madras Cuisine, Pasand, Inc., Lakireddy Investment Co., L.B. Reddy Estate Co., Jay Construction, Active Tech Solutions, Vani Computer Solutions, Lakireddy Bali Reddy d/b/a Reddy Realty Co.

JONATHAN R. BASS (State Bar #075779)
NAOMI RUSTOMJEE (State Bar #142088)
GAIL G. QUAN (State Bar #203705)
COBLENTZ, PATCH, DUFFY & BASS, LLP
222 Kearny Street, 7th Floor
San Francisco, California 94108-4510
Telephone: (415) 391-4800
Facsimile: (415) 989-1663

Attorneys for Defendant
Prasad Lakireddy

COBLENTZ, PATCH, DUFFY & BASS, LLP
222 kearny street, 7th floor, san francisco, ca 94108-4510
(415) 391-4800 • fax (415) 989-1663

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JANE DOE I; JANE DOE II; LAKSHMI and JARMANTI PRATTIPATI as Parents and Successors in Interest of CHANTI JYOTSNA DEVI PRATTIPATTI; JANE DOE III; JANE DOE IV; JANE DOE V; DANE DOE VI; JANE DOE VII; JANE DOE VIII; SREEKANTH KOLLIPARA; and All Others Similarly Situated

Plaintiffs,

vs.

LAKIREDDY BALI REDDY, an individual; VIJAY KUMAR LAKIREDDY, an individual; PRASAD LAKIREDDY, an individual; JAYAPRAKASH REDDY

Case No. C-02-5570 WHA

**DEFENDANTS' NOTICE OF MOTION AND MOTION: TO DISMISS COUNTS I-VI, XI-XIV FOR FAILURE TO STATE A CLAIM FOR RELIEF; FOR A MORE DEFINITE STATEMENT; AND TO STRIKE**

**F.R.C.P. Rules 12(b)(6), 12(e), 12(f)**

Date: April 17, 2003
Time: 8:00 A.M.
Courtroom No.: 9
Judge: The Honorable William H. Alsup

LAKIREDDY, an individual; VENKATESWARA REDDY LAKIREDDY, an individual; and the businesses they controlled and/or operated, including PASAND MADRAS CUISINE, a California corporation; PASAND, INC., a California corporation; LAKIREDDY INVESTMENT CO., a California limited liability corporation; L.B. REDDY ESTATE CO., a California limited liability company; JAY CONSTRUCTION, a California sole proprietorship; ACTIVE TECH SOLUTIONS, a California corporation; VANI COMPUTER SOLUTIONS, a California limited liability corporation; LAKIREDDY BALI REDDY d/b/a REDDY REALTY CO., a California sole proprietorship; and ROES 1 through 100, inclusive,

Defendants.

COBLENTZ, PATCH, DUFFY & BASS, LLP
222 kearny street, 7th floor, san francisco, ca 94108-4510
(415) 391-4800 • fax (415) 989-1663

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION .......... 1

MEMORANDUM OF POINTS AND AUTHORITIES .......... 2

STATEMENT OF ISSUES TO BE DECIDED .......... 2

INTRODUCTION .......... 2

ARGUMENT .......... 4

I. THE LEGAL STANDARD APPLICABLE TO MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM. .......... 4

II. THE COURT SHOULD DISMISS WITH PREJUDICE THOSE CLAIMS PREMISED ON LEGAL THEORIES THAT CANNOT SUPPORT RELIEF .......... 5

A. Count III, For Violation Of The Anti-Peonage Act, Cannot Survive Plaintiffs' Inability To Allege State Action. .......... 5

B. Count IV, For Involuntary Servitude, Should Be Dismissed Because There Is No Such Private Right Of Action Under The Thirteenth Amendment Or Federal Criminal Statutes. .......... 6

1. There Is No Private Right Of Action Under The Thirteenth Amendment. .......... 6

2. There Is No Private Right Of Action Under The Trafficking Victims Protection Act. .......... 7

C. Count V, For Slave Labor/Involuntary Servitude, Should Be Dismissed For Lack Of Any Private Right Of Action. .......... 8

1. California Constitution, Art. 1, §6. .......... 8

2. California Penal Code Section 181 .......... 9

D. Count VI Invokes The Alien Tort Claims Act, Without Alleging The State Action Which Is A Necessary Element Of Such A Claim. It Assumes, Wrongly, That The "Law Of Nations" Provides Plaintiffs With Private Causes Of Action. .......... 9

1. The Complaint Fails To Allege State Action. .......... 9

2. The Complaint Does Not Allege Forced Labor Within The Reach Of The ATCA. .......... 10

3. Violation Of The Policy Declarations Invoked By Plaintiffs Cannot Form The Basis Of A Claim Under The ATCA. .......... 12

COBLENTZ, PATCH, DUFFY & BASS, LLP
222 kearny street, 7th floor, san francisco, ca 94108-4510
(415) 391-4800 • fax (415) 989-1663

4. The Complaint Fails To Give Defendants Legally Adequate Notice Of What They Are Alleged To Have Done That Could Give Rise To Liability Under The ATCA. ......................... 14

E. Count XIV, For Conversion Of The Value Of Plaintiffs' Labor, Purports To State A Claim Not Recognized By California Law.............. 14

III. THE RICO, FRAUD, AND FAIR LABOR STANDARDS ACT ALLEGATIONS FAIL TO STATE CLAIMS FOR RELIEF. ............................. 15

A. Plaintiffs Fail To Satisfy Crucial Elements Of The RICO Claims........... 15

1. Counts I And II Lack The Necessary *Mens Rea* Allegations....... 16

2. The Vast Majority Of "Enterprises" Alleged By Plaintiffs Are Not Sufficiently Pled And Cannot Be Shown To Exist. ........ 16

a. The Complaint Alleges Associations-In-Fact Without Alleging Any Facts Showing Association........................ 17

b. The Alleged Associations-In-Fact That Lack Decision-Making Structure Are Not Enterprises. ............................ 18

c. The Enterprise Element Is Not Satisfied By Inclusion Of A Corporate Defendant Which Is Not Alleged To Have Played Any Role In The Alleged Operations Of The Enterprise. ............................................................ 19

3. Plaintiffs Lack Standing Under Both Counts I And II As To Any Injury Alleged By Plaintiffs and As To Injunctive Or Other Equitable Relief................................................................ 19

4. Both Counts I And II Fail Because Plaintiffs Do Not Allege Any "Racketeering" Activity, Let Alone a "Pattern". .................. 21

a. Plaintiffs Have Not Sufficiently Alleged A Peonage, Involuntary Servitude, or Slavery Offense....................... 22

b. Plaintiffs Have Not Sufficiently Alleged A Mail and Wire Fraud Offense. ....................................................... 23

c. Plaintiffs Have Not Sufficiently Alleged Any Of The Following Criminal Offenses: Witness Tampering and Retaliation; Passport, Visa and Identification Documents Fraud; Transportation For Immoral Purposes; Immigration and Nationality Act Violations. ... 23

d. Plaintiffs Have Not Sufficiently Alleged A *Hobbs Act* Offense. ............................................................................ 24

e. Plaintiffs Have Not Sufficiently Alleged State Law Extortion, Kidnapping and Robbery Offenses. ................ 25

5. Count I Fails For the Additional Reason That There Is No "Aiding and Abetting" Liability Under Civil RICO..................... 26


COBLENTZ, PATCH, DUFFY & BASS, LLP
222 kearny street, 7th floor, san francisco, ca 94108-4510
(415) 391-4800 • fax (415) 989-1663

6. Count II Fails For The Additional Reason That Plaintiffs Fail To Allege The Requisite "Investment Injury" And Thus Have No Standing Under Section 1962(a). .... 27

7. Both Counts I and II Fail Because Plaintiffs Have Not Sufficiently Pleaded A Conspiracy. .... 28

a. Because Violations Of Sections 1962(a) and (c) Were Insufficiently Pled, There Can Be No Section 1962(d) Conspiracy. .... 28

b. Bare, Conclusory and Vague Allegations Are Insufficient To Plead A RICO Conspiracy. .... 29

B. The Fraud Claim Lacks The Requisite Specificity. .... 29

C. Count VII, Which Attempts To State A FLSA Claim, Fails As Presently Pled; At The Very Least, Defendants Are Entitled To A More Definite Statement Sufficient To Disclose The Basis For Subject Matter Jurisdiction. .... 30

D. The Emotional Distress Claims Of The Successors Of The Plaintiff Decedent Must Be Dismissed. .... 33

1. The Successor Plaintiffs Have Not Properly Established Their Standing To Bring These Claims. .... 33

2. The Decedent's Emotional Distress Claims Cannot Be Pursued. .... 33

IV. CERTAIN SCANDALOUS, INFLAMMATORY AND IMMATERIAL ALLEGATIONS OF THE COMPLAINT SHOULD BE STRICKEN. .... 33

- Paragraphs 1 and 2. .... 34
- Paragraphs 80-89. .... 34

CONCLUSION .... 35


COBLENTZ, PATCH, DUFFY & BASS, LLP
222 kearny street, 7th floor, san francisco, ca 94108-4510
(415) 391-4800 • fax (415) 989-1663

# TABLE OF AUTHORITIES

**Page**

CASES


*A.B. Kirschbaum Co. v. Walling*,
316 U.S. 516, 62 S.Ct. 1116 (1942) .......... 31, 32

*Abrams v. Societe Nationale Des Chemins De Fer Francais*,
175 F.Supp.2d 423 (E.D.N.Y. 2001) .......... 11

*Acme Paper Co. v. Goffstein*,
125 Cal.App.2d 175 (1954) .......... 14

*Agency Holding Corp. v. Malley-Duff & Assocs.*,
483 U.S. 143 (1987) .......... 21

*Allen v. Ramsay*,
179 Cal.App.2d 843 (1960) .......... 30

*Archer v. Cornillaud*,
41 F.Supp. 435 (W.D. Ky. 1941) .......... 32

*Atta v. Sun Co., Inc.*,
596 F.Supp.103 (E.D. Pa. 1984) .......... 7

*Baker v. McDonald's Corp.*,
686 F.Supp. 1474 (S.D. Fla. 1987), *aff'd.*, 865 F.2d 1272 (11th Cir. 1988), *cert. denied*, 493 U.S. 812 (1987) .......... 7

*Balistreri v. Pacifica Police Dept.*,
901 F.2d 696 (9th Cir. 1988) .......... 4

*Bao Ge v. Li Peng*,
201 F.Supp.2d 14 (D. D.C. 2000) .......... 11

*Bartling v. Glendale Adventist Medical Center*,
184 Cal.App.3d 961 (1986) .......... 33

*Baumer v. Pachl*,
8 F.3d 1341 (9th Cir. 1993) .......... 29

*BCCI v. Price Waterhouse & Co.*,
No. CV 91-4483 CBM(Ex), 1992 WL 696398, at *5 (C.D. Cal. Apr. 30, 1992) .......... 28

*Bell v. Gates*,
2001 U.S. Dist. LEXIS 12474, *29 .......... 21

*Benard v. Hoff*,
727 F.Supp. 211 (D. Md. 1989) .......... 19

*Billeaudeau v. Temple Associates, Inc.*,
213 F.2d 707 (5th Cir. 1954) .......... 32


COBLENTZ, PATCH, DUFFY & BASS, LLP
222 kearny street, 7th floor, san francisco, ca 94108-4510
(415) 391-4800 • fax (415) 989-1663

*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) .......... 8

*Brittingham v. Mobil Corp.*, 943 F.2d 297 (3d Cir. 1991) .......... 28

*Brooks v. Southern Dairies*, 38 F.Supp. 588 (S.D. Fla. 1941) .......... 32

*Buchanan v. City of Bolivar*, 99 F.3d 1352 (6th Cir. 1996) .......... 7

*Bupp v. Great Western Broadcasting Corp.*, 201 Cal.App.2d 580 (1962) .......... 9

*Bureerong v. Uvawas*, 922 F.Supp. 1450 (C.D. Cal. 1996) .......... 4

*Burger-Fischer v. Degussa AG*, 65 F.Supp.2d 248 (D.N.J. 1999) .......... 11

*C&W Construction Co. v. Brotherhood of Carpenters and Jointers of America, Local 745, AFL-CIO*, 687 F.Supp. 1453 (D. Haw. 1988) .......... 23

*California v. United States*, 512 F.Supp. 36 (N.D. Cal. 1981) .......... 34

*Cato v. United States*, 70 F.3d 1103 (9th Cir. 1995) .......... 7

*Central Bank of Denver v. First Interstate Bank of Denver*, 511 U.S. 164 (1994) .......... 26

*Chang v. Chen*, 80 F.3d 1293 (9th Cir. 1996) .......... 18, 19

*County of Los Angeles v. Superior Court*, 21 Cal.4th 292 (1999) .......... 33

*Craine v. Alexander*, 756 F.2d 1070 (5th Cir. 1985) .......... 5

*Daley's Dump Truck Service v. Kiewit Pacific Co.*, 759 F. Supp. 1498 (W.D. Wash. 1991), *aff'd*, 976 F.2d 1303 (9th Cir. 1992) .......... 20

*Degrassi v. Cook*, 29 Cal.4th 333 (2002) .......... 8

*Del Elmer v. Metzger*, 967 F.Supp. 398 (S.D. Cal. 1997) .......... 6

*Dept. of Water & Power v. Allis-Chalmers Manufacturing Co.*, 32 F.R.D. 204 (S.D. Cal. 1963) .......... 34

COBLENTZ, PATCH, DUFFY & BASS, LLP
222 kearny street, 7th floor, san francisco, ca 94108-4510
(415) 391-4800 • fax (415) 989-1663

*Doe v. Keane*,
658 F.Supp. 216 (W.D. Mich. 1987) ........ 7

*Doe v. The Gap, Inc.*,
2001 WL 1842389 at *19-20 (D.N.Mar.I. 2001) ........ 11, 20, 21, 22

*Doe v. The Gap, Inc.*,
2002 WL 1000068 at *15 (D.N.Mar.I. 2002) ........ 11, 12

*Dolla v. Unicast Co.*,
930 F.Supp. 202 (1996) ........ 6, 7

*Evans v United States*,
504 U.S. 255, 112 S.Ct. 1881, 119 L. Ed. 2d 57 (1992) ........ 25

*Fantasy, Inc. v. Fogerty*,
984 F.2d 1524 (9th Cir. 1993) ........ 34

*Filartiga v. Pena-Irala*,
630 F.2d 876 (2d Cir. 1980) ........ 10

*Fishel v. BASF Group*,
1998 U.S. Dist. LEXIS 21230 (S.D. Ia. 1999) ........ 11

*Fogerty v. Fantasy, Inc.*,
510 U.S. 517 (1994) ........ 34

*Forti v. Suarez-Mason*,
672 F.Supp. 1531 (N.D. Cal. 1987) ........ 10

*Fresno Air Service v. Wood*,
232 Cal.App.2d 801 (1965) ........ 14

*Gordon v. Paducah Ice Mfg. Co.*,
41 F.Supp. 980 (D.Ky. 1941) ........ 32

*Goren v. New Vision Int'l*,
156 F.3d 721 (7th Cir. 1998) ........ 29

*Hiland Dairy, Inc. v. Kroger Co.*,
402 F.2d 968 (8th Cir. 1968), *cert. denied*, 395 U.S. 961, 23 L.Ed.2d 748, 89 S.Ct. 2096 (1969) ........ 4

*Holland v. Board of Trustees of University of the Dist. of Columbia*,
794 F.Supp. 420 (D.D.C. 1992) ........ 6

*Idaho Sheet Metal Works v. Wirtz*,
383 U.S. 190, 86 S.Ct. 737 (1966) ........ 32

