MICHAEL W. BOLECHOWSKI (SBN: 118725)
MARK C. RASKOFF (SBN: 72330)
DAVID L. HART (SBN: 219517)
BISHOP, BARRY, HOWE, HANEY & RYDER
2000 Powell Street, Suite 1425
Emeryville, California 94608
Telephone: 510-596-0888
Facsimile: 510-596-0899

*Attorneys for all Defendants* except Prasad Lakireddy

IN THE UNITED STATES DISTRICT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JANE DOE I; JANE DOE II; LAKSHMI and JARMANTI PRATTIPATI as Parents and Successors in Interest of CHANTI JYOTSNA DEVI PRATTIPATTI; JANE DOE III; JANE DOE IV; JANE DOE V; DANE DOE VI; JANE DOE VII; JANE DOE VIII; SREEKANTH KOLLIPARA; and All Others Similarly Situated

Plaintiffs,

vs.

LAKIREDDY BALI REDDY, an individual; VIJAY KUMAR LAKIREDDY, an individual; PRASAD LAKIREDDY, an individual; JAYAPRAKASH REDDY LAKIREDDY, an individual; VENKATESWARA REDDY LAKIREDDY, an individual; and the businesses they controlled and/or operated, including PASAND MADRAS CUISINE, a California corporation; PASAND, INC., a California corporation; LAKIREDDY INVESTMENT CO., a California limited liability corporation; L.B. REDDY ESTATE CO., a California limited liability company; JAY CONSTRUCTION, a California sole proprietorship; ACTIVE TECH SOLUTIONS, a California corporation; VANI COMPUTER SOLUTIONS, a California limited liability corporation; LAKIREDDY BALI REDDY d/b/a REDDY REALTY CO., a California sole proprietorship; and ROES 1 through 100, inclusive,

Defendants.

Case No. **C-02-5570-WHA**

**DEFENDANTS' NOTICE OF MOTION; MOTION TO DISMISS AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND/OR A MORE DEFINATE STATEMENT**

BISHOP, BARRY, HOWE, HANEY & RYDER
A PROFESSIONAL CORPORATION
2000 Powell Street, Suite 1425, Emeryville, California 94608
Tel. No. (510) 596-0888 Facsimile (510) 596-0899

TABLE OF CONTENTS

Page No.

INTRODUCTION ........................................................................ 1

ARGUMENT ........................................................................ 2

I. THE LEGAL STANDARD APPLICABLE TO MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM ........................................................................ 2

II. THE COURT SHOULD DISMISS WITH PREJUDICE THOSE CLAIMS PREMISED ON LEGAL THEORIES THAT CANNOT SUPPORT RELIEF ........................................ 3

A. COUNT III, FOR VIOLATION OF THE ANTI-PEONAGE ACT, CANNOT SURVIVE PLAINTIFFS' INABILITY TO ALLEGE STATE ACTION........................................................................3

B. COUNT IV, FOR INVOLUNTARY SERVITUDE, SHOULD BE DISMISSED BECAUSE THERE IS NO SUCH PRIVATE ACTION UNDER THE THIRTEENTH AMENDMENT OR FEDERAL CRIMINAL STATUTES........................................................................3

1. There Is No Private Right of Action Under The Thirteenth Amendment........................................................................3

2. There Is No Private Right of Action Under the Trafficking Victims Protection Act........................................................................4

C. COUNT VI INVOKES THE ALIEN TORT CLAIMS ACT, WITHOUT ALLEGING THE STATE ACTION WHICH IS A NECESSARY ELEMENT OF SUCH A CLAIM. IT ASSUMES, WRONGLY, THAT THE "LAW OF NATIONS" PROVIDES PLAINTIFFS WITH PRIVATE CAUSES OF ACTION........................................................................4

1. The Complaint Fails to Allege State Action........................................5

2. The Complaint Does Not Allege Forced Labor Within the Reach of the ATCA........................................................................6

3. Violation of the Policy Declarations Invoked By Plaintiffs Cannot Form The Basis of a Claim Under the ATCA........................................8

4. The Complaint Fails to Give Defendants Legally Adequate Notice of What They Are Alleged To Have Done That Could Give Rise to Liability Under the ATCA........................................................................9

III. THE RICO ALLEGATIONS FAIL TO STATE CLAIMS FOR RELIEF..................10

A. PLAINTIFF'S FAIL TO PLEAD "INJURY TO BUSINESS OR PROPERTY"........................................................................11

B. PLAINTIFF'S FAIL TO PLEAD A "PATTERN OF RACKETEERING ACTIVITY........................................................................12

///

BISHOP, BARRY, HOWE, HANEY & RYDER
A PROFESSIONAL CORPORATION
2000 Powell Street, Suite 1425, Emeryville, California 94608
Tel. No. (510) 596-0888 Facsimile (510) 596-0899

C. PLAINTIFF'S FAIL TO PLEAD AN "ENTERPRISE"............................ 15

1. The Complaint Alleges Association-In-Fact Without Alleging Facts Showing an Association........................................................15

2. The Alleged Associations-In-Fact That Lack Decision-Making Structure Are Not Enterprises...........................................................16

3. The Enterprise Element Is Not Satisfied By Inclusion of a Corporate Defendant Which is Not Alleged To Have Played Any Role in the Alleged Operations of the Enterprise................................................17

D. PLAINTIFF'S FAIL TO PLEAD THAT DEFENDANTS ACTED "THROUGH PROHIBITED ACTIVITIES."...................................................18

1. Plaintiff's Count II Fails Since They Have Not Alleged "Investment Injury" and Have No Standing..................................................18

2. USC §1962(d) Conspiracy..................................................19

IV. THE FRAUD CLAIM LACKS THE REQUIRED SPECIFICITY..........................20

V. IN PARI DELECTO..............................................................20

VI. NO PRIVATE ACTION EXISTS UNDER EDUCATION CODE §48200.................22

VII. COUNT VI ATTEMPTS TO STATE A FLSA CLAIM, FAILS AS PRESENTLY PLED; AT THE VERY LEAST, DEFENDANTS ARE ENTITLED TO A MORE DEFINITE STATEMENT SUFFICIENT TO DISCLOSE THE BASIS FOR SUBJECT MATTER JURISDICTION..........................................................22

VIII. THE EMOTIONAL DISTRESS CLAIMS OF THE SUCCESSORS OF THE PLAINTIFF DECEDENT MUST BE DISMISSED.................................................25

CONCLUSION.....................................................................25

BISHOP, BARRY, HOWE, HANEY & RYDER
A PROFESSIONAL CORPORATION
2000 Powell Street, Suite 1425, Emeryville, California 94608
Tel. No. (510) 596-0888 Facsimile (510) 596-0899

## TABLE OF AUTHORITIES

**Page No.**

CASES

*A.B. Kirschbaum Co. v. Walling*,
316 U.S. 517, 62 S.Ct. 1116 (1942) .......... 23,24

*Abrams v. Societe Nationale Des Chemins De Fer Francais*,
175 F.Supp.2d 423 (E.D.N.Y. 2001) .......... 7

*Allwaste, Inc. v. Hecht*,
65 F.3d.1523 (9th Cir. 1995) .......... 14

*Atta v. Sun Co., Inc.*,
596 F.Supp.103 (E.D. Pa. 1984) .......... 4

*Baker v. McDonald's Corp.*,
686 F.Supp. 1474 (S.D. Fla. 1987), *aff'd.*, 865 F.2d 1272 (11th Cir. 1988), *cert. denied*, 493 U.S. 812 (1987) .......... 4

*Balistreri v. Pacifica Police Dept.*,
901 F.2d 696 (9th Cir. 1988) .......... 2

*Bao Ge v. Li Peng*,
201 F.Supp.2d 14 (D. D.C. 2000) .......... 7

*Bartling v. Glendale Adventist Medical Center*,
184 Cal.App.3d 961 (1986) .......... 25

*Bateman Eichler, Hill Richards Inc., v. Berner*,
472 U.S. 299 (1985) .......... 21

*Baumer v. Pachl*,
8 F.3d 1341 (9th Cir. 1993) .......... 19

*BCCI v. Price Waterhouse & Co.*,
No. CV 91-4483 CBM(Ex), 1992 WL 696398, at *5 (C.D. Cal. Apr. 30, 1992) .......... 18

*Billeaudeau v. Temple Associates, Inc.*,
213 F.2d 707 (5th Cir. 1954) .......... 24

*Buchanan v. City of Bolivar*,
99 F.3d 1352 (6th Cir. 1996) .......... 4

*Burger-Fischer v. Degussa AG*,
65 F.Supp.2d 248 (D.N.J. 1999) .......... 7

*Camp v. Jeffer, Mangels, Butter & Marmaro*,
35 Cal.App.4th at 620 .......... 22

*Chang v. Chen*,
80 F.3d 1293 (9th Cir. 1996) .......... 16,17

*Craine v. Alexander*,

BISHOP, BARRY, HOWE, HANEY & RYDER
A PROFESSIONAL CORPORATION
2000 Powell Street, Suite 1425, Emeryville, California 94608
Tel. No. (510) 596-0888 Facsimile (510) 596-0899

756 F.2d 1070 (5th Cir. 1985)............ 3

*Daily's Dump Truck Service v. Kiewit Pacific Co.*,
759 F. Supp. 1498 (W.D. Wash. 1991), *aff'd*, 976 F.2d 1303 (9th Cir. 1992)............ 12

*Danielsen v. Burnside-Ott. Aviation Training Ctr., Inc.*,,
941 F.2d 1220 (D.C. Cir. 1991)............ 12

*Del Elmer v. Metzger*,
967 F.Supp. 398 (S.D. Cal. 1997)............ 4

*Doe v. Keane*,
658 F.Supp. 216 (W.D. Mich. 1987)............ 4

*Doe v. The Gap, Inc.*,
2001 Westlaw 1842389 at *19-20 (D.N.Mar. 14, 2001)............ 7

*Doe v. The Gap, Inc.*,
2002 Westlaw 1000068 at *15 (D.N.Mar.I. 2002)............ 7

*Dolla v. Unicast Co.*,
930 F.Supp. 202 (1996)............ 4

*Dreyfuss v. Von Finck*,
*534 F.2d. 24 (2d. Cir. 1976)* ............ *6*

*Ellenburgh v. Broadway, Inc.*
763 F.2d 1091, (9th Cir. 1985)............ 21

*El Rancho Unified School District v. National Education Association.*,
33 Cal.3d 946, 663 p.2d 893 (1983)............22

*Filartiga v. Pena-Irala*,
630 F.2d 876 (2d Cir. 1980)............ 5

*Fishel v. BASF Group*,
1998 U.S. Dist. LEXIS 21230 (S.D. Ia. 1999)............ 7

*Forti v. Suarez-Mason*,
672 F.Supp. 1531 (N.D. Cal. 1987)............ 6

*Goren v. New Vision Int'l*,
156 F.3d 721 (7th Cir. 1998)............ 19

*Halet v. Wend Investment Co.*,
672 F.2d 1305 at 1309............ 2

*H.J. Inc. v. Northwestern Bell Telephone Co.*
492 U.S. 229 (1989)............ 13,14

*Holland v. Board of Trustees of University of the Dist. of Columbia*,
794 F.Supp. 420 (D.D.C. 1992)............ 4

*Hunter v. J. Craig Construction Company*,
No. 94-2193, 1995 U.S. App. LEXIS 6515 at *2 (7TH Cir., March 29, 1995)............ 13

BISHOP, BARRY, HOWE, HANEY & RYDER
A PROFESSIONAL CORPORATION
2000 Powell Street, Suite 1425, Emeryville, California 94608
Tel. No. (510) 596-0888 Facsimile (510) 596-0899

*Hoff* v. *Vacaville Unified School District*,
19 Cal.4d 925 (1198) .......... 22

*Idaho Sheet Metal Works v. Wirtz*,
383 U.S. 190, 86 S.Ct. 737 (1966) .......... 24

*In re Glenfed, Inc., Securities Litigation*,
42 F.3d 1541 (9th Cir. 1994) .......... 20

*In re Teledyne Def. Contr. Defense Contracting*,
849 F.Supp. 1369 (C.D. Cal. 1993) .......... 18

*In re World War II Era Japanese Forced Labor Litig.*,
164 F.Supp.2d 1160 (N.D. Cal. 2001) .......... 7

*Iwanowa v. Ford Motor Co.*,
67 F.Supp.2d 424 (D.N.J. 1999) .......... 7

*Jacobs v. Universal Development Corp.*,
53 Cal.App.4th 692 .......... 21

*John Doe I v. Unocal Corp.*,
2002 U.S. App. LEXIS 19263, *32 (9th Cir. 2002) .......... 6

*Kadic v. Karadzic*,
70 F.3d 232 (2d Cir. 1995) .......... 5

*Kaveney v. Miller*,
1993 U.S. Dist Lexis 10784 (E.D. Pa. 1993) .......... 4

*Knevelbaard Dairies v. Kraft Foods, Inc.*,
232 F.3d 979 (9th Cir. 2000) .......... 2

