ROBERT S. MUELLER, III (CSBN 59775)
United States Attorney

**ORIGINAL
FILED**

APR - 8 2001

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 00-40028-SBA |
| Plaintiff, | VIOLATIONS: 18 U.S.C. § 371 – Conspiracy to Bring Aliens into the United States Illegally and to Import Aliens for Immoral Purposes; 8 U.S.C. § 1324(a)(1)(A)(iv) – Inducing Aliens to Enter the United States Illegally; 8 U.S.C. § 1324(a)(1)(A)(ii) – Transporting Illegal Aliens; 8 U.S.C. § 1328 – Importing and Harboring Aliens Imported for Immoral Purposes; 18 U.S.C. §2423(b) – Travel to Engage in a Sexual Act with a Juvenile; 18 U.S.C. § 1546(a) – Visa Fraud; 18 U.S.C. § 1001 – False Statements; 18 U.S.C. § 1512(b)(3) – Tampering with a Witness; 18 U.S.C. § 2 – Aiding and Abetting |
| v. | |
| PRASAD LAKIREDDY, and VIJAY KUMAR LAKIREDDY, | |
| Defendants. | |
| | OAKLAND VENUE |

## SUPERSEDING INDICTMENT

1    The Grand Jury charges:

2    COUNT ONE:  (18 U.S.C. § 371 -- Conspiracy to Bring Aliens into the U. S. Illegally
            and to Import Aliens for Immoral Purposes)

3

4            On or about and between October 1, 1986, and January 14, 2000, both dates being

approximate and inclusive, in the Northern District of California and elsewhere, the

5    defendants

6
                        PRASAD LAKIREDDY and
7                       VIJAY KUMAR LAKIREDDY

8    and others, did knowingly and intentionally conspire (1) to encourage and induce aliens to

9    enter the United States illegally in violation of 8 U.S.C. § 1324(a)(1)(A)(iv); (2) to

10   transport aliens brought into the United States illegally in violation of 8 U.S.C. §

11   1324(a)(1)(A)(ii); (3) to harbor aliens brought into the United States illegally in violation

12   of 8 U.S.C. § 1324(a)(1)(A)(iii); (4) to employ aliens brought into the United States

13   illegally in violation of 8 U.S.C. §§ 1324(a)(3) and 1324a(a) and (f); (5) to submit

14   fraudulent visa applications in violation of 18 U.S.C. § 1546(a); (6) to import aliens into

15   the United States for immoral purposes, that is, for illegal sexual intercourse between an

16   adult and a minor and for rape, in violation of 8 U.S.C. § 1328; (7) to transport minors in

17   foreign commerce for illegal sexual activity, that is, for sexual intercourse between an

18   adult and a minor and for rape, in violation of 18 U.S.C. § 2423(a); (8) to transport an

19   individual in foreign commerce for illegal sexual activity, that is, for sexual intercourse

20   between an adult and a minor and for rape, in violation of 18 U.S.C. § 2421; and (9) to

21   travel in foreign commerce for the purpose of engaging in a sexual act with a juvenile in

22   violation of 18 U.S.C. § 2423(b).

23                            MEANS AND METHODS

24           The defendants and their coconspirators reached and attempted to reach the

25   objectives of their conspiracy using the following means and methods, among others:

26           1. The Defendants and their coconspirators would arrange to bring Indian

27   nationals over to the United States as spouses, dependents, and relatives of United States

28   citizens or as skilled workers and their dependents, would arrange for these individuals to

SUPERSEDING INDICTMENT              2

1   assume false identities, would sponsor sham marriages for the purpose of obtaining

2   immigration benefits, and would petition for individuals to enter the United States under

3   improper visa categories inconsistent with their qualifications and prospective

4   employment.

5         2. Defendants Prasad Lakireddy and Vijay Lakireddy, and coconspirators

6   Lakireddy Bali Reddy and Annapurna Lakireddy, would submit and cause others to

7   submit to the Immigration and Naturalization Service fraudulent visa petitions.

8         3. Defendant Prasad Lakireddy and coconspirators Lakireddy Bali Reddy and

9   Annapurna Lakireddy would submit and cause others to submit to the Immigration and

10  Naturalization Service Affidavits of Support for these fraudulent visa petitions.

11        4. Defendants Prasad Lakireddy and Vijay Lakireddy, and coconspirators

12  Lakireddy Bali Reddy and Annapurna Lakireddy, would arrange and cause others to

13  arrange to bring Indian nationals into the United States on the basis of these fraudulent

14  visa petitions.

15        5. Defendants Prasad Lakireddy and Vijay Lakireddy, coconspirators Lakireddy

16  Bali Reddy and Jayaprakash Lakireddy, and others would then employ these aliens and

17  transfer these aliens' employment among their apartment buildings, their office buildings,

18  Jay Construction, Reddy Realty, and the Pasand Restaurants, and would employ these

19  aliens at various times without paying them the minimum wage or overtime premium as

20  required by law.  Vijay Lakireddy also claimed to employ some of these aliens at Active

21  Tech Solutions.

22        6. Defendants Prasad Lakireddy and Vijay Lakireddy, coconspirators Lakireddy

23  Bali Reddy and Jayaprakash Lakireddy, and others would keep, maintain, control,

24  support, employ, and harbor these aliens in the United States.

