LATHAM & WATKINS LLP
 Peter A. Wald (Bar No. 085705)
 John P. Flynn (Bar No. 141094)
 Randall T. Kim (Bar No. 196244)
 Shannon M. Eagan (Bar No. 212830)
505 Montgomery Street, Suite 1900
San Francisco, California 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095

ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
 Michael Rubin (Bar No. 80618)
 Scott A. Kronland (Bar No. 171693)
 Rebekah B. Evenson (Bar No. 207825)
177 Post Street, Suite 300
San Francisco, California 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE I, et al., | CASE NO. C-02-5570-WHA |
| Plaintiffs, | |
| v. | **PLAINTIFFS' MOTION TO CHANGE TIME FOR CLASS CERTIFICATION MOTION [LOCAL RULE 6-3]** |
| LAKIREDDY BALI REDDY, et al., | |
| Defendants. | **EXPEDITED CONSIDERATION REQUESTED** |

Plaintiffs Jane Does I through VIII, Sreekanth Kollipara, and Jarmani and Lakshmi Prattipati (hereinafter "plaintiffs"), by and through their undersigned counsel, hereby submit this motion to enlarge plaintiffs' time to move for class certification from September 18, 2003 to October 20, 2003. Because the class certification deadline is fast approaching and because defendants are not permitting the critical person-most-knowledgeable corporate

depositions to go forward as scheduled on September 15 and 16, 2003, plaintiffs urge the Court to consider this request as expeditiously as possible given the Court's busy calendar.

Good cause exists for this request. Despite ample notice (starting last spring) that plaintiffs intended to take the depositions of the two principal corporate defendant employers before filing their wage and hour class certification motion, defendants have refused to make the 30(b)(6) designees for those entities available. Those two PMK depositions were first noticed in mid-June, were twice taken off calendar by defendants, and were then re-set by plaintiffs for September 15 and 16 – which dates are shortly before the current September 18, 2003 class certification filing deadline. Late last week, defendants informed plaintiffs that they cannot make any corporate 30(b)(6) witnesses available on either day. However, the testimony of defendant-employers' 30(b)(6) witnesses could be critical to plaintiffs' motion for class certification, and plaintiffs' inability to obtain defendants' scheduling cooperation provides good cause for the requested extension of time.

No prejudice will result from plaintiffs' requested extension. Twelve of the thirteen defendants (all except Prasad Lakireddy) have already agreed to the extension, and granting it should have no effect on the remaining deadlines in the case. Accordingly, plaintiffs respectfully request a brief extension until after they are able to complete the depositions of the person most knowledgeable of Pasand Madras Cuisine and Jay Construction. In the alternative, plaintiffs request an order compelling defendants to produce 30(b)(6) witnesses for those two corporate defendants for deposition on September 15 and 16, 2003.

## I. BACKGROUND

Plaintiffs have asserted wage and hour claims on behalf of a class of persons who were employed by certain entity defendants but were not paid the legally-mandated minimum wage or overtime premiums for their labor. In connection with those claims (and others), plaintiffs initially noticed the depositions of defendants Pasand Madras Cuisine and Jay Construction on June 12, 2003. See Declaration of Randall T. Kim in Support of Motion to Change Time ("Kim Decl.") ¶ 2 and Exs. A & B. The dates for deposition set by those notices, which were issued pursuant to paragraph 10 of this Court's Supplemental Order to Order Setting

Initial Case Management Conference in Civil Cases Before Judge William Alsup ("Supplemental Order"), were July 17 and 24, respectively. *See* Kim Decl. ¶ 2.

Defendants exercised their right under the Supplemental Order to re-set those depositions, re-calendaring both for August 15, 2003. *See* Kim Decl. ¶ 3. In late July, for the mutual convenience of all parties (there were then two other depositions set for that same day), plaintiffs agreed to defendants' request to take off calendar and then to re-schedule the 30(b)(6) depositions of Pasand Madras Cuisine and Jay Construction. *See* Kim Decl. ¶ 4.

On August 4, 2003, the Court issued an Order to Show Cause requiring the plaintiffs to explain their intentions with respect to class certification by August 11. The Court also set September 18 as the date by which plaintiffs were required to move for class certification as to any of their claims. At the time, the parties were about to begin an exhaustive August deposition schedule, with approximately 14 depositions then scheduled for the month. *See* Kim Decl. ¶ 5.

Two of the earliest and most important depositions were those of defendants Jayaprakash Reddy Lakireddy (L.B. Reddy's brother) and defendant L.B. Reddy himself. (Jayaprakash's deposition was particularly important because he seemed to be the person most knowledgeable about the entity defendants' wage and hour practices, given that he signed verifications of the discovery responses provided by both Pasand Madras Cuisine and Jay Construction.) On the morning of Jayaprakash's deposition, however, counsel for defendants, Mr. Bolechowski, fell ill and could not proceed with the deposition. *See* Kim Decl. ¶ 6. Plaintiffs accommodated Mr. Bolechowski's predicament by agreeing to take off calendar and later to re-schedule the depositions of both Jayaprakash Lakireddy and L.B. Reddy. *See* Kim Decl. ¶ 6. Those depositions have not yet been conducted.

