MICHAEL RUBIN (#80618)
SCOTT A. KRONLAND (#171693)
REBEKAH B. EVENSON (#207825)
Altshuler, Berzon, Nussbaum, Rubin & Demain
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE I, et al., | No. C-02-5570 VRW |
| Plaintiffs, | **PLAINTIFF JANE DOE I'S FIRST SET OF INTERROGATORIES TO DEFENDANT LAKIREDDY BALI REDDY** |
| v. | |
| LAKIREDDY BALI REDDY, et al., | |
| Defendants. | [FRCP 33] |

PROPOUNDING PARTY:   Plaintiff Jane Doe I

RESPONDING PARTY:    Lakireddy Bali Reddy

SET:        One

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff requests that the responding party named above answer the following Interrogatories separately and fully in writing and under oath and serve a copy of the answers upon the undersigned counsel within thirty (30) days after service of these Interrogatories. In answering these Interrogatories, the responding party is required not only to furnish information available from the responding party's own personal knowledge and records but also information that is available to the responding party's attorneys, investigators, insurance carriers, agents or anyone else acting on the responding party's behalf.

## DEFINITIONS

For purposes of these Interrogatories, terms in ALL CAPS are defined as follows:

DOCUMENT means, in addition to its common meaning, the original and every non-

identical copy or draft of or attachment to any printed, electronically stored, typewritten, handwritten, graphic, or photographic matter of whatever character, and/or sound reproduction by a magnetic recording, tapes, videotapes, records or other devices, however produced or reproduced, including but not limited to "writings" as defined by Federal Rule of Evidence 1001(1), contracts, memoranda, reports, correspondence, letters, electronic mail, Internet web pages, studies, diaries, transcripts, tapes, recordings, printouts, statements, accountings, ledgers, journals, balance sheets, income statements, notes, charts, checks, calendars, pictures, books, internal memoranda, computer disks and hard drives, tabulations, data compilations, diagrams, drafts of a document, summaries, work papers, receipts, checks, check stubs, time slips, deposit slips, and records or transcripts of meetings, conferences, and telephonic or other conversations of communications and all tangible things upon which any form of communication is or may be recorded or reproduced. "DOCUMENT" also includes every document that includes handwritten or other notations or that otherwise does not precisely duplicate the original and all attachments to any document.

    EMPLOY and EMPLOYEE have the same meanings as in the Wage Orders of the California Industrial Welfare Commission, and include individuals who perform labor without compensation.

    ENTITY means a corporation, partnership, joint venture, trust, sole proprietorship, limited liability partnership, unincorporated association, and any other type of organization.

    IDENTIFY means: (a) with respect to a natural person, to provide the person's full name, last known residence address and telephone number, last known business address and telephone number and, if the person is related to YOU, how the person is related to YOU (e.g. brother, uncle);

    (b) with respect to an ENTITY, to provide the ENTITY's full name, the type of ENTITY (i.e. corporation, partnership, trust), the main address and telephone number for the ENTITY, and the ENTITY's agent for service of process.

    (c) with respect to a DOCUMENT, to describe the document with sufficient detail and specificity for it to be subpoenaed, including by IDENTIFYING the person(s) who has/have

1 possession, custody, and/or control over the DOCUMENT. If the DOCUMENT has been or is
2 being produced in discovery, IDENTIFY means to provide the bates numbers for the
3 DOCUMENT so it can be located.

4     LIVING RELATIVES means YOUR parents, step-parents, siblings, half-siblings,
5 spouses, former spouses, children, step-children, aunts, uncles, nieces, nephews, and first
6 cousins who are presently alive.

7     OFF THE BOOKS means that YOU did not deduct Social Security and Medicare taxes
8 from an EMPLOYEE'S WAGES, pay the taxes to the Internal Revenue Service, and report the
9 wages to the Social Security Administration.

10     ORGANIZATIONAL DOCUMENTS means corporate charters, certificates of
11 incorporation, partnership agreements, joint venture agreements and bylaws.

12     PLAINTIFFS means plaintiffs Jane Doe I, Jane Doe II, Jane Doe III, Jane Doe IV, Jane
13 Doe V, Jane Doe VI, Jane Doe VII, Jane Doe VIII, Sreekanth Kollipara, and decedent Chanti
14 Jyotsna Devi Prattipati.

15     PLEA AGREEMENT means the Plea Agreement entered in the United States District
16 Court for the Northern District of California for Lakireddy Bali Reddy in Case No. CR-00-4028-
17 SBA, on March 7, 2001.

18     SEXUAL RELATIONS means any one or more of the following: sexual intercourse,
19 oral sex and anal sex.

20     WAGES has the same meaning as in California Labor Code section 200.

21     YOU and YOUR refer to the defendant responding to the Interrogatory.

22     <u>INTERROGATORIES</u>

23     1.    State YOUR full name and date of birth.

24     2.    State any other names (including fictitious business names) that YOU have used
25 at any time between 1982 and the present.

26     3.    IDENTIFY every ENTITY in which you held, directly or indirectly, a 10 percent
27 or greater ownership interest at any time between January 1, 1990 and the present.

28     4.    IDENTIFY YOUR LIVING RELATIVES.

5. Did YOU ever EMPLOY any of the PLAINTIFFS to perform work in California?

6. If YOUR answer to Interrogatory No. 5 is yes, list the PLAINTIFFS whom you EMPLOYED to perform work in California and provide their respective dates of EMPLOYMENT.

7. For each of the PLAINTIFFS listed in response to Interrogatory No. 6, IDENTIFY all DOCUMENTS that report the number of hours worked by the PLAINTIFF as YOUR EMPLOYEE in California and/or the WAGES paid to PLAINTIFF for such work.

8. For each of the PLAINTIFFS listed in response to Interrogatory No. 6, state whether YOU ever EMPLOYED the PLAINTIFF to perform work in California OFF THE BOOKS.

9. For each of the PLAINTIFFS listed in response to Interrogatory No. 6, provide a complete itemization of all money and other things of value that were provided to the PLAINTIFF (or his or her family) as full or partial compensation for the PLAINTIFF's labor as YOUR employee in California and that are not reported in the records YOU identified in response to Interrogatory No. 7.

10. For each of the PLAINTIFFS listed in response to Interrogatory No. 6, provide a complete listing of the hours worked by the PLAINTIFF as YOUR employee in California that are not reported in the records YOU identified in response to Interrogatory No. 7.

11. IDENTIFY every person (other than the PLAINTIFFS) whom YOU EMPLOYED to perform work in California at any time between January 1, 1990 and the present and provide their respective dates of EMPLOYMENT.

12. For each person identified in response to Interrogatory No. 11, state whether YOU ever EMPLOYED the person to perform work in California OFF THE BOOKS.

13. For each of the PLAINTIFFS, IDENTIFY every person and ENTITY that EMPLOYED the PLAINTIFF to perform work in California at any time prior to January 1, 2000 and provide the dates of EMPLOYMENT.

14. Did YOU ever have SEXUAL RELATIONS with any of the PLAINTIFFS?

1   15.  If YOUR answer to Interrogatory No. 14 is yes, list the PLAINTIFFS with whom
2   you had SEXUAL RELATIONS.
3   16.  For each PLAINTIFF listed in response to Interrogatory No. 15, state the number
4   of times you had SEXUAL RELATIONS with the PLAINTIFF. (If YOU cannot provide the
5   exact number, provide your best approximation.)
6   17.  For each PLAINTIFF listed in response to Interrogatory No. 15, state the earliest
7   date and the most recent date on which you had SEXUAL RELATIONS with the PLAINTIFF.
8   (If YOU cannot provide the exact date, provide your best approximation.)
9   18.  For each PLAINTIFF listed in response to Interrogatory No. 15, state the physical
10  location(s) where you had SEXUAL RELATIONS with the PLAINTIFF. (If YOU cannot
11  provide the exact location(s), provide your best approximation.)
12  19.  In YOUR PLEA AGREEMENT, YOU admit that "[b]etween 1986 and January
13  2000, [YOU] agreed with [YOUR] codefendants and others to bring Indian nationals into the
14  United States on the basis of fraudulent visas." IDENTIFY all the "Indian Nationals" whom
15  you "agreed with [YOUR] codefendants and others to bring . . . into the United States on the
16  basis of fraudulent visas."
17  20.  In YOUR PLEA AGREEMENT, YOU admit that "[b]etween 1986 and January
18  2000, [YOU] agreed with [YOUR] codefendants and others to bring Indian nationals into the
19  United States on the basis of fraudulent visas." IDENTIFY all the "codefendants and others"
20  with whom you "agreed . . . to bring Indian Nationals into the United States on the basis of
21  fraudulent visas."
22  21.  In YOUR PLEA AGREEMENT, YOU admit that YOU "arranged and directed
23  others to make arrangements to encourage aliens to sign and submit false visa petitions, to
24  obtain fraudulent Indian passports, and to enter the United States under false identities."
25  IDENTIFY all the "aliens" whom YOU "arranged and directed others to make arrangements to
26  encourage . . . to sign and submit false visa petitions, to obtain fraudulent Indian passports, and
27  to enter the United States under false identities."
28

PLAINTIFF'S FIRST SET OF INTERROGATORIES, CASE NO. C-02-5570                    5

1  22. In YOUR PLEA AGREEMENT, YOU admit to engaging in a conspiracy to
2  bring Indian nationals into the United States on the basis of fraudulent visas. IDENTIFY all the
3  other participants in this conspiracy.

4  23. In YOUR PLEA AGREEMENT, YOU admit to engaging in a conspiracy to
5  bring Indian nationals into the United States on the basis of fraudulent visas. IDENTIFY all the
6  Indian nationals who were brought into the United States pursuant to this conspiracy.

7  Dated: December 2, 2002                    ALTSHULER, BERZON, NUSSBAUM,
                                              RUBIN & DEMAIN

                                              By: /s/ Scott Kronland
                                              Michael Rubin
                                              Scott A. Kronland
                                              Rebekah B. Evenson

                                              Attorneys for Plaintiffs

F:\Reddy\Global Case\Discovery\Interrogs\LBReddy.1st Set.12-02-02.wpd