MICHAEL W. BOLECHOWSKI (SBN: 118725)
MARK C. RASKOFF (SBN: 72330)
DAVID L. HART (SBN: 219517)
BISHOP, BARRY, HOWE, HANEY & RYDER
2000 Powell Street, Suite 1425
Emeryville, California 94608
Telephone: 510-596-0888
Facsimile: 510-596-0899

Attorneys for all Defendants except Prasad Lakireddy

IN THE UNITED STATES DISTRICT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE I; et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>LAKIREDDY BALI REDDY, et al.,<br>Defendants. | Case No. C-02-5570-WHA<br><br>**SUPPLEMENTAL RESPONSES TO PLAINTIFF JANE DOE INTERROGATORIES TO DEFENDANT LAKIREDDY BALI REDDY**<br><br>**AMENDED** |

PROPOUNDING PARTY:  PLAINTIFF JANE DOE 1

RESPONDING PARTY:  LAKIREDDY BALI REDDY

SET NUMBER:  ONE

13. For each of the PLAINTIFFS, IDENTIFY every person and ENTITY that EMPLOYED the PLAINTIFF to perform work in California at any time prior to January 1, 2000 and provide the dates of EMPLOYMENT.

**RESPONSE:**

  1. DOE I often socialized at restaurant Pasand Madras Cuisine, but never was employed by any defendant. Defendants don't know anyone else that employed this plaintiff.

  2. DOE II often socialized at restaurant Pasand Madras Cuisine, but never was

622-22888

1

SUPPLEMENTAL RESPONSES TO PLAINTIFF JANE DOE INTERROGATORIES TO DEFENDANT
LAKIREDDY BALI REDDY

C-02-5570-WHA

employed by any defendant. Defendants don't know anyone else that employed this plaintiff.

3. DOE III worked for various restaurants owned by Defendants on an "as needed basis" and was employed by Jay Construction from 1995 until the end of 1999 as well n an "as needed basis". Defendants can not be more specific with regard to the hours Doe III worked. Defendants did pay for several trips to India for Doe III for months. During the vacations to India Doe III performed no work for Defendants. Defendants don't know anyone else that employed this plaintiff.

4. DOE IV worked for Jay Construction from 1995 until 1999. Doe IV was paid by Active Tech Solutions but never performed any actual work for Active Tech Solutions. Defendants have searched records and are unable to determine the hours this plaintiff worked per week. Defendants paid for Doe IV to take trips back to India for several months at a time. Defendants believe Doe IV worked at Subway Sandwiches in Berkeley. Defendants have made a diligent search, but are unable to give more specific information. Defendants don't know anyone else that employed this plaintiff.

5. DOE V worked for Jay Construction from 1995 until 1999. Defendants paid for Doe V to take trips back to India for several months at a time. Defendants have searched records and are unable to determine the hours the plaintiff worked per week. Defendants don't know anyone else that employed this plaintiff.

6. DOE VI worked for Jay Construction from 1995 until 1999. Defendants paid for Doe VI to take trips back to India for several months at a time. Defendants have made a diligent search of the records but are unable to give specific information on the hours this plaintiff worked. Defendants don't know anyone else that employed this plaintiff.

7. DOE VII was never employed by a Defendant. Defendants don't know anyone else that employed this plaintiff.

8. DOE VIII worked for Pasand Madras Cuisine from September of 1999 until




January of 2000. Defendants can not be more specific concerning the hours she worked. Defendants are not aware of Doe VIII's other employers.

9. SREEKANTH KOLLIPARA came to the United States in December of 1999 to work for Active Tech Solutions but never worked for Active Tech Solutions. Defendants don't know anyone else that employed this plaintiff.

10. CHANTIJYOSTHNA DEVI PRATTIPATI often socialized at restaurant Pasand Madras Cuisine, but never was employed by any defendant. Defendants don't know anyone else that employed this plaintiff.

19. In YOUR PLEA AGREEMENT, YOU admit that "[b]etween 1986 and January 2000, [YOU] agreed with [YOUR] codefendants and others to bring Indian nationals into the United States on the basis of fraudulent visas." IDENTIFY all the "Indian Nationals" whom you "agreed with [YOUR] codefendants and others to bring. . . into the United States on the basis of fraudulent visas."

**RESPONSE:** I have responded to discovery based on the advice of my criminal counsel to assert my Fifth Amendment privilege against self-incrimination where necessary. I have been informed that this court has ruled that I am not entitled to assert my Fifth Amendment rights against self-incrimination and that I must respond to discovery. I also understand that under Federal Rule of Civil Procedure 37, this Court has the power to enter monetary sanctions and other sanctions that could cause me and my family great economic harm. Although I respectfully disagree with the Court's Order I am providing the following answer because I fear this Court's sanctions. I am making no voluntary waiver of my Fifth Amendment rights against self-incrimination and I do not waive my rights to judicially challenge this Court's Order.

I assisted the following individuals; Doe I, Doe II, Doe III, Doe IV, Doe V, Doe VI, Doe VIII, Jhansi Vemireddy, Ambika Velvadapu, Koteswara Gurrala, Koteswari Patakottu, Sriram Reddy Kudumula, Kota Reddy Kudumula, Somulu Garlapati, Ramulamma Chattu, Gopal Yerragunta, Kittemma Yerragunta, Sudha Mallu, Krishna Reddy Mallu, Shaik Ali Khan, Shaik Kudan Saheb, Shaik Meera Vali and Shaik Subhani.




20. In YOUR PLEA AGREEMENT, YOU admit that "[b]etween 1986 and January 2000, [YOU] agreed with [YOUR] codefendants and others to bring Indian nationals into the United States on the basis of fraudulent visas." IDENTIFY all the "codefendants and others" with whom you "agreed... to bring Indian Nationals into the United States on the basis of fraudulent visas."

RESPONSE: I have responded to discovery based on the advice of my criminal counsel to assert my Fifth Amendment privilege against self-incrimination where necessary. I have been informed that this court has ruled that I am not entitled to assert my Fifth Amendment rights against self-incrimination and that I must respond to discovery. I also understand that under Federal Rule of Civil Procedure 37, this Court has the power to enter monetary sanctions and other sanctions that could cause me and my family great economic harm. Although I respectfully disagree with the Court's Order I am providing the following answer because I fear this Court's sanctions. I am making no voluntary waiver of my Fifth Amendment rights against self-incrimination and I do not waive my rights to judicially challenge this Court's Order.

The only individuals I agreed to assist in coming to the United States with fraudulent immigration Are listed in response to interrogatory 19.

21. In YOUR PLEA AGREEMENT, YOU admit that YOU "arranged and directed others to make arrangements to encourage aliens to sign and submit false visa petitions, to obtain fraudulent Indian passports, and to enter the United States under false identities." IDENTIFY all the "aliens" whom YOU "arranged and directed others to make arrangements to encourage... to sign and submit false visa petitions, to obtain fraudulent Indian passports, and to enter the United States under false identities."

RESPONSE: I have responded to discovery based on the advice of my criminal counsel to assert my Fifth Amendment privilege against self-incrimination where necessary. I have been informed that this court has ruled that I am not entitled to assert my Fifth Amendment rights against self-incrimination and that I must respond to discovery. I also understand that under Federal Rule of

BISHOP, BARRY, HOWE, HANEY & RYDER
A PROFESSIONAL CORPORATION
2000 Powell Street, Suite 1425, Emeryville, California 94608
Tel. No. (510) 596-0888  Facsimile (510) 596-0899




Civil Procedure 37, this Court has the power to enter monetary sanctions and other sanctions that could cause me and my family great economic harm. Although I respectfully disagree with the Court's Order I am providing the following answer because I fear this Court's sanctions. I am making no voluntary waiver of my Fifth Amendment rights against self-incrimination and I do not waive my rights to judicially challenge this Court's Order.

The only individuals I agreed to assist in coming to the United States with fraudulent immigration Are listed in response to interrogatory 19.

22. In YOUR PLEA AGREEMENT, YOU admit to engaging in a conspiracy to bring Indian nationals into the United States on the basis of fraudulent visas. IDENTIFY all the other participants in this conspiracy.

RESPONSE: I have responded to discovery based on the advice of my criminal counsel to assert my Fifth Amendment privilege against self-incrimination where necessary. I have been informed that this court has ruled that I am not entitled to assert my Fifth Amendment rights against self-incrimination and that I must respond to discovery. I also understand that under Federal Rule of Civil Procedure 37, this Court has the power to enter monetary sanctions and other sanctions that could cause me and my family great economic harm. Although I respectfully disagree with the Court's Order I am providing the following answer because I fear this Court's sanctions. I am making no voluntary waiver of my Fifth Amendment rights against self-incrimination and I do not waive my rights to judicially challenge this Court's Order.

I assisted the following individuals; Doe I, Doe II, Doe III, Doe IV, Doe V, Doe VI, Doe VIII, Jhansi Vemireddy, Ambika Velvadapu, Koteswara Gurrala, Koteswari Patakottu, Sriram Reddy Kudumula, Kota Reddy Kudumula, Somulu Garlapati, Ramulamma Chattu, Gopal Yerragunta, Kittemma Yerragunta, Sudha Mallu, Krishna Reddy Mallu, Shaik Ali Khan, Shaik Kudan Saheb, Shaik Meera Vali and Shaik Subhani.

23. In YOUR PLEA AGREEMENT, YOU admit to engaging in a conspiracy to bring Indian nationals into the United States on the basis of fraudulent visas. IDENTIFY all the Indian nationals who were brought into the United States pursuant to this conspiracy.

**RESPONSE:** I have responded to discovery based on the advice of my criminal counsel to assert my Fifth Amendment privilege against self-incrimination where necessary. I have been informed that this court has ruled that I am not entitled to assert my Fifth Amendment rights against self-incrimination and that I must respond to discovery. I also understand that under Federal Rule of Civil Procedure 37, this Court has the power to enter monetary sanctions and other sanctions that could cause me and my family great economic harm. Although I respectfully disagree with the Court's Order I am providing the following answer because I fear this Court's sanctions. I am making no voluntary waiver of my Fifth Amendment rights against self-incrimination and I do not waive my rights to judicially challenge this Court's Order.

The only individuals I agreed to assist in coming to the United States with fraudulent immigration Are listed in response to interrogatory 19.

Dated: 7-28-03

BISHOP, BARRY, HOWE, HANEY & RYDER

By: _____
MICHAEL W BOLECHOWSKI
MARK C. RASKOFF
DAVID L. HART



## VERIFICATION
## RESPONSES TO PLAINTIFF'S DISCOVERY

[ ]   I, Lakireddy Bali Reddy am an owner of the Defendant and the foregoing answers are based upon my investigation into the facts concerning each specific request.

[ ]   I am an officer or agent of the party providing this Verification, and am authorized to make this Verification for and on its behalf, and I make this Verification for that reason; I have read the attached document(s) and know the contents; I am informed and believe and upon that ground allege that the matters stated in said document(s) are true.

[ ]   I am one of the general partners of the partnership providing this Verification, and am authorized to make this Verification for and on behalf of the partnership, and I make this Verification for that reason; I have read the attached document(s) and know the contents; I am informed and believe and upon that ground allege that the matters stated in said document(s) are true.

[ ]   I am one of the attorneys for the party required to provide this verified Answer; I make this Verification on behalf of said party who is absent from the County of Alameda, California, where I have my office; I have read the attached Answer and know its contents; I am informed and believe and on that ground allege that the matters stated in it are true.

[ ]   I am one of the attorneys for the party required to provide this verified response. I make this Verification for the reason checked below:

    [ ]   because the facts alleged in the attached document are within my own personal knowledge, and are not within the knowledge of the responding party or any of its agents or employees;

    [ ]   because the responding party's whereabouts are unknown to me, said party has failed to communicate with me concerning the subject litigation, and it is impossible, impractical or futile to secure said party's Verification to the attached document;

The matters stated in the attached document are true of my own knowledge, except as to any matters stated therein upon information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Verification was executed on JULY 19, 2003 at LOMPOC, California.

_____
Lakireddy Bali Reddy

BISHOP, BARRY, HOWE, HANEY & RYDER
A PROFESSIONAL CORPORATION
2000 Powell Street, Suite 1425, Emeryville, California 94608
Tel. No. (510) 596-0888   Facsimile (510) 596-0899

622-22888

1
VERIFICATION

G:\22888\USDC\DISCOVERY\VERIFICATION-LB.doc