SAN FRANCISCO
Los Angeles
New York
Redwood City
San Jose

333 Market Street, Suite 3150
San Francisco, California 94105
Telephone (415) 543-4800
Facsimile (415) 274-6301
www.ropers.com




# FACSIMILE TRANSMISSION

**DATE:** October 20, 2003

**TO:**

| NAME | FAX NO. | PHONE NO. |
|---|---|---|
| Magistrate Judge Maria-Elena James<br>U.S. District Court - Northern District of California | (415) 522-2140 | |
| John Paul Flynn<br>Peter A Wald<br>Randall Thomas Kim<br>Shannon Marie Eagan<br>Latham & Watkins LLP | (415) 395-8095 | (415) 391-0600 |
| Michael Rubin<br>Rebekah Evenson<br>Scott A. Kronland<br>Altshuler Berzon Nussbaum Rubin & Demain | (415) 362-8064 | (415) 421-7151 |
| Stephen G. Corrigan<br>U.S. Attorney's Office | (510) 637-3724 | (510) 637-3678 |
| Mark C. Raskoff<br>Mary A. Kiker<br>Michael W. Bolechowski<br>Bishop Barry Howe Haney & Ryder | (510) 596-0899 | (510) 596-0888 |
| William S. Berland<br>Ferguson & Berland | (510) 548-3143 | (510) 548-9005 |
| Gail G. Quan<br>Jonathan R. Bass<br>Naomi Rustomjee<br>Coblentz, Patch, Duffy & Bass, LLP | (415) 989-1663 | (415) 391-4800 |
| Maame A. F. Ewusi-Mensah<br>Morrison & Foerster LLP | (415) 268-7522 | (415) 268-7000 |
| Paul Delano Wolf<br>Law Office of Paul Delano Wolf | (510) 451-3002 | (510) 451-4600 |
| Susan Raffanti | (510) 451-1466 | (510) 451-2825 |
| Scott Sugarman | (415) 677-9445 | (415) 362-6252 |

**FROM:** James A. Lassart **PHONE:** (415) 274-6303

**RE:** Doe 1 v. Lakireddy Bali Reddy, et al.

**SENT BY:** Debra E. Kataoka Chan **PHONE:** (415) 274-6338

| FILE NUMBER: | CALL CODE: |
|---|---|
| NUMBER OF PAGES, INCLUDING COVER: 10 | ORIGINALS FOLLOW BY MAIL: YES |

**MESSAGE:**

THE DOCUMENTS ACCOMPANYING THIS FACSIMILE TRANSMISSION CONTAIN INFORMATION FROM THE LAW FIRM OF ROPERS, MAJESKI, KOHN & BENTLEY WHICH IS CONFIDENTIAL OR PRIVILEGED. THE INFORMATION IS INTENDED TO BE FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ON THIS TRANSMISSION SHEET. IF YOU ARE NOT THE INTENDED RECIPIENT, BE AWARE THAT ANY DISCLOSURE, COPYING, DISTRIBUTION OR USE OF THE CONTENTS OF THIS FAXED INFORMATION IS PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE NOTIFY US BY TELEPHONE IMMEDIATELY SO THAT WE CAN ARRANGE FOR THE RETRIEVAL OF THE ORIGINAL DOCUMENTS AT NO COST TO YOU.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE CALL (415) 274-6338 AS SOON AS POSSIBLE.**

SAN FRANCISCO | 333 Market Street, Suite 3150
Los Angeles | San Francisco, California 94105
New York | Telephone (415) 543-4800
Redwood City | Facsimile (415) 274-6301
San Jose | www.ropers.com




James A. Lassart
(415) 274-6303

October 20, 2003

jlassart@ropers.com

**VIA FACSIMILE (415) 522-2140**
Magistrate Judge Maria-Elena James
U.S. District Court - Northern District of California
Courtroom B
450 Golden Gate Avenue, 15th Floor
San Francisco, California 94102

Re: Jane Doe I, et al. v. Lakireddy Bali Reddy, et al.
U.S. District Court No. C-02-5570-WHA

Dear Judge James:

This letter concerns a discovery problem which will arise on Wednesday October 22, 2003. The parties have met and conferred in person, but failed to agree. According, in accordance with the Court's Standing Order, this joint letter is submitted setting out the problem.

**POSITION OF THIRD PARTY WITNESSES VENKATAREDDY VEMIREDDY AND SIDHARTHA LAKIREDDY**
**(Submitted by Ropers, Majeski, Kohn & Bentley)**

We represent Venkatareddy Vemireddy and Sidhartha Lakireddy, who are not parties to the above action. I am addressing this discovery matter to you under your Standing Order Re Discovery because you are ruling on discovery matters in the case. I request a telephonic or other hearing on the matter described below prior to October 22, 2003.

My clients are third parties who have been served with deposition subpoenas by plaintiffs as witnesses in this action. Upon receipt of these subpoenas, I agreed to a date certain to the deposition of Venkatareddy Vemireddy on October 23, 2003. Plaintiffs are also requesting an agreed date for the deposition of Sidhartha Lakireddy, who has been subpoenaed to appear on October 22, 2003 for his deposition.

Following my agreement to the October 23 date, and approximately a week ago, I learned of the existence of federal law enforcement reports and Grand Jury transcripts which are related to pending criminal litigation in this Court (United States v. Lakireddy Bali Reddy, United States District Court, Northern District of California Case No. CR-00-40028-CW). I am informed that portions of those law enforcement reports and Grand Jury transcripts refer to or address my clients. I am also informed that all parties to this action and the aforementioned criminal






litigation have access to these documents, but that as counsel for a third party I am forbidden to review this same information because of a protective order issued in the criminal action.

Access to these law enforcement reports and Grand Jury transcripts (which are the subject of the protective order in the aforementioned criminal action) is essential for me to prepare my clients for the depositions and to advise them during those depositions as to the potential assertion of privilege, including the Fifth Amendment privilege against self-incrimination under the United States Constitution.

I am aware that a motion or stipulation is (or shortly will be) pending before Judge Claudia Wilken of this Court in the aforementioned criminal litigation. I believe that the motion (or stipulation) will result in my having access to the same law enforcement records and Grand Jury transcripts which the parties to this action (including subpoenaing plaintiffs) already have, and also permit me to prepare my clients for their depositions in this case and insure that their Fifth Amendment rights are protected at their depositions.

Although my clients are not parties to the criminal action either, I am attempting to participate before Judge Wilken, if necessary, for purposes of asserting my clients' interest and to facilitate my access to these government records. I do not anticipate that I will ultimately encounter difficulties in obtaining access to these government records once a modification to the protective order in the criminal case is approved, but time is needed so that the protective order now in place before Judge Wilken can be modified to permit my access. It is my belief that I will have access in time to prepare my clients for depositions during the week of November 11, 2003. It is, of course, possible that minor further delays may occur and I would also ask the Court to retain jurisdiction of this matter in the event that a minor further continuance is required.

Federal Rule of Civil Procedure 26(c) provides that a person from whom discovery is sought may move the Court in connection with the deposition for "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." A specific additional basis upon which a protective order can be granted includes an order designating or limiting the time of discovery. With respect to the management of discovery, "a District Court has broad powers of case management (see, e.g., Vivid Technologies, Inc. v. American Science and Engineering, Inc., 200 F.3d 795, 805 (Fed. Cir., 1999). The District Court may stay discovery to protect the Fifth Amendment rights of a deponent. (Wehling v. Columbia Broadcasting System, 608 F.2d 1084, 1088-89 (5th Cir. 1979). Although a stay may cause delay to the parties to litigation, the protection of deponents' rights against self-incrimination must be the most important consideration. (United States v. A Certain Parcel of Land, Moultonboro, 781 F. Supp. 830, 833 (D. N.H. 1993).






I have sought a stipulation to temporarily stay my clients' depositions. However, the subpoenaing parties declined to agree to a stay. Although counsel for the subpoenaing parties (Rebekah B. Evenson) asserted in an earlier meet and confer letter that my clients were long aware of the law enforcement records and Grand Jury transcripts mentioned above (a contention which is disputed by my clients), the relevant consideration is that (as their counsel) I was not aware of their reference to my clients, nor was I aware that the protective order in the criminal case allowed counsel who will be questioning my clients (but not me or my clients) access to these documents. Attached to this letter is a copy of a letter I received from Ms. Evenson dated October 17, 2003 in which she declines on behalf of plaintiffs to continue the deposition of Venkatareddy Vemireddy and requests an agreed-upon date for the deposition of Sidhartha Lakireddy; a copy of my reply to Ms. Evenson of October 17, 2003; and a copy of a letter sent by Adrian Driscoll of my office to Ms. Evenson, also requesting a stay of these depositions and offering an in-person meet and confer session.

Adrian Driscoll of my office met in person today with plaintiffs' attorney Scott Kronland at Mr. Kronland's office to meet and confer again. Mr. Kronland communicated his clients' refusal to agree to a temporary continuance of these two depositions, and agreed to supplement this joint letter as set out below. The reason given was the scheduling difficulties plaintiff's are encountering given the upcoming discovery cutoff, which Mr. Kronland said was November 21. My clients would be willing to appear for their depositions after that date if plaintiffs' scheduling difficulties required that step.

**I am available for a telephonic conference concerning this matter tomorrow (October 21, 2003) at 9:00 a.m., 1:30 p.m., 2:00 p.m. and 3:00 p.m. My direct line is (415) 274-6329. I anticipate that a telephonic conference will require 10-15 minutes.**

Very truly yours,

ROPERS, MAJESKI, KOHN & BENTLEY

JAMES A. LASSART

JAL:dekc

cc: All Counsel

SF1/155066.1/DK4






**POSITION OF PLAINTIFF**
**(Submitted by Altshuler, Berzon, Nussbaum, Rubin & Demain)**

Plaintiffs oppose a last-minute continuance of these third-party depositions, which are scheduled for Wednesday and Thursday of this week. Witnesses do not have the right to conduct discovery before complying with deposition subpoenas. Moreover, because of the impending discovery cut-off in this case, and the number of depositions yet to be completed, plaintiffs would be seriously prejudiced by a last-minute postponement of the depositions. The requested postponement should therefore be denied.

Venkatareddy Vemireddy and Sidhartha Lakireddy are nephews of defendant L.B. Reddy. Deposition subpoenas for their testimony were served on September 15, 2003 – more than a month ago – and counsel for defendants L.B. Reddy, *et al.* accepted service. The attorneys for Venkatareddy Vemireddy confirmed the October 23 date for his deposition; they stated that Sidhartha Lakireddy is not available for his October 22 deposition, but they have not proposed any alternative dates prior to November 11, so no continuance has been agreed to.

There is no provision in the Federal Rules of Civil Procedure for third-party witnesses to obtain discovery before testifying at depositions or at trial. Nor would there be a reason to provide for such discovery. The witnesses' only obligation is to appear and to testify truthfully.

The witnesses seek access to "law enforcement reports and Grand Jury transcripts" that concern or refer to them. Those reports and transcripts, however, are likely to also contain confidential information about the plaintiffs and other Government witnesses, which is one reason why the reports and transcripts are covered by a protective order entered in the criminal case against L.B. Reddy, *et al.*. The witness do not offer any authority to support their claim of entitlement to these materials, and disclosure could compromise the privacy and safety of plaintiffs and other individuals who cooperated with the Government investigation.

The witnesses assert that a review of Government documents might affect their decisions about whether to invoke the Fifth Amendment in response to deposition questions, but there is no reason to believe that is true. The witnesses are familiar with their own conduct, and they are therefore able to decide whether truthful answers to deposition questions are likely to incriminate them.

Equally to the point, even if a continuance might otherwise be appropriate, the discovery schedule in this case does not provide any leeway for a last-minute postponement of the depositions. The non-expert discovery cut-off is November 21, 2003, and more than 30 depositions remain to be completed between now and then. Other third-party deponents related






to or employed by defendants have also contacted plaintiffs demanding continuances; if the Court grants the request of Venkatareddy Vemireddy and Sidhartha Lakireddy for postponements, then other witnesses will make the same demand and discovery will never be completed by the firm deadline set by Judge Alsup.

The sum of the matter is that Venkatareddy Vemireddy and Sidhartha Lakireddy are not entitled to place pre-conditions on their compliance with deposition subpoenas. They also have had more than a month since their depositions were noticed to request modification of the protective order in the criminal case; they should not be granted a postponement to make the request now.

Respectfully submitted,

ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN

LATHAM & WATKINS

By /s/
Scott A. Kronland
Attorney for Plaintiffs

ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
ATTORNEYS AT LAW
177 POST STREET, SUITE 300
SAN FRANCISCO, CALIFORNIA 94108
(415) 421-7151
FAX (415) 362-8064
www.altshulerberzon.com

FRED H. ALTSHULER
STEPHEN P. BERZON
BARBARA J. CHISHOLM
JEFFREY B. DEMAIN
REBEKAH B. EVENSON
EILEEN B. GOLDSMITH
LAURA P. JURAN
SCOTT A. KRONLAND
DANIELLE E. LEONARD
STACEY M. LEYTON
LINDA LYE
PETER D. NUSSBAUM
DANIEL T. PURTELL
MICHAEL RUBIN
JONATHAN WEISSGLASS

ADAM B. WOLF
FELLOW

October 17, 2003

VIA FACSIMILE AND FIRST CLASS MAIL

James Antone Lassart
Ropers, Majeski, Kohn, et al.
333 Market Street, Suite 3150
San Francisco, CA 94105

Re: Jane Doe I, et al. v. Lakireddy Bali Reddy, *et al.*
United States District Court, N.D. Cal., Case No. C-02-5570 WHA

Dear Mr. Lassart:

We are writing to confirm that the deposition of Venkatareddy Vemireddy will go ahead as we previously agreed at 9:00 a.m. on October 23, 2003 at the offices of Latham and Watkins in San Francisco. I have previously left you phone messages asking whether Mr. Vemireddy will require a Telegu interpreter. If he does require an interpreter, please inform me by close of business Friday, October 17. Otherwise, we will assume that no interpreter will be needed.

We understand that you have made inquiry about reviewing certain materials prior to the deposition that are subject to a protective order. If you intend to seek review of such documents, it is your obligation to obtain a court order modifying the protective order. However, it is our position that the deposition will go forward on the agreed-upon date whether or not you have received permission to review the documents at issue. You have, of course, been on notice of this deposition for several weeks, and have already requested and been granted a two-week continuance of Mr. Vemireddy's deposition. Your client has been aware of these materials for more than three years.



James Antone Lassart, Esq.
Re: Jane Doe I, et al. v. Lakireddy Bali Reddy, *et al.*
October 17, 2003
Page 2

We understand that you also represent Sidhartha Lakireddy. Please provide us with a date for Mr. Lakireddy's deposition by the end of the day Monday, October 20, 2003.

Sincerely,

Rebekah B. Evenson

RBE/ec
cc: John Flynn
Michael W. Bolechowski
Jonathan R. Bass
Paul D. Wolf
(Via Facsimile and First Class Mail)

F:\Reddy\Global Case\Letters Sent\lassart 10.17.03 rc.wpd

SAN FRANCISCO
Los Angeles
New York
Redwood City
San Jose

333 Market Street, Suite 3150
San Francisco, California 94105
Telephone (415) 543-4800
Facsimile (415) 274-6301
www.ropers.com




James A. Lassart
(415) 274-6303

jlassart@ropers.com

October 17, 2003

**VIA FACSIMILE, E-MAIL AND U.S. MAIL**

Rebekah B. Evenson
Altshuler, Berzon, Nussbaum, Rubin & Demain
177 Post Street, Suite 300
San Francisco, California 94109

Re: Jane Doe 1, et al. v. Lakireddy Bali Reddy, et al.

Dear Ms. Evenson:

I am in receipt of your letter of October 17, 2003. I can inform you that Venkatareddy Vemireddy does not need an interpreter. I wish to inform you that I have only during the past week, learned that there were law enforcement reports and Grand Jury transcripts that apparently address my clients. I am also informed that all parties to the civil and criminal litigation have access to these documents, and that I am forbidden to review this information because of a protective order.

I have only been informed of this protective order in the past few days and I have absolutely no access to this essential information which is necessary to advise my clients Venkatareddy Vemireddy and Sidhartha Lakireddy as to the potential assertion of privilege.

Though you assert that Mr. Vemireddy has been aware of these materials for three years, you are not accurate, but that is not relevant. I am in need of these documents to properly advise my clients on the necessity of the assertion of privileges during deposition.

I can assure you that absent these documents that I will be handicapped and be unable to properly advise my clients, and they in turn will most likely be unable to provide a meaningful deposition. The protective order issue is complicated by the fact that a protective order exists in the criminal matter and I must seek permission to have standing before that court to request a modification to allow my review of this material.

I am in the process of attempting to appear before Judge Wilken for a modification of the protective order to facilitate my access to the necessary documents (I am assured cooperation once permission is authorized). I am informed that counsel for Prasad Lakireddy has, today, filed for a release of protected documents for review by third party deponents in the civil matter. As a result of these circumstances I must inform you that Sidhartha Lakireddy is not available for






a deposition next week but I can tentatively set his deposition for the week of November 11 in hopes of resolving the protective order issue rapidly. I also request that Venkatareddy Vemireddy's deposition be postponed until the week of November 11 again because of the absence of the necessary materials.

This is my opening letter to you in a meet and confer context to resolve these matters referencing Venkatareddy Vemireddy and Sidhartha Lakireddy. I request that you and all those on the proof of service agree to my access to the protected documents to facilitate these depositions in an orderly fashion.

Very truly yours,

ROPERS, MAJESKI, KOHN & BENTLEY

JAMES A. LASSART

JAL:dekc

SF1/155022.1/DK4

SAN FRANCISCO | 333 Market Street, Suite 3150
Los Angeles | San Francisco, California 94105
New York | Telephone (415) 543-4800
Redwood City | Facsimile (415) 274-6301
San Jose | www.ropers.com




Adrian G. Driscoll
(415) 274-6329

adriscoll@ropers.com

October 17, 2003

**VIA FACSIMILE, E-MAIL AND U.S. MAIL**

Rebekah B. Evenson
Altshuler, Berzon, Nussbaum, Rubin & Demain
177 Post Street, Suite 300
San Francisco, California 94109

Re: Jane Doe 1, et al. v. Lakireddy Bali Reddy, et al.

Dear Ms. Evenson:

In follow-up to Jim Lassart's letter of this date, please be advised that it is our intention (absent your agreement to the request made in Mr. Lassart's letter by Monday morning) to file with Magistrate Judge James an appropriate letter or motion on Monday requesting an immediate protective order staying the depositions of Venkatareddy Vemireddy and Sidhartha Lakireddy pending the resolution of the matters described in Mr. Lassart's letter.

We ask your stipulation to the request made in Mr. Lassart's letter as soon as possible. We are able to meet and confer with you in person on Monday concerning this motion.

Very truly yours,

ROPERS, MAJESKI, KOHN & BENTLEY

ADRIAN G. DRISCOLL

AGD:rl