*In re Glenfed, Inc., Securities Litigation*,
42 F.3d 1541 (9th Cir. 1994) ........ 29

*In re Teledyne Def. Contr. Defense Contracting*,
849 F.Supp. 1369 (C.D. Cal. 1993) ........ 27, 28

COBLENTZ, PATCH, DUFFY & BASS, LLP
222 kearny street, 7th floor, san francisco, ca 94108-4510
(415) 391-4800 • fax (415) 989-1663

*In re Tucker Freight Lines, Inc.*,
789 F. Supp. 884 (W.D. Mich. 1991)....................19

*In re World War II Era Japanese Forced Labor Litig.*,
164 F.Supp.2d 1160 (N.D. Cal. 2001)....................11

*Iwanowa v. Ford Motor Co.*,
67 F.Supp.2d 424 (D.N.J. 1999)....................11

*John Doe I v. Unocal Corp.*,
2002 U.S. App. LEXIS 19263, *32 (9th Cir. 2002)....................10

*Kadic v. Karadzic*,
70 F.3d 232 (2d Cir. 1995)....................10

*Katzberg v. Regents of the University of California*,
29 Cal.4th 300 (2002)....................8

*Katzman v. Victoria's Secret Catalogue*,
167 F.R.D. 649 (S.D.N.Y. 1996)....................15

*Kaveney v. Miller*,
1993 U.S. Dist Lexis 10784 (E.D. Pa. 1993)....................6

*Knevelbaard Dairies v. Kraft Foods, Inc.*,
232 F.3d 979 (9th Cir. 2000)....................4

*Lancaster Community Hosp. v. Antelope Valley Hosp. Dist.*,
940 F.2d 397 (9th Cir. 1991)....................25

*LeDuc v. Kentucky Central Life Ins. Co.*,
814 F.Supp. 820 (N.D. Cal. 1992)....................34

*Liu Ciro, Inc., et al. v. Ciro, Inc., et al.*,
895 F. Supp. 1365 (D. Haw. 1995)....................20

*Lohther v. First National Bank of Chicago*,
45 F.Supp. 986 (D. Ill. 1941)....................32

*Man Hing Ivory & Imports, Inc. v. Deukmejian*,
702 F.2d 760 (9th Cir. 1983)....................13

*McLeod v. Threlkeld*,
319 U.S. 491, 63 S.Ct. 1248....................32

*Mehinovic v. Vuckovic*,
198 F.Supp.2d 1322 (N.D. Ga. 2002)....................11

*Mendoza v. Zirkle Fruit Co.*,
301 F.3d 1163 (9th Cir. 2002)....................21

*Miranda v. Ponce Fed. Bank*,
948 F.2d 41 (1st Cir. 1991)....................15

COBLENTZ, PATCH, DUFFY & BASS, LLP
222 kearny street, 7th floor, san francisco, ca 94108-4510
(415) 391-4800 • fax (415) 989-1663

*Mitchell v. C.W. Vollmer & Co.*,
349 U.S. 427, 75 S.Ct. 860 (1955) .......... 31

*Mitchell v. Lublin, McGaughy & Associates*,
358 U.S. 207 (1959) .......... 31

*Mitchell v. Welcome Wagon*,
139 F.Supp. 674 (D. Tenn. 1954), *aff'd*, 232 F.2d 892 (6th Cir. 1956) .......... 31

*Mortensen v. First Federal Sav. & Loan Ass'n.*,
549 F.2d 884 (3d Cir. 1977) .......... 31

*Moss v. Morgan Stanley*,
553 F. Supp. 1347 (S.D.N.Y. 1983), *aff'd*, 719 F.2d 5 (2d Cir. 1983) .......... 16

*National Coalition Gov't of Burma v. Unocal, Inc.*,
176 F.R.D. 329 (C.D. Cal. 1997) .......... 11

*NL Industries, Inc. v. Kaplan*,
792 F.2d 896 (9th Cir. 1986) .......... 4

*Nugget Hydroelectric L.P. Pacific Gas & Elec.*,
981 F.2d 429 (9th Cir. 1992) .......... 27, 28

*Oscar v. University, Student Co op. Ass'n*,
965 F.2d 783 (9th Cir. 1992) (en banc) .......... 19, 20, 21

*Palda v. General Dynamics Corp.*,
47 F.3d 872 (7th Cir. 1995) .......... 14

*Pillsbury, Madison & Sutro v. Lerner*,
31 F.3d 924 (9th Cir. 1994) .......... 4

*Pollock v. Williams*,
322 U.S. 4 (1944) .......... 5

*Religious Tech. Ctr. v. Wollersheim*,
796 F.2d 1076 (9th Cir. 1986) .......... 20

*Reves v. Ernst & Young*,
507 U.S. 170 (1993) .......... 18

*Robinson v. California Bd. of Prison Terms*,
997 F.Supp. 1303 (C.D. Cal. 1998) .......... 20

*Roe v. Unocal Corp.*,
70 F.Supp.2d 1073 (C.D. Cal. 1999) .......... 11

*Rolo v. City Investing Co Liq. Trust*,
155 F.3d 644 (3d Cir. 1998) .......... 26

*Ruiz v. Alegria*,
896 F.2d 645 (1st Cir. 1990) .......... 15

COBLENTZ, PATCH, DUFFY & BASS, LLP
222 kearny street, 7th floor, san francisco, ca 94108-4510
(415) 391-4800 • fax (415) 989-1663

*Russell v. Landrieu*, 621 F.2d 1037 (9th Cir. 1980) ........ 4

*Sanders v. A.J. Canfield Co.*, 635 F.Supp. 85 (N.D. Ill. 1986) ........ 6

*Sarei v. Rio Tinto PLC*, 221 F.Supp.2d 1116 (C.D. Cal. 2002) ........ 11

*Scafidi v. Western Loan & Bldg. Co.*, 72 Cal.App.2d 550 (1946) ........ 30

*Schmidt v. Fleet Bank*, 16 F. Supp. 2d 340 (S.D.N.Y. 1998) ........ 29

*Schwartz v. Witwer Grocer Co.*, 141 F.2d 341 (8 Cir. 1944), *cert. denied*, 322 U.S. 753 ........ 31

*Sedima, S.P.R.L v. Imrex Co.*, 473 U.S. 479 (1985) ........ 16, 21

*Simon v. Value Behavioral Health, Inc.*, 208 F.3d 1073 (9th Cir. 2000) ........ 28

*Stationary Eng'rs Local 39 v. Philip Morris, Inc.*, No. C-97-01519 DLJ, 1998 WL 76265 at *15-16 (N.D. Cal. April 30, 1998) ........ 20

*Steele v. Hospital Corp. of Am.*, 36 F.3d 69 (9th Cir. 1994) ........ 20

*Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221 (9th Cir.1989) ........ 31

*Tachiona v. Mugabe*, 169 F.Supp.2d 259 (S.D.N.Y. 2002) ........ 11

*Thornhill Publishing Co. v. General Tel. & Electronics Corp.*, 594 F.2d 730 (9th Cir. 1979) ........ 31

*Toms v. Pizzo*, 4 F.Supp. 2d 178 (W.D.N.Y. 1998), *aff'd*, 172 F.3d 38 (2d Cir.1999) ........ 25

*Turner v. Unification Church*, 473 F.Supp. 367 (D.R.I. 1978), *aff'd.*, 602 F.2d 458 (1st Cir. 1979) ........ 6, 7

*U.S. Concord, Inc. v. Harris Graphics Corp.*, 757 F. Supp. 1053 (N.D. Cal. 1991) ........ 28

*United States v. Aguon*, 851 F.2d 1158 (9th Cir. 1988) (en banc) ........ 25

*United States v. Kozminski*, 487 U.S. 931 (1988) ........ 12

COBLENTZ, PATCH, DUFFY & BASS, LLP
222 kearny street, 7th floor, san francisco, ca 94108-4510
(415) 391-4800 • fax (415) 989-1663

*United States v. McClendon*, 712 F.Supp. 723 (E.D. Ark. 1988) .......... 19

*United States v. Shackney*, 333 F.2d 475 (2d Cir. 1964) .......... 7

*United States v. Turkette*, 452 U.S. 576 (1981) .......... 17, 18

*United States v. Warren*, 772 F.2d 827 (11th Cir. 1985) .......... 7

*Vietnamese Fishermen's Ass'n. v. Knights of the Ku Klux Klan*, 518 F.Supp. 993 (S.D. Tex. 1981) .......... 7

*Western Mining Council v. Watt*, 643 F.2d 618 (9th Cir.1981), *cert. denied*, 454 U.S. 1031, 70 L.Ed.2d 474, 102 S.Ct. 567 (1981) .......... 4

*Westray v. Porthole, Inc.*, 586 F.Supp. 834 (D.Md. 1984) .......... 6

*Williamson v. Plant Insulation Co.*, 23 Cal.App.4th 1406 (1994) .......... 33

*Wiwa v. Royal Dutch Petroleum Co.*, 2002 U.S. Dist. LEXIS 3293 (S.D.N.Y. 2002) .......... 11

*Wool v. Tandem Computers, Inc.*, 818 F.2d 1433 (9th Cir. 1987) .......... 4

**STATUTES**

18 U.S.C. §§1581-88 .......... 22

18 U.S.C. §§1986-88 .......... 22

18 U.S.C. §1341 .......... 22, 23

18 U.S.C. §1343 .......... 22, 23

18 U.S.C. §1503 .......... 24

18 U.S.C. §1513 .......... 24

18 U.S.C. §1581 .......... 7

18 U.S.C. §1583 .......... 7

18 U.S.C. §1584 .......... 7

18 U.S.C. §1951 .......... 24, 25

18 U.S.C. §1961 .......... 16, 19

COBLENTZ, PATCH, DUFFY & BASS, LLP
222 kearny street, 7th floor, san francisco, ca 94108-4510
(415) 391-4800 • fax (415) 989-1663

18 U.S.C. §1962 .......... 15
18 U.S.C. §1982 .......... 22
22 U.S.C. §7101 .......... 6, 7, 8
28 U.S.C. §1350 .......... 9, 13
29 U.S.C. §201 .......... 30, 31
29 U.S.C. §203 .......... 30
42 U.S.C. §1994 .......... 5
Article I, Section 6 of the California Constitution .......... 8
Article VI, clause 2 of the United States Constitution .......... 13
California Code of Civil Procedure §377.20 .......... 33
California Code of Civil Procedure §377.32 .......... 33
California Code of Civil Procedure §377.34 .......... 33
California Penal Code §181 .......... 9
California Penal Code §207 .......... 25, 26
California Penal Code §211 .......... 25
California Penal Code §518 .......... 25
Fed.R.Civ.P. 12(b) .......... 31
Fed.R.Civ.P. 12(f) .......... 33

COBLENTZ, PATCH, DUFFY & BASS, LLP
222 kearny street, 7th floor, san francisco, ca 94108-4510
(415) 391-4800 • fax (415) 989-1663

COBLENTZ, PATCH, DUFFY & BASS, LLP
222 kearny street, 7th floor, san francisco, ca 94108-4510
(415) 391-4800 • fax (415) 989-1663

**NOTICE OF MOTION**

TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on April 17, 2003, at 8:00 a.m., or as soon thereafter as counsel may be heard by the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, in the courtroom of Honorable William H. Alsup, defendants will and hereby do move the Court for an order granting their motion to dismiss Counts I, II, III, IV, V, VI, XI, XII, XIII and XIV for failure to state a claim upon which relief can be granted, for a more definite statement and to strike certain allegations that are scandalous and immaterial.

This motion is made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that:

1. Count III (violation of the Anti-Peonage Act), Count IV (Peonage, Involuntary Servitude and Forced Labor), Count V (Slave Labor/Involuntary Servitude), Count VI (violation of the Alien Tort Claims Act), and Count XIV (conversion) fail to state a claim upon which relief can be granted and should be dismissed with prejudice;
2. Counts I and II (civil RICO violations) and Count XI (fraud and deceit) fail to state a claim upon which relief can be granted and should be dismissed; and
3. Counts XII and XIII as to the successors in interest of Chanti Jyotsna Devi Prattipatti fail to state a claim upon which relief can be granted and should be dismissed with prejudice.

This motion is further made pursuant to Rule 12(e) of the Federal Rules of Civil Procedure on the ground that count VII (violation of the Fair Labor Standards Act) is so vague and ambiguous that defendants cannot reasonably be required to frame a responsive pleading without a more definite statement.

This motion is also made pursuant to Rule 12(f) of the Federal Rules of Civil Procedure on the ground that paragraphs 1, 2, and 80-89 are immaterial and scandalous and should be stricken.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points

and Authorities, the pleadings and papers on file herein, and upon such other matters as may be presented to the Court at the time of the hearing.

Dated: January 31, 2003

FERGUSON & BERLAND
WILLIAM S. BERLAND

BISHOP, BARRY, HOWE, HANEY & RYDER

By: Mark Raskoff / by nr
MICHAEL W BOLECHOWSKI
MARK C. RASKOFF
Attorneys for All Defendants
(except Prasad Lakireddy)

Dated: January 31, 2003

COBLENTZ, PATCH, DUFFY & BASS LLP

By: Jonathan R. Bass / by nr
JONATHAN R. BASS
NAOMI RUSTOMJEE
GAIL G. QUAN
Attorneys for Defendant
Prasad Lakireddy

**MEMORANDUM OF POINTS AND AUTHORITIES**

**STATEMENT OF ISSUES TO BE DECIDED**

1. Whether the Complaint states claims upon which relief can be granted with respect to Counts I, II, III, IV, V, VI, XI, XII, XIII and XIV.

2. Whether defendants are entitled to a more definite statement with respect to Count VII.

3. Whether certain allegations should be stricken.

**INTRODUCTION**

This is a motion, under Rule 12 of the Federal Rules of Civil Procedure, directed at a lengthy and complex complaint filed in state court and subsequently removed to this Court. The motion seeks:

- dismissal with prejudice of those claims that are predicated on legal theories that, as a matter of law, cannot support any relief;

COBLENTZ, PATCH, DUFFY & BASS, LLP
222 KEARNY STREET, 7TH FLOOR, SAN FRANCISCO, CA 94108-4510
(415) 391-4800 • FAX (415) 989-1663

- dismissal with leave to amend of those claims that fail to satisfy applicable pleading standards but that could, at least in theory, be amended to state a claim;
- A more definite statement with respect to claims that fail to provide defendants with legally sufficient notice of the nature of the claims being asserted against them; and
- The striking from the Complaint of scandalous, inflammatory and immaterial allegations.

This lawsuit, filed on behalf of eleven plaintiffs, eight of whom have failed to identify themselves in the Complaint, is likely to present the Court and the parties with unusual management challenges.[1] Plaintiffs filed this action in the Superior Court of the State of California, County of Alameda, alleging twenty-four claims for relief against thirteen defendants—five individuals and eight business entities. Defendants removed the action to federal court on November 22, 2002.[2] The nature of the Complaint's allegations, its class action aspirations, its claims relating to acts committed in India, and its connection to ongoing criminal proceedings, all present problems not typically encountered.

The sixty-nine page complaint alleges a smorgasbord of claims for relief, including two civil RICO claims, three peonage/involuntary/slave labor related claims, violations of the Law of Nations, United States Treaties, the Thirteenth Amendment and Business and Professions Code

[1] By filing this responsive pleading, defendants are not waiving their right to eventually challenge plaintiff's prosecution of this action on behalf of eight anonymous plaintiffs. The Complaint in this action was filed, in October 2002, on behalf of four named plaintiffs and eight anonymous plaintiffs, identified by the pseudonyms of Jane Doe I through Jane Doe VIII, respectively. Defendants believe that it is not appropriate for plaintiffs to have filed and to continue to maintain an action on behalf of anonymous plaintiffs – at least not without leave of the Court. At some point, if plaintiffs continue to maintain the anonymity of the Jane Does, defendants will move the Court for appropriate relief. However, in order to temporarily forestall a motion battle on this issue, the parties entered into an interim agreement in the form of a *Stipulation And [Proposed] Order Re Confidentiality of Plaintiffs' Identities* (dated on or 12/13/02), and submitted it to the Court (Judge Wilken presiding) for entry of a proposed order. (We understand that, to date, no Court order has been issued on this matter.) The Stipulation provides, *inter alia*, that, Jane Does I through VIII will continue to be identified by their pseudonyms in the caption of the Complaint and in all future Court filings, and that this agreement will remain in effect until 30 days following written notice of termination of the Stipulation by any party.

[2] The action was assigned to the Honorable Vaughn Walker. Pursuant to a Notice of Related Case, the case was deemed related to a pending criminal matter, *USA v. Lakireddy Bali Reddy, et al.*, CR-00-40028-CW, and reassigned to the Honorable Claudia Wilken, on December 4, 2002. In an order dated January 8, 2003, Judge Wilken recused herself from this matter. This action was then assigned to the Honorable William H. Alsup pursuant to a court order dated January 9, 2003.

COBLENTZ, PATCH, DUFFY & BASS, LLP
222 kearny street, 7th floor, san francisco, ca 94108-4510
(415) 391-4800 • fax (415) 989-1663

sections 17200, *et seq.*, various common law tort claims, such as civil assault and battery, false imprisonment, fraud and deceit, emotional distress and negligence, and two claims for breach of contract. Essentially, plaintiffs allege defendants forced plaintiffs to provide labor services in violation of numerous federal and state statutes. Plaintiffs further allege defendants conduct caused physical and emotional injury. Plaintiffs seek restitution, compensatory and special damages, injunctive relief and statutory penalties and liquidated damages.

The logistical, management and discovery burdens will be multiplied unnecessarily, however, if the case is allowed to go forward on the basis of the existing Complaint. Plaintiffs are entitled to press ahead with claims that rest on viable legal theories and for which they have alleged sufficient facts. At the same time, defendants are entitled not to be burdened by claims that do not satisfy those tests. Many of the claims fall short. They should be dismissed.

## ARGUMENT

### I. THE LEGAL STANDARD APPLICABLE TO MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM.

In considering a motion to dismiss, the Court presumes the truth of well-pleaded allegations of material fact and draws all reasonable inferences in favor of the non-moving party.[3] *Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d 979, 984 (9th Cir. 2000); *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986); *see also Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Dismissal is proper, however, where there is either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). The Court may dismiss the complaint, or any claims within it, for failure to state a claim if it "appear[s] to a certainty that the plaintiff would not be entitled to relief under any set of facts that could be proved." *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1439 (9th Cir. 1987).

---

[3] A court need not accept as true unreasonable inferences, unwarranted deductions of fact or conclusory legal allegations cast in the form of factual allegations. *See, e.g., Pillsbury, Madison & Sutro v. Lerner*, 31 F.3d 924, 928 (9th Cir. 1994). *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.1981), *cert. denied*, 454 U.S. 1031, 70 L.Ed.2d 474, 102 S.Ct. 567 (1981); *Hiland Dairy, Inc. v. Kroger Co.*, 402 F.2d 968, 973 (8th Cir. 1968), *cert. denied*, 395 U.S. 961, 23 L.Ed.2d 748, 89 S.Ct. 2096 (1969); *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1462 (C.D. Cal. 1996).

COBLENTZ, PATCH, DUFFY & BASS, LLP
222 kearny street, 7th floor, san francisco, ca 94108-4510
(415) 391-4800 • fax (415) 989-1663

COBLENTZ, PATCH, DUFFY & BASS, LLP
222 kearny street, 7th floor, san francisco, ca 94108-4510
(415) 391-4800 • fax (415) 989-1663

## II. THE COURT SHOULD DISMISS WITH PREJUDICE THOSE CLAIMS PREMISED ON LEGAL THEORIES THAT CANNOT SUPPORT RELIEF.

Broadly speaking, a claim for relief may be legally deficient because the claim itself is not recognized by the law or because the claim, while recognized, is not supported by sufficient factual allegations. In the first instance, the claim should be dismissed with prejudice, since no additional recitation of facts would breathe life into it. In the latter instance, if it appears that the plaintiff may be able to state the additional facts necessary to support the claim, the Court should grant leave to amend in order to do so. Plaintiffs' claims fall into both categories. This section of this memorandum addresses the claims that are fatally defective.

### A. Count III, For Violation Of The Anti-Peonage Act, Cannot Survive Plaintiffs' Inability To Allege State Action.

Count III of the Complaint alleges that certain of the plaintiffs were subjected to treatment violative of the Anti-Peonage Act, 42 U.S.C. §1994.[4] But the essence of peonage is official or quasi-official involvement in a system of compulsory labor, based upon the victim's indebtedness. It is clear from the Complaint that plaintiffs are not claiming any such state action, nor would it be even remotely plausible for them to suggest that the City of Berkeley, in which the relevant events allegedly occurred, or the State of California, participated in or sanctioned the actions described in the Complaint.

In order to bring a claim of peonage, the plaintiff must show some state responsibility for the complained of abuse. "Section 1994 renders invalid ***only the 'acts, laws, resolutions, orders, regulations or usages' of the states*** that establish or enforce labor as a peon." *Craine v. Alexander*, 756 F.2d 1070, 1074 (5th Cir. 1985), citing *Pollock v. Williams*, 322 U.S. 4 (1944) (Emphasis added.). The state action required to support a claim under the Anti-Peonage Act,

[4] "The holding of any person to service or labor under the system known as peonage is abolished and forever prohibited in any Territory or State of the United States; and all acts, laws, resolutions, orders, or usages of any Territory or State, which have heretofore established, maintained, or enforced, or by virtue of which any attempt shall hereafter be made to establish, maintain, or enforce, directly or indirectly, the voluntary or involuntary service of labor of any persons as peons, in liquidation of any debt or obligation, or otherwise, are declared null and void." 42 U.S.C. §1994.

moreover, must be action by one of the states of the United States, not a foreign state.[5] Plaintiffs' failure, coupled with their obvious inability, to allege state action associated with the peonage claim requires dismissal of this claim.

**B. Count IV, For Involuntary Servitude, Should Be Dismissed Because There Is No Such Private Right Of Action Under The Thirteenth Amendment Or Federal Criminal Statutes.**

Certain plaintiffs allege in Count IV that they "bring this claim for relief under the private cause of action implied under the Thirteenth Amendment to the United States Constitution and the Trafficking Victims Protection Act, 22 U.S.C. §7101 *et seq*. (Complaint, ¶135.) No such right exists.

1. **There Is No Private Right Of Action Under The Thirteenth Amendment.**

There is no direct cause of action against private parties under the Thirteenth Amendment. *Del Elmer v. Metzger*, 967 F.Supp. 398, 402 (S.D. Cal. 1997) (in the absence of any authority allowing a plaintiff to proceed directly under the Thirteenth Amendment against a private party, plaintiff could not state a claim); *Holland v. Board of Trustees of University of the Dist. of Columbia*, 794 F.Supp. 420, 424 (D.D.C. 1992) (no direct cause of action for racial discrimination under the Thirteenth Amendment; plaintiff must pursue his remedy to the statutes adopted pursuant to the amendment)*; Westray v. Porthole, Inc.*, 586 F.Supp. 834, 83-39 (D.Md. 1984) (Thirteenth Amendment does not give rise to an independent cause of action for discrimination; plaintiffs must avail themselves of statutory remedies); *Turner v. Unification Church*, 473 F.Supp. 367, 374 (D.R.I. 1978), *aff'd.*, 602 F.2d 458 (1st Cir. 1979) (declining to imply private cause of action under Thirteenth Amendment when state laws such as false imprisonment and other traditional state law torts provide adequate remedy); *Dolla v. Unicast Co.*, 930 F.Supp. 202, 206 (1996); *accord*, *Kaveney v. Miller*, 1993 U.S. Dist Lexis 10784 (E.D. Pa. 1993); *Sanders v. A.J. Canfield Co.*, 635 F.Supp. 85, 87 (N.D. Ill. 1986); *Baker v.*

[5] The Anti-Peonage Act does not apply to foreign states. It abolishes peonage in "any Territory or State of the United States." Clause two of the Act declares null and void "all acts, laws, resolutions, orders, regulations, or usages of any Territory or State" that establish, maintain or enforce peonage.

COBLENTZ, PATCH, DUFFY & BASS, LLP
222 kearny street, 7th floor, san francisco, ca 94108-4510
(415) 391-4800 • fax (415) 989-1663

*McDonald's Corp.*, 686 F.Supp. 1474 (S.D. Fla. 1987), *aff'd.*, 865 F.2d 1272 (11th Cir. 1988), *cert. denied*, 493 U.S. 812 (1987); *Doe v. Keane*, 658 F.Supp. 216 (W.D. Mich. 1987); *Vietnamese Fishermen's Ass'n. v. Knights of the Ku Klux Klan*, 518 F.Supp. 993, 1012 (S.D. Tex. 1981); *Atta v. Sun Co., Inc.*, 596 F.Supp.103, 105 (E.D. Pa. 1984).[6]

The courts' reluctance to find a private right of action under the Thirteenth Amendment is grounded, at least in part, on the availability of adequate remedies under state law, a rationale amply supported by the Complaint in this action, which advances various state law tort claims arising out of the same operative facts as the Thirteenth Amendment claim. Since those state law remedies are adequate to address claims that could otherwise be treated as "involuntary servitude" under the Thirteenth Amendment, and in order not to "constitutionalize" such state law claims, a private right of action under the Thirteenth Amendment is not recognized. *Turner v. Unification Church*, 473 F.Supp. at 374.

**2. There Is No Private Right Of Action Under The Trafficking Victims Protection Act.**

Private rights of action are no more available under federal criminal statutes enacted to effectuate the purposes of the Thirteenth Amendment than they are under the Thirteenth Amendment directly. *Buchanan v. City of Bolivar*, 99 F.3d 1352, 1353 (6th Cir. 1996) ("involuntary servitude" under the Thirteenth Amendment and 18 U.S.C. §1584 are indistinguishable and dismissing a claim on grounds that "18 U.S.C. §1584 is a criminal statute enacted by Congress to enforce the Thirteenth Amendment and does not provide for a private civil remedy"); *Dolla*, 930 F. Supp. at 206 (no private right of action under 18 U.S.C. §§1581 and 1583); *United States v. Shackney*, 333 F.2d 475 (2d Cir. 1964); *United States v. Warren*, 772 F.2d 827 (11th Cir. 1985); *Turner*, 473 F.Supp. at 374-375 (criminal statutes do not imply a civil cause of action, and, in particular, 18 U.S.C. §§1581 and 1583 do not do so.)

Count IV of the Complaint purports to invoke the private right of action implied under the Traffic Victims Protection Act ("TVPA"), 22 U.S.C. §7101, but there is no such right. The

---

[6] The Ninth Circuit has not directly addressed the issue. *See Cato v. United States*, 70 F.3d 1103, 1109 n.7 and 1110 (9th Cir. 1995).

COBLENTZ, PATCH, DUFFY & BASS, LLP
222 kearny street, 7th floor, san francisco, ca 94108-4510
(415) 391-4800 • fax (415) 989-1663

TVPA was enacted to "combat trafficking in persons, a contemporary manifestation of slavery whose victims are predominantly women and children, to ensure just and effective punishment of traffickers, and to protect their victims." 22 U.S.C. §7101(a). The TVPA penalizes, criminally, persons whose conduct involves actual use of physical restraint or threats of serious harm, as well as indirect coercion, such as abuse of the legal process. Nowhere in the text of the TVPA is there a reference to any private right of action.

**C. Count V, For Slave Labor/Involuntary Servitude, Should Be Dismissed For Lack Of Any Private Right Of Action.**

**1. California Constitution, Art. 1, §6.**

In Count V, plaintiffs seek damages based on the prohibition of slavery in Article I, Section 6 of the California Constitution, which provides, in pertinent part:

> "SEC. 6. Slavery is prohibited. Involuntary servitude is prohibited except to punish crime."

In *Katzberg v. Regents of the University of California*, 29 Cal.4th 300 (2002) and *Degrassi v. Cook*, 29 Cal.4th 333 (2002), the California Supreme Court addressed the availability of a private right of action for California constitutional violations. The state supreme court adopted the United States Supreme Court's analysis in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971):

> "the absence of a 'complete' alternative remedy will not support an action for damages, so long as a 'meaningful' alternative remedy in state or federal law is available […]."

*Katzberg*, 29 Cal.4th at 309 (internal citations omitted).

California employs the following test to determine whether a private right of action exists:

> "First, we shall inquire whether there is evidence from which we may find or infer, within the constitutional provision at issue, an affirmative intent either to authorize or to withhold a damages action to remedy a violation. Second, if no such affirmative intent either to authorize or to withhold a damages remedy can be found, we shall undertake the constitutional tort analysis adopted by *Bivens v. Six Unknown Fed. Narcotics Agents* (1971) 403 U.S. 388, and its progeny. (*Katzberg*, supra, at 317.)"

*Degrassi*, 29 Cal.4th at 338.

As to the first leg of the test, there is nothing in Section 6 of the California Constitution to

COBLENTZ, PATCH, DUFFY & BASS, LLP
222 kearny street, 7th floor, san francisco, ca 94108-4510
(415) 391-4800 • fax (415) 989-1663

suggest an intention to authorize a private right of action. As to the second leg of the test, California provides its residents with a host of relevant statutory and common law remedies, eliminating any need to infer a private remedy directly from the text of the constitutional provision. Indeed, the Complaint itself invokes such meaningful alternative state remedies. (Complaint, Counts IX (civil assault and battery); X (false imprisonment); XI (fraud and deceit); XII (negligent infliction of emotional distress); XIII (intentional infliction of emotional distress); and XVII (unjust enrichment).[7]

#### 2. California Penal Code Section 181.

Plaintiffs offer, as a supplemental or alternative legal ground for Count V, California Penal Code Section 181, which makes it a felony to commit various acts associated with involuntary servitude. It provides no explicit civil remedy, and there is no authority finding an implied private right of action for a violation of Section 181.

### D. Count VI Invokes The Alien Tort Claims Act, Without Alleging The State Action Which Is A Necessary Element Of Such A Claim. It Assumes, Wrongly, That The "Law Of Nations" Provides Plaintiffs With Private Causes Of Action.

#### 1. The Complaint Fails To Allege State Action.

Count VI purports to invoke the Court's jurisdiction under the Alien Tort Claims Act, 28 U.S.C. §1350 ("ATCA"). Specifically, it alleges that plaintiffs were forced "to relinquish universally-recognized and protected rights of association, freedom, speech, and privacy; the right to be free from workplace discrimination on grounds of gender, national origin, and other prohibited grounds; the right to be free from corporal punishment in the workplace; the right to engage in concerted protected activity; the right to be free from cruel, inhuman, or degrading treatment or punishment; the right to free choice of employment and to just and favorable conditions of work; the right to equal pay for equal work; the right to just and favorable remuneration; the right to reasonable limitation of working hours; the right to safe and healthy

---

[7] Only one reported California decision – *Bupp v. Great Western Broadcasting Corp.*, 201 Cal.App.2d 580, 583 (1962) – has discussed the propriety of pleading asserting a cause of action for damages based on involuntary servitude. Defendant's demurrer was sustained without leave to amend.

COBLENTZ, PATCH, DUFFY & BASS, LLP
222 kearny street, 7th floor, san francisco, ca 94108-4510
(415) 391-4800 • fax (415) 989-1663

COBLENTZ, PATCH, DUFFY & BASS, LLP
222 kearny street, 7th floor, san francisco, ca 94108-4510
(415) 391-4800 • fax (415) 989-1663

working conditions; and the right to personal liberty and security." (Complaint, ¶ 151.) None of these alleged wrongs can be made the subject of a civil action against private parties in this Court on any of the legal theories advanced in Court VI.[8]

In a line of cases beginning with *Filartiga v. Pena-Irala*, 630 F.2d 876 (2d Cir. 1980), the ATCA has been held applicable, subject to certain exceptions, only to conduct "under color of official authority [which] violates universally accepted norms of the international law of human rights regardless of the nationality of the parties." *Id*. at 878. Accordingly, claims for violations of ATCA can generally only be made against a state actor or for conduct performed under color of state law.

There is a narrow, and well-defined, exception to the state action requirement. Actions against private individuals that do not require state action are limited to piracy, war crimes, genocide and slavery. *See Kadic v. Karadzic*, 70 F.3d 232, 239-40 (2d Cir. 1995). None of these exceptions apply here.

In short, for conduct to violate the law of nations, the act must either be committed by a state and be an act that is "universally condemned" or be one of a small class of the most serious crimes, such as genocide or war crimes. *Forti v. Suarez-Mason*, 672 F.Supp. 1531, 1539-40 (N.D. Cal. 1987). None of the defendants in this case are state actors, nor are they alleged to have committed conduct cognizable under the ATCA in the absence of state action.

**2. The Complaint Does Not Allege Forced Labor Within The Reach Of The ATCA.**

As noted above, a slavery claim can be brought pursuant to the ATCA in the absence of state action, and forced labor that amounts to actual slavery has been found sufficient to support an ATCA claim against a private individual. *John Doe I v. Unocal Corp.*, 2002 U.S. App. LEXIS 19263, *32 (9th Cir. 2002). Under the Slavery Act war crimes/genocide exceptions to the state

---

[8] To the extent – and it appears to be a large extent – that plaintiffs are complaining of acts that allegedly occurred in the United States, we do not believe that the ATCA applies at all. The purpose and intent of the ATCA, we think it is clear, is to provide a forum for aliens subjected to certain types of wrongs in <u>other</u> countries. If Count VI survives in any form, we will, at an appropriate juncture, raise the issue of whether the ATCA reaches conduct within the United States.

COBLENTZ, PATCH, DUFFY & BASS, LLP
222 kearny street, 7th floor, san francisco, ca 94108-4510
(415) 391-4800 • fax (415) 989-1663

action requirement cases permitting a plaintiff to proceed under the ATCA have involved allegations of atrocious conduct involving the military in Myanamar (*National Coalition Gov't of Burma v. Unocal, Inc.*, 176 F.R.D. 329 (C.D. Cal. 1997)); war crimes during World War II (*Sarei v. Rio Tinto PLC*, 221 F.Supp.2d 1116 (C.D. Cal. 2002); *Abrams v. Societe Nationale Des Chemins De Fer Francais*, 175 F.Supp.2d 423 (E.D.N.Y. 2001); *In re World War II Era Japanese Forced Labor Litig.*, 164 F.Supp.2d 1160 (N.D. Cal. 2001); *Iwanowa v. Ford Motor Co.*, 67 F.Supp.2d 424 (D.N.J. 1999); *Burger-Fischer v. Degussa AG*, 65 F.Supp.2d 248 (D.N.J. 1999); *Fishel v. BASF Group*, 1998 U.S. Dist. LEXIS 21230 (S.D. Ia. 1999)); ethnic-cleansing campaigns in Bosnia (*Mehinovic v. Vuckovic*, 198 F.Supp.2d 1322 (N.D. Ga. 2002)); military force in Africa (*Wiwa v. Royal Dutch Petroleum Co.*, 2002 U.S. Dist. LEXIS 3293 (S.D.N.Y. 2002); *Tachiona v. Mugabe*, 169 F.Supp.2d 259 (S.D.N.Y. 2002); *Roe v. Unocal Corp.*, 70 F.Supp.2d 1073 (C.D. Cal. 1999)), and prison camps in China (*Bao Ge v. Li Peng*, 201 F.Supp.2d 14 (D. D.C. 2000)). The conduct alleged by plaintiffs here does not rise to those extreme levels. Plaintiffs have not alleged, nor can they allege, conduct constituting slavery or conduct rising to the level of forced labor that is the equivalent of slavery.

In *Doe v. The Gap, Inc.*, 2001 WL 1842389 at *19-20, 22 (D.N.Mar.I. 2001) ("*The Gap I*"), the court found plaintiffs' allegations insufficient to support a claim for involuntary servitude, and on that basis, dismissed the plaintiffs' more serious claim of forced labor under the ATCA. The plaintiffs' allegations of threats and use of physical restraint and abuse, and threats and use of physical and legal coercion, were insufficient to support a claim of involuntary servitude. *Doe v. The Gap, Inc.*, 2002 WL 1000068 at *15 (D.N.Mar.I. 2002) ("*The Gap II*"). While assuming the truth of such allegations, the court could not "reasonably infer that the plaintiffs' free will had been overcome and that the plaintiffs had no choice but to work." *Id*. Plaintiffs having failed to sufficiently plead the less egregious involuntary servitude claim, the court dismissed plaintiffs' ATCA claims with prejudice. *Id.* at 21.

None of the allegations in the Complaint in this action rise to the level of a forced labor claim, as the courts have defined it. Indeed, they fail even to make out a claim for involuntary

servitude, since it appears that plaintiffs made a "choice, however painful" to work. *See The Gap II*, 2000 WL 1000068 at *15, citing *United States v. Kozminski*, 487 U.S. 931, 950 (1988).

Although allegations of physical and legal threats of arrest, prosecution and imprisonment could potentially support a claim for involuntary servitude, a plaintiff asserting such a claim must allege specific factual information indicating by "who[m] or how the arrest, prosecution and imprisonment will be conducted." *Id*. Plaintiffs have failed to allege the factual circumstances of the alleged threats, how the threats would be carried out or by whom. Such basic detail is particularly essential in a case like this one, in which plaintiffs have indiscriminately alleged that all of the defendants are subject to liability in connection with these claims. If plaintiffs truly intend, in good faith, to make accusations of collective guilt in connection with such inflammatory allegations, they must first satisfy the applicable pleading standards, which oblige them to describe the alleged acts and to identify the persons who committed them.

**3. Violation Of The Policy Declarations Invoked By Plaintiffs Cannot Form The Basis Of A Claim Under The ATCA.**

Even if plaintiffs could supply the state action missing element, their ATCA claim would fail because none of the alleged tort violations constitutes a violation of the law of nations or a United States treaty. In analyzing the viability of Count VI, it is useful to keep in mind that the ATCA itself does not create or define the underlying tort. The ATCA simply opens the doors to the district courts to aliens who have been the victims of certain categories of torts. Those torts are defined by other sources of law, and plaintiffs are unable to point to any source of law, with respect to the torts they have alleged that are cognizable under the ATCA.

The Complaint alleges separate ATCA claims for violations of the following treaties and "internationally recognized documents:" Universal Declaration of Human Rights, International Covenant on Civil and Political Rights, Internal Labour Organization: Convention Concerning Forced or Compulsory Labour, International Covenant on Economic, Social and Cultural Rights, American Convention on Human Rights, Additional Protocol to the American Convention on Human Rights in the Area of Economic, Social and Cultural Rights, Declaration on the Elimination of Violence Against Women, Right to Organize and Collective Bargaining

COBLENTZ, PATCH, DUFFY & BASS, LLP
222 kearny street, 7th floor, san francisco, ca 94108-4510
(415) 391-4800 • fax (415) 989-1663

COBLENTZ, PATCH, DUFFY & BASS, LLP
222 kearny street, 7th floor, san francisco, ca 94108-4510
(415) 391-4800 • fax (415) 989-1663

Convention, Declaration on the Human Rights of Individuals Who are Not Nationals of the Country in Which they Live, International Labour Organization: Convention Concerning Minimum Age for Admission to Employment and Convention on the Rights of the Child. (Complaint ¶ 152(a)-(k).)

None of the cited treaties and "internationally recognized documents" are self-executing, nor do any of them provide for a private right of action against individuals.[9] *See Man Hing Ivory & Imports, Inc. v. Deukmejian*, 702 F.2d 760, 762 (9th Cir. 1983) ("Courts are empowered to give direct legal effect to treaties only insofar as they are self-executing and therefore operate as the law of the land").

Many of the "treaties" cited in the Complaint have never been ratified by the United States and therefore do not have the force of law. Only ratified treaties become the law of the land. U.S. Const. Art. VI, cl.2. The following treaties and alleged "internationally recognized documents" have not been ratified by the United States: International Labour Convention Concerning Forced or Compulsory Labor, International Covenant on Economic, Social and Cultural Rights, American Convention on Human Rights, Additional Protocol to the American Convention on Human Rights in the Area of Economic, Social and Cultural Rights, International Labour Organization Right to Organize and Collective Bargaining Convention, International Labour Organization Convention Concerning Minimum Age for Admission to Employment and the Convention on the Rights of the Child.[10] None of the treaties and "internationally recognized

---

[9] The Complaint's references to "internationally recognized documents" contribute nothing of legal significance in any event. By the explicit terms of the statute, ATCA claims for a treaty violation must be based on a United States treaty, not an "internationally recognized document." 28 U.S.C. §1350. Accordingly, plaintiffs' claims for violations of the Universal Declaration of Human Rights, Declaration on the Elimination of Violence Against Women and Declaration on the Human Rights of Individuals Who are Not Nationals of the Country in Which They Live all fail and must be dismissed.

[10] In fact, several of the documents have not even been signed by the United States, an act that precedes ratification — specifically, the Additional Protocol to the American Convention on Human Rights in the Area of Economic, Social and Cultural Rights, Universal Declaration of Human Rights, Declaration on the Elimination of Violence Against Women and Declaration on the Human Rights of Individuals Who are Not Nationals of the Country in Which They Live. For the Court's convenience, defendants have prepared a table setting forth the ratification status of the alleged "internationally recognized documents" which includes citations to the appropriate authorities. (*See* Attachment "A" to this Memorandum.)

documents" cited by plaintiffs in the Complaint may serve as a basis for a violation of a United States Treaty under the ATCA.[11]

### 4. The Complaint Fails To Give Defendants Legally Adequate Notice Of What They Are Alleged To Have Done That Could Give Rise To Liability Under The ATCA.

The Complaint alleges that defendants violated the law of nations and customary international law by "requiring plaintiffs and class members to engage in forced labor, involuntary servitude, peonage, and other contemporary manifestations of slavery, including false imprisonment, and by engaging in an unlawful scheme to obtain plaintiffs' forced labor." Complaint ¶ 150. Plaintiffs fail, however, to allege the elements of a tort that would give rise to liability under the ATCA.

Absent from the Complaint are any factual allegations supporting the alleged "tort" violations. Specifically, plaintiffs do not provide any factual allegations identifying what conduct by defendants could trigger liability under the ATCA. Conclusory allegations, lacking any factual support, are not sufficient to withstand a motion to dismiss. *Palda v. General Dynamics Corp.*, 47 F.3d 872, 875 (7th Cir. 1995).

### E. Count XIV, For Conversion Of The Value Of Plaintiffs' Labor, Purports To State A Claim Not Recognized By California Law.

Count XIV purports to state a claim for conversion of the value of plaintiffs' labor. (Complaint, ¶ 198.) Conversion is the wrongful exercise of dominion over personal property of another. *Fresno Air Service v. Wood*, 232 Cal.App.2d 801, 806 (1965). In order to state a legally viable conversion claim, a plaintiff must allege the defendant's interference with his ownership or possession of either tangible property or intangible property whose existence is represented by documents. *Acme Paper Co. v. Goffstein*, 125 Cal.App.2d 175, 179 (1954).

Plaintiffs' characterization of the value of their labor as having been "converted" is not a

[11] Should the Court find that plaintiffs have adequately pled an ATCA claim on some theory, it could not be on the basis of the various treaties and "internationally recognized documents" referenced in the Complaint. Defendants therefore move to strike all such references even if the Court finds any part of the ATCA claims to be sufficiently pled. As discussed above, subject to the narrow exception of slavery/forced labor, state action is required in order to state a claim under the ATCA.

COBLENTZ, PATCH, DUFFY & BASS, LLP
222 kearny street, 7th floor, san francisco, ca 94108-4510
(415) 391-4800 • fax (415) 989-1663

conversion claim under California law. The value of plaintiffs' labor is not tangible property, nor is it property represented by something tangible. Count XIV cannot be fixed by any amendment. It should be dismissed with prejudice.

## III. THE RICO, FRAUD, AND FAIR LABOR STANDARDS ACT ALLEGATIONS FAIL TO STATE CLAIMS FOR RELIEF.

### A. Plaintiffs Fail To Satisfy Crucial Elements Of The RICO Claims.

Plaintiffs have asserted two RICO counts against all defendants and unnamed co-conspirators. Count I purports to state a claim for violation of 18 U.S.C. §1962(c) and (d), and Count II a claim under 18 U.S.C. §1962(a) and (d). Section 1962(c) provides that it is unlawful for any person employed by or associated with a RICO enterprise to conduct, or participate in the conduct of, the enterprise through a pattern of racketeering activity. Section 1962(a) makes it unlawful for a person who receives income from a pattern of racketeering activity to use that income to acquire, operate or establish a RICO enterprise. Section 1962(d) provides, in pertinent part, that it is unlawful for any person to conspire to violate any of the provisions of subsection (a) and (c) of Section 1962.

At bottom, the Complaint alleges certain personal tort and statutory labor and employment claims. Those claims are buttressed by allegations of visa and immigration violations, although the plaintiffs appear to have been co-conspirators with respect to those claims, rather than victims. Judging from the allegations of the Complaint, this is <u>not</u> a RICO case, and it is difficult to see how it could ever be transformed into one. "Civil RICO is an unusually potent weapon - the litigation equivalent of a thermonuclear device." *Katzman v. Victoria's Secret Catalogue*, 167 F.R.D. 649, 655 (S.D.N.Y. 1996). Because the "mere assertion of a RICO claim consequently has an almost inevitable stigmatizing effect on those named as defendants[, i]n fairness to innocent parties, courts should strive to flush out frivolous RICO allegations at an early stage of the litigation." *Ruiz v. Alegria*, 896 F.2d 645, 650 (1st Cir. 1990) (internal citation omitted). A RICO complaint "must be anchored in a bed of facts, not allowed to float freely on a sea of bombast." *Miranda v. Ponce Fed. Bank*, 948 F.2d 41, 44 (1st Cir. 1991) (on Rule 12 (b)(6) motion, court "need not credit bald assertions, periphrastic circumlocutions, unsubstantiated

COBLENTZ, PATCH, DUFFY & BASS, LLP
222 kearny street, 7th floor, san francisco, ca 94108-4510
(415) 391-4800 • fax (415) 989-1663

conclusions, or outright vituperation'"). The RICO claims in this action do not satisfy the prophylactic pleading requirements that the federal courts have applied. They are too short on the necessary factual allegations and specificity as to the parties and acts involved, and too long on legal conclusions and vituperation.

### 1. Counts I And II Lack The Necessary *Mens Rea* Allegations.

RICO is, in the first instance, a criminal statute. In order to state a civil RICO claim under Section 1962(a) or (c), the complaint must establish that each defendant committed an indictable offense and could be convicted of violating specified criminal statutes. 18 U.S.C. §1961; *Sedima, S.P.R.L v. Imrex Co.*, 473 U.S. 479, 488 (1985); *see also Moss v. Morgan Stanley*, 553 F. Supp. 1347, 1362 (S.D.N.Y. 1983), *aff'd*, 719 F.2d 5 (2d Cir. 1983) ("Even if the standard of proof is lower in a civil proceeding under RICO than in a criminal one, this does not relate to the elements of the crime but only to the burden that the plaintiff must bear in showing the elements").

Although each of the alleged predicate acts requires intentional criminality, the Complaint is devoid of factual allegations sufficient to support the required state of mind on the part of each defendant. The mens rea allegations, to the extent they are present at all, are merely conclusory. For instance, plaintiffs conclusively assert that all the defendants (1) "knowingly and willfully" participated in one specified and other unspecified predicate acts of "mail fraud" (Complaint ¶101); (2) "knowingly or in reckless disregard" attempted to shield from detection certain Plaintiffs who were in the country in violation of immigration laws (Complaint ¶110); and (3) "engaged in and/or aided and abetted" the violation of one specified and "numerous" unspecified California laws "punishable by imprisonment of more than one year" (Complaint ¶114). The complaint is replete with similarly conclusory or otherwise insufficient mens rea allegations that fail to support the assertion that any defendant intended to commit a crime.

### 2. The Vast Majority Of "Enterprises" Alleged By Plaintiffs Are Not Sufficiently Pled And Cannot Be Shown To Exist.

Each of the association-in-fact enterprises pleaded as an element of the RICO claims suffers one or more deficiencies that defeat the claim as a matter of law: (1) alleging associations between parties without any specific factual allegation as to the nature or existence of any

COBLENTZ, PATCH, DUFFY & BASS, LLP
222 kearny street, 7th floor, san francisco, ca 94108-4510
(415) 391-4800 • fax (415) 989-1663

association; (2) alleging associations without pleading any specific facts regarding the decision-making structure of the alleged enterprise; and (3) alleging associations that include entities that are not alleged to have played any role (active or passive) in any operations of the enterprise. These pleading defects with respect to the enterprise element eliminate all of the alleged association-in-fact enterprises except those between defendants L.B. Reddy and Pasand Madras Cuisine, between Vijay Lakireddy and Active Tech Solutions, and between Prasad Lakireddy and Pasand Madras Cuisine.[12]

a. **The Complaint Alleges Associations-In-Fact Without Alleging Any Facts Showing Association.**

RICO's recognition of association-in-fact enterprises does not allow a plaintiff simply to charge guilt by association: there must be a showing that the members of the alleged enterprise are "associated together for a common purpose of engaging in a course of conduct." *United States v. Turkette*, 452 U.S. 576, 583 (1981). This critical aspect of the enterprise element is not alleged in the context of many of the alleged enterprises.

- *Alleged Enterprises Consisting of Individual Defendants*. First, other than the fact of the family relationships among the various individual defendants, there are no facts to support the allegations of an association-in-fact between each of the individual defendants. There is no allegation that the family members were associated together for the purpose of pursuing any particular course of conduct.[13]

- *Alleged Enterprises Consisting of Individual Defendants With Unaffiliated Corporate Defendants*. Second, numerous individual defendants are alleged to be associated in fact with the corporate defendants, even though the individuals are not alleged to have any connection to the corporate entities in question. Thus, for example, Prasad Lakireddy is alleged to be associated in fact with Pasand Inc., Lakireddy Investment, L.B. Reddy Estate, Jay

---

[12] For the Court's convenience, defendants have prepared a table setting forth, in summary fashion, each of the associations-in-fact alleged by the Complaint and the legal defects that render the enterprise allegations insufficient as a matter of law. (*See* Attachment "B" to this Memorandum.)

[13] The Complaint does, of course, assert that the individual defendants were associated together to pursue the alleged racketeering activities. As discussed below, however, this is not sufficient. *Turkette* requires that the enterprise have some existence separate from the pattern of alleged racketeering.

COBLENTZ, PATCH, DUFFY & BASS, LLP
222 kearny street, 7th floor, san francisco, ca 94108-4510
(415) 391-4800 • fax (415) 989-1663

Construction, Active Tech Solutions, Vani Computer Solutions, and Reddy Realty, even though he is not alleged to have any involvement (much less an employment, agency, management ownership or control relationship) in the operations of any of these companies. *Reves v. Ernst & Young*, 507 U.S. 170, 178-179 (1993); *cf. Chang v. Chen*, 80 F.3d 1293, 1301 (9th Cir. 1996). The fact that an individual is related to persons who allegedly own and/or control a corporations does not establish the requisite association between the individual and the company.

- *Alleged Enterprises Consisting of Unaffiliated Corporate Defendants*. Third, There is no factual link between any of the corporate defendants, other than the generalized *allegations* of overlapping ownership and/or control by the various individual defendants and their family ties. Such tenuous connections are insufficient to establish that the companies have "associated together for a common purpose of engaging in a course of conduct." *United States v. Turkette*, 452 U.S. at 583.

### b. The Alleged Associations-In-Fact That Lack Decision-Making Structure Are Not Enterprises.

An associated-in-fact enterprise must constitute "an entity separate and apart from the pattern of [racketeering] activity in which it engages." *Chang*, 80 F.3d at 1297 (quoting *Turkette*, 452 U.S. at 583). This enterprise must have an ascertainable "decision-making apparatus" or "system of authority that guided the operation of the alleged enterprise." *Id*. at 1300. While either a hierarchical or consensual decision-making apparatus will satisfy this requirement, there must be some allegation that "there was a *mechanism* 'for controlling and directing the affairs of the group on an on-going, rather than an ad hoc basis.'" *Id*. (allegations that two defendants "direct[ed] and order[ed]" other defendant to commit fraud were insufficient to show a structured enterprise). Specific allegations of facts sufficient to fulfill these structural aspects are missing as to all of the alleged individual-to-individual associations-in-fact.[14]

[14] Additionally, it appears to be an open question as to whether the inclusion of a corporate entity can supply the requisite structure to the alleged enterprise if the company has been dissolved, since it no longer has any employees or managers to form a decision-making mechanism that controls and guides the alleged enterprise's operations. Thus, the alleged enterprises consisting of each of the individual defendants with Pasand, Inc., which is alleged to have been an inactive corporation whose corporate status was suspended, also lack the requisite structure.

COBLENTZ, PATCH, DUFFY & BASS, LLP
222 kearny street, 7th floor, san francisco, ca 94108-4510
(415) 391-4800 • fax (415) 989-1663

### c. The Enterprise Element Is Not Satisfied By Inclusion Of A Corporate Defendant Which Is Not Alleged To Have Played Any Role In The Alleged Operations Of The Enterprise.

Under appropriate circumstances, the inclusion of a corporate entity in an associated-in-fact enterprise can provide the structure and separate existence of the enterprise as required under *Turkette*.[15] *Chang*, 80 F. 3d at 1300-1301. However, the enterprise requirement would be rendered meaningless if the structure requirement could be satisfied by the mere inclusion in the enterprise of a corporate entity which "played no role whatsoever, legal or fraudulent, in the operations of the alleged enterprise." *Id.* at 1301. Thus, *Chang* held, the inclusion of a corporate entity in an alleged enterprise would not satisfy *Turkette's* structure requirement where, among other defects, the complaint "did not explain George [the corporation's] relationship to or participation in the alleged enterprise, except to note that [an individual defendant] was the real estate agent representing [the corporation]." *Id.*

### 3. Plaintiffs Lack Standing Under Both Counts I And II As To Any Injury Alleged By Plaintiffs and As To Injunctive Or Other Equitable Relief.

Section 1964(c) confers a private right of action only on "person[s] injured in [their] business or property" by a violation of Section 1962. Personal injury, and generally other torts as well (including related claims for out-of-pocket financial losses and emotional distress), are not cognizable RICO injuries, and thus cannot confer standing under the statute. *Oscar v. University, Student Co op. Ass'n*, 965 F.2d 783, 786 (9th Cir. 1992) (en banc). "RICO was intended to

---

[15] The view that corporate entities can be included in an association-in-fact enterprise was not discussed or examined in *Chang*. Under the language of the statute, an associated-in-fact enterprise may consist only of "*individuals* associated in fact." 18 U.S.C. § 1961(4) (emphasis added). The term "individual" refers to natural persons, since the term "person" is defined to include "any individual or entity capable of holding a legal or beneficial interest in property." *Id.* § 1961(3). The distinction between individuals and entities embedded in this definition compels the conclusion that "individuals" refers to natural persons only. Congress had available to it the term "persons" (or the phrase "individuals or entities"). If it had intended to allow associations-in-fact to be based upon a combination of a human and an entity, it would presumably have used the words "persons" or "individuals or entities," not the word "individuals." Although a number of courts have accepted, without discussion, associations-in-fact that included corporate entities, several courts have rejected such a construction. *In re Tucker Freight Lines, Inc.*, 789 F. Supp. 884, 893 (W.D. Mich. 1991); *Benard v. Hoff*, 727 F.Supp. 211, 215 (D. Md. 1989); *United States v. McClendon*, 712 F.Supp. 723 (E.D. Ark. 1988). In this case, the language of the statute would, if adhered to, eliminate each of the alleged associations-in-fact involving any of the corporate defendants.

COBLENTZ, PATCH, DUFFY & BASS, LLP
222 kearny street, 7th floor, san francisco, ca 94108-4510
(415) 391-4800 • fax (415) 989-1663

combat organized crime, not to provide a federal cause of action and treble damages to every tort plaintiff. Requiring that a plaintiff demonstrate a financial loss to her business or property is consistent with that purpose." *Id.* at 786. Similarly, a plaintiff does not have standing under RICO to sue for any alleged injuries arising out of civil rights and similar violations. *E.g.*, *Robinson v. California Bd. of Prison Terms*, 997 F.Supp. 1303, 1308-09 (C.D. Cal. 1998) (injury arising out of an alleged civil rights violation does not give rise to a RICO claim).

Even when actual injury to "business or property" is claimed, no private right of action exists under RICO unless there is a showing of "concrete financial loss and not mere injury to a valuable intangible property interest." *Oscar*, 965 F.2d at 785; *see also Steele v. Hospital Corp. of Am.*, 36 F.3d 69, 70 (9th Cir. 1994) ("'injury' requires proof of concrete financial loss"). There is no cognizable injury under RICO where the alleged damages are merely contingent. *Liu Ciro, Inc., et al. v. Ciro, Inc., et al.*, 895 F. Supp. 1365, 1378 (D. Haw. 1995); *see also Gap I*, 2001 WL 1842389 at *5 (speculative allegation that "deposits" against recruitment fees not returned were insufficient to show "injury to property" under RICO).[16] Moreover, a plaintiff claiming injury to a "property interest" must allege "out-of-pocket expenditures as a direct or indirect result of the racketeering activity." *Oscar*, 965 F.2d at 786.

All of the injuries claimed by plaintiffs – i.e., those alleged to arise from personal injury and emotional distress torts, adverse employment or living conditions, loss of compensation, the threat of future injury or loss of employment, and violations of numerous statutory, constitutional, civil rights, human rights, and treaties and conventions - do not qualify as injury to "business or property" under RICO §1964(c).[17] *See Stationary Eng'rs Local 39 v. Philip Morris, Inc.*, No. C-97-01519 DLJ, 1998 WL 76265 at *15-16 (N.D. Cal. April 30, 1998).

---

[16] Plaintiffs lack standing in another significant respect. They cannot seek equitable relief under RICO, as they attempt to do. RICO does not confer standing on private litigants to seek injunctive or other equitable relief. *Religious Tech. Ctr. v. Wollersheim*, 796 F.2d 1076, 1088 (9th Cir. 1986). Accordingly, Plaintiffs' prayer for and other references to any and all equitable relief pursuant to RICO (Complaint ¶¶ 123, 128) should be stricken.

[17] "The only plaintiffs whose claims may be considered in deciding whether plaintiffs have standing to bring this lawsuit are the named plaintiffs. . . . [P]laintiffs cannot achieve standing under RICO by simply describing a class whose other members may have standing." *Daley's Dump Truck Service v. Kiewit Pacific Co.*, 759 F. Supp. 1498, 1501-02 (W.D. Wash. 1991), *aff'd*, 976 F.2d 1303 (9th Cir. 1992).

COBLENTZ, PATCH, DUFFY & BASS, LLP
222 kearny street, 7th floor, san francisco, ca 94108-4510
(415) 391-4800 • fax (415) 989-1663

Plaintiffs may not persuasively maintain that injuries of actual wage loss sufficiently pleads a cognizable "injury to property" under RICO. Although this position was upheld by the District Court for the Northern Mariana Island in *Gap I*, 2001 WL 1842389 at *4, the contrary position has sounder legal antecedents. Moreover, the determination of whether a claim for lost wages constitutes "injury to property" under RICO has *not* been satisfactorily addressed in this circuit. *Gap I*, an unpublished decision, relied heavily on precedent established in other circuits. In *Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1168 (9th Cir. 2002) the issue of whether a lost wages claim could constitute "injury to property" under RICO was never addressed and determined (although that Court's decision necessarily assumed standing under RICO).

By contrast with the *Mendoza* Court's *sub silentio* treatment of the standing issue, in *Bell v. Gates*, 2001 U.S. Dist. LEXIS 12474, *29, the district court found that allegations of "lost employment, employment opportunities, and the wages and other compensation associated with said employment opportunities" were *not* compensable under RICO. The court in *Bell* specifically found that such losses flowed from injuries essentially personal in nature, and did not constitute "injury to property" under RICO. *Id.* Significantly, the *Bell* decision followed the Ninth Circuit's analysis in *Oscar v. University Students Co-Operative Association*, 965 F.2d 783 (9th Cir. 1992). In *Oscar*, the Ninth Circuit explicitly set forth that "[a] showing of 'injury' requires proof of *concrete* financial loss, and *not* mere 'injury to a valuable *intangible property interest*.'" *Id.* at 785 (citations omitted) (emphasis added). The Ninth Circuit further stated "personal injuries are not compensable under RICO." *Id.* at 786.

**4. Both Counts I And II Fail Because Plaintiffs Do Not Allege Any "Racketeering" Activity, Let Alone a "Pattern".**

"[T]he heart of any RICO complaint is the allegation of a pattern of racketeering" activity. *Agency Holding Corp. v. Malley-Duff & Assocs.*, 483 U.S. 143, 154 (1987). Under §1961(1), "'racketeering activity' consists of no more and no less than the commission of a predicate act." *Sedima*, 473 U.S. 479 at 495. Section 1961(1) sets forth an exhaustive list of predicate offenses, delineating what the phrase "racketeering activity' <u>means</u>" (emphasis added). Further, under §1961(5), a racketeering "pattern" requires "at least two acts of racketeering." Plaintiffs' failure

COBLENTZ, PATCH, DUFFY & BASS, LLP
222 kearny street, 7th floor, san francisco, ca 94108-4510
(415) 391-4800 • fax (415) 989-1663

adequately to plead predicate acts by defendants means that both Counts I and II fail.

Plaintiffs rely on an impermissible scattershot approach in attempting to allege the requisite predicate acts. Significantly, the language of the introductory paragraph on the predicate acts is vague, expansive and open-ended: "*Defendants either* engaged in *and/or* aided and abetted *numerous* predicate acts of racketeering activity in violation of state and federal law. Defendants' *activities, as detailed in this Complaint*, constitute, *inter alia*: acts of peonage and involuntary servitude that are prohibited under 18 U.S.C. §§1581-88; acts of mail and wire fraud that are prohibited under 18 U.S.C. §§1341 and 1343; … [list of eight more statutory offenses is omitted]." (Italicized emphasis in original; underscored emphasis added.) (Complaint ¶98.) Essentially, plaintiffs' approach is to pick — from the exhaustive list of Section 1961(1) — every possible state and federal offense which may (remotely, if at all) bear on their claims, and, then, to state the predicate acts in conclusory manner. This approach yields a maximum number of hypothetical predicate acts, most of which are inapplicable to the alleged facts, and none of which is sufficiently alleged.

**a. Plaintiffs Have Not Sufficiently Alleged A Peonage, Involuntary Servitude, or Slavery Offense.**

Plaintiffs fail to sufficiently allege criminal "peonage," "involuntary servitude," and "slavery" statutes – in purported violation of 18 U.S.C. §§1581 to 1588[18] - as predicate RICO acts. To plead involuntary servitude, a plaintiff must sufficiently allege the threat or use of physical restraint, or of physical or legal coercion. *The Gap I*, 2001 WL 1842389 at *7. For the reasons discussed above, the factual allegations of the Complaint fail to state a claim for involuntary servitude, let alone rise to the more extreme level of forced labor or slavery. To plead peonage, a plaintiff must sufficiently allege not only involuntary servitude but also the existence of a debt to be discharged through such servitude. *Id*. The Complaint does not allege the

[18] Most of these statutes are so inapplicable and irrelevant to plaintiffs' allegations and legal theories that one has to question their inclusion in the Complaint. *E.g.*, 18 U.S.C. §§1982 and 1986-88 concern irrelevant rules governing sea-going "vessels" used in the "slave trade." The false implication that defendants were involved in a systematic slave trade, of the kind that existed in antebellum America, is inflammatory and scurrilous.

COBLENTZ, PATCH, DUFFY & BASS, LLP
222 kearny street, 7th floor, san francisco, ca 94108-4510
(415) 391-4800 • fax (415) 989-1663

existence of any indebtedness that was to be discharged by plaintiffs' involuntary servitude. Moreover, although each of the alleged predicate acts require intentional criminality, the Complaint is devoid of factual allegations to support the requisite *mens reas* for each defendant.

b. **Plaintiffs Have Not Sufficiently Alleged A Mail and Wire Fraud Offense.**

Plaintiffs fail to sufficiently allege "mail" and "wire" fraud – in purported violation of 18 U.S.C. §§1341 and 1343, respectively — as predicate RICO acts. Allegations of mail and wire fraud are subject to the heightened pleading requirements of Rule 9(b). *C&W Construction Co. v. Brotherhood of Carpenters and Jointers of America, Local 745, AFL-CIO*, 687 F.Supp. 1453, 1467 (D. Haw. 1988). As discussed above, this means that the pleader must set forth the factual circumstances of the fraud. In order to allege these particular predicate acts, plaintiffs must plead the time and place of, the persons involved with, and the statements made in, each alleged instance of mail and wire fraud. But, the only facts pled by plaintiffs in support of mail fraud are those relating to a single, isolated instance, in which two defendants, Vijay Lakireddy and Active Tech Solutions, allegedly used the U.S. Postal Service to send one of the plaintiffs an offer letter and visa information (Complaint ¶101). Even, this recitation of alleged facts lacks the specificity required by Rule 9(b). There are no allegations regarding the factual circumstances underlying the alleged wire fraud except for the assertion that unidentified defendants made unspecified calls between India and the United States (Complaint ¶102). Instead of pleading the relevant facts with particularity, plaintiffs offer conclusory allegations about "fraudulent scheme[s]" by defendants to deprive plaintiffs of their property. Moreover, as with the other alleged predicate acts, plaintiffs fail to allege that each defendant had the requisite *mens rea*.

c. **Plaintiffs Have Not Sufficiently Alleged Any Of The Following Criminal Offenses: Witness Tampering and Retaliation; Passport, Visa and Identification Documents Fraud; Transportation For Immoral Purposes; Immigration and Nationality Act Violations.**

Plaintiffs fail to adequately allege the above-referenced offenses – in purported violations of certain sections of Titles 18 and 8 of the United States Code – as predicate RICO acts. The pleading of every one of these predicate acts suffers from common infirmities: (i) a lack of

COBLENTZ, PATCH, DUFFY & BASS, LLP
222 kearny street, 7th floor, san francisco, ca 94108-4510
(415) 391-4800 • fax (415) 989-1663

particularity as to which defendant(s) committed which offense(s) against which plaintiff(s) or others, and how and when those events occurred; (ii) a dearth of factual allegations, coupled with an abundance of merely conclusory allegations; and (iii) a lack of allegations about whether each defendant had the requisite *mens rea*.

Specifically, and in addition to the above, plaintiffs fail to state an offense in violation of 18 U.S.C. §§1503 and 1513. Section 1503, entitled "Influencing or injuring officer or juror generally," concerns wrongful acts directed against a grand or petit juror or officer in, of, or otherwise affiliated with a federal court or a magistrate judge. 18 U.S.C. §1503(a). Section 1513, entitled "Retaliating against a witness, victim, or an informant," concerns retaliation through murdering or attempting to murder, causing or threatening to cause bodily injury or property damage, and actually taking any action harmful to the protected class of person (including interference with his or her lawful employment and livelihood). There is nothing in the Complaint to support such claims against any defendant. With respect to 18 U.S.C. §1503, plaintiffs do not allege that defendants tampered with a juror or court officer, eliminating any violation of that statute as a predicate act. Similarly, with respect to 18 U.S.C. §1513, plaintiffs do not state that defendants actually carried out any alleged threat of retaliatory action against plaintiffs' employment and livelihood.

d. **Plaintiffs Have Not Sufficiently Alleged A *Hobbs Act* Offense.**

Plaintiffs fail to sufficiently allege a violation of the *Hobbs Act* – 18 U.S.C. §1951 – as a predicate RICO act. The Complaint alleges that defendants violated this statute (Complaint ¶106) by making "extortionate threats" to plaintiffs to "further defendants' unlawful scheme and conspiracy for the purpose of maximizing defendants' profits" (Complaint ¶104); and that those threats were "intended to and did have the effect" of causing some of the plaintiffs "to fear for their safety" if they interfered with defendants' scheme (Complaint ¶105). These allegations are irrelevant to the *Hobbs Act* . The statute proscribes interference with "commerce" or the movement of "any article or commodity" in commerce by "robbery or extortion." In order to engage in the prohibited "extortion," a defendant must "obtain[] [] *property* from another, *with his consent*, induced by wrongful use of actual or threatened force, violence or fear, or under color of

COBLENTZ, PATCH, DUFFY & BASS, LLP
222 kearny street, 7th floor, san francisco, ca 94108-4510
(415) 391-4800 • fax (415) 989-1663

official right." Section 1951(b)(2) (emphasis added). Plaintiffs have not alleged the existence of any "property" within the meaning of the statute, let alone the extorted surrender by plaintiffs of such property to defendants.

Plaintiffs' theory appears to be that defendants' violated the *Hobbs Act* by the theft or extortion of plaintiffs' "services." But it is clear that the *Hobbs Act* is not violated by making "demands for more of [plaintiff's] services than he believes he was obliged to provide" and "refus[ing] to pay [plaintiff] for the extra work." *Toms v. Pizzo*, 4 F.Supp. 2d 178, 183-84 (W.D.N.Y. 1998), *aff'd*, 172 F.3d 38 (2d Cir.1999) "[T]heft of services, as opposed to property, does not constitute extortion" under the Hobbs Act. *Id.* Here, as in *Toms*, plaintiffs' "claims of extortion, threats, and use of force fail to qualify as predicate acts under RICO." *Id.*[19]

**e. Plaintiffs Have Not Sufficiently Alleged State Law Extortion, Kidnapping and Robbery Offenses.**

Plaintiffs fail to allege state law extortion, kidnapping and robbery offenses – in purported violation of Cal. Penal Code §§518, 207 and 211, respectively – as predicate RICO acts. As with their pleading of the alleged predicate acts generally, plaintiffs do little more than state the elements of the offense, and then allege in a conclusory fashion that defendants have violated the laws. These allegations suffer from the same infirmities discussed above: a lack of particularity and the absence of *mens rea* allegations. In addition, all three felony offenses are unsupported by the allegations and theories set forth in the Complaint, especially since they all require a showing of considerable physical force. The few factual allegations pled by plaintiffs are not consistent with the crimes of violence attributed to defendants here.

With respect to the extortion and robbery offenses, finally, plaintiffs fail to allege the existence of any "property" that was extorted or robbed by defendants.

---

[19] Even if, *arguendo*, a *Hobbs Act* violation had been stated, plaintiffs' failure to allege that each defendant acted with the requisite *mens rea* would preclude reliance on the alleged offense as a predicate act. Mere awareness by defendants of plaintiffs' situation would not begin to approach the "'[w]illful' or 'corrupt'" intent to extort that is essential to a *Hobbs Act* violation. *United States v. Aguon*, 851 F.2d 1158, 1168 (9th Cir. 1988) (en banc), overruled on other grounds by *Evans v United States*, 504 U.S. 255, 112 S.Ct. 1881, 119 L. Ed. 2d 57 (1992); *see Lancaster Community Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 404 (9th Cir. 1991) (no RICO claim lies where "specific intent" forms "an element of the predicate act" but is absent).

COBLENTZ, PATCH, DUFFY & BASS, LLP
222 kearny street, 7th floor, san francisco, ca 94108-4510
(415) 391-4800 • fax (415) 989-1663

The kidnapping charge is inconsistent with the allegations and legal theories set forth in the Complaint. Every definition of kidnapping set forth in Penal Code § 207 requires the exercise of considerable physical force on the defendant's part, as well as the detaining, arresting and holding of plaintiffs against their will. Plaintiffs' factual allegations concerning their emigration to the United States do not meet the definition of kidnapping in the Penal Code.

### 5. Count I Fails For the Additional Reason That There Is No "Aiding and Abetting" Liability Under Civil RICO.

Section 1962(c) only imposes liability on private parties who conduct or participate in a pattern of racketeering activity. Thus, where the only basis for a §1962(c) claim against a private party is his or her alleged liability for aiding and abetting a Civil RICO violation, no viable private cause of action is stated. The rationale for this rule against aiding and abetting liability is set forth in *Central Bank of Denver v. First Interstate Bank of Denver*, 511 U.S. 164 (1994). In *Central Bank*, the court ruled that no civil aiding and abetting liability exists under §10(b) of the Securities Exchange Act of 1934 because: (i) §10(b) does not expressly provide for aiding and abetting liability; and (ii) "when Congress enacts a statute under which a person may sue . . . there is no general presumption that the plaintiff may also sue aiders and abettors." 511 U.S. at 179, 182. Because RICO similarly does not expressly provide for aiding and abetting liability, and "Congress has not enacted a general civil aiding and abetting statute" (511 U.S. at 182), the *Central Bank* holding precludes the assertion of any aiding and abetting claim under RICO. *Rolo v. City Investing Co Liq. Trust*, 155 F.3d 644, 656-57 (3d Cir. 1998).

It appears that plaintiffs are attempting to evade the *Central Bank* rule. They repeatedly allege that all "defendants" (who are consistently treated with in the Complaint as an undifferentiated, collective entity) are both participants in and/or aiders and abettors of the alleged racketeering activities. E.g.: "Defendants have engaged in a pattern of racketeering activity…by committing *and/or aiding and abetting* at least two acts of racketeering activity within the last two years" (Complaint ¶96; emphasis added); "Defendants either engaged in *and/or aided and abetted* numerous predicate acts of racketeering activity in violation of state and federal law" (*Id.* ¶98; emphasis added). In a few instances, plaintiffs alleged only aiding and

COBLENTZ, PATCH, DUFFY & BASS, LLP
222 kearny street, 7th floor, san francisco, ca 94108-4510
(415) 391-4800 • fax (415) 989-1663

abetting conduct, but failed to name the individual or entity defendants covered by those allegations. E.g.: "*Defendants aided and abetted* the commission of the acts of racketeering…, by knowingly committing or recklessly disregarding the facts underlying the acts of racketeering…, and by neither preventing nor reporting said conduct and, in fact, deliberately allowing such conduct to continue in order to profit thereby" (Complaint ¶118; emphasis added).

Plaintiffs' should not be able to deprive true aider and abettor defendants of the benefit of the *Central Bank* rule by their boilerplate pleadings. However, that is precisely what plaintiffs are doing by, in the overwhelming majority of instances, alleging both participation *and/or* aiding and abetting, and, in a few instances, alleging only aiding and abetting, but failing to identify the named defendants. Since plaintiffs have failed to separate the alleged aider and abettors from the alleged participants in racketeering, Count I should be dismissed as to all defendants. Otherwise, the true aider and abettor defendants are deprived of their right to escape Civil RICO liability.

**6. Count II Fails For The Additional Reason That Plaintiffs Fail To Allege The Requisite "Investment Injury" And Thus Have No Standing Under Section 1962(a).**

To state a claim under Section 1962(a), a plaintiff must plead an "investment injury", i.e., "that he or she was injured by the *use or investment* of racketeering income," and was not merely injured by the predicate acts. *Nugget Hydroelectric L.P. Pacific Gas & Elec.*, 981 F.2d 429, 437 (9th Cir. 1992). An "investment injury" cannot be pled in a manner that is "general, conclusory, and vague." *Id.* at 437-38; *In re Teledyne Def. Contr. Defense Contracting*, 849 F.Supp. 1369, 1373 (C.D. Cal. 1993).

Plaintiffs' attempt to plead the requisite investment injury falls far short of the mark, and the resultant allegations are fatally defective. The only §1962(a) violation alleged against defendants is that they "conspired to derive, and did derive, substantial proceeds through the above-described pattern of racketeering activity and conspired to use or invest, and used and invested, such proceeds in the operation of the association-in-fact enterprises [alleged as part of the Section 1962(c) claim]…" (Complaint ¶126). Further, paragraph 127 of the Complaint asserts that "[a]s a direct and proximate result of defendants' violations of §1962(a) and (d), plaintiffs and plaintiff class members have been injured in their business or property." Plaintiffs fail to plead

COBLENTZ, PATCH, DUFFY & BASS, LLP
222 kearny street, 7th floor, san francisco, ca 94108-4510
(415) 391-4800 • fax (415) 989-1663

any facts to support the "general, conclusory and vague" allegations set forth above.

Moreover, plaintiffs' pleadings undercut their attempt to allege an investment injury. The allegation that racketeering proceeds were invested in the continuing operations of the same association-in-fact enterprises that generated the proceeds in the first place (Complaint ¶126) is fatal. Such reinvestment of racketeering proceeds does not constitute or cause investment injury. *See, e.g., BCCI v. Price Waterhouse & Co.*, No. CV 91-4483 CBM(Ex), 1992 WL 696398, at *5 (C.D. Cal. Apr. 30, 1992) (the "reinvestment injury theory is simply another way of stating that the predicate acts, not the investment, caused plaintiffs' injury," and no claim is stated under Section 1962(a)).[20] Equally fatal is plaintiffs' failure to plead any injury specifically caused by defendants' investment of racketeering income. The conclusory allegation of injury "[a]s a direct and proximate result of defendants' violations of §1962(a)" (Complaint ¶ 127) also is insufficient. *See Nugget*, 981 F.2d at 437 (rejecting conclusory allegation that defendants "received racketeering income and used it in a way that injured [plaintiff]"); *Teledyne*, 849 F. Supp. at 1373 (rejecting allegation that plaintiffs were injured as "a direct and proximate result of Defendants' activities in violation of §1962(a)").

**7. Both Counts I and II Fail Because Plaintiffs Have Not Sufficiently Pleaded A Conspiracy.**

**a. Because Violations Of Sections 1962(a) and (c) Were Insufficiently Pled, There Can Be No Section 1962(d) Conspiracy.**

Section 1962(d) provides that "[i]t shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b) or (c) of this section." Because , as discussed above, plaintiffs have not sufficiently pled RICO claims based on violations of Section 1962(a) ("use or investment") or Section 1962(d) ("enterprise"), it is implicit that they cannot allege a conspiracy by defendants to violate those sections under Section 1962(d). *Simon v. Value Behavioral Health, Inc.*, 208 F.3d 1073, 1084 (9th Cir. 2000).

[20] *Brittingham v. Mobil Corp.*, 943 F.2d 297, 305 (3d Cir. 1991) ("If this remote [reinvestment] connection were to suffice, the use-or-investment injury requirement would be almost completely eviscerated. . . . Over the long term, corporations generally reinvest their profits, regardless of the source"); *U.S. Concord, Inc. v. Harris Graphics Corp.*, 757 F. Supp. 1053, 1060 (N.D. Cal. 1991).

COBLENTZ, PATCH, DUFFY & BASS, LLP
222 kearny street, 7th floor, san francisco, ca 94108-4510
(415) 391-4800 • fax (415) 989-1663

**b. Bare, Conclusory and Vague Allegations Are Insufficient To Plead A RICO Conspiracy.**

"Bare and conclusory allegations are insufficient to withstand a motion to dismiss and a plaintiff must plead facts sufficient to show that each defendant knowingly agreed to participate in the conspiracy." *Schmidt v. Fleet Bank*, 16 F. Supp. 2d 340, 354 (S.D.N.Y. 1998); *accord Goren v. New Vision Int'l*, 156 F.3d 721, 733 (7th Cir. 1998). Paragraphs 121 and 126 of the Complaint allege, in a vague and conclusory manner, a widespread conspiracy between thirteen defendants and untold numbers of co-conspirators who are not even named as defendants. Such vague allegations are fatally defective.

In addition to their fatal vagueness, plaintiffs' conspiracy allegations are otherwise deficient because they do not allege, as they must, that each defendant "*agreed* [(1)] to . . . participate in the affairs of an enterprise through a pattern of racketeering activity; and (2) that someone would commit at least two predicate acts." *Goren* 156 F.3d at 733 (emphasis added); *accord Baumer v. Pachl*, 8 F.3d 1341, 1346-47 (9th Cir. 1993).

* * * * *

In sum, having failed to adequately plead virtually every crucial aspect of RICO, plaintiffs' RICO claims should be dismissed.

**B. The Fraud Claim Lacks The Requisite Specificity.**

Claims alleging fraud are subject to a heightened requirement of particularity. Rule 9(b) of the Federal Rules of Civil Procedure requires the pleader to set forth the circumstances of the fraud – "this requires pleading facts that by definition are evidentiary: time, place, persons, statements made." *In re Glenfed, Inc., Securities Litigation*, 42 F.3d 1541, 1548-49 (9th Cir. 1994).

The Complaint fails to allege with any specificity the nature and circumstances of the alleged fraud. Plaintiffs say that "[d]efendants made material representations to plaintiffs and plaintiff class members about the circumstances and lawfulness of their emigration to the United States and about the living and working conditions that they would be subjected to in the United States." (Complaint, ¶186.) There are no specifics regarding time, place, persons, or statements

COBLENTZ, PATCH, DUFFY & BASS, LLP
222 kearny street, 7th floor, san francisco, ca 94108-4510
(415) 391-4800 • fax (415) 989-1663

that allegedly were made. Plaintiffs fail to allege *when* any of the alleged "material representations" were made, *by whom* the alleged "material representations" were made, and the location where the alleged "material representations" were made. In fact, it is impossible to tell from the Complaint even what the alleged "material representations" were.[21]

**C. Count VII, Which Attempts To State A FLSA Claim, Fails As Presently Pled; At The Very Least, Defendants Are Entitled To A More Definite Statement Sufficient To Disclose The Basis For Subject Matter Jurisdiction.**

Count VII attempts to state a claim under the federal Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. The gist of the claim is that plaintiffs were not paid the wages and overtime pay to which they were entitled as employees of defendants. There is no indication of which plaintiffs were employed in which of the businesses identified in the Complaint. At least one of the businesses was a group of local restaurants serving Indian cuisine. (Complaint, ¶ 23.)

Plaintiffs allege that "the defendants are or were their employers within the meaning of the FLSA, 29 U.S.C. §203(d) (Complaint, ¶158, at p.55, lines 10-11), and that plaintiffs and other similarly-situated employees employed by defendants are or were non-exempt employees as defined by FLSA, 29 U.S.C. §203(e)." (Complaint, ¶159 at p.55, lines 12-13.)

The source of federal power in this area is the commerce clause. The intrastate commerce aspect of the typical restaurant business thus raises issues that potentially go to the Court's subject matter jurisdiction with respect to this claim. As presently framed, the Complaint is simply too vague and indefinite – too full of elliptical rhetoric – to allow a meaningful inquiry into whether the FLSA could apply to some of the plaintiffs, to all of them, or to none. Defendants are entitled to a more definite statement so that they can determine which employees, if any, may be entitled to invoke the Court's jurisdiction under the FLSA. The Complaint alleges generally that defendants were engaged in various business activities, but the nature of each business activity, the extent thereof with relation to each of the other activities, the relation of each activity to the

[21] The Complaint was drafted for filing in state court, but plaintiffs could not have been relying on any more liberal pleading standards applied in that forum. State courts require that fraud allegations contain the same degree of factual detail as does Rule 9(b). *Scafidi v. Western Loan & Bldg. Co.*, 72 Cal.App.2d 550, 558 (1946); *Allen v. Ramsay*, 179 Cal.App.2d 843, 848 (1960).

COBLENTZ, PATCH, DUFFY & BASS, LLP
222 kearny street, 7th floor, san francisco, ca 94108-4510
(415) 391-4800 • fax (415) 989-1663

other and, in the exact period of time during which defendant was engaged in each activity should be alleged in order to determine the applicability of the FLSA, 29 U.S.C. §201 *et seq.* A more definite statement is necessary in order for the defendants to properly prepare a responsive pleading, which may include a motion to dismiss for lack of subject matter jurisdiction.[22]

The centerpiece of an inquiry under the FLSA is whether the plaintiffs were engaged in interstate commerce and whether their activities were so closely related to the movement of commerce as to be part of it. In employing the phrase "engaged in commerce or in the production of goods for commerce," rather than "engaged in commerce in any industry affecting commerce," Congress chose to exercise only part of its constitutional power over commerce "leaving to the states activities which, if isolated, are only local." *A.B. Kirschbaum Co. v. Walling,* 316 U.S. 516, 62 S.Ct. 1116 (1942). In resolving such questions under the FLSA, it is the activities of the employee rather than those of the employer which are decisive. *Id.* The test is "whether the work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity." *Mitchell v. Lublin, McGaughy & Associates*, 358 U.S. 207, 212 (1959); *Mitchell v. C.W. Vollmer & Co.*, 349 U.S. 427, 75 S.Ct. 860 (1955); *accord*, *Schwartz v. Witwer Grocer Co.*, 141 F.2d 341, 344 (8 Cir. 1944), *cert. denied*, 322 U.S. 753 ("The benefits of the act are for employees engaged in interstate commerce. These employees, therefore, must prove that they were engaged in interstate commerce or that a substantial part of [their] activities was in interstate commerce."); *Mitchell v. Welcome Wagon*, 139 F.Supp. 674, 678 (D. Tenn. 1954), *aff'd*, 232 F.2d 892 (6th Cir. 1956) ("The burden is not sustained by pointing to some small incidental interstate activity of a fundamentally intrastate business. Plaintiff must establish that defendants' employees spent a substantial portion of their time engaging in interstate commerce or regularly engage in the

---

[22] Under Rule 12(b)(1), a defendant may seek to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed.R.Civ.P. 12(b). Under Rule 12(b)(1), the party invoking federal jurisdiction has the burden of showing that jurisdiction is proper. *Thornhill Publishing Co. v. General Tel. & Electronics Corp.*, 594 F.2d 730 (9th Cir. 1979); *see also, Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir.1989). Unlike motions governed by Rule 12(b)(6), no presumptive truthfulness attaches to plaintiffs' allegations when a court considers the question of subject matter jurisdiction. *Mortensen v. First Federal Sav. & Loan Ass'n.*, 549 F.2d 884 (3d Cir. 1977).

COBLENTZ, PATCH, DUFFY & BASS, LLP
222 kearny street, 7th floor, san francisco, ca 94108-4510
(415) 391-4800 • fax (415) 989-1663

production of goods for interstate commerce.")

Because the "commerce" referred to in the act must be interstate commerce, not all of the activities subject to the constitutional power of Congress over interstate commerce comes within the scope of the act. *McLeod v. Threlkeld*, 319 U.S. 491, 493, 63 S.Ct. 1248; *A.B. Kirschbaum Co.*, 316 U.S. at 523. The "commerce" which underlies both the "engagement in commerce" and the "production of goods for commerce" has no application to the internal affairs of the employer. *Billeaudeau v. Temple Associates, Inc.*, 213 F.2d 707 (5th Cir. 1954). The test under the act is to determine whether the employee himself is "engaged in commerce" – not whether the employee's activities affect or indirectly relate to interstate commerce, but whether the employee's activities are in or so closely related to the movement of commerce as to be a part of it. *McLeod*, 319 U.S. at 497.

The Complaint's vague and conclusory allegation that plaintiffs were engaged in interstate commerce is particularly ineffectual here, where at least one of the employer defendants is identified as Pasand Madras Cuisine, a California corporation that operates Indian restaurants in Berkeley and Santa Clara, California, and that formerly operated Indian restaurants in San Francisco, California and San Rafael, California. (Complaint, ¶ 23.) Workers in a local restaurant are not typically engaged in the production of goods for commerce within the meaning of the FLSA. Because a substantial portion of the relevant businesses are identified as a restaurant, defendants are entitled to a more definite statement to determine the applicability of the FLSA. *See Idaho Sheet Metal Works v. Wirtz*, 383 U.S. 190, 86 S.Ct. 737 (1966).[23]

---

[23] Assuming that plaintiffs, or some of them, are permitted to proceed with a claim under the FLSA, we will need shortly to address the question of the date by which unnamed claimants must signal their interest in participating in this action. All unnamed employees should be dismissed unless they intervene or designate someone in writing as their legal representative for the purposes of this action at a time to be determined by the Court. *See Lohther v. First National Bank of Chicago*, 45 F.Supp. 986 (D. Ill. 1941); *Gordon v. Paducah Ice Mfg. Co.*, 41 F.Supp. 980, 985 (D.Ky. 1941); *Brooks v. Southern Dairies*, 38 F.Supp. 588 (S.D. Fla. 1941); *Archer v. Cornillaud*, 41 F.Supp. 435, 436 (W.D. Ky. 1941).

COBLENTZ, PATCH, DUFFY & BASS, LLP
222 kearny street, 7th floor, san francisco, ca 94108-4510
(415) 391-4800 • fax (415) 989-1663

**D. The Emotional Distress Claims Of The Successors Of The Plaintiff Decedent Must Be Dismissed.**

**1. The Successor Plaintiffs Have Not Properly Established Their Standing To Bring These Claims.**

Under California law, a claim that belonged to an individual who is no longer living may be pursued by the decedent's successor. Cal. Code Civ. Proc. § 377.20. However, it is necessary that the successor establish his or her standing by way of an affidavit. Cal. Code Civ. Proc. §377.32. We have no basis for asserting that Lakshmi and Jarmani Prattipati are not the successors to their daughter for purposes of this action, but we are not familiar with the laws of intestate succession in India (which we assume would govern). These plaintiffs should file the required affidavit.

**2. The Decedent's Emotional Distress Claims Cannot Be Pursued.**

The damages recoverable in a survivorship action do *not* include non-economic damages such as pain and suffering. Cal. Code Civ. Proc. §377.34 ("In an action or proceeding by a decedent's personal representative or successor in interest on the decedent's cause of action, the damages recoverable are limited to the loss or damage that the decedent sustained or incurred before death, including any penalties or punitive or exemplary damages that the decedent would have been entitled to recover had the decedent lived, and do not include damages for pain, suffering, or disfigurement."). *Williamson v. Plant Insulation Co.*, 23 Cal.App.4th 1406, 1413-14 (1994); *Bartling v. Glendale Adventist Medical Center*, 184 Cal.App.3d 961 (1986).[24] Counts XII and XIII of the Complaint assert claims for negligent and intentional infliction of emotional distress. These claims are not available to the Prattipati plaintiffs.

**IV. CERTAIN SCANDALOUS, INFLAMMATORY AND IMMATERIAL ALLEGATIONS OF THE COMPLAINT SHOULD BE STRICKEN.**

A court may, in its sound discretion, strike from a pleading any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). A motion to strike should be granted

---

[24] The rule prohibiting the recovery of emotional distress damages in a survivorship action is not limited to claims arising under state law. It applies to claims based on federal rights as well. *County of Los Angeles v. Superior Court*, 21 Cal.4th 292, 300 (1999).

COBLENTZ, PATCH, DUFFY & BASS, LLP
222 kearny street, 7th floor, san francisco, ca 94108-4510
(415) 391-4800 • fax (415) 989-1663

where it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation. *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F.Supp. 820, 830 (N.D. Cal. 1992). Thus, orders striking portions of pleadings are appropriate — even where they are not "prejudicial" to the moving party — if granting the motion will make the trial less complicated or otherwise promote the efficient administration of the case. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993); *rev'd. on other grounds, Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534-535 (1994); *California v. United States*, 512 F.Supp. 36, 38 (N.D. Cal. 1981).

The Court should strike the following inflammatory, scandalous and immaterial matter from the Complaint:

- **Paragraphs 1 and 2.**

The first two paragraphs of the Complaint serve no purpose other than to inflame the reader. They do not allege any facts or theories germane to the claims for relief.

- **Paragraphs 80-89.**

Plaintiffs devote four pages of the Complaint to summaries and characterizations of various criminal plea agreements formerly entered into by certain defendants. None of this information has any place in the Complaint. Plainly, plaintiffs' attempt to inject the guilty pleas into the Complaint is calculated to unfairly prejudice defendants and inflame the reader. Also, this information constitutes scandalous matter within the meaning of Rule 12(f). Lastly, striking the designated matter will somewhat reduce the cluttered and prolix nature of the Complaint without prejudicing plaintiffs:

> Although the pleas of guilty entered by defendants in the Philadelphia proceedings may constitute admissions against interest which are admissible into evidence to prove the truth of the matters admitted, these pleas can have only an evidentiary effect, and the allegations referring to them should be stricken from the complaints. The allegations referring to such pleas are certainly *not necessary* to a short and plain statement of the claim showing that the pleader is entitled to relief, which is all that Rule 8(a)(2) of the Federal Rules of Civil Procedure requires. In fact, such allegations tend to make the complaints unnecessarily prolix.

*Dept. of Water & Power v. Allis-Chalmers Manufacturing Co.*, 32 F.R.D. 204, 208 (S.D. Cal. 1963) (emphasis added).

COBLENTZ, PATCH, DUFFY & BASS, LLP
222 kearny street, 7th floor, san francisco, ca 94108-4510
(415) 391-4800 • fax (415) 989-1663

## CONCLUSION

The inflammatory and disturbing allegations of the Complaint that plaintiffs have filed are not exempt from compliance with the pleading rules and standards that apply to all actions in this Court. They provide no warrant, moreover, for invoking legal theories, whether under international or domestic law, that are at odds with established jurisprudence. Nor, finally, do they justify the presentation of unnecessarily scandalous, and highly prejudicial, material.

Certain of the claims advanced in the Complaint should be dismissed with prejudice, as they do not find any support in the law. Others should be dismissed with leave to amend, assuming that plaintiffs articulate a willingness to provide, by way of amendment, factual allegations that would support their claims. A more definite statement is required with respect to the Fair Labor Standards Act Claim, since it appears doubtful that such a claim can be pursued under the circumstances of this case. The most inflammatory and prejudicial material in the Complaint should be stricken.

Dated: January 31, 2003

FERGUSON & BERLAND
WILLIAM S. BERLAND

BISHOP, BARRY, HOWE, HANEY & RYDER

By: ______________________
MICHAEL W BOLECHOWSKI
MARK C. RASKOFF

Attorneys for All Defendants: (except Defendant Prasad Lakireddy)

Dated: January 31, 2003

COBLENTZ, PATCH, DUFFY & BASS LLP

By: ______________________
JONATHAN R. BASS
NAOMI RUSTOMJEE
GAIL G. QUAN

Attorneys for Defendant Prasad Lakireddy

COBLENTZ, PATCH, DUFFY & BASS, LLP
222 KEARNY STREET, 7TH FLOOR, SAN FRANCISCO, CA 94108-4510
(415) 391-4800 • FAX (415) 989-1663

# ATTACHMENT A

**Status of Alleged Internationally Recognized Documents Cited in Complaint**
**(Count VI, "For Violation of the Law of Nations and Treaties of the United States")**

| DOCUMENT | RATIFICATION STATUS |
|---|---|
| **U.N. Declarations Not Subject to Ratification** | |
| Universal Declaration of Human Rights | N/A |
| Declaration on the Elimination of Violence Against Women | N/A |
| Declaration on the Human Rights of Individuals Who Are Not Nationals of the Country in Which They Live | N/A |
| **International Conventions** | |
| ILO Right to Organize and Collective Bargaining Convention<br><br>http://ilolex.ilo.ch:1567/cgi-lex/ratifce.pl?C098 (last visited 12/26/02) | Not Ratified |
| ILO Convention Concerning Forced or Compulsory Labor<br><br>http://ilolex.ilo.ch:1567/cgi-lex/ratifce.pl?C029 (last visited 12/26/02) | Not Ratified |
| ILO Convention Concerning Minimum Age for Admission to Employment<br><br>http://ilolex.ilo.ch:1567/cgi-lex/ratifce.pl?C138 (last visited 12/26/02) | Not Ratified |
| Convention on the Rights of the Child<br><br>http://www.unhchr.ch/pdf/report.pdf (last modified 12/09/02) | Signed 2/16/95<br>Not Ratified |
| International Covenant on Economic, Social and Cultural Rights<br><br>http://www.unhchr.ch/pdf/report.pdf (last modified 12/09/02) | Signed 10/5/77<br>Not Ratified |
| American Convention on Human Rights<br><br>http://www.oas.org/juridico/english/Sigs/b-32.html (last visited 12/27/02) | Signed 6/1/77<br>Not Ratified |
| Additional Protocol to the American Convention on Human Rights in the Area of Economic, Social and Cultural Rights<br><br>http://www.cidh.oas.org/Basicos/basic6.htm (last visited 12/27/02) | Not Signed<br>Not Ratified |
| International Covenant on Civil and Political Rights<br><br>http://www.unhchr.ch/pdf/report.pdf (last modified 12/09/02) | Ratified 6/8/92 |

# ATTACHMENT B

**Deficiencies In Enterprise Allegations**
**(Counts I and II, for Violations of RICO, 18 U.S.C. §1962(a), (c) and (d))**

As discussed in Part III.A.2, the association-in-fact enterprise allegations suffer from numerous deficiencies. Each of the three categories of enterprise pleading defect is sufficient in and of itself to defeat the enterprise element. Accordingly, an alleged enterprise with even only one "X" among the three "Deficiencies" boxes corresponding to it is not sufficiently pleaded.

| | | DEFICIENCIES | | |
|---|---|---|---|---|
| ¶ 95 | **Members** | **1. No Association** | **2. No Structure** | **3. No Corp. Role** |
| (a)(1) | Reddy & Vijay | X | X | |
| (a)(2) | Reddy & Prasad | X | X | |
| (a)(3) | Reddy & Jayaprakash | X | X | |
| (a)(4) | Reddy & Venkateswara | X | X | |
| (a)(5) | Reddy & Pasand Madras | | | |
| (a)(6) | Reddy & Pasand Inc. | X | X | X |
| (a)(7) | Reddy & Lakireddy Investment | | | X |
| (a)(8) | Reddy & L.B. Reddy Estate | | | X |
| (a)(9) | Reddy & Jay Construction | | | X |
| (a)(10) | Reddy & Active Tech Solutions | X | | |
| (a)(11) | Reddy & Vani Computer | | | X |
| (a)(12) | Reddy & Reddy Realty | | | X |
| (b)(1) | Vijay & Reddy | X | X | |
| (b)(2) | Vijay & Prasad | X | X | |
| (b)(3) | Vijay & Jayaprakash | X | X | |
| (b)(4) | Vijay & Venkateswara | X | X | |
| (b)(5) | Vijay & Pasand Madras | X | | |
| (b)(6) | Vijay & Pasand Inc. | X | X | X |
| (b)(7) | Vijay & Lakireddy Investment | X | | X |
| (b)(8) | Vijay & L.B. Reddy Estate | X | | X |
| (b)(9) | Vijay & Jay Construction | X | | X |
| (b)(10) | Vijay & Active Tech Solutions | | | |
| (b)(11) | Vijay & Vani Computer | X | | X |
| (b)(12) | Vijay & Reddy Realty | X | | X |
| (c)(1) | Prasad & Reddy | X | X | |
| (c)(2) | Prasad & Vijay | X | X | |
| (c)(3) | Prasad & Jayaprakash | X | X | |
| (c)(4) | Prasad & Venkateswara | X | X | |
| (c)(5) | Prasad & Pasand Madras | | | |
| (c)(6) | Prasad & Pasand Inc. | X | X | X |
| (c)(7) | Prasad & Lakireddy Investment | X | | X |
| (c)(8) | Prasad & L.B. Reddy Estate | X | | X |
| (c)(9) | Prasad & Jay Construction | X | | X |
| (c)(10) | Prasad & Active Tech Solutions | X | | |
| (c)(11) | Prasad & Vani Computer | X | | X |

| | | DEFICIENCIES | | |
|---|---|---|---|---|
| ¶ 95 | **Members** | **1. No Association** | **2. No Structure** | **3. No Corp. Role** |
| (c)(12) | Prasad & Reddy Realty | X | | X |
| (d)(1) | Jayaprakash & Reddy | X | X | |
| (d)(2) | Jayaprakash & Vijay | X | X | |
| (d)(3) | Jayaprakash & Prasad | X | X | |
| (d)(4) | Jayaprakash & Venkateswara | X | X | |
| (d)(5) | Jayaprakash & Pasand Madras | X | | |
| (d)(6) | Jayaprakash & Pasand Inc. | X | X | X |
| (d)(7) | Jayaprakash & Lakireddy Inv. | X | | X |
| (d)(8) | Jayaprakash & L.B. Reddy Estate | X | | X |
| (d)(9) | Jayaprakash & Jay Construction | | | X |
| (d)(10) | Jayaprakash & Active Tech Sol'ns | X | | |
| (d)(11) | Jayaprakash & Vani Computer | X | | X |
| (d)(12) | Jayaprakash & Reddy Realty | X | | X |
| (e)(1) | Venkateswara & Reddy | X | X | |
| (e)(2) | Venkateswara & Vijay | X | X | |
| (e)(3) | Venkateswara & Prasad | X | X | |
| (e)(4) | Venkateswara & Jayaprakash | X | X | |
| (e)(5) | Venkateswara & Pasand Madras | X | | |
| (e)(6) | Venkateswara & Pasand Inc. | X | X | X |
| (e)(7) | Venkateswara & Lakireddy Inv. | X | | X |
| (e)(8) | Venkateswara & L.B. Reddy Estate | X | | X |
| (e)(9) | Venkateswara & Jay Construction | X | | X |
| (e)(10) | Venkateswara & Active Tech Sol'ns | X | | |
| (e)(11) | Venkateswara & Vani Computer | X | | X |
| (e)(12) | Venkateswara & Reddy Realty | X | | X |
| (f)(1) | Pasand Madras & Reddy | | | |
| (f)(2) | Pasand Madras & Vijay | X | | |
| (f)(3) | Pasand Madras & Prasad | | | |
| (f)(4) | Pasand Madras & Jayaprakash | X | | |
| (f)(5) | Pasand Madras & Venkateswara | X | | |
| (f)(6) | Pasand Madras & Pasand Inc. | X | | |
| (f)(7) | Pasand Madras & Lakireddy Inv. | X | | |
| (f)(8) | Pasand Madras & L.B. Reddy Est. | X | | |
| (f)(9) | Pasand Madras & Jay Construction | X | | |
| (f)(10) | Pasand Madras & Active Tech | X | | |
| (f)(11) | Pasand Madras & Vani Computer | X | | |
| (f)(12) | Pasand Madras & Reddy Realty | X | | |
| (g)(1) | Pasand, Inc. & Reddy | X | X | X |
| (g)(2) | Pasand, Inc. & Vijay | X | X | X |
| (g)(3) | Pasand, Inc. & Prasad | X | X | X |
| (g)(4) | Pasand, Inc. & Jayaprakash | X | X | X |
| (g)(5) | Pasand, Inc. & Venkateswara | X | X | X |

| | | DEFICIENCIES | | |
|---|---|---|---|---|
| ¶ 95 | **Members** | **1. No Association** | **2. No Structure** | **3. No Corp. Role** |
| (g)(6) | Pasand, Inc. & Pasand Madras | X | | |
| (g)(7) | Pasand, Inc. & Lakireddy Inv. | X | | X |
| (g)(8) | Pasand, Inc. & L.B. Reddy Est. | X | | X |
| (g)(9) | Pasand, Inc. & Jay Construction | X | | X |
| (g)(10) | Pasand, Inc. & Active Tech Sol'ns | X | | |
| (g)(11) | Pasand, Inc. & Vani Computer | X | | X |
| (g)(12) | Pasand, Inc. & Reddy Realty | X | | X |
| (h)(1) | Lakireddy Inv. & Reddy | | | X |
| (h)(2) | Lakireddy Inv. & Vijay | X | | X |
| (h)(3) | Lakireddy Inv. & Prasad | X | | X |
| (h)(4) | Lakireddy Inv. & Jayaprakash | X | | X |
| (h)(5) | Lakireddy Inv. & Venkateswara | X | | X |
| (h)(6) | Lakireddy Inv. & Pasand Madras | X | | |
| (h)(7) | Lakireddy Inv. & Pasand Inc. | X | | X |
| (h)(8) | Lakireddy Inv. & L.B. Reddy Est. | X | | X |
| (h)(9) | Lakireddy Inv. & Jay Construction | X | | X |
| (h)(10) | Lakireddy Inv. & Active Tech | X | | |
| (h)(11) | Lakireddy Inv. & Vani Computer | X | | X |
| (h)(12) | Lakireddy Inv. & Reddy Realty | X | | X |
| *(i)*(1) | L.B. Reddy Est. & Reddy | | | X |
| *(i)*(2) | L.B. Reddy Est. & Vijay | X | | X |
| *(i)*(3) | L.B. Reddy Est. & Prasad | X | | X |
| *(i)*(4) | L.B. Reddy Est. & Jayaprakash | X | | X |
| *(i)*(5) | L.B. Reddy Est. & Venkateswara | X | | X |
| *(i)*(6) | L.B. Reddy Est. & Pasand Madras | X | | |
| *(i)*(7) | L.B. Reddy Est. & Pasand Inc. | X | | X |
| *(i)*(8) | L.B. Reddy Est. & Lakireddy Inv. | X | | X |
| *(i)*(9) | L.B. Reddy Est. & Jay Construction | X | | X |
| *(i)*(10) | L.B. Reddy Est. & Active Tech | X | | |
| *(i)*(11) | L.B. Reddy Est. & Vani Computer | X | | X |
| *(i)*(12) | L.B. Reddy Est. & Reddy Realty | X | | X |
| (j)(1) | Jay Construction & Reddy | | | X |
| (j)(2) | Jay Construction & Vijay | X | | X |
| (j)(3) | Jay Construction & Prasad | X | | X |
| (j)(4) | Jay Construction & Jayaprakash | | | X |
| (j)(5) | Jay Construction & Venkateswara | X | | X |
| (j)(6) | Jay Construction & Pasand Madras | X | | |
| (j)(7) | Jay Construction & Pasand Inc. | X | | X |
| (j)(8) | Jay Construction & Lakireddy Inv. | X | | X |
| (j)(9) | Jay Construction & L.B. Reddy Est. | X | | X |
| (j)(10) | Jay Construction & Active Tech | X | | |
| (j)(11) | Jay Construction & Vani Computer | X | | X |

| | | DEFICIENCIES | | |
|---|---|---|---|---|
| ¶ 95 | **Members** | **1. No Association** | **2. No Structure** | **3. No Corp. Role** |
| (j)(12) | Jay Construction & Reddy Realty | X | X | X |
| (k)(1) | Active Tech & Reddy | X | | |
| (k)(2) | Active Tech & Vijay | | | |
| (k)(3) | Active Tech & Prasad | X | | |
| (k)(4) | Active Tech & Jayaprakash | X | | |
| (k)(5) | Active Tech & Venkateswara | X | | |
| (k)(6) | Active Tech & Pasand Madras | X | | |
| (k)(7) | Active Tech & Pasand Inc. | X | | |
| (k)(8) | Active Tech & Lakireddy Inv. | X | | |
| (k)(9) | Active Tech & L.B. Reddy Est. | X | | |
| (k)(10) | Active Tech & Jay Construction | X | | |
| (k)(11) | Active Tech & Vani Computer | X | | |
| (k)(12) | Active Tech & Reddy Realty | X | | |
| (*l*)(1) | Vani Computer & Reddy | | | X |
| (*l*)(2) | Vani Computer & Vijay | X | | X |
| (*l*)(3) | Vani Computer & Prasad | X | | X |
| (*l*)(4) | Vani Computer & Jayaprakash | X | | X |
| (*l*)(5) | Vani Computer & Venkateswara | X | | X |
| (*l*)(6) | Vani Computer & Pasand Madras | X | | |
| (*l*)(7) | Vani Computer & Pasand Inc. | X | | X |
| (*l*)(8) | Vani Computer & Lakireddy Inv. | X | | X |
| (*l*)(9) | Vani Computer & L.B. Reddy Est. | X | | X |
| (*l*)(10) | Vani Computer & Jay Construction | X | | X |
| (*l*)(11) | Vani Computer & Active Tech | X | | |
| (*l*)(12) | Vani Computer & Reddy Realty | X | | X |
| (m)(1) | Reddy Realty & Reddy | | | X |
| (m)(2) | Reddy Realty & Vijay | X | | X |
| (m)(3) | Reddy Realty & Prasad | X | | X |
| (m)(4) | Reddy Realty & Jayaprakash | X | | X |
| (m)(5) | Reddy Realty & Venkateswara | X | | X |
| (m)(6) | Reddy Realty & Pasand Madras | X | | |
| (m)(7) | Reddy Realty & Pasand Inc. | X | | X |
| (m)(8) | Reddy Realty & Lakireddy Inv. | X | | X |
| (m)(9) | Reddy Realty & L.B. Reddy Est. | X | | X |
| (m)(10) | Reddy Realty & Jay Construction | X | | X |
| (m)(11) | Reddy Realty & Active Tech Sol'ns | X | | |
| (m)(12) | Reddy Realty & Vani Computer | X | | X |