*Liu Ciro, Inc., et al. v. Ciro, Inc., et al.*,
895 F. Supp. 1365 (D. Haw. 1995) .......... 11

*Man Hing Ivory & Imports, Inc. v. Deukmejian*,
702 F.2d 760 (9th Cir. 1983) .......... 9

*McLeod* v. *Threlkeld*,
319 U.S. 491, 63 S.Ct. 1248 .......... 23

*Mehinovic v. Vuckovic*,
198 F.Supp.2d 1322 (N.D. Ga. 2002) .......... 7

*Mitchell v. C.W. Vollmer & Co.*,
349 U.S. 427, 75 S.Ct. 860 (1955) .......... 23

*Mitchell v. Lublin, McGaughy & Associates*,
358 U.S. 207 (1959) .......... 23

*Mitchell v. Welcome Wagon*,
139 F.Supp. 674 (D. Tenn. 1954), *aff'd*, 232 F.2d 892 (6th Cir. 1956) .......... 23

BISHOP, BARRY, HOWE, HANEY & RYDER
A PROFESSIONAL CORPORATION
2000 Powell Street, Suite 1425, Emeryville, California 94608
Tel. No. (510) 596-0888 Facsimile (510) 596-0899

National Coalition Gov't of Burma v. Unocal, Inc.,
176 F.R.D. 329 (C.D. Cal. 1997) .................... 6

National Collegiate Athletic Ass'n. v. Tarkanian
488 U.S. 179, 186 (1988) .................... 6

Nealy v. Campos,
No. 92-56197, 1994 U.S. App. LEXIS 12704 *8-*11 (9th Cir. May 27, 1994) .................... 13,14

*NL Industries, Inc. v. Kaplan,*
792 F.2d 896 (9th Cir. 1986) .................... 2

*Nugget Hydroelectric L.P. Pacific Gas & Elec.,*
981 F.2d 429 (9th Cir. 1992) .................... 18

*Oscar v. University, Student Co op. Ass'n,*
965 F.2d 783 (9th Cir. 1992) (en banc) .................... 11,12

*Palda v. General Dynamics Corp.,*
47 F.3d 872 (7th Cir. 1995) .................... 10

*Price Water House v. Hopkins,*
490 U.S. 228 (1989) .................... 20

*Pollock v. Williams,*
322 U.S. 4 (1944) .................... 3

*Religious Tech. Ctr. v. Wollersheim,*
796 F.2d 1076 (9th Cir. 1986) .................... 12

*Reddy v. Litton Industries, Inc.,*
912 F.2d 291 (9th Cir. 1990) .................... 19

*Reves v. Ernst & Young,*
507 U.S. 170 (1993) .................... 16

*Roe v. Unocal Corp.,*
70 F.Supp.2d 1073 (C.D. Cal. 1999) .................... 7

*Romo Construction Co., v. Ralph aRusso*
96 F.3d 566 (1966) .................... 21

*Russell v. Landrieu,*
621 F.2d 1037 (9th Cir. 1980) .................... 2

*Sanders v. A.J. Canfield Co.,*
635 F.Supp. 85 (N.D. Ill. 1986) .................... 4

*Sarei v. Rio Tinto PLC,*
221 F.Supp.2d 1116 (C.D. Cal. 2002) .................... 6,7

*Schmidt v. Fleet Bank,*
16 F. Supp. 2d 340 (S.D.N.Y. 1998) .................... 19

*Schwartz v. Witwer Grocer Co.,*
141 F.2d 341 (8 Cir. 1944), *cert. denied*, 322 U.S. 753 .................... 23


BISHOP, BARRY, HOWE, HANEY & RYDER
A PROFESSIONAL CORPORATION
2000 Powell Street, Suite 1425, Emeryville, California 94608
Tel. No. (510) 596-0888 Facsimile (510) 596-0899

*Sedima, S.P.R.L v. Imrex Co.*,
473 U.S. 479 (1985) .......... 13,14

*Simon v. Value Behavioral Health, Inc.*,
208 F.3d 1073 (9th Cir. 2000) .......... 19

*Stationary Eng'rs Local 39 v. Philip Morris, Inc.*,
No. C-97-01519 DLJ, 1998 WL 76265 at *15-16 (N.D. Cal. April 30, 1998) .......... 12

*Steele v. Hospital Corp. of Am.*,
36 F.3d 69 (9th Cir. 1994) .......... 11

*Tachiona v. Mugabe*,
169 F.Supp.2d 259 (S.D.N.Y. 2002) .......... 7

*Tirpak v. Los Angeles School Dist.*,,
187 Cal.App.3d 639, 232 Cal.Rprt. 61 (1986) .......... 22

*Turner v. Unification Church*,
473 F.Supp. 367 (D.R.I. 1978), *aff'd.*, 602 F.2d 458 (1st Cir. 1979) .......... 4

*Unilogic, Inc. v. Burroughs Corp.*,
10 Cal.App.4d 612 (1992) .......... 21

*United States v. Kozminski*,
487 U.S. 931 (1988) .......... 7

*United States v. Shackney*,
333 F.2d 475 (2d Cir. 1964) .......... 4

*United States v. Turkette*,
452 U.S. 576 (1981) .......... 15,16,17,20

*United States v. Warren*,
772 F.2d 827 (11th Cir. 1985) .......... 4

*Vietnamese Fishermen's Ass'n. v. Knights of the Ku Klux Klan*,
518 F.Supp. 993 (S.D. Tex. 1981) .......... 4

*Westray v. Porthole, Inc.*,
586 F.Supp. 834 (D.Md. 1984) .......... 4

*Williamson v. Plant Insulation Co.*,
23 Cal.App.4th 1406 (1994) .......... 25

*Wiwa v. Royal Dutch Petroleum Co.*,
2002 U.S. Dist. LEXIS 3293 (S.D.N.Y. 2002) .......... 7

## STATUTES

STATUTES

18 U.S.C. §1581 .......... 4

BISHOP, BARRY, HOWE, HANEY & RYDER
A PROFESSIONAL CORPORATION
2000 Powell Street, Suite 1425, Emeryville, California 94608
Tel. No. (510) 596-0888 Facsimile (510) 596-0899

18 U.S.C. §1583 .......... 4

18 U.S.C. §1584 .......... 4

18 U.S.C. §1961 .......... 12, 19,20

18 U.S.C. §1962 .......... 10,11,12,18,19

18 U.S.C. §1964 .......... 11,12

22 U.S.C. §7101 .......... 3,4

28 U.S.C. §1350 .......... 5

29 U.S.C. §201 .......... 22

29 U.S.C. §203 .......... 22

42 U.S.C. §1994 .......... 3

Article VI, clause 2 of the United States Constitution .......... 9

California Code of Civil Procedure §377.34 .......... 25

California Education Code §48200 .......... 22

Fed.R.Civ.P. 9(b) .......... 20

## TREATISE

RICO Civil & Criminal Law & Strategy, Law Journal Press, 2002, p.1-11, 1-80 .......... 10,18

BISHOP, BARRY, HOWE, HANEY & RYDER
A PROFESSIONAL CORPORATION
2000 Powell Street, Suite 1425, Emeryville, California 94608
Tel. No. (510) 596-0888 Facsimile (510) 596-0899

TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on June 26, 2003, or as soon thereafter as counsel may be heard by the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, in the courtroom of Honorable William H. Alsup, defendants will and hereby do move the Court for an order granting their motion to dismiss Counts I, II, III, IV, V, XVI and XXIII for failure to state a claim upon which relief can be granted or for a more definite statement.

This motion is made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that:

1. Count III (violation of the Anti-Peonage Act), Count IV (Peonage, Involuntary Servitude and Forced Labor), Count V fail to state a claim upon which relief can be granted and should be dismissed with prejudice;
2. Counts I and II (civil RICO violations) and Count XXIII (Violation California Education Code §48200) fail to state a claim upon which relief can be granted and should be dismissed;
3. Count XVIII claims for emotional distress should be dismissed; and
4. Count VI fails to properly plead a Cause of Action under the Fair Labor Standards Act.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the pleadings and papers on file herein, and upon such other matters as may be presented to the Court at the time of the hearing.

BISHOP, BARRY, HOWE, HANEY & RYDER

5-1-2003

By: ______________________
MICHAEL W BOLECHOWSKI
MARK C. RASKOFF
DAVID L. HART
Attorneys for All Defendants

BISHOP, BARRY, HOWE, HANEY & RYDER
A PROFESSIONAL CORPORATION
2000 Powell Street, Suite 1425, Emeryville, California 94608
Tel. No. (510) 596-0888 Facsimile (510) 596-0899

## INTRODUCTION

This is a motion, under Rule 12 of the Federal Rules of Civil Procedure, directed at a lengthy and complex amended complaint filed in response to defendants' preliminary motions. Although plaintiffs voluntarily dismissed the original complaint, the first amended complaint contain many of the same defects previously raised by defendants. Defendants seek:

- dismissal with prejudice of those claims that are predicated on legal theories that, as a matter of law, cannot support any relief; and/or
- dismissal with leave to amend those claims that fail to satisfy applicable pleading standards but that could, at least in theory, be amended to state a claim;

This lawsuit, filed on behalf of eleven plaintiffs, eight of whom have failed to identify themselves in the first amended complaint, is likely to present the Court and the parties with unusual management challenges.[1] Plaintiffs filed this action in the Superior Court of the State of California, County of Alameda, alleging twenty-four claims for relief against thirteen Defendants—five individuals and eight business entities. Defendants removed the action to federal court on November 22, 2002.[2] The nature of the first amended complaint's allegations, its class action aspirations, its claims relating to acts committed in India, and its connection to ongoing criminal proceedings, all present problems not typically encountered.

The eighty-six page first amended complaint alleges a smorgasbord of claims for relief, including two civil RICO claims, three peonage/involuntary/slave labor related claims, violations of the Law of Nations, United States Treaties, the Thirteenth Amendment and Business and Professions Code sections 17200, *et seq.*, various common law tort claims, such as civil assault and battery, false imprisonment, fraud and deceit, emotional distress and negligence, and two claims for breach of contract. Stripped of the allegations intended to inflame the passions of the

[1] By filing this responsive pleading, defendants are not waiving their right to eventually challenge plaintiff's prosecution of this action on behalf of eight anonymous plaintiffs.

[2] The action was assigned to the Honorable Vaughn Walker. Pursuant to a Notice of Related Case, the case was deemed related to a pending criminal matter, *USA v. Lakireddy Bali Reddy, et al.*, CR-00-40028-CW, and reassigned to the Honorable Claudia Wilken, on December 4, 2002. In an order dated January 8, 2003, Judge Wilken recused herself from this matter. This action was then assigned to the Honorable William H. Alsup pursuant to a court order dated January 9, 2003.

BISHOP, BARRY, HOWE, HANEY & RYDER
A PROFESSIONAL CORPORATION
2000 Powell Street, Suite 1425, Emeryville, California 94608
Tel. No. (510) 596-0888 Facsimile (510) 596-0899

media, and reduced to its essence, plaintiffs allege defendants forced plaintiffs to provide labor services in violation of numerous federal and state statutes. Plaintiffs further allege defendants conduct caused physical and emotional injury. Plaintiffs seek restitution, compensatory and special damages, injunctive relief and statutory penalties and liquidated damages.

The logistical, management and discovery burdens will be multiplied unnecessarily if the case is allowed to go forward on the basis of the existing complaint. For instance if we were to depose the plaintiffs and only those individuals identified on their Rule 26 disclosure, defendants would have to take over thirty-five depositions. This does not include expert discovery. Plaintiffs are entitled to press ahead with claims that rest on viable legal theories and for which they have alleged sufficient facts. At the same time, defendants are entitled not to be burdened by claims that do not satisfy those tests. Many of the claims fall short. Such should be dismissed.

BISHOP, BARRY, HOWE, HANEY & RYDER
A PROFESSIONAL CORPORATION
2000 Powell Street, Suite 1425, Emeryville, California 94608
Tel. No. (510) 596-0888 Facsimile (510) 596-0899

## ARGUMENT

### I. THE LEGAL STANDARD APPLICABLE TO MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM.

In considering a motion to dismiss, the Court presumes the truth of well-pleaded allegations of material fact and draws all reasonable inferences in favor of the non-moving party.[3] *Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d 979, 984 (9th Cir. 2000); *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986); *see also Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Dismissal is proper, however, where there is either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). The Court may dismiss the amended complaint, or any claims within it, for failure to state a claim if "Plaintiff would be entitled to no relief under any state of facts that could be proved." *Halet v. Wend Investment Co.*, 672 F.2d 1305 at 1309.

[3] A court need not accept as true unreasonable inferences, unwarranted deductions of fact or conclusory legal allegations cast in the form of factual allegations. *See, e.g., Pillsbury, Madison & Sutro v. Lerner,* 31 F.3d 924, 928 (9th Cir. 1994). *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.1981), *cert. denied*, 454 U.S. 1031, 70 L.Ed.2d 474, 102 S.Ct. 567 (1981); *Hiland Dairy, Inc. v. Kroger Co.*, 402 F.2d 968, 973 (8th Cir. 1968), *cert. denied*, 395 U.S. 961, 23 L.Ed.2d 748, 89 S.Ct. 2096 (1969); *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1462 (C.D. Cal. 1996).

## II. THE COURT SHOULD DISMISS WITH PREJUDICE THOSE CLAIMS PREMISED ON LEGAL THEORIES THAT CANNOT SUPPORT RELIEF.

### A. Count III, For Violation Of The Anti-Peonage Act, Cannot Survive Plaintiffs' Inability To Allege State Action.

Count III of the amended complaint alleges that certain of the plaintiffs were subjected to treatment violative of the Anti-Peonage Act, 42 U.S.C. §1994.[4] But the essence of peonage is official or quasi-official involvement in a system of compulsory labor, based upon the victim's indebtedness.

In order to bring a claim of peonage, the plaintiff must show some state responsibility for the complained of abuse. "Section 1994 renders invalid ***only the 'acts, laws, resolutions, orders, regulations or usages' of the states*** that establish or enforce labor as a peon." *Craine v. Alexander*, 756 F.2d 1070, 1074 (5th Cir. 1985), citing *Pollock v. Williams*, 322 U.S. 4 (1944) (Emphasis added). The state action required to support a claim under the Anti-Peonage Act, moreover, must be action by one of the states of the United States, not a foreign state.[5] Plaintiffs' failure, coupled with their obvious inability, to allege state action associated with the peonage claim requires dismissal of this claim.

### B. Count IV, For Involuntary Servitude, Should Be Dismissed Because There Is No Such Private Right Of Action Under The Thirteenth Amendment Or Federal Criminal Statutes.

Certain plaintiffs allege in Count IV that they "bring this claim for relief under the private cause of action implied under the Thirteenth Amendment to the United States Constitution and the Trafficking Victims Protection Act, 22 U.S.C. §7101 *et seq*. (Complaint, ¶149). Plaintiffs cannot. No such right exists.

#### 1. There Is No Private Right Of Action Under The Thirteenth

[4] "The holding of any person to service or labor under the system known as peonage is abolished and forever prohibited in any Territory or State of the United States; and all acts, laws, resolutions, orders, or usages of any Territory or State, which have heretofore established, maintained, or enforced, or by virtue of which any attempt shall hereafter be made to establish, maintain, or enforce, directly or indirectly, the voluntary or involuntary service of labor of any persons as peons, in liquidation of any debt or obligation, or otherwise, are declared null and void." 42 U.S.C. §1994.

[5] The Anti-Peonage Act does not apply to foreign states. It abolishes peonage in "any Territory or State of the United States." Clause two of the Act declares null and void "all acts, laws, resolutions, orders, regulations, or usages of any Territory or State" that establish, maintain or enforce peonage.

BISHOP, BARRY, HOWE, HANEY & RYDER
A PROFESSIONAL CORPORATION
2000 Powell Street, Suite 1425, Emeryville, California 94608
Tel. No. (510) 596-0888 Facsimile (510) 596-0899

**Amendment.**

There is no direct cause of action against private parties under the Thirteenth Amendment. *Del Elmer v. Metzger,* 967 F.Supp. 398, 402 (S.D. Cal. 1997); *Holland v. Board of Trustees of University of the Dist. of Columbia*, 794 F.Supp. 420, 424 (D.D.C. 1992); *Westray v. Porthole, Inc.*, 586 F.Supp. 834, 83-39 (D.Md. 1984) (s); *Turner v. Unification Church*, 473 F.Supp. 367, 374 (D.R.I. 1978), *aff'd.*, 602 F.2d 458 (1st Cir. 1979); *Dolla v. Unicast Co.*, 930 F.Supp. 202, 206 (1996); *accord*, *Kaveney v. Miller,* 1993 U.S. Dist Lexis 10784 (E.D. Pa. 1993); *Sanders v. A.J. Canfield Co.*, 635 F.Supp. 85, 87 (N.D. Ill. 1986); *Baker v. McDonald's Corp.*, 686 F.Supp. 1474 (S.D. Fla. 1987), *aff'd.*, 865 F.2d 1272 (11th Cir. 1988), *cert. denied*, 493 U.S. 812 (1987); *Doe v. Keane,* 658 F.Supp. 216 (W.D. Mich. 1987); *Vietnamese Fishermen's Ass'n. v. Knights of the Ku Klux Klan,* 518 F.Supp. 993, 1012 (S.D. Tex. 1981); *Atta v. Sun Co., Inc.*, 596 F.Supp.103, 105 (E.D. Pa. 1984).[6] Since state law remedies are adequate, there is no private right of action under the Thirteenth Amendment, *Turner v. Unification Church*, 473 F.Supp. at 374.

**2. There Is No Private Right Of Action Under The Trafficking Victims Protection Act.**

Count IV of the first amended complaint purports to invoke the private right of action implied under the Traffic Victims Protection Act ("TVPA"), 22 U.S.C. §7101, but there is no such right.

Private rights of action are no more available under federal criminal statutes enacted to effectuate the purposes of the Thirteenth Amendment than they are under the Thirteenth Amendment directly. *Buchanan v. City of Bolivar,* 99 F.3d 1352, 1353 (6th Cir. 1996) ("involuntary servitude" under the Thirteenth Amendment and 18 U.S.C. §1584 are indistinguishable and dismissing a claim on grounds that "18 U.S.C. §1584 is a criminal statute enacted by Congress to enforce the Thirteenth Amendment and does not provide for a private civil remedy"); *Dolla,* 930 F. Supp. at 206 (no private right of action under 18 U.S.C. §§1581 and 1583); *United States v. Shackney,* 333 F.2d 475 (2d Cir. 1964); *United States v. Warren,* 772 F.2d 827 (11th Cir. 1985); *Turner,* 473 F.Supp. at 374-375 (criminal statutes do not imply a civil cause

---

[6] The Ninth Circuit has not directly addressed the issue. *See Cato v. United States,* 70 F.3d 1103, 1109 n.7 and 1110 (9th Cir. 1995).

BISHOP, BARRY, HOWE, HANEY & RYDER
A PROFESSIONAL CORPORATION
2000 Powell Street, Suite 1425, Emeryville, California 94608
Tel. No. (510) 596-0888 Facsimile (510) 596-0899

of action, and, in particular, 18 U.S.C. §§1581 and 1583 do not do so.)

**C. Count V Invokes The Alien Tort Claims Act, Without Alleging The State Action Which Is A Necessary Element Of Such A Claim. It Assumes, Wrongly, That The "Law Of Nations" Provides Plaintiffs With Private Causes Of Action.**

**1. The Complaint Fails To Allege State Action.**

Count V purports to invoke the Court's jurisdiction under the Alien Tort Claims Act, 28 U.S.C. §1350 ("ATCA"). Specifically, it alleges that plaintiffs were forced "to relinquish universally-recognized and protected rights to be free from cruel, inhuman, and degrading treatment or punishment; to free choice of employment and to just terms and conditions of work, including reasonable compensation and working hours, and to privacy, personal liberty and security." (Complaint, ¶ 161.) None of these alleged wrongs can be made the subject of a civil action against private parties in this Court on any of the legal theories advanced in Count V.[7]

In a line of cases beginning with *Filartiga v. Pena-Irala*, 630 F.2d 876 (2d Cir. 1980), the ATCA has been held applicable, subject to certain exceptions, *only* to conduct "under color of official authority [which] violates universally accepted norms of the international law of human rights regardless of the nationality of the parties." *Id.* at 878. Accordingly, claims for violations of ATCA can generally only be made against a state actor or for conduct performed under color of state law.

There is a narrow, and well-defined, exception to the state action requirement. Actions against private individuals that do not require state action are limited to piracy, war crimes, genocide and slavery. *See Kadic v. Karadzic*, 70 F.3d 232, 239-40 (2d Cir. 1995). None of these exceptions apply here.

Plaintiffs attempt to cure the defective pleading by alleging "on information and belief" that defendants acted "in concert, combination and conspiracy and as joint ventures with Indian police and government officials in Andhra Pradesh and elsewhere in India." Complaint ¶ 161.

---

[7] To the extent – and it appears to be a large extent – that plaintiffs are complaining of acts that allegedly occurred in the United States, we do not believe that the ATCA applies at all. The purpose and intent of the ATCA, we think it is clear, is to provide a forum for aliens subjected to certain types of wrongs in *other* countries. If Count V survives in any form, we will, at an appropriate juncture, raise the issue of whether the ATCA reaches conduct within the United States.

BISHOP, BARRY, HOWE, HANEY & RYDER
A PROFESSIONAL CORPORATION
2000 Powell Street, Suite 1425, Emeryville, California 94608
Tel. No. (510) 596-0888 Facsimile (510) 596-0899

Plaintiffs claim their allegation constitutes "state action;" however, their claim is nothing more than conclusory and speculative, and is insufficient to establish that any state action was taken against them. In fact, nowhere in their complaint do plaintiffs allege that the Indian police and government officials participated in the alleged unlawful conduct. Plaintiffs fail to, and cannot allege that defendants could be held liable for any possible state action of Indian authorities. Plaintiffs make no allegation that defendants controlled or acted jointly with Indian police or government officials. Under plaintiff's allegations, there can be no state action. *Sarei v. Tinto*, 221 F. Supp. 2d 1116, 1147-48 (C.D. Cal. 2002), citing *National Collegiate Athletic Ass'n. v. Tarkanian*, 488 U.S. 179, 186 (1988).

Moreover, even if, arguendo, plaintiffs' claim that potential, unspecified and hypothetical acts by Indian police and government officials are sufficient to constitute state action, plaintiffs' claim nevertheless fails under ATCA. Plaintiffs are Indian nationals and may not sue under ATCA for actions by their own state. *Dreyfus v. Von Finck*, 534 F.2d 24, 31 (2d Cir. 1976) (holding that "violations of international law do not occur when the aggrieved parties are nationals of the acting state").[8]

In short, for conduct to violate the law of nations, the act must either be committed by a state and be an act that is "universally condemned," or be one of a small class of the most serious crimes, such as genocide or war crimes. *Forti v. Suarez-Mason*, 672 F.Supp. 1531, 1539-40 (N.D. Cal. 1987). None of the defendants in this case are state actors, nor are they alleged to have committed conduct cognizable under the ATCA in the absence of state action.

**2. The Complaint Does Not Allege Forced Labor Within The Reach Of The ATCA.**

As noted above, a slavery claim can be brought pursuant to the ATCA in the absence of state action, and forced labor that amounts to actual slavery has been found sufficient to support an ATCA claim against a private individual. *John Doe I v. Unocal Corp.*, 2002 U.S. App. LEXIS 19263, *32 (9th Cir. 2002). Under the Slavery Act war crimes/genocide exceptions to the state action requirement cases permitting a plaintiff to proceed under the ATCA have involved

[8] An exception to this rule, allegations of torture (*Filartiga v. Pena-Irala,* 630 F.2d 876, 874 (2d Cir. 1980), is not applicable. Plaintiffs do not, and cannot, credibly plead that they were tortured.

BISHOP, BARRY, HOWE, HANEY & RYDER
A PROFESSIONAL CORPORATION
2000 Powell Street, Suite 1425, Emeryville, California 94608
Tel. No. (510) 596-0888 Facsimile (510) 596-0899

allegations of atrocious conduct involving the military in Myanamar (*National Coalition Gov't of Burma v. Unocal, Inc.*, 176 F.R.D. 329 (C.D. Cal. 1997)); war crimes during World War II (*Sarei v. Rio Tinto PLC*, 221 F.Supp.2d 1116 (C.D. Cal. 2002); *Abrams v. Societe Nationale Des Chemins De Fer Francais*, 175 F.Supp.2d 423 (E.D.N.Y. 2001); *In re World War II Era Japanese Forced Labor Litig.*, 164 F.Supp.2d 1160 (N.D. Cal. 2001); *Iwanowa v. Ford Motor Co.*, 67 F.Supp.2d 424 (D.N.J. 1999); *Burger-Fischer v. Degussa AG*, 65 F.Supp.2d 248 (D.N.J. 1999); *Fishel v. BASF Group*, 1998 U.S. Dist. LEXIS 21230 (S.D. Ia. 1999)); ethnic-cleansing campaigns in Bosnia (*Mehinovic v. Vuckovic*, 198 F.Supp.2d 1322 (N.D. Ga. 2002)); military force in Africa (*Wiwa v. Royal Dutch Petroleum Co.*, 2002 U.S. Dist. LEXIS 3293 (S.D.N.Y. 2002); *Tachiona v. Mugabe*, 169 F.Supp.2d 259 (S.D.N.Y. 2002); *Roe v. Unocal Corp.*, 70 F.Supp.2d 1073 (C.D. Cal. 1999)), and prison camps in China (*Bao Ge v. Li Peng*, 201 F.Supp.2d 14 (D. D.C. 2000)). Plaintiffs have not alleged, nor can they allege, conduct constituting slavery or conduct rising to the level of forced labor that is the equivalent of slavery.

In *Doe v. The Gap, Inc.*, 2001 WL 1842389 at *19-20, 22 (D.N.Mar.I. 2001) ("*The Gap I*"), the court found plaintiffs' allegations insufficient to support a claim for involuntary servitude, and on that basis, dismissed the plaintiffs' more serious claim of forced labor under the ATCA. The plaintiffs' allegations of threats and use of physical restraint and abuse, and threats and use of physical and legal coercion were insufficient to support a claim of involuntary servitude. *Doe v. The Gap, Inc.*, 2002 WL 1000068 at *15 (D.N.Mar.I. 2002) ("*The Gap II*"). While assuming the truth of such allegations, the court could not "reasonably infer that the plaintiffs' free will had been overcome and that the plaintiffs had no choice but to work." *Id.* Plaintiffs having failed to sufficiently plead the less egregious involuntary servitude claim, the court dismissed plaintiffs' ATCA claims with prejudice. *Id.* at 21.

None of the allegations in the amended complaint here rise to the level of a forced labor claim, as the courts have defined it. Indeed, they fail even to make out a claim for involuntary servitude, since it appears that plaintiffs made a "choice, however painful" to work. *See The Gap II*, 2000 WL 1000068 at *15, citing *United States v. Kozminski*, 487 U.S. 931, 950 (1988).

Although allegations of physical and legal threats of arrest, prosecution and imprisonment

BISHOP, BARRY, HOWE, HANEY & RYDER
A PROFESSIONAL CORPORATION
2000 Powell Street, Suite 1425, Emeryville, California 94608
Tel. No. (510) 596-0888 Facsimile (510) 596-0899

could potentially support a claim for involuntary servitude, a plaintiff asserting such a claim must allege specific factual information indicating by "who[m] or how the arrest, prosecution and imprisonment will be conducted." If plaintiffs truly intend, in good faith, to make accusations of collective guilt in connection with such inflammatory allegations, they must first satisfy the applicable pleading standards, which oblige them to describe the alleged acts and to identify the persons who committed them.

### 3. Violation Of The Policy Declarations Invoked By Plaintiffs Cannot Form The Basis Of A Claim Under The ATCA.

Even if plaintiffs could supply the state action missing element, their ATCA claim would fail because none of the alleged tort violations constitutes a violation of the law of nations or a United States treaty. In analyzing the viability of Count VI, it is useful to keep in mind that the ATCA itself does not create or define the underlying tort. The ATCA simply opens the doors to the district courts to aliens who have been the victims of certain categories of torts. Those torts are defined by other sources of law, and plaintiffs are unable to point to any source of law, with respect to the torts they have alleged that are cognizable under the ATCA.

The amended complaint alleges separate ATCA claims for violations of the following treaties and "internationally recognized documents:" Universal Declaration of Human Rights, International Covenant on Civil and Political Rights, Internal Labour Organization: Convention Concerning Forced or Compulsory Labour, International Covenant on Economic, Social and Cultural Rights, American Convention on Human Rights, Additional Protocol to the American Convention on Human Rights in the Area of Economic, Social and Cultural Rights, Declaration on the Elimination of Violence Against Women, Declaration on the Human Rights of Individuals Who are Not Nationals of the Country in Which they Live, International Labour Organization: Convention Concerning Minimum Age for Admission to Employment and Convention on the Rights of the Child. (Complaint ¶ 162(a)-(j).)

None of the cited treaties and "internationally recognized documents" are self-executing, nor do any of them provide for a private right of action against individuals.[9] *See Man Hing Ivory*

[9] The amended complaint's references to "internationally recognized documents" contribute nothing of legal significance in any event. By the explicit terms of the statute, ATCA claims for a

BISHOP, BARRY, HOWE, HANEY & RYDER
A PROFESSIONAL CORPORATION
2000 Powell Street, Suite 1425, Emeryville, California 94608
Tel. No. (510) 596-0888 Facsimile (510) 596-0899

*& Imports, Inc. v. Deukmejian*, 702 F.2d 760, 762 (9th Cir. 1983) ("Courts are empowered to give direct legal effect to treaties only insofar as they are self-executing and therefore operate as the law of the land").

Many of the "treaties" cited in the amended complaint have never been ratified by the United States and therefore do not have the force of law. (See Attachment A) Only ratified treaties become the law of the land. U.S. Const. Art. VI, cl.2. The following treaties and alleged "internationally recognized documents" have not been ratified by the United States: International Labour Convention Concerning Forced or Compulsory Labor, International Covenant on Economic, Social and Cultural Rights, American Convention on Human Rights, Additional Protocol to the American Convention on Human Rights in the Area of Economic, Social and Cultural Rights, International Labour Organization Convention Concerning Minimum Age for Admission to Employment and the Convention on the Rights of the Child.[10] None of the treaties and "internationally recognized documents" cited by plaintiffs in the amended complaint can serve as a basis for a violation of a United States Treaty under the ATCA.[11]

**4. The Complaint Fails To Give Defendants Legally Adequate Notice Of What They Are Alleged To Have Done That Could Give Rise To Liability Under The ATCA.**

The amended complaint alleges that defendants violated the law of nations and customary

---

treaty violation must be based on a United States treaty, not an "internationally recognized document." 28 U.S.C. §1350. Accordingly, plaintiffs' claims for violations of the Universal Declaration of Human Rights, Declaration on the Elimination of Violence Against Women and Declaration on the Human Rights of Individuals Who are Not Nationals of the Country in Which They Live all fail and must be dismissed.

[10] In fact, several of the documents have not even been *signed* by the United States, an act that precedes ratification — specifically, the Additional Protocol to the American Convention on Human Rights in the Area of Economic, Social and Cultural Rights, Universal Declaration of Human Rights, Declaration on the Elimination of Violence Against Women and Declaration on the Human Rights of Individuals Who are Not Nationals of the Country in Which They Live. For the Court's convenience, defendants have prepared a table setting forth the ratification status of the alleged "internationally recognized documents" which includes citations to the appropriate authorities. (*See* Attachment "A" to this Memorandum.)

[11] Should the Court find that plaintiffs have adequately pled an ATCA claim on some theory, it could not be on the basis of the various treaties and "internationally recognized documents" referenced in the amended complaint. Defendants therefore move to strike all such references even if the Court finds any part of the ATCA claims to be sufficiently pled. As discussed above, subject to the narrow exception of slavery/forced labor, state action is required in order to state a claim under the ATCA.

BISHOP, BARRY, HOWE, HANEY & RYDER
A PROFESSIONAL CORPORATION
2000 Powell Street, Suite 1425, Emeryville, California 94608
Tel. No. (510) 596-0888 Facsimile (510) 596-0899

international law by "requiring plaintiffs and class members to engage in forced labor, involuntary servitude, peonage, and other contemporary manifestations of slavery, including false imprisonment, and by engaging in an unlawful scheme to obtain plaintiffs' forced labor." (Complaint ¶160.) Plaintiffs fail, however, to allege the elements of a tort that would give rise to liability under the ATCA. Conclusory allegations, lacking any factual support, are not sufficient to withstand a motion to dismiss. *Palda v. General Dynamics Corp.*, 47 F.3d 872, 875 (7th Cir. 1995).

## III. THE RICO ALLEGATIONS FAIL TO STATE CLAIMS FOR RELIEF.

Plaintiffs' amended complaint alleges that certain crimes may have been committed. The amended complaint alleges that foreign nationals conspired to break American immigration laws to enter the United States. The amended complaint also alleges that certain people may have acted immorally. However, as we shall see, the amended complaint does not successfully allege a RICO Cause of Action under 18 U.S.C. §1962(a), (c) or (d).

What is this case about? At bottom, it is about allegations of personal tort injuries and employment claims. The allegations are serious and we treat them as such, but they are not, nor should they be, RICO claims.

Despite many complexities, RICO at its core has a fairly simple design: It prohibits a person from using any pattern of unlawful activities to infiltrate an interstate enterprise. *RICO, Civil & Criminal Law & Strategy* (Law Journal Press, 2002) at p. 1-11. Pleading a civil RICO Claim requires that the plaintiff allege:

1. Injury to the plaintiff's "business or property" resulting from
2. defendants use of a "pattern of racketeering activity", so as to
3. effect an "enterprise" engaged in interstate commerce, in
4. any of four prohibited respects.[12]

---

[12] The four prohibited activities are:

1. Using or investing any income derived from a pattern of racketeering activity to acquire and interest in or to establish an enterprise, § 1962(a);
2. Acquiring or maintaining an interest in or control of a "enterprise" through "a pattern of racketeering activity", § 1962(b);
3. Conducting or participating in an "enterprise's pattern of racketeering activity as an employee or an associate", § 1962(c); or
4. Conspiring to violate any of the above, §1962(d).

BISHOP, BARRY, HOWE, HANEY & RYDER
A PROFESSIONAL CORPORATION
2000 Powell Street, Suite 1425, Emeryville, California 94608
Tel. No. (510) 596-0888 Facsimile (510) 596-0899

### A. PLAINTIFFS FAIL TO PLEAD "INJURY TO BUSINESS OR PROPERTY."

The plaintiffs have not successfully pled, and ultimately cannot plead, that they have been injured in their business or property.

Section 1964 (c) confers a private right of action *only* on persons injured in their business or property through a violation of §1962. Personal injury (and generally other torts as well) are not cognizable RICO injuries, and cannot confer standing under the statute. The same rule applies to related claims for out of pocket financial losses and emotional distress. *Oscar v. University Student Coop Association* 965 F.2d 783,786 (9th Cir. 1992, en banc). The *Oscar* court noted that:

> "RICO was intended to combat organized crime, not to provide a federal cause of action and treble damages to every tort plaintiff. Requiring that a plaintiff demonstrate a financial loss to her business or property is consistent with that purpose." *Id.* at 786.

Similarly a plaintiff does not have standing under RICO to sue for any alleged injures arising out of civil rights violations.[13]

Even when actual injury to "business or property" is claimed, no private right of action exists under RICO *unless* there is a showing of "concrete financial loss and not mere injury to a valuable intangible property interest." *Oscar*, 965 F.2d at 785. Likewise, the court in *Steele v. Hospital Corp. of America*, 36 F.3d 69, 70 (9th Cir. 1994). following *Oscar* held that a RICO injury requires proof of concrete financial loss.

Also, there is no cognizable injury under RICO where the alleged damages are merely contingent. *Liu Ciro, Inc. et al. v. Ciro, Inc.,* 895 F.Supp. 1365, 1378 (D. Hawaii 1995); see also *Gap I*, 2001 WL 1842389, at *5 (speculative allegation that "deposits" against recruitment fees were not returned was insufficient to show injury to property under RICO. Moreover, a plaintiff

---

See also *Moss v. Morgan Stanley, Inc.,* 719 F.2d 5, 17(2d Cir. 1983) (RICO offense had seven parts: (1) that the defendant (2) through the commission of two or more acts (3) constituting "a pattern" (4) of "racketeering activity" (5) directly or indirectly invest in, or maintains an interest in, or participates in (6) "an enterprise" (7) the "activities of which affect interstate or foreign commerce"). In addition, a plaintiff must allege that he was injured in his business or property by reason of a violation of § 1962

[13] E.g. *Robinson v. Board of Prison Terms*, 997 F.Supp. 1303, 1308-09 (C.D. Cal. 1998) (injury arising out of alleged civil rights violation does not give rise to a RICO claim).

BISHOP, BARRY, HOWE, HANEY & RYDER
A PROFESSIONAL CORPORATION
2000 Powell Street, Suite 1425, Emeryville, California 94608
Tel. No. (510) 596-0888 Facsimile (510) 596-0899

claiming injury to a property interest must allege actual out of pocket expenditures as a direct or indirect result of the racketeering activity. *Oscar*, 965 F.2d at 786.

All the injuries claimed by plaintiffs-- *i.e.*, those alleged to arise from personal injury and emotional distress torts, adverse employment or living conditions, loss of compensation, the threat of future injury or loss of employment and violations of numerous statutory, constitutional, civil rights, human rights and treaties and conventions -- do not qualify as injuries to "business or property under §1964(c). See *Stationary Engineers Local 39 v. Phillip Morris, Inc.* #No. C-97-01519 DLJ, 1998 WL 76265 at *15-16 (N.D. Cal. April 30, 1998); *Danielsen v.Burnside-Ott. Aviation Training Ctr., Inc.*, 941 F.2d 1220 (D.C. Cir. 1991) (dismissing RICO claims because plaintiffs were trying to turn a wage dispute into a RICO action).

Plaintiffs lack standing in another significant respect. They cannot seek equitable relief under RICO as they attempt to do. RICO does not confer standing on private litigants to seek injunctive or equitable relief. *Religious Tech Ctr. v. Wollersheim*, 796 F.2d.1076, 1088, (9th Cir.1986). Accordingly, plaintiffs' prayers for relief and other references to any and all equitable relief regarding RICO claims should be stricken.

The class allegations are not helpful since the only plaintiffs whose claims may be considered in deciding whether there is standing to bring this lawsuit are those of the named plaintiffs. Plaintiffs can not achieve standing under RICO by simply describing an alleged class whose other members may or may not have standing because of alleged legally cognizable RICO injuries. *Daily's Dump Truck Service v. Kiewitt Pac. Co.* 759 F.Supp.1498, 1501-02 (W.D. WA 1991), aff'd, 976 F.2d 1303 (9th Cir. 1992).

**B. PLAINTIFFS FAIL TO PLEAD A "PATTERN OF RACKETEERING ACTIVITY."**

The plaintiffs, while proffering what is essentially a boilerplate list of predicate acts do not satisfy the "pattern" requirement under RICO. Section 1962 prohibits the use of a pattern of enumerated predicate acts to gain an interest or role in an interstate enterprise. [14] Under §1961(5) of the RICO Act, a pattern of racketeering activity requires at least two acts of racketeering

[14] 18 USC §1962 (a) and (c).

BISHOP, BARRY, HOWE, HANEY & RYDER
A PROFESSIONAL CORPORATION
2000 Powell Street, Suite 1425, Emeryville, California 94608
Tel. No. (510) 596-0888 Facsimile (510) 596-0899

activity within a ten-year period. Thus, two acts of racketeering activity are a necessity. However, two acts are not necessarily sufficient to prove that a "pattern of racketeering activity" occurred. *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 n. 14. The purpose of the "pattern" requirement is to weed out garden variety allegations such as fraud, and to prevent RICO from being misused as a tool for any disgruntled party to exact revenge against his partners or associates when their business dealings turn sour. *Hunter v. J. Craig Constr. Co.*, No. 94-2193, 1995 U.S. App. LEXIS 6515, at *2 (7th Cir., March 29, 1995).

Defining exactly what constitutes a RICO pattern has proven a difficult, if not, bewildering exercise for the courts. In its initial consideration of the definition of a RICO "pattern", the Supreme Court in *Sedima* noted that the definition implies that while two acts are necessary, they may not be sufficient, and that the legislative history supports the view that two isolated acts of racketeering activity do not constitute a pattern. *Id.*, 473 U.S. at 496 n. 14. [15] In summary, although *Sedima* did not clearly define what was needed to meet the "pattern" requirement, it indicated to the lower courts that unrelated predicate acts would not suffice.

Four years after the Court decided *Sedima*, it addressed the pattern issue again in *H. J. Inc., v. Northwestern Bell Tel. Co.,*492 U.S. 229 (1989). By the time of *H. J. Inc.*, the disposition of hundreds of cases since *Sedima* had not brought the circuits to a common view of the pattern requirement. To the contrary, as Justice Scalia observed, the post-*Sedima* cases had "produced the widest and most persistent Circuit split on an issue of federal law in recent memory." *H. J. Inc.* 492 U.S. at 251 (Scalia, J., concurring). In defining a pattern, the Supreme Court noted that "continuity" is both a closed and open ended concept. Second, the Court rejected the bright-line approaches of certain circuit courts as being too rigid and formalistic. *Id.* at 492 U.S. at 240-241.

The Court, however, did not provide definitive guidelines to resolve exactly what a RICO "pattern" involved. The Ninth Circuit has also wrestled with the nature of a RICO pattern.

In *Nealy v. Campos*, No. 92-56197, 1994 U.S. App. LEXIS 12704 at *8-*11 (9th Cir. May

---

[15] Justice Powell, dissenting on other grounds, suggested that, in the future, lower courts could look to the pattern requirement as a method of limiting Civil RICO since the prior-conviction and racketeering-injury requirements had been rejected by the Supreme Court. *Id.* 473 U.S. at 528 n. 25 (Powell, J., dissenting).

BISHOP, BARRY, HOWE, HANEY & RYDER
A PROFESSIONAL CORPORATION
2000 Powell Street, Suite 1425, Emeryville, California 94608
Tel. No. (510) 596-0888 Facsimile (510) 596-0899

27, 1994) the Court stated that no case in which activity lasted less than a year satisfied the pattern requirement. Also, the Ninth Circuit in *Allwaste, Inc. v. Hecht* 65 F.3d.1523, 1528 (9th Cir. 1995) stated that an activity lasting only a few months was not sufficiently continuous.

Citing the Supreme Court, the *Nealy* court stated that to prove a pattern of racketeering activity, the plaintiff must show that the underlying predicates are related and that they amount to a threat of continued criminal activity. *Nealy*, No. 92-56 197, 1994 U.S. App. LEXIS 12407, at *8.

The Supreme Court, moreover, concluded that to determine if there is a threat of continued criminal activity, one must look to the specific facts of each case, and continuity could be found if: (1) the related predicate acts themselves introduced a distinct threat of long-term racketeering activity; or (2) the predicate acts or offenses are part of on ongoing entity's regular course of doing business *H.J., Inc*. 492 U.S. at 242-43.

Here plaintiffs allege the primary predicate acts of immigration fraud occurred between 1992 and 1999. Moreover, any alleged conspiracy, whether RICO or not, ended in early 2000 with the arrest of L.B. Reddy and other members of his family. Of course, with the arrest of various family members the continuity of the alleged scheme or "pattern" ceased.

Looking further at the amended complaint, plaintiffs allege that in 1992 Doe IV entered the country illegally. The same illegal entry allegation is made for some of the other Does: Doe III in 1993, and Does V and VI in 1995. The amended complaint alleges only that L.B. Reddy alone was solely responsible for this criminal activity. It is further alleged that six individuals illegally immigrated to the United States four years later, i.e., between April and July of 1999. L.B. Reddy was allegedly responsible for four of these alleged entries, while his son Vijay Lakireddy was allegedly responsible for the other two.

*Sedima* and *H.J.* stand for the proposition that the district courts should strictly construe the pattern requirement to limit the abuse and overuse of RICO. In the present case, plaintiffs have demonstrated only that certain individuals may have committed isolated illegal acts occurring separately over an eight year period. Moreover, the pattern seems to indicate that the overwhelming activity occurred during a short three month period in 1999. It is also clear from

BISHOP, BARRY, HOWE, HANEY & RYDER
A PROFESSIONAL CORPORATION
2000 Powell Street, Suite 1425, Emeryville, California 94608
Tel. No. (510) 596-0888 Facsimile (510) 596-0899

the pleadings that only two of the defendants were allegedly involved, L.B. Reddy and his son Vijay Lakireddy. This hardly constitutes a pattern sufficient to implicate, Mr. Reddy and his son, let alone eleven other named defendants.

### C. PLAINTIFFS FAIL TO PLEAD AN "ENTERPRISE"

Each of the association-in-fact enterprises pleaded as an element of the RICO claims suffers one or more deficiencies that defeat the claim as a matter of law: (a) alleging associations between parties without sufficient factual allegation as to the nature or existence of any association; (b) alleging associations without pleading sufficient facts regarding the decision-making structure of the alleged enterprise; and (c) alleging associations that include entities that are not alleged to have played any role (active or passive) in any operations of the enterprise. These pleading defects with respect to the enterprise element eliminate a large number of the alleged association-in-fact enterprises.[16] The claims as to defectively alleged enterprises should be dismissed.

#### 1. The Complaint Alleges Associations-In-Fact Without Alleging Facts Showing an Association

RICO's recognition of association-in-fact enterprises does not allow a plaintiff simply to charge guilt by association: *there must be a showing that the members of the alleged enterprise are "associated together for a common purpose of engaging in a course of conduct." United States v. Turkette*, 452 U.S. 576, 583 (1981). This critical aspect of the enterprise element is not alleged in the context of many of the alleged enterprises.

*Alleged Enterprises Consisting of Individual Defendants*: First, other than the fact of the family relationships among the various individual defendants, there are few facts to support the allegations of an association-in-fact between each of the individual defendants. There are insufficient allegations that the family members were associated together for the purpose of pursuing any particular course of conduct.[17]

---

[16] For the Court's convenience, defendants have prepared a table setting forth, in summary fashion, each of the associations-in-fact alleged by the Camended complaint and the legal defects that render the enterprise allegations insufficient as a matter of law. (*See* Attachment "B" to this Memorandum.)

[17] The amended complaint does, of course, assert that the individual defendants were associated together to pursue the alleged racketeering activities. As discussed below, however, this is not

BISHOP, BARRY, HOWE, HANEY & RYDER
A PROFESSIONAL CORPORATION
2000 Powell Street, Suite 1425, Emeryville, California 94608
Tel. No. (510) 596-0888 Facsimile (510) 596-0899

*Alleged Enterprises Consisting of Individual Defendants With Unaffiliated Corporate Defendants*: Second, numerous individual defendants are alleged to be associated in fact with the corporate defendants, even though the individuals are not alleged to have any connection to the corporate entities in question. Thus, for example, Prasad Lakireddy is alleged to be associated in fact with Active Tech Solutions, and Reddy Realty, even though he is not alleged to have any involvement (much less an employment, agency, management ownership or control relationship) in the operations of these companies.[18] *Reves v. Ernst & Young*, 507 U.S. 170, 178-179 (1993); *cf. Chang v. Chen*, 80 F.3d 1293, 1301 (9th Cir. 1996). The fact that an individual is related to persons who allegedly own and/or control a corporation does not establish the requisite association between the individual and the company.

*Alleged Enterprises Consisting of Unaffiliated Corporate Defendants:* Third, there is no factual link between any of the corporate defendants, other than the generalized allegations of overlapping ownership and/or control by the various individual defendants and their family ties. Such tenuous connections are insufficient to establish that the companies have "associated together for a common purpose of engaging in a course of conduct." *United States v. Turkette*, 452 U.S. at 583.

**2. The Alleged Associations In Fact That Lack Decision making Structures Are Not Enterprises.**

An associated-in-fact enterprise must constitute "an entity separate and apart from the pattern of [racketeering] activity in which it engages." *Chang*, 80 F.3d at 1297 (quoting *Turkette*, 452 U.S. at 583). This enterprise must have an ascertainable "decision-making apparatus" or "system of authority that guided the operation of the alleged enterprise." *Id.* at 1300. While either a hierarchical or consensual decision-making apparatus will satisfy this requirement, there must be some allegation that "there was a *mechanism*" for controlling and directing the affairs of the group on an on-going, rather than an ad hoc basis. *Id.* (allegations that two defendants "direct[ed] and order[ed]" other defendant to commit fraud were insufficient to show a structured enterprise).

---

sufficient. *Turkette* requires that the enterprise have some existence separate from the pattern of alleged racketeering.

[18] Moreover, for example, Prasad's alleged involvement with Pasand, Inc., Lakireddy Investment, Jay Construction and Vani Computer is only alleged on information and belief.

BISHOP, BARRY, HOWE, HANEY & RYDER
A PROFESSIONAL CORPORATION
2000 Powell Street, Suite 1425, Emeryville, California 94608
Tel. No. (510) 596-0888 Facsimile (510) 596-0899

Here, specific allegations of facts sufficient to fulfill these structural aspects are missing as to all of the alleged individual-to-individual associations-in-fact.[19]

**3. The Enterprise Element Is Not Satisfied By Inclusion Of A Corporate Defendant Which Is Not Alleged To Have Played Any Role In The Alleged Operations Of The Enterprise.**

Under appropriate circumstances, the inclusion of a corporate entity in an associated-in-fact enterprise can apparently provide the structure and separate existence of the enterprise as required under *Turkette*.[20] *Chang*, 80 F. 3d at 1300-1301. However, the enterprise requirement would be rendered meaningless if the structure requirement could be satisfied by the mere inclusion in the enterprise of a corporate entity which "played no role whatsoever, legal or fraudulent, in the operations of the alleged enterprise." *Id.* at 1301. Thus, *Chang* held, the inclusion of a corporate entity in an alleged enterprise would not satisfy *Turkette's* structure requirement where, among other defects, the complaint did not explain the corporation's relationship to or participation in the alleged enterprise, except to note that an individual defendant was the real estate agent representing the corporation." *Id.* Of the eight corporate defendants, only two (Pasand Madras Cuisine and Active Tech Solutions) are specifically alleged

[19] Additionally, it appears to be an open question as to whether the inclusion of a corporate entity can supply the requisite structure to the alleged enterprise if the company has been dissolved, since it no longer has any employees or managers to form a decision-making mechanism that controls and guides the alleged enterprise's operations. Thus, the alleged enterprises consisting of each of the individual defendants with Pasand, Inc., which is alleged to have been an inactive corporation whose corporate status was suspended, also lack the requisite structure.

[20] The view that corporate entities can be included in an association-in-fact enterprise was not discussed or examined in *Chang*. Under the language of the statute, an associated-in-fact enterprise may consist only of "*individuals* associated in fact." 18 U.S.C. § 1961(4) (emphasis added). The term "individual" refers to natural persons, since the term "person" is defined to include "any individual or entity capable of holding a legal or beneficial interest in property." *Id.* § 1961(3). The distinction between individuals and entities embedded in this definition compels the conclusion that "individuals" refers to natural persons only. Congress had available to it the term "persons" (or the phrase "individuals or entities"). If it had intended to allow associations-in-fact to be based upon a combination of a human and an entity, it would presumably have used the words "persons" or "individuals or entities," not the word "individuals." Although a number of courts have accepted, without discussion, associations-in-fact that included corporate entities, several courts have rejected such a construction. *In re Tucker Freight Lines, Inc.*, 789 F. Supp. 884, 893 (W.D. Mich. 1991); *Benard v. Hoff*, 727 F.Supp. 211, 215 (D. Md. 1989); *United States v. McClendon*, 712 F.Supp. 723 (E.D. Ark. 1988). In this case, the language of the statute would, if adhered to, eliminate each of the alleged associations-in-fact involving any of the corporate defendants.

BISHOP, BARRY, HOWE, HANEY & RYDER
A PROFESSIONAL CORPORATION
2000 Powell Street, Suite 1425, Emeryville, California 94608
Tel. No. (510) 596-0888 Facsimile (510) 596-0899

to have played any role, legal or otherwise, in the alleged enterprises.[21]

### D. PLAINTIFFS FAIL TO PLEAD THAT DEFENDANTS ACTED "THROUGH PROHIBITED ACTIVITIES."

#### 1. Plaintiffs' Count II Fails Since They Have Not Alleged "Investment Injury" And Have No Standing.

To state a claim under Section 1962(a), a plaintiff must plead an "investment injury", i.e., "that he or she was injured by the *use or investment* of racketeering income," and was not merely injured by the predicate acts. *Nugget Hydroelectric L.P. v. Pacific Gas & Elec.*, 981 F.2d 429, 437 (9th Cir. 1992). An "investment injury" cannot be pled in a manner that is "general, conclusory, and vague." *Id.* at 437-38; *In re Teledyne Defense Contracting*, 849 F.Supp. 1369, 1373 (C.D. Cal. 1993). Section 1962(a) is directed at the activity with which Congress was most concerned in enacting RICO, *i.e.*, the use of illegally obtained profits to buy into legitimate businesses. It is used sparingly because of the difficulty in demonstrating that the investment injury was distinct from the injury caused by the predicate acts. RICO: CIVIL AND CRIMINAL LAW AND STRATEGY, at § 1.06[1], p. 1-80.

Therefore, plaintiffs' pleadings undermine their attempt to allege an investment injury. The allegation that racketeering proceeds were invested in the continuing operations of the same association-in-fact enterprises that generated the proceeds in the first place (Amended Complaint ¶ 140-142) is fatal. Such reinvestment of racketeering proceeds does not constitute or cause investment injury. *See, e.g., BCCI v. Price Waterhouse & Co.*, No. CV 91-4483 CBM(Ex), 1992 WL 696398, at *5 (C.D. Cal. Apr. 30, 1992) (the "reinvestment injury theory is simply another way of stating that the predicate acts, not the investment, caused plaintiffs' injury," and no claim is stated under § 1962(a)).[22]

---

[21] Although paragraph 119 of the amended complaint alleges that unspecified defendants "agreed to employ" various unnamed Indian nationals at "defendants' family businesses," including the corporate defendants, there is no allegation that this plan was carried out. Similarly, despite the general allegation in paragraph 130, that various unnamed individuals' employment was transferred among "other businesses," only Active Tech and Pasand Madras are specifically alleged to have been involved in using the services of any Indian nationals allegedly brought here or in providing documentation for their entry into the United States.

[22] *Brittingham v. Mobil Corp.*, 943 F.2d 297, 305 (3d Cir. 1991) ("If this remote [reinvestment] connection were to suffice, the use-or-investment injury requirement would be almost completely eviscerated. . . . Over the long term, corporations generally reinvest their profits, regardless of the source."); *U.S. Concord, Inc. v. Harris Graphics Corp.*, 757 F. Supp. 1053, 1060 (N.D. Cal. 1991).

BISHOP, BARRY, HOWE, HANEY & RYDER
A PROFESSIONAL CORPORATION
2000 Powell Street, Suite 1425, Emeryville, California 94608
Tel. No. (510) 596-0888 Facsimile (510) 596-0899

**2. 18 U.S.C. § 1962(d) Conspiracy.**

This RICO provision makes it unlawful to conspire to violate 18 U.S.C. §1962(a), (b) or (c). To state a claim under §1962(d), a plaintiff must plead that the defendant agreed to join the conspiracy, agreed to commit predicate acts, and knew that those acts were part of a pattern of racketeering activity. *Reddy v. Litton Indust., Inc.*, 912 F.2d.291 (9th Cir. 1990). Further, under the doctrine of intra-corporate conspiracy, a defendant cannot conspire with his or her own employees or attorney. [23] A plaintiff must allege injury from overt acts that are prohibited by §1961(1). Because a conspiracy cannot by itself cause any injury, Congress presupposed injury-causing overt acts as the basis of civil standing to recover for RICO conspiracy violations. Although an overt act by itself (whether or not injury ensues) is not a requisite element of a 1962(d) criminal conspiracy violation, *injury from an overt act is necessary to establish civil standing* for a RICO conspiracy violation.[24] Consequently, the agreement to commit predicate acts, by itself, is not enough. As discussed above, plaintiffs have not sufficiently pled RICO claims based on violations of §1962(a) (b) or (c). Therefore, it is implicit that they cannot allege a conspiracy by defendants to violate those sections under §1962(d). *Simon v. Value Behavior Health, Inc.*, 208 F.3d1073, 1084 (9th Cir. 2000).

"Bare and conclusory allegations are insufficient to withstand a motion to dismiss and a plaintiff must plead facts sufficient to show that each defendant knowingly agreed to participate in a conspiracy." *Schmidt v. Fleet Bank*, 16 F. Supp. 2d 340, 354 (S.D.N.Y. 1998); *accord Goren v. New Vision Int'l*, 156 F.3d 721, 733 (7th Cir. 1998). Plaintiffs' amended complaint alleges in a vague and conclusory manner a widespread conspiracy between numerous defendants and untold numbers of co-conspirators who are not even named as defendants. Such vague allegations are insufficient and fatal to plaintiff's RICO allegations.

In addition to their vagueness, plaintiffs' conspiracy allegations are otherwise deficient because they do not allege, as they must, that each defendant "agreed to participate in the affairs of an enterprise through a pattern of racketeering activities; and (2) that someone would commit

---

[23] *Sadighi v. Daghighfekr*, 36 F.Supp.2d 279, 296-298 (S.C. 1999).
[24] *Beck v. Prupis*, 529 U.S. 494 (2000).

BISHOP, BARRY, HOWE, HANEY & RYDER
A PROFESSIONAL CORPORATION
2000 Powell Street, Suite 1425, Emeryville, California 94608
Tel. No. (510) 596-0888 Facsimile (510) 596-0899

at least two predicate acts". *Goren,* 156 F.3d at 733; *accord Baumer v. Pachl*, 8 F.3d. 1341, 1346-47 (9th Cir. 1993).

## IV. THE FRAUD CLAIM LACKS THE REQUIRED SPECIFICITY

Claims alleging fraud are subject to a heightened requirement of particularity. Rule 9(b) of the Federal Rules of Civil Procedure requires the pleader to set forth the circumstances of the fraud – "this requires pleading facts that by definition are evidentiary: time, place, persons, statements made." *In re Glenfed, Inc., Securities Litigation*, 42 F.3d 1541, 1548-49 (9th Cir. 1994). The amended complaint fails to allege with any specificity the nature and circumstances of the alleged fraud.[25]

## V. IN PARI DELECTO

Plaintiffs' amended complaint beginning at paragraph 133 discloses that the named plaintiffs illegally entered and illegally remained in the United States.

These named plaintiffs now seek to collect racketeering damages under RICO against the defendants for activities in which they aided and abetted and were at least co-conspirators.

The language and the legislative history of the RICO Act, codified at 18 USC §1961 *et seq.* illustrate that Congress intended that RICO both eradicate "organized crime from the social fabric by divesting the association and the fruits of the ill-gotten gains." *United States v. Turkette*, 452 U.S. 576, 585, (1981). However, as the Supreme Court stated in *Price Water House v. Hopkins*, 490 U.S. 228, 241 (1989) "we need not leave our common sense at the doorstep when we interpret a statute."

The sponsor of the provision found in RICO that eventually created a private civil remedy, Representative Samuel Steiger, stated: "I want to make it very clear that the record we are making here is a record of significance. It is the intent of this body, I am certain, to see that *innocent parties* who are the victims of organized crime have a right to obtain proper redress." (Emphasis added.) 116 CONG. REC. H35346-47 (Oct. 7, 1970)(statement of Rep. Steiger).

[25] In their amended complaint, plaintiffs attempt, in vain, to add some detail to the allegations allegedly fraudulent of conduct in the original complaint. However, the amendments fail to allege with the requisite specificity the nature and circumstances of the alleged fraud. Moreover, plaintiffs' amendments reference actions only by some of the defendants, indicating that, at the very least, not all of the named defendants committed any fraud.

BISHOP, BARRY, HOWE, HANEY & RYDER
A PROFESSIONAL CORPORATION
2000 Powell Street, Suite 1425, Emeryville, California 94608
Tel. No. (510) 596-0888 Facsimile (510) 596-0899

In pari delecto means "in equal fault," and it is a common law doctrine which bars a plaintiff's recovery due to his own wrongful conduct. This defense is grounded on two premises: "first, that courts should not lend their good offices to mediating disputes among wrong-doers; and second, that denying judicial relief to an admitted wrong-doer is an effective means of deterring illegality." *Bateman Eichler, Hill Richards, Inc. v. Berner*, 472 U.S. 299, 306, (1985)(holding that in pari delecto not available defense for securities violations unless Plaintiff bears equal responsibility for the violation).

The named defendants, can be punished for a crime committed against the plaintiffs and the plaintiffs can recover tort damages and other statutory damages for wage violations if they are proven. However, the RICO scheme is unique in that it is designed to deter wrongdoing through the application of treble damages and the imposition of costs. To take advantage of these unique remedies, that is to have standing, the plaintiffs must approach the court with clean hands and must not be complicit in the very acts they claim have harmed them. The case before this Court is also not an antitrust action, nor is it a bribery case. In such cases some courts have held that public policy favors the imposition of statutory sanctions. See *Roma Construction Co., v. Ralph aRusso*, 96 F.3d 566, 1966.

In California, the doctrine of unclean hands may apply to legal as well as equitable claims and to both tort and contract remedies. *Jacobs v. Universal Development Corp.*, 53 Cal.App.4th 692, 702-703, 1997. In determining whether to apply the unclean hands doctrine in a given case, California courts look to: (*i*) the nature of the misconduct at issue; and (*ii*) the misconduct's equitable impact on the relationship between the parties and the injuries claimed. See *Unilogic, Inc. v. Burroughs Corp.*, 10 Cal.App.4d 612, 621, 1992. What is material is not that the plaintiff's hands are dirty, but that he dirtied them in acquiring the right he now asserts, or that the manner of dirtying renders inequitable the assertion of rights against the defendants. *Ellenburgh v. Brockway, Inc.* 763 F.2d 1091, 1097 (9th Cir. 1985). Of course, "it is not every wrongful act nor even every fraud which prevents a suitor in equity from obtaining relief. The misconduct which brings the clean-hands doctrine into operation must relate directly to the transaction upon which the complaint is made, i.e., it must pertain to the very subject matter involved and affect the

BISHOP, BARRY, HOWE, HANEY & RYDER
A PROFESSIONAL CORPORATION
2000 Powell Street, Suite 1425, Emeryville, California 94608
Tel. No. (510) 596-0888 Facsimile (510) 596-0899

equitable relations between the litigants. Accordingly, relief is not denied because the plaintiff may have acted improperly in the past or because such prior conduct may indirectly affect the problem before the court." *Camp v. Jeffer, Mangels, Butter & Marmaro*, 35 Cal.App.4th at 620. Accordingly, with regard to the heart of plaintiffs' RICO claim (which is immigration fraud), the plaintiffs lack standing in that they participated in the false statements and the fraudulent conduct that allowed their illegal entry into the United States.

**VI. NO PRIVATE ACTION EXISTS UNDER EDUCATION CODE §48200**

There is no private cause of action under California Education Code §48200 as alleged by plaintiffs. *El Rancho Unified School District v. National Education Association* 33 Cal.3d. 946, 663 p.2d 893 (1983), 192 Cal.Rprt. 123, *Hoff v. Vacaville Unified School District* 19 Cal.4th 925, 968 p.2d 522 (1998), 80 Cal.Rprt.2d 811. The complaint alleges that Lakireddy Bali Reddy was a "…*de facto* legal guardian" of the Does. (Complaint Paragraph 251). The injury as alleged by plaintiff does not give rise to any cause of action. *Tirpak v. Los Angeles School District* 187 Cal.App.3d 639, 232 Cal.Rprt. 61 (1986).

**VII. COUNT VI FAILS AS PRESENTLY PLED; AT THE VERY LEAST, DEFENDANTS ARE ENTITLED TO A MORE DEFINITE STATEMENT SUFFICIENT TO DISCLOSE THE BASIS FOR SUBJECT MATTER JURISDICTION**

Count VI attempts to state a claim under the federal Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. Plaintiffs allege that "the defendants are or were their employers within the meaning of the FLSA, 29 U.S.C. §203(d) (Complaint, ¶168, at p.66, lines 10-12), and that plaintiffs and other similarly-situated employees employed by defendants are or were non-exempt employees as defined by FLSA, 29 U.S.C. §203(e)." (Complaint, ¶171.) Not every employer (as detailed below) is subject to the FLSA.

As presently framed, and as previously specifically noted in defendants' prior motion to dismiss and for a more definite statement concerning the original complaint, the amended complaint is similarly too vague and indefinite – too full of elliptical rhetoric – to allow a meaningful inquiry into whether the FLSA could apply to some of the plaintiffs, to all of them, or to none. Defendants are entitled to a more definite statement so that they can determine which

BISHOP, BARRY, HOWE, HANEY & RYDER
A PROFESSIONAL CORPORATION
2000 Powell Street, Suite 1425, Emeryville, California 94608
Tel. No. (510) 596-0888 Facsimile (510) 596-0899

employees, if any, may be entitled to invoke the court's jurisdiction under the FLSA. The amended complaint alleges generally that defendants were engaged in various business activities, but the nature of each business activity, the extent thereof with relation to each of the other activities, the relation of each activity to the other and, in the exact period of time during which defendant was engaged in each activity should be alleged in order to determine the applicability of the FLSA, 29 U.S.C. §201 *et seq.* A more definite statement is necessary in order for the defendants to properly prepare a responsive pleading.[26]

The centerpiece of an inquiry under the FLSA is whether the plaintiffs were engaged in interstate commerce and whether their activities were so closely related to the movement of commerce as to be part of it. In employing the phrase "engaged in commerce or in the production of goods for commerce," rather than "engaged in commerce in any industry affecting commerce," Congress chose to exercise only part of its constitutional power over commerce, "leaving to the states activities which, if isolated, are only local." *A.B. Kirschbaum Co. v. Walling,* 316 U.S. 517, 62 S.Ct. 1116 (1942). In resolving such questions under the FLSA, it is the activities of the employee, rather than those of the employer, which are decisive. *Id.* The test is "whether the work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity." *Mitchell v. Lublin, McGaughy & Associates*, 358 U.S. 207, 212 (1959); *Mitchell v. C.W. Vollmer & Co.*, 349 U.S. 427, 75 S.Ct. 860 (1955); *accord*, *Schwartz v. Witwer Grocer Co.,* 141 F.2d 341, 344 (8 Cir. 1944), *cert. denied*, 322 U.S. 753 ("The benefits of the act are for employees engaged in interstate commerce. These employees, therefore, must prove that they were engaged in interstate commerce or that a substantial part of [their] activities was in interstate commerce."); *Mitchell v. Welcome Wagon,* 139 F.Supp. 674, 678 (D. Tenn. 1954), *aff'd*, 232 F.2d 892 (6th Cir. 1956)

---

[26] Under Rule 12(b)(1), a defendant may seek to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed.R.Civ.P. 12(b). Under Rule 12(b)(1), the party invoking federal jurisdiction has the burden of showing that jurisdiction is proper. *Thornhill Publishing Co. v. General Tel. & Electronics Corp.,* 594 F.2d 730 (9th Cir. 1979); *see also, Stock West, Inc. v. Confederated Tribes,* 873 F.2d 1221, 1225 (9th Cir.1989). Unlike motions governed by Rule 12(b)(6), no presumptive truthfulness attaches to plaintiffs' allegations when a court considers the question of subject matter jurisdiction. *Mortensen v. First Federal Sav. & Loan Ass'n.,* 549 F.2d 884 (3d Cir. 1977).

BISHOP, BARRY, HOWE, HANEY & RYDER
A PROFESSIONAL CORPORATION
2000 Powell Street, Suite 1425, Emeryville, California 94608
Tel. No. (510) 596-0888 Facsimile (510) 596-0899

("The burden is not sustained by pointing to some small incidental interstate activity of a fundamentally intrastate business. Plaintiff must establish that defendants' employees spent a substantial portion of their time engaging in interstate commerce or regularly engage in the production of goods for interstate commerce.")

Because the "commerce" referred to in the act must be interstate commerce, not all of the activities subject to the constitutional power of Congress over interstate commerce comes within the scope of the act. *McLeod v. Threlkeld*, 319 U.S. 491, 493, 63 S.Ct. 1248; *A.B. Kirschbaum Co.,* 316 U.S. at 523. The "commerce" which underlies both the "engagement in commerce" and the "production of goods for commerce" has no application to the internal affairs of the employer. *Billeaudeau v. Temple Associates, Inc.*, 213 F.2d 707 (5th Cir. 1954). The test under the act is to determine whether the employee himself is "engaged in commerce" – not whether the employee's activities affect or indirectly relate to interstate commerce, but whether the employee's activities are in or so closely related to the movement of commerce as to be a part of it. *McLeod*, 319 U.S. at 497.

The amended complaint's vague and conclusory allegation that plaintiffs were engaged in interstate commerce is particularly ineffectual here, where at least one of the employer defendants is identified as Pasand Madras Cuisine, a California corporation that operates Indian restaurants in Berkeley and Santa Clara, California, and that formerly operated Indian restaurants in San Francisco, California and San Rafael, California. (Complaint, ¶ 23.) Workers in a local restaurant are not typically engaged in the production of goods for commerce within the meaning of the FLSA. Because a substantial portion of the relevant businesses are identified as a restaurant, defendants are entitled to (at least) a more definite statement to determine the applicability of the FLSA. *See Idaho Sheet Metal Works v. Wirtz;* 383 U.S. 190, 86 S.Ct. 737 (1966).[27]

[27] Assuming that plaintiffs, or some of them, are permitted to proceed with a claim under the FLSA, we will need shortly to address the question of the date by which unnamed claimants must signal their interest in participating in this action. All unnamed employees should be dismissed unless they intervene or designate someone in writing as their legal representative for the purposes of this action at a time to be determined by the Court. *See Lohther v. First National Bank of Chicago*, 45 F.Supp. 986 (D. Ill. 1941); *Gordon v. Paducah Ice Mfg. Co.*, 41 F.Supp. 980, 985 (D.Ky. 1941); *Brooks v. Southern Dairies*, 38 F.Supp. 588 (S.D. Fla. 1941); *Archer v. Cornillaud*, 41 F.Supp. 435, 436 (W.D. Ky. 1941).

BISHOP, BARRY, HOWE, HANEY & RYDER
A PROFESSIONAL CORPORATION
2000 Powell Street, Suite 1425, Emeryville, California 94608
Tel. No. (510) 596-0888 Facsimile (510) 596-0899

BISHOP, BARRY, HOWE, HANEY & RYDER
A PROFESSIONAL CORPORATION
2000 Powell Street, Suite 1425, Emeryville, California 94608
Tel. No. (510) 596-0888 Facsimile (510) 596-0899

## VIII. THE EMOTIONAL DISTRESS CLAIMS OF THE SUCCESSORS OF THE PLAINTIFF'S DECEDENT MUST BE DISMISSED

The damages recoverable in a survivorship action do *not* include non-economic damages such as pain and suffering. Cal. Code Civ. Proc. §377.34 ("In an action or proceeding by a decedent's personal representative or successor in interest on the decedent's cause of action, the damages recoverable are limited to the loss or damage that the decedent sustained or incurred before death, including any penalties or punitive or exemplary damages that the decedent would have been entitled to recover had the decedent lived, and do not include damages for pain, suffering, or disfigurement."). *Williamson v. Plant Insulation Co.*, 23 Cal.App.4th 1406, 1413-14 (1994); *Bartling v. Glendale Adventist Medical Center,* 184 Cal.App.3d 961 (1986).[28] Count XVIII of the Complaint asserts a claim for intentional infliction of emotional distress. This claim is not available to the Prattipati plaintiffs.

## CONCLUSION

Certain of the claims advanced in the amended complaint should be dismissed with prejudice, as they do not find any support in the law. Others should be dismissed with leave to amend, assuming that plaintiffs provide factual allegations that would support their claims. A more definite statement is required with respect to the Fair Labor Standards Act Claim, since it appears doubtful that such a claim can be pursued under the circumstances of this case.

Dated: 05-01-2003

BISHOP, BARRY, HOWE, HANEY & RYDER

By: ______________________
MICHAEL W BOLECHOWSKI
MARK C. RASKOFF
DAVID L. HART
Attorneys to all Defendants

[28] The rule prohibiting the recovery of emotional distress damages in a survivorship action is not limited to claims arising under state law. It applies to claims based on federal rights as well. *County of Los Angeles v. Superior Court*, 21 Cal.4th 292, 300 (1999).

# ATTACHMENT A

**Status of Alleged Internationally Recognized Documents Cited in Complaint**
**(Count VI, "For Violation of the Law of Nations and Treaties of the United States")**

| DOCUMENT | RATIFICATION STATUS |
|---|---|
| **U.N. Declarations Not Subject to Ratification** | |
| Universal Declaration of Human Rights | N/A |
| Declaration on the Elimination of Violence Against Women | N/A |
| Declaration on the Human Rights of Individuals Who Are Not Nationals of the Country in Which They Live | N/A |
| **International Conventions** | |
| ILO Convention Concerning Forced or Compulsory Labor<br><br>http://ilolex.ilo.ch:1567/cgi-lex/ratifce.pl?C029 (last visited 12/26/02) | Not Ratified |
| ILO Convention Concerning Minimum Age for Admission to Employment<br><br>http://ilolex.ilo.ch:1567/cgi-lex/ratifce.pl?C138 (last visited 12/26/02) | Not Ratified |
| Convention on the Rights of the Child<br><br>http://www.unhchr.ch/pdf/report.pdf (last modified 12/09/02) | Signed 2/16/95<br>Not Ratified |
| International Covenant on Economic, Social and Cultural Rights<br><br>http://www.unhchr.ch/pdf/report.pdf (last modified 12/09/02) | Signed 10/5/77<br>Not Ratified |
| American Convention on Human Rights<br><br>http://www.oas.org/juridico/english/Sigs/b-32.html (last visited 12/27/02) | Signed 6/1/77<br>Not Ratified |
| Additional Protocol to the American Convention on Human Rights in the Area of Economic, Social and Cultural Rights<br><br>http://www.cidh.oas.org/Basicos/basic6.htm (last visited 12/27/02) | Not Signed<br>Not Ratified |
| International Covenant on Civil and Political Rights<br><br>http://www.unhchr.ch/pdf/report.pdf (last modified 12/09/02) | Ratified 6/8/92 |

# ATTACHMENT B

**Deficiencies In Enterprise Allegations**
**(Counts I and II, for Violations of RICO, 18 U.S.C. § 1962(a), (c) and (d))**

As discussed in Part III.A.3, the enterprise allegations as to many of the associations-in-fact listed in paragraph 128 of the Amended Complaint suffer from numerous deficiencies. In the columns below, "a. No Association" corresponds to the argument set forth in subsection "a" of Part III.A.3 of the brief; "b. No Structure" corresponds to subsection"b"; and "c. Co. Has No Role" corresponds to subsection "c."

Each of the three categories of enterprise pleading defects is sufficient in and of itself to defeat the enterprise element. Accordingly, an alleged enterprise with even only one "X" among the three "Deficiencies" boxes corresponding to it is not sufficiently pleaded.

| | | DEFICIENCIES | | |
|---|---|---|---|---|
| ¶ 128 | Members | a. No Association | b. No Structure | c. Co. Has No Role |
| (a)(1) | Reddy & Vijay | X | X | |
| (a)(2) | Reddy & Prasad | X | X | |
| (a)(3) | Reddy & Jayaprakash | X | X | |
| (a)(4) | Reddy & Venkateswara | X | X | |
| (a)(5) | Reddy & Pasand Madras | | | |
| (a)(6) | Reddy & Pasand Inc. | | X | X |
| (a)(7) | Reddy & Lakireddy Investment | | | X |
| (a)(8) | Reddy & L.B. Reddy Estate | | | X |
| (a)(9) | Reddy & Jay Construction | | | X |
| (a)(10) | Reddy & Active Tech Solutions | X | | |
| (a)(11) | Reddy & Vani Computer | | | X |
| (a)(12) | Reddy & Reddy Realty | | | X |
| (b)(1) | Vijay & Reddy | X | X | |
| (b)(2) | Vijay & Prasad | X | X | |
| (b)(3) | Vijay & Jayaprakash | X | X | |
| (b)(4) | Vijay & Venkateswara | X | X | |
| (b)(5) | Vijay & Pasand Madras | *[1] | | |
| (b)(6) | Vijay & Pasand Inc. | * | X | X |
| (b)(7) | Vijay & Lakireddy Investment | * | | X |
| (b)(8) | Vijay & L.B. Reddy Estate | * | | X |
| (b)(9) | Vijay & Jay Construction | X | | X |
| (b)(10) | Vijay & Active Tech Solutions | | | |
| (b)(11) | Vijay & Vani Computer | X | | X |
| (b)(12) | Vijay & Reddy Realty | X | | X |
| (c)(1) | Prasad & Reddy | X | X | |
| (c)(2) | Prasad & Vijay | X | X | |
| (c)(3) | Prasad & Jayaprakash | X | X | |

[1] Where an association between defendants is alleged only on information and belief, that fact is indicated by an asterisk (*) in the "No Association" column.

| | | DEFICIENCIES | | |
|---|---|---|---|---|
| ¶ 128 | **Members** | a. No Association | b. No Structure | c. Co. Has No Role |
| (c)(4) | Prasad & Venkateswara | X | X | |
| (c)(5) | Prasad & Pasand Madras | | | |
| (c)(6) | Prasad & Pasand Inc. | * | X | X |
| (c)(7) | Prasad & Lakireddy Investment | * | | X |
| (c)(8) | Prasad & L.B. Reddy Estate | | | X |
| (c)(9) | Prasad & Jay Construction | * | | X |
| (c)(10) | Prasad & Active Tech Solutions | X | | |
| (c)(11) | Prasad & Vani Computer | * | | X |
| (c)(12) | Prasad & Reddy Realty | X | | X |
| (d)(1) | Jayaprakash & Reddy | X | X | |
| (d)(2) | Jayaprakash & Vijay | X | X | |
| (d)(3) | Jayaprakash & Prasad | X | X | |
| (d)(4) | Jayaprakash & Venkateswara | X | X | |
| (d)(5) | Jayaprakash & Pasand Madras | * | | |
| (d)(6) | Jayaprakash & Pasand Inc. | * | X | X |
| (d)(7) | Jayaprakash & Lakireddy Inv. | * | | X |
| (d)(8) | Jayaprakash & L.B. Reddy Estate | * | | X |
| (d)(9) | Jayaprakash & Jay Construction | | | X |
| (d)(10) | Jayaprakash & Active Tech Sol'ns | X | | |
| (d)(11) | Jayaprakash & Vani Computer | X | | X |
| (d)(12) | Jayaprakash & Reddy Realty | X | | X |
| (e)(1) | Venkateswara & Reddy | X | X | |
| (e)(2) | Venkateswara & Vijay | X | X | |
| (e)(3) | Venkateswara & Prasad | X | X | |
| (e)(4) | Venkateswara & Jayaprakash | X | X | |
| (e)(5) | Venkateswara & Pasand Madras | | | |
| (e)(6) | Venkateswara & Pasand Inc. | | X | X |
| (e)(7) | Venkateswara & Lakireddy Inv. | X | | X |
| (e)(8) | Venkateswara & L.B. Reddy Estate | X | | X |
| (e)(9) | Venkateswara & Jay Construction | X | | X |
| (e)(10) | Venkateswara & Active Tech Sol'ns | X | | |
| (e)(11) | Venkateswara & Vani Computer | X | | X |
| (e)(12) | Venkateswara & Reddy Realty | X | | X |
| (f)(1) | Pasand Madras & Reddy | | | |
| (f)(2) | Pasand Madras & Vijay | * | | |
| (f)(3) | Pasand Madras & Prasad | | | |
| (f)(4) | Pasand Madras & Jayaprakash | * | | |
| (f)(5) | Pasand Madras & Venkateswara | | | |
| (f)(6) | Pasand Madras & Pasand Inc. | X | | |
| (f)(7) | Pasand Madras & Lakireddy Inv. | X | | |
| (f)(8) | Pasand Madras & L.B. Reddy Est. | X | | |
| (f)(9) | Pasand Madras & Jay Construction | X | | |

| ¶ 128 | Members | DEFICIENCIES a. No Association | b. No Structure | c. Co. Has No Role |
|---|---|---|---|---|
| (f)(10) | Pasand Madras & Active Tech | X | | |
| (f)(11) | Pasand Madras & Vani Computer | X | | |
| (f)(12) | Pasand Madras & Reddy Realty | X | | |
| (g)(1) | Pasand, Inc. & Reddy | | X | X |
| (g)(2) | Pasand, Inc. & Vijay | * | X | X |
| (g)(3) | Pasand, Inc. & Prasad | * | X | X |
| (g)(4) | Pasand, Inc. & Jayaprakash | * | X | X |
| (g)(5) | Pasand, Inc. & Venkateswara | | X | X |
| (g)(6) | Pasand, Inc. & Pasand Madras | X | | |
| (g)(7) | Pasand, Inc. & Lakireddy Inv. | X | | X |
| (g)(8) | Pasand, Inc. & L.B. Reddy Est. | X | | X |
| (g)(9) | Pasand, Inc. & Jay Construction | X | | X |
| (g)(10) | Pasand, Inc. & Active Tech Sol'ns | X | | |
| (g)(11) | Pasand, Inc. & Vani Computer | X | | X |
| (g)(12) | Pasand, Inc. & Reddy Realty | X | | X |
| (h)(1) | Lakireddy Inv. & Reddy | | | X |
| (h)(2) | Lakireddy Inv. & Vijay | * | | X |
| (h)(3) | Lakireddy Inv. & Prasad | * | | X |
| (h)(4) | Lakireddy Inv. & Jayaprakash | * | | X |
| (h)(5) | Lakireddy Inv. & Venkateswara | X | | X |
| (h)(6) | Lakireddy Inv. & Pasand Madras | X | | |
| (h)(7) | Lakireddy Inv. & Pasand Inc. | X | | X |
| (h)(8) | Lakireddy Inv. & L.B. Reddy Est. | X | | X |
| (h)(9) | Lakireddy Inv. & Jay Construction | X | | X |
| (h)(10) | Lakireddy Inv. & Active Tech | X | | |
| (h)(11) | Lakireddy Inv. & Vani Computer | X | | X |
| (h)(12) | Lakireddy Inv. & Reddy Realty | X | | X |
| (i)(1) | L.B. Reddy Est. & Reddy | | | X |
| (i)(2) | L.B. Reddy Est. & Vijay | * | | X |
| (i)(3) | L.B. Reddy Est. & Prasad | * | | X |
| (i)(4) | L.B. Reddy Est. & Jayaprakash | * | | X |
| (i)(5) | L.B. Reddy Est. & Venkateswara | X | | X |
| (i)(6) | L.B. Reddy Est. & Pasand Madras | X | | |
| (i)(7) | L.B. Reddy Est. & Pasand Inc. | X | | X |
| (i)(8) | L.B. Reddy Est. & Lakireddy Inv. | X | | X |
| (i)(9) | L.B. Reddy Est. & Jay Construction | X | | X |
| (i)(10) | L.B. Reddy Est. & Active Tech | X | | |
| (i)(11) | L.B. Reddy Est. & Vani Computer | X | | X |
| (i)(12) | L.B. Reddy Est. & Reddy Realty | X | | X |
| (j)(1) | Jay Construction & Reddy | | | X |
| (j)(2) | Jay Construction & Vijay | X | | X |
| (j)(3) | Jay Construction & Prasad | * | | X |

| | | DEFICIENCIES | | |
|---|---|---|---|---|
| ¶ 128 | **Members** | a. No Association | b. No Structure | c. Co. Has No Role |
| (j)(4) | Jay Construction & Jayaprakash | | | X |
| (j)(5) | Jay Construction & Venkateswara | X | | X |
| (j)(6) | Jay Construction & Pasand Madras | X | | |
| (j)(7) | Jay Construction & Pasand Inc. | X | | X |
| (j)(8) | Jay Construction & Lakireddy Inv. | X | | X |
| (j)(9) | Jay Construction & L.B. Reddy Est. | X | | X |
| (j)(10) | Jay Construction & Active Tech | X | | |
| (j)(11) | Jay Construction & Vani Computer | X | | X |
| (j)(12) | Jay Construction & Reddy Realty | X | X | X |
| (k)(1) | Active Tech & Reddy | X | | |
| (k)(2) | Active Tech & Vijay | | | |
| (k)(3) | Active Tech & Prasad | X | | |
| (k)(4) | Active Tech & Jayaprakash | X | | |
| (k)(5) | Active Tech & Venkateswara | X | | |
| (k)(6) | Active Tech & Pasand Madras | X | | |
| (k)(7) | Active Tech & Pasand Inc. | X | | |
| (k)(8) | Active Tech & Lakireddy Inv. | X | | |
| (k)(9) | Active Tech & L.B. Reddy Est. | X | | |
| (k)(10) | Active Tech & Jay Construction | X | | |
| (k)(11) | Active Tech & Vani Computer | X | | |
| (k)(12) | Active Tech & Reddy Realty | X | | |
| (*l*)(1) | Vani Computer & Reddy | | | X |
| (*l*)(2) | Vani Computer & Vijay | X | | X |
| (*l*)(3) | Vani Computer & Prasad | * | | X |
| (*l*)(4) | Vani Computer & Jayaprakash | X | | X |
| (*l*)(5) | Vani Computer & Venkateswara | X | | X |
| (*l*)(6) | Vani Computer & Pasand Madras | X | | |
| (*l*)(7) | Vani Computer & Pasand Inc. | X | | X |
| (*l*)(8) | Vani Computer & Lakireddy Inv. | X | | X |
| (*l*)(9) | Vani Computer & L.B. Reddy Est. | X | | X |
| (*l*)(10) | Vani Computer & Jay Construction | X | | X |
| (*l*)(11) | Vani Computer & Active Tech | X | | |
| (*l*)(12) | Vani Computer & Reddy Realty | X | | X |
| (m)(1) | Reddy Realty & Reddy | | | X |
| (m)(2) | Reddy Realty & Vijay | X | | X |
| (m)(3) | Reddy Realty & Prasad | X | | X |
| (m)(4) | Reddy Realty & Jayaprakash | X | | X |
| (m)(5) | Reddy Realty & Venkateswara | X | | X |
| (m)(6) | Reddy Realty & Pasand Madras | X | | |
| (m)(7) | Reddy Realty & Pasand Inc. | X | | X |
| (m)(8) | Reddy Realty & Lakireddy Inv. | X | | X |
| (m)(9) | Reddy Realty & L.B. Reddy Est. | X | | X |

| | | DEFICIENCIES | | |
|---|---|---|---|---|
| **¶ 128** | **Members** | **a. No Association** | **b. No Structure** | **c. Co. Has No Role** |
| (m)(10) | Reddy Realty & Jay Construction | X | | X |
| (m)(11) | Reddy Realty & Active Tech Sol'ns | X | | |
| (m)(12) | Reddy Realty & Vani Computer | X | | X |

BISHOP, BARRY, HOWE, HANEY & RYDER
A PROFESSIONAL CORPORATION
2000 Powell Street, Suite 1425, Emeryville, California 94608
Tel. No. (510) 596-0888 Facsimile (510) 596-0899

# PROOF OF SERVICE

I am a citizen of the United States and employed in the County of Alameda, City of Emeryville, California. I am over the age of eighteen years and not a party to the within action. My business address is Bishop, Barry, Howe, Haney & Ryder, P.C., 2000 Powell Street, Suite 1425, Emeryville, California 94608. I am familiar with Bishop, Barry, Howe, Haney & Ryder's practice whereby each document is placed in an envelope, the envelope is sealed, the appropriate postage is placed thereon, and the sealed envelope is placed in the office mail receptacle. Each day the mail is collected and deposited in a United States Postal mailbox at or before the closed of business each day.

On the date below-written, I served the following document(s):

**DEFENDANTS' NOTICE OF MOTION; MOTION TO DISMISS AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND/OR A MORE DEFINATE STATEMENT**

[ X ] By placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the designated area for outgoing mail at Emeryville, California, addressed as set forth below:

[ ] By having a messenger personally deliver a true copy thereof to the person and/or office of the person at the address set forth below:

| | |
|---|---|
| Michael Rubin, Esq.<br>Alshuter, Berzon, Nussbaum, Rubin & Demain<br>177 Post Street, Suite 300<br>San Francisco, California 94108 | Telephone: 415-421-7151<br>Facsimile: 415-362-8064 |
| Jonathan R. Bass<br>Naomi Rustomjee<br>Coblentz, Patch, Duffy & Bass LLP<br>222 Kearny Street, Seventh Floor<br>San Francisco, California 94108-4510 | Attorneys for Defendant Prasad Lakireddy<br>Telephone: 415-391-4800<br>Facsimile: 415-989-1663 |

By delivering a true copy thereof to (check service used) ___ U.S. Postal Express Mail; ___ UPS Overnight Mail; ___ Federal Express Overnight Service to be delivered to the person at the address set forth below:

[ ] By transmitting. pursuant to C.R.C. Rule 2008, a true copy thereof via facsimile transmission to the facsimile telephone number referenced at the address set forth below. The transmission was reported as complete and without error and a copy of the transmission report, which was properly issued by the transmitting facsimile machine, is attached hereto.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on Executed on May 1, 2003, at Emeryville, California.

Desiree Erspamer