25        7. The Defendants and others known and unknown to the Grand Jury would

26  recruit, hire, and smuggle into the United States a number of Indian women and girls for

27  the purpose of entering into sexual relations with them.

28

SUPERSEDING INDICTMENT                    3

8. At the direction of Coconspirator Lakireddy Bali Reddy and others, employees of the Reddy family and others would procure poor and destitute young Indian girls for the purposes of sexual relations with defendants Prasad Lakireddy and Vijay Kumar Lakireddy, and Coconspirator Lakireddy Bali Reddy, among others. These girls were initially put to work in menial jobs such as cleaning and gardening at the Reddy estate in Velvadam, India. The girls were eventually moved into the Reddy estate, where they were housed in several shared bedrooms. Defendants Prasad Lakireddy and Vijay Kumar Lakireddy, and Coconspirator Lakireddy Bali Reddy, among others, forced these girls to engage in sexual intercourse with them when they were visiting the estate in Velvadam, India.

9. The Defendants and their coconspirators eventually arranged to smuggle these girls into the United States, and specifically into the Northern District of California, fraudulently claiming that the girls were the daughters or wives of other Indian nationals whom the Defendants had sponsored into the United States as employees of Reddy businesses in the Northern District of California and elsewhere.

10. Once the girls arrived in the United States, Defendants Prasad Lakireddy and Vijay Lakireddy, and coconspirator Lakireddy Bali Reddy and others, would force the girls to submit to sexual relations. They did so by, among other things, controlling where the girls lived, where they worked, where they ate meals, how much money they earned, whether they attended school, and when they were permitted to return to India. They also did so by, among other things, scolding, belittling, threatening, beating, and raping the victims.

## OVERT ACTS

In furtherance of the conspiracy, and to obtain the ends thereof, the defendants and others committed the following overt acts, among others:

1. On or about October 1, 1986, Coconspirator Lakireddy Bali Reddy signed a fraudulent Petition for Prospective Immigrant Employee for Krishna Murti Velvadapu.

2. On or about April 14, 1990, defendant Prasad Lakireddy signed an Affidavit of Support for Krishna Murty Velvadapu, Nagalakshmi Velvadapu, Venkata Sandeep Velvadapu, and Venkata Pradeep Velvadapu.

3. On or about December 18, 1990, Coconspirator Lakireddy Bali Reddy signed a Petition for Prospective Immigrant Employee seeking permission to bring Ramana Venkata Kommineni into the United States and listing his wife as Gayatri Kommineni, his son as Rama Krishna Kommineni, and his daughters as Parameswari Kommineni, Krishnaveni Kommineni, and Sangeeta Lakshmi Kommineni.

4. On or about January 3, 1991, Krishna Murty Velvadapu, Nagalakshmi Velvadapu, Venkata Sandeep Velvadapu, and Venkata Pradeep Velvadapu entered the United States on fraudulently obtained visas.

5. On or about October 24, 1991, Coconspirator Lakireddy Bali Reddy prepared a Petition for Alien Relative seeking permission to bring Ambika Velvadapu, also known as "Sujatha," whose reported age was 12 years old, into the United States purportedly as the daughter of Nagalakshmi Velvadapu.

6. On or about October 24, 1991, Coconspirator Lakireddy Bali Reddy prepared a Petition for Alien Relative seeking permission to bring Nagamalika Velvadapu, whose reported age was 11years old, into the United States purportedly as the daughter of Nagalakshmi Velvadapu.

7. On or about February 15, 1992, Coconspirator Lakireddy Bali Reddy wrote and Coconspirator Annapurna Lakireddy signed an Affidavit of Support for her sister Pullamma Mallu and listed Sivakrishna Reddy Mallu, Sarada Mallu (reported age 17 years old), and Lakshmi Mallu (reported age 16 years old) as children of Pullamma Mallu.

8. On or about April 19, 1992, Coconspirator Annapurna Lakireddy signed a Petition for Alien Relative on behalf of a man purporting to be Veera Reddy Guduru, the deceased husband of Annapurna Lakireddy's sister Lakshmi Guduru.

9. On or about August 7, 1992, Defendant Prasad Lakireddy signed an Affidavit of Support for Lakshminarayanamma Guduru, claiming that she was his aunt, and for Veera Reddy Guduru, Ramakrishna Reddy Guduru, Sanjeeva Reddy Guduru, and Madhavi Guduru.

10. On or about October 15, 1992, Sivakrishna Reddy Mallu and Sarada Mallu (reported age 17 years old) entered the United States on fraudulently obtained visas.

11. In or about 1992, Defendant Vijay Lakireddy had sexual intercourse with Victim # 5 against her will.

12. In or about 1993, Defendant Vijay Lakireddy had sexual intercourse with Victim # 6 against her will.

13. On or about January 12, 1993, Venkata Ramana Kommineni entered the United States with Gayatri Kommineni and Rama Krishna Kommineni as his purported wife and son, respectively.

14. On or about January 27, 1993, Coconspirator Lakireddy Bali Reddy wrote an Affidavit of Support for Ambika Velvadapu, also known as "Sujatha," whose reported age was 14 years old.

15. On or about January 27, 1993, Coconspirator Lakireddy Bali Reddy wrote an Affidavit of Support for Nagamalika Velvadapu, whose reported age was 13 years old.

16. On or about February 6, 1993, Coconspirator Lakireddy Bali Reddy wrote and Defendant Prasad Lakireddy signed an Affidavit of Support for Lakshmi Mallu.

17. On or about October 28, 1993, Ambika Velvadapu, also known as "Sujatha," whose reported age was 14 years old, entered the United States on a fraudulently obtained visa.

18. On or about October 28, 1993, Nagamalika Velvadapu, whose reported age was 13 years old, entered the United States on a fraudulently obtained visa.

19. On or about July 23, 1994, Lakshmi Mallu, whose reported age was 18 years old, entered the United States on a fraudulently obtained visa.

SUPERSEDING INDICTMENT                6

1    20. In or about 1995, Defendant Vijay Lakireddy had sexual intercourse with

2  Victim # 4 against her will.

3    21. In or about 1995, Defendant Vijay Lakireddy had sexual intercourse with

4  Victim # 7 against her will.

5    22. On or about July 7, 1995, Krishnaveni Kommineni, whose reported age was

6  15 years old, entered the United States on a fraudulently obtained visa.

7    23. On or about July 7, 1995, Sangeeta Lakshmi Kommineni, whose reported age

8  was 12 years old, entered the United States on a fraudulently obtained visa.

9    24. In or about February 1997, Defendant Prasad Lakireddy had sexual

10  intercourse with Victim # 4 against her will.

11    25. On or about October 29, 1997, defendant Vijay Kumar Lakireddy, also known

12  as L. Vijay Kumar, signed a Petition for Non-Immigrant Worker seeking permission to

13  bring Modem, Reddappa S.S., also known as Sekhar Reddappa Modem, into the United

14  States to work at Active Tech Solutions as a Programmer/Analyst who would be paid

15  $42,972 per year.

16    26. In or about January 1998, Defendant Vijay Lakireddy had sexual intercourse

17  with Victim # 1 against her will.

18    27. In or about January 1998, Defendant Vijay Lakireddy had sexual intercourse

19  with Victim # 2 against her will.

20    28. On or about March 25, 1998, defendant Vijay Kumar Lakireddy, also known

21  as L. Vijay Kumar, signed a Petition for Non-Immigrant Worker seeking permission to

22  bring Venkateswara Vemireddy, also known as Vemi Reddy V. Reddy, into the United

23  States to work at Active Tech Solutions as a Programmer/Analyst who would be paid

24  $42,972 per year.

25    29. Between on or about November 3, 1998 and March 24, 1999, defendant Vijay

26  Kumar Lakireddy, also known as L. Vijay Kumar, signed a Petition for Non-Immigrant

27  Worker seeking permission to bring Sreekanth, Kollipara, into the United States to work

28  at Active Tech Solutions as a Programmer/Analyst who would be paid $42,972 per year.

SUPERSEDING INDICTMENT             7

1    30. On or about April 3, 1999, Venkateswara Vemireddy arrived in the United

2    States with Victim #1, a young woman not related to him.

3    31. In or about July or August, 1999, Defendant Prasad Lakireddy had sexual

4    intercourse with Victim # 3 against her will.

5    32. On or about August 19, 1999, Coconspirator Lakireddy Bali Reddy went to the

6    San Francisco Airport to meet a woman traveling under the name Padma Vemireddy,

7    Victim #2, and Victim #3, all of whom had flown in from India.

8    33. On or about August 19, 1999, Coconspirator Lakireddy Bali Reddy and others

9    drove Victim # 2 and Victim # 3 from the San Francisco Airport to an apartment in

10   Berkeley, California, where he had sexual intercourse with each of the girls against her

11   will.

12   34. From at least on or about October 1, 1997, through September 30, 1998,

13   Defendant Prasad Lakireddy and Coconspirator Lakireddy Bali Reddy employed

14   Tirupathi Rao Thota at the Pasand Restaurant.

15   35. From at least on or about January 16, 1994, through on or about September 30,

16   1998, Defendant Prasad Lakireddy and Coconspirator Lakireddy Bali Reddy employed

17   Venkata Yaramala at the Pasand Restaurant.

18   36. From at least on or about July 1, 1996 through on or about December 31,

19   1999, Defendant Prasad Lakireddy and Coconspirators Lakireddy Bali Reddy and

20   Jayaprakash Lakireddy employed Koteswara Gurrala at Jay Construction in Berkeley,

21   California.

22   37. From at least on or about May 1, 1996, through on or about December 31,

23   1997, and from on or about January 1, 1999, through on or about December 31, 1999,

24   Defendant Prasad Lakireddy and Coconspirator Lakireddy Bali Reddy employed

25   Lakshminarayanamma Guduru at the Pasand Restaurant.

26   38 From at least on or about October 1, 1997, through on or about December 31,

27   1998, and from on or about July 1, 1999, through December 31, 1999, Defendant Prasad

28

Lakireddy and Coconspirator Lakireddy Bali Reddy employed Lakshmi Mallu at the Pasand Restaurant.

39. From at least on or about October 1, 1997, through on or about March 31, 1998, and from on or about October 1, 1998, through on or about December 31, 1999, Defendant Prasad Lakireddy and Coconspirator Lakireddy Bali Reddy employed Jyothi Patakottu at the Pasand Restaurant.

40. From at least on or about January 1, 1998, through on or about December 31, 1999, Defendant Prasad Lakireddy and Coconspirator Lakireddy Bali Reddy employed Madhavi Guduru at the Pasand Restaurant.

41. From at least on or about January 1, 1999, through on or about December 31, 1999, Defendant Prasad Lakireddy and Coconspirator Lakireddy Bali Reddy employed Sanjeeva Guduru at the Pasand Restaurant in Berkeley, California.

42. From at least on or about April 3, 1999, through on or about January 14, 2000, Defendant Prasad Lakireddy and Coconspirator Lakireddy Bali Reddy employed Victim #1 at the Pasand Restaurant without paying her minimum wage or overtime premiums as required by law.

43. From at least on or about August 20, 1999, through on or about January 14, 2000, Defendant Prasad Lakireddy and Coconspirators Lakireddy Bali Reddy and Jayaprakash Lakireddy employed Victim #2 in apartment and office buildings maintained by Jay Construction and at the Pasand Restaurant, without paying her minimum wage or overtime premiums as required by law.

44. From at least on or about August 20, 1999, through on or about November 24, 1999, Defendant Prasad Lakireddy and Coconspirators Lakireddy Bali Reddy and Jayaprakash Lakireddy employed Victim #3 in apartment and office buildings maintained by Jay Construction and at the Pasand Restaurant, without paying her minimum wage or overtime premiums as required by law.

45. From at least on or about November 1, 1993, through on or about January 28, 2000, Defendant Prasad Lakireddy and Coconspirators Lakireddy Bali Reddy and

1   Jayaprakash Lakireddy employed Victim # 4 in apartment and office buildings maintained

2   by Jay Construction and at the Pasand Restaurant, without paying her minimum wage or

3   overtime premiums as required by law.

4         46.  From at least on or about January 1, 1997, through on or about December 31,

5   1997, Defendant Prasad Lakireddy and Coconspirator Lakireddy Bali Reddy employed

6   Victim # 5 at the Pasand Restaurant, without paying her minimum wage or overtime

7   premiums as required by law.

8         47.  From on or about July, 1995, through on or about January 14, 2000, Defendant

9   Prasad Lakireddy and Coconspirators Lakireddy Bali Reddy and Jayaprakash Lakireddy

10  employed Victim # 6 in apartment and office buildings maintained by Jay Construction,

11  without paying her minimum wage or overtime premiums as required by law.

12        48.  From on or about July, 1995, through on or about January 14, 2000, Defendant

13  Prasad Lakireddy and Coconspirators Lakireddy Bali Reddy and Jayaprakash Lakireddy

14  employed Victim # 7 in apartment and office buildings maintained by Jay Construction

15  and at the Pasand Restaurant, without paying her minimum wage or overtime premiums

16  as required by law.

17        All in violation of Title 18, United States Code, Section 371.

SUPERSEDING INDICTMENT                10

COUNT TWO: (8 U.S.C. §§ 1324(a)(1)(A)(iv) and 1324(a)(1)(A)(v)(II) – Encouraging and Inducing Aliens to Enter the United States Illegally; Aiding and Abetting)

Between on or about October 29, 1997, and June 10, 1999, in the Northern District of California and elsewhere, the defendant

## VIJAY KUMAR LAKIREDDY

did knowingly and intentionally encourage and induce an alien, Modem, Reddappa S.S., also known as Sekhar Reddappa Modem, to come into, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence was and would be in violation of law, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv) and 1324(a)(1)(A)(v)(II).

SUPERSEDING INDICTMENT                    11

1    COUNT THREE: (8 U.S.C. §§ 1324(a)(1)(A)(iv) and 1324(a)(1)(A)(v)(II) – Encouraging
     and Inducing Aliens to Enter the United States Illegally; Aiding and Abetting)

2

          Between on or about March 25, 1998, and April 3, 1999, in the Northern District

3    of California and elsewhere, the defendant

4                          VIJAY KUMAR LAKIREDDY

5    did knowingly and intentionally encourage and induce an alien, Venkateswara

6    Vemireddy, to come into, enter, and reside in the United States, knowing and in reckless

7    disregard of the fact that such coming to, entry, and residence was and would be in

8    violation of law, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv)

9    and 1324(a)(1)(A)(v)(II).

1  COUNT FOUR: (8 U.S.C. §§ 1324(a)(1)(A)(iv) and 1324(a)(1)(A)(v)(II) – Encouraging
2  and Inducing Aliens to Enter the United States Illegally; Aiding and Abetting)

3        Between on or about November 3, 1998, and September 28, 1999, in the Northern

   District of California and elsewhere, the defendant
4
                      VIJAY KUMAR LAKIREDDY
5
   did knowingly and intentionally encourage and induce an alien, Sreekanth, Kollipara, to
6
   come into, enter, and reside in the United States, knowing and in reckless disregard of the
7
   fact that such coming to, entry, and residence was and would be in violation of law, in
8
   violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv) and
9
   1324(a)(1)(A)(v)(II).
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  COUNT FIVE: (8 U.S.C. §§ 1324(a)(1)(A)(ii) and 1324(a)(1)(A)(v)(II) –
2  Transporting an Alien Who Had Entered the United States Illegally; Aiding and Abetting)

3      On or about November 25, 1999, in the Northern District of California and

4  elsewhere, the defendant

5  PRASAD LAKIREDDY

6  did knowingly and intentionally transport and move an alien, Victim #1, within the

7  United States by means of transportation and otherwise, knowing and in reckless

8  disregard of the fact that such alien had come to, entered, and remained in the United

9  States in violation of law and in furtherance of such violation of law, all in violation of

10  Title 8, United States Code, Section 1324(a)(1)(A)(ii), and Title 18, United States Code,

11  Section 2.

1  COUNT SIX: (8 U.S.C. §§ 1324(a)(1)(A)(ii) and 1324(a)(1)(A)(v)(II) –
2  Transporting an Alien Who Had Entered the United States Illegally; Aiding and
   Abetting)

3        On or about November 25, 1999, in the Northern District of California and

4  elsewhere, the defendant

5                         PRASAD LAKIREDDY

6  did knowingly and intentionally transport and move an alien, a woman using the name

7  Padma Vemireddy, within the United States by means of transportation and otherwise,

8  knowing and in reckless disregard of the fact that such alien had come to, entered, and

9  remained in the United States in violation of law and in furtherance of such violation of

10 law, all in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii), and Title

11 18, United States Code, Section 2.

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SUPERSEDING INDICTMENT                15

COUNT SEVEN:  (8 U.S.C. § 1328 and 18 U.S.C. § 2 -- Importation and Harboring of Alien for Immoral Purposes; Aiding and Abetting)

Between on or about August 17, 1999, and January 14, 2000, in the Northern District of California and elsewhere, the defendants

PRASAD LAKIREDDY and
VIJAY LAKIREDDY

did, directly and indirectly, import and aid and abet the importation into the United States of an alien, that is, Victim #2, for immoral purposes, that is, for purposes of unlawful sexual intercourse with a person under age eighteen and for purposes of rape; and did keep, maintain, control, support, employ, and harbor Victim #2 in an apartment for these same immoral purposes in pursuance of such illegal immigration, in violation of Title 8, United States Code, Section 1328, and Title 18, United States Code, Section 2.

COUNT EIGHT: (8 U.S.C. § 1328 and 18 U.S.C. § 2 -- Importation and Harboring of Alien for Immoral Purposes; Aiding and Abetting)

Between on or about August 17, 1999, and November 24, 1999, in the Northern District of California and elsewhere, the defendants

PRASAD LAKIREDDY and
VIJAY LAKIREDDY

did, directly and indirectly, import and aid and abet the importation into the United States of an alien, that is, Victim #3, for immoral purposes, that is, for purposes of unlawful sexual intercourse with a person under age eighteen and for purposes of rape; and did keep, maintain, control, support, employ, and harbor Victim #3 in an apartment for these same immoral purposes in pursuance of such illegal immigration, in violation of Title 8, United States Code, Section 1328, and Title 18, United States Code, Section 2.

COUNT NINE: (18 U.S.C. § 2423(b) – Travel With Intent to Engage in Sexual Act with a Juvenile)

On or about and between December 1, 1997 and January 21, 1998, both dates being approximate and inclusive, in the Northern District of California, the defendant

VIJAY KUMAR LAKIREDDY,

a United States citizen, traveled in foreign commerce for the purpose of engaging in a sexual act (as defined in Title 18, United States Code, Section 2246) with a person under 18 years of age that would be a violation of Title 18, United States Code, Sections 2241(a) and 2243(a) if the sexual act occurred in the special maritime and territorial jurisdiction of the United States, that is, sexual intercourse with a minor under sixteen years old and forcible rape; all in violation of Title 18, United States Code, Section 2423(b).

COUNT TEN: (18 U.S.C. § 2423(b) – Travel With Intent to Engage in Sexual Act with a Juvenile)

On or about and between July 1, 1999 and August 20, 1999, both dates being approximate and inclusive, in the Northern District of California, the defendant

PRASAD LAKIREDDY,

a United States citizen, traveled in foreign commerce for the purpose of engaging in a sexual act (as defined in Title 18, United States Code, Section 2246) with a person under 18 years of age that would be a violation of Title 18, United States Code, Sections 2241(a) and 2243(a) if the sexual act occurred in the special maritime and territorial jurisdiction of the United States, that is, sexual intercourse with a minor under sixteen years old and rape; all in violation of Title 18, United States Code, Section 2423(b).

1  COUNT ELEVEN:  (18 U.S.C. § 1546 -- Visa Fraud)

2      On or about March 25, 1998, in the Northern District of California and elsewhere,
3  the defendant

4                          VIJAY KUMAR LAKIREDDY

5  did under penalty of perjury knowingly subscribe as true false statements as to material
6  facts in a Petition for Non-Immigrant Worker required by the immigration laws and the
7  regulations prescribed thereunder, and did knowingly present to the Immigration and
8  Naturalization Service this Petition for Non-Immigrant Worker containing these false
9  statements and failing to contain any reasonable basis in law and in fact for these
10 statements, to wit: (1) that Active Tech Solutions would employ Modem, Reddappa S.S.,
11 also known as Sekhar Reddappa Modem, full-time at Active Tech Solutions, 2342
12 Shattuck Ave., Ste. 403, Berkeley, California, as a Programmer/Analyst; (2) that Active
13 Tech Solutions would pay Modem, Reddappa S.S. $42,972 per year for the period of
14 April 1, 1998 through April 1, 2000; and (3) that Active Tech Solutions earned gross
15 annual income of $120,000, and net annual income of $80,000; when in truth and in fact,
16 as the defendant well knew, Active Tech Solutions had no intention to employ Modem,
17 Reddappa S.S. full-time at Active Tech Solutions, 2342 Shattuck Ave., St. 403, Berkeley,
18 California, as a Programmer/Analyst; (2) that Active Tech Solutions would not pay
19 Modem, Reddappa S.S. $42,972 per year for the period of April 1, 1998, through April 1,
20 2000; and (3) that Active Tech Solutions did not earn gross annual income of $120,000,
21 and net annual income of $80,000; all in violation of Title 18, United States Code,
22 Section 1546.

23

24

25

26

27

28

SUPERSEDING INDICTMENT            20

COUNT TWELVE: (18 U.S.C. § 1546 -- Visa Fraud)

On or about March 25, 1998, in the Northern District of California and elsewhere, the defendant

VIJAY KUMAR LAKIREDDY

did under penalty of perjury knowingly subscribe as true false statements as to material facts in a Petition for Non-Immigrant Worker required by the immigration laws and the regulations prescribed thereunder, and did knowingly present to the Immigration and Naturalization Service this Petition for Non-Immigrant Worker containing these false statements and failing to contain any reasonable basis in law and in fact for these statements, to wit: (1) that Active Tech Solutions would employ Reddy, Vemi Reddy V., also known as Venkateswara Reddy Vemireddy, full-time at Active Tech Solutions, 2342 Shattuck Ave., Ste. 403, Berkeley, California, as a Programmer/Analyst; (2) that Active Tech Solutions would pay Reddy, Vemi Reddy V. $42,972 per year for the period of April 1, 1998 through April 1, 2001; and (3) that Active Tech Solutions earned gross annual income of $120,000, and net annual income of $80,000; when in truth and in fact, as the defendant well knew, Active Tech Solutions had no intention to employ Reddy, Vemi Reddy V. full-time at Active Tech Solutions, 2342 Shattuck Ave., St. 403, Berkeley, California, as a Programmer/Analyst; (2) that Active Tech Solutions would not pay Reddy, Vemi Reddy V. $42,972 per year for the period of April 1, 1998, through April 1, 2001; and (3) that Active Tech Solutions did not earn gross annual income of $120,000, and net annual income of $80,000; all in violation of Title 18, United States Code, Section 1546.

COUNT THIRTEEN: (18 U.S.C. § 1546 -- Visa Fraud)

Between on or about November 3, 1998 and March 24, 1999, in the Northern District of California and elsewhere, the defendant

VIJAY KUMAR LAKIREDDY

did under penalty of perjury knowingly subscribe as true false statements as to material facts in a Petition for Non-Immigrant Worker required by the immigration laws and the regulations prescribed thereunder, and did knowingly present to the Immigration and Naturalization Service this Petition for Non-Immigrant Worker containing these false statements and failing to contain any reasonable basis in law and in fact for these statements, to wit: (1) that Active Tech Solutions would employ Sreekanth, Kollipara full-time at Active Tech Solutions, 2342 Shattuck Ave., Ste. 403, Berkeley, California, as a Programmer/Analyst; (2) that Active Tech Solutions would pay Sreekanth, Kollipara $42,972 per year for the period of November 15, 1998, through November 15, 2001; and (3) that Active Tech Solutions earned gross annual income of $120,000, and net annual income of $80,000; when in truth and in fact, as the defendant well knew, Active Tech Solutions had no intention to employ Sreekanth, Kollipara full-time at Active Tech Solutions, 2342 Shattuck Ave., St. 403, Berkeley, California, as a Programmer/Analyst; (2) that Active Tech Solutions would not pay Sreekanth, Kollipara $42,972 per year for the period of November 15, 1998, through November 15, 2001; and (3) that Active Tech Solutions did not earn gross annual income of $120,000, and net annual income of $80,000; all in violation of Title 18, United States Code, Section 1546.

COUNT FOURTEEN: (18 U.S.C. § 1546 -- Visa Fraud)

Between on or about April 26, 1999 and December 20, 1999, in the Northern District of California and elsewhere, the defendant

VIJAY KUMAR LAKIREDDY

did under penalty of perjury knowingly subscribe as true false statements as to material facts in a Petition for Non-Immigrant Worker required by the immigration laws and the regulations prescribed thereunder, and did knowingly present to the Immigration and Naturalization Service this Petition for Non-Immigrant Worker containing these false statements and failing to contain any reasonable basis in law and in fact for these statements, to wit: (1) that Active Tech Solutions would employ Matlapudi, Saravan K. full-time at Active Tech Solutions, 2041 Bancroft Way, Apt. #204, Berkeley, California, as a Programmer Analyst; (2) that Active Tech Solutions would pay Matlapudi, Saravan K. $50,000 per year for the period of November 1, 1999, through November 1, 2002; and (3) that Active Tech Solutions earned gross annual income of $120,000, and net annual income of $80,000; when in truth and in fact, as the defendant well knew, Active Tech Solutions had no intention to employ Matlapudi, Saravan K. full-time at Active Tech Solutions, 2041 Bancroft Way, Apt. #204, Berkeley, California, as a Programmer Analyst; (2) that Active Tech Solutions would not pay Matlapudi, Saravan K. $50,000 per year for the period of November 1, 1999, through November 1, 2002; and (3) that Active Tech Solutions did not earn gross annual income of $120,000, and net annual income of $80,000; all in violation of Title 18, United States Code, Section 1546.

COUNT FIFTEEN: (18 U.S.C. § 1001 -- False Statement)

On or about October 29, 1997, in the Northern District of California, in a matter within the jurisdiction of the United States Department of Labor and the Immigration and Naturalization Service, each of which is a department of the United States, the defendant

VIJAY KUMAR LAKIREDDY

did knowingly and willfully make one or more false and fraudulent material statements and representations in a Labor Condition Application for H-1B Nonimmigrants in that the defendant stated and represented that (1) Active Tech Solutions, 2342 Shattuck Ave. #403, Berkeley, California, was an employer that had a job in Berkeley, California, for an Analyst/Programmer who would be paid $42,972 per year for the period of December 1, 1997, through December 1, 2000; (2) that the H-1B nonimmigrant would be paid at least the prevailing wage of $42,972; and (3) that Active Tech Solutions kept at 2342 Shattuck Ave. #403, Berkeley, California, the documentation it is required by law to keep; which statements were false and fraudulent in that the defendant well knew (1) that Active Tech Solutions had no job in Berkeley, California, for an Analyst/Programmer who would be paid $42,972 per year for the period of December 1, 1997, through December 1, 2000; (2) that he (the defendant), as President of Active Tech Solutions, had no intention of paying the person who was brought into the United States as an H-1B nonimmigrant $42,972 per year as an employee of Active Tech Solutions; and (3) that Active Tech Solution kept no documentation at 2342 Shattuck Ave. #403, Berkeley, California, which was a rented mail box; all in violation of Title 18, United States Code, Section 1001.

COUNT SIXTEEN: (18 U.S.C. § 1001 -- False Statement)

On or about March 25, 1998, in the Northern District of California, in a matter within the jurisdiction of the United States Department of Labor and the Immigration and Naturalization Service, each of which is a department of the United States, the defendant

VIJAY KUMAR LAKIREDDY

did knowingly and willfully make one or more false and fraudulent material statements and representations in a Labor Condition Application for H-1B Nonimmigrants in that the defendant stated and represented that (1) Active Tech Solutions, 2342 Shattuck Ave. #403, Berkeley, California, was an employer that had a job in Berkeley, California, for a Programmer/Analyst who would be paid $42,972 per year for the period of April 1, 1998, through April 1, 2001; (2) that the H-1B nonimmigrant would be paid at least the prevailing wage of $42,972; and (3) that Active Tech Solutions kept at 2342 Shattuck Ave. #403, Berkeley, California, the documentation it is required by law to keep; which statements were false and fraudulent in that the defendant well knew (1) that Active Tech Solutions had no job in Berkeley, California, for a Programmer/Analyst who would be paid $42,972 per year for the period of April 1, 1998, through April 1, 2001; (2) that he (the defendant), as President of Active Tech Solutions, had no intention of paying the person who was brought into the United States as an H-1B nonimmigrant $42,972 per year as an employee of Active Tech Solutions; and (3) that Active Tech Solution kept no documentation at 2342 Shattuck Ave. #403, Berkeley, California, which was a rented mail box; all in violation of Title 18, United States Code, Section 1001.

COUNT SEVENTEEN:  (18 U.S.C. § 1001 -- False Statement)

On or about November 3, 1998, in the Northern District of California, in a matter within the jurisdiction of the United States Department of Labor and the Immigration and Naturalization Service, each of which is a department of the United States, the defendant

VIJAY KUMAR LAKIREDDY

did knowingly and willfully make one or more false and fraudulent material statements and representations in a Labor Condition Application for H-1B Nonimmigrants in that the defendant stated and represented that (1) Active Tech Solutions, 2342 Shattuck Ave. #403, Berkeley, California, was an employer that had a job in Berkeley, California, for a Programmer/Analyst who would be paid $42,972 per year for the period of November 15, 1998, through November 15, 2001; (2) that the H-1B nonimmigrant would be paid at least the prevailing wage of $42,972; and (3) that Active Tech Solutions kept at 2342 Shattuck Ave. #403, Berkeley, California, the documentation it is required by law to keep; which statements were false and fraudulent in that the defendant well knew (1) that Active Tech Solutions had no job in Berkeley, California, for a Programmer/Analyst who would be paid $42,972 per year for the period of April 1, 1998, through April 1, 2001; (2) that he (the defendant), as President of Active Tech Solutions, had no intention of paying the person who was brought into the United States as an H-1B nonimmigrant $42,972 per year as an employee of Active Tech Solutions; and (3) that Active Tech Solution kept no documentation at 2342 Shattuck Ave. #403, Berkeley, California, which was a rented mail box; all in violation of Title 18, United States Code, Section 1001.

SUPERSEDING INDICTMENT                26

COUNT EIGHTEEN: (18 U.S.C. § 1001 -- False Statement)

On or about April 26, 1999, in the Northern District of California, in a matter within the jurisdiction of the United States Department of Labor and the Immigration and Naturalization Service, each of which is a department of the United States, the defendant

VIJAY KUMAR LAKIREDDY

did knowingly and willfully make one or more false and fraudulent material statements and representations in a Labor Condition Application for H-1B Nonimmigrants in that the defendant stated and represented that (1) Active Tech Solutions, 2342 Shattuck Ave. #403, Berkeley, California, was an employer that had a job in Berkeley, California, for a Programmer/Analyst who would be paid $50,000 per year for the period of May 1, 1999, through May 1, 2002; (2) that the H-1B nonimmigrant would be paid at least the prevailing wage of $50,000; and (3) that Active Tech Solutions kept at 2342 Shattuck Ave. #403, Berkeley, California, the documentation it is required by law to keep; which statements were false and fraudulent in that the defendant well knew (1) that Active Tech Solutions had no job in Berkeley, California, for a Programmer/Analyst who would be paid $50,000 per year for the period of May 1, 1999, through May 1, 2002; (2) that he (the defendant), as President of Active Tech Solutions, had no intention of paying the person who was brought into the United States as an H-1B nonimmigrant $50,000 per year as an employee of Active Tech Solutions; and (3) that Active Tech Solution kept no documentation at 2342 Shattuck Ave. #403, Berkeley, California, which was a rented mail box; all in violation of Title 18, United States Code, Section 1001.

1   COUNT NINETEEN: 18 U.S.C. § 1512(b)(3) (Tampering with a Witness)

2          On or about November 25, 1999, in the Northern District of California and

3   elsewhere, the defendant

4                          PRASAD LAKIREDDY

5   did knowingly use intimidation, threaten, and corruptly persuade and did attempt to use

6   intimidation, threaten, and corruptly persuade another person, that is, Victim #1, with

7   intent to hinder, delay, and prevent the communication to a law enforcement officer of the

8   United States of information relating to the commission and possible commission of a

9   Federal offense in violation of 18 U.S.C. § 1512(b)(3).

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SUPERSEDING INDICTMENT              28

1    <u>COUNT TWENTY</u>: 18 U.S.C. § 1512(b)(3) (Tampering with a Witness)

2        On or about January 11, 2000, in the Northern District of California and elsewhere,

3    the defendant

4                              PRASAD LAKIREDDY

5    did knowingly use intimidation, threaten, and corruptly persuade and did attempt to use

6    intimidation, threaten, and corruptly persuade another person, that is, Victim #1, with

7    intent to hinder, delay, and prevent the communication to a law enforcement officer of the

8    United States of information relating to the commission and possible commission of a

9    Federal offense in violation of 18 U.S.C. § 1512(b)(3).

SUPERSEDING INDICTMENT                29

1  COUNT TWENTY-ONE: 18 U.S.C. § 1512(b)(3) (Tampering with a Witness)

2       On or about November 25, 1999, in the Northern District of California and

3  elsewhere, the defendant

4                         PRASAD LAKIREDDY

5  did knowingly use intimidation, threaten, and corruptly persuade and did attempt to use

6  intimidation, threaten, and corruptly persuade another person, that is, a woman using the

7  name Padma Vemireddy, with intent to hinder, delay, and prevent the communication to a

8  law enforcement officer of the United States of information relating to the commission

9  and possible commission of a Federal offense in violation of 18 U.S.C. § 1512(b)(3).

10

11  DATED:                              A TRUE BILL.

12

13

14                                      FOREPERSON

15  ROBERT S. MUELLER, III
    United States Attorney
16

17

18  _____
    JOHN W. KENNEDY
19  Chief, Oakland Branch

20  (Approved as to form:  _____)
                            AUSA Kennedy
21

22

23

24

25

26

27  Indictment SSI Vijay & Prasad

28

SUPERSEDING INDICTMENT                  30