On August 29, after reviewing the defendants' inadequate wage and hour discovery responses, counsel for plaintiffs notified defendants that they intended to take the depositions of Pasand Madras Cuisine's and Jay Construction's 30(b)(6) designees prior to the September 18 deadline imposed by the Court and inquiring about the availability of those defendants' witnesses. *See* Kim Decl. ¶ 7. On September 2, plaintiffs' counsel proposed

September 15 and 16 as suitable dates, but told defense counsel that those depositions could be taken on almost any day before September 18. *See* Kim Decl. ¶ 8 and Ex. C. In response, defendants indicated that they were not available before September 18 – a period of nearly three weeks in which supposedly *none* of the attorneys from the four separate law firms representing defendants could attend the depositions (Prasad Lakireddy has been represented by at least six lawyers at two firms; the other defendants by at least five lawyers at two other firms). Defendants' counsel proposed September 30 and October 6 as alternate dates. *See* Kim Decl. ¶ 9 and Ex. D.

On September 3, all parties except Prasad Lakireddy agreed to stipulate to an extension of the class certification date by one month to permit plaintiffs to take the depositions of Pasand Madras Cuisine and Jay Construction in late September or early October. *See* Kim Decl. ¶ 10. The parties also agreed that such an extension would not in any way affect the discovery cutoff or the trial date. Plaintiffs prepared a stipulation on September 4 and counsel for the non-Prasad defendants provided a few small edits the following day, which plaintiffs accepted. *See* Kim Decl. ¶ 11. The terms of that stipulation were discussed among all counsel and the proposed edits were circulated during two depositions last week at which counsel for all parties participated. On September 8, 2003, when plaintiffs circulated the final approved version of the stipulation for all counsel's signature, Prasad's counsel for the first time stated that they would refuse to sign unless the discovery cutoff and trial date were also pushed back. *See* Kim Decl. ¶ 12 and Exs. E & F.

Because the parties could no longer file a stipulation, this motion pursuant to Local Rule 6-3 followed.

## II.   ARGUMENT

### A.   The Depositions of the Employers Could Prove Essential to Plaintiffs' Wage and Hour Class Certification Motion

To prevail on their class certification motion, plaintiffs must demonstrate that defendant employers had sufficiently uniform wage and hour practices to justify class-wide treatment. While in many cases such practices may be discerned from formal company

4

documents, such as employee policies, payroll records, and the like, defendants in this case have indicated that, for the most part, those documents simply do not exist. (To the extent any payroll-related records do exist, defendants only produced them this past Friday, September 5, 2003, as part of a 90+ box document production made under order of compulsion by Magistrate Judge James.) For that reason, it is extremely important that plaintiffs be permitted to ask the employers directly about the policies and practices they followed with respect to their workers.

### B. As the Other Defendants Have Conceded, Prasad Will Suffer No Prejudice from an Enlargement of Time for Plaintiffs' Class Certification Motion

Twelve of the thirteen defendants agreed to stipulate to the enlargement of time now sought by the plaintiffs, including those defendant-employers whose depositions plaintiffs seek to take prior to moving for class certification. The stipulation approved by the non-Prasad defendants made clear that no other deadlines, including the trial date, would be affected by the one-month extension on class certification.

Plaintiffs expect defendant Prasad Lakireddy to argue that the discovery cut-off and trial date must also be continued. But Prasad will not be a defendant to any of the claims for which plaintiffs will be seeking class-wide treatment (indeed, under the elements of the statutes invoked by plaintiffs, an individual person is not an appropriate defendant). As such, Prasad's recalcitrance must be seen for what it is: an effort to delay these proceedings as much as possible, as he has done with the criminal proceedings now pending against him. Prasad can offer no reason why enlargement of plaintiffs' time to move for class certification causes him any prejudice.

## III. CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that the Court extend the time by which plaintiffs may move for class certification by approximately one month, until on or about October 20, 2003, so that plaintiffs will be able to depose the defendant-employers' persons most knowledgeable regarding their wage and hour practices before filing the motion for class certification. Such an extension will not affect any other existing deadlines and will cause no prejudice to any party. In the alternative, plaintiffs would ask that the Court compel the

5

1  attendance of Pasand Madras Cuisine's and Jay Construction's 30(b)(6) designees on
2  September 15 and 16, 2003.

3

4  Dated: September 9, 2003

    LATHAM & WATKINS LLP
      Peter A. Wald
      John P. Flynn
      Randall T. Kim
      Shannon M. Eagan

By _____
    Randall T. Kim

ALTSHULER, BERZON, NUSSBAUM,
RUBIN & DEMAIN
    Michael Rubin
    Scott A. Kronland
    Rebekah B. Evenson

ATTORNEYS FOR PLAINTIFFS

SF\431909.3