United States District Court
For the Northern District of California

1
2
3
4
5

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOES I, et al., | No. C 02-5570 WHA  (MEJ) |
| Plaintiffs, | |
| vs. | ORDER DENYING DEFENDANTS' REQUEST FOR PRODUCTION OF PLAINTIFFS' ENTIRE IMMIGRATION FILES |
| LAKIREDDY BALI REDDY, et al., | |
| Defendants. | |

On December 12, 2003, the parties in the above-captioned matter filed a joint discovery dispute letter in which Defendants requested an order compelling Plaintiffs to produce their Department of Homeland Security immigration files. Defendants specifically requested access to Plaintiffs' asylum files under 8 C.F.R. § 208.6, which required Plaintiffs to sign written release forms before the Department of Homeland Security could release the files. Upon review of the December 12, 2003 letter, the Court found that any order compelling Plaintiffs to produce their immigration files may lead to duplicative discovery and ordered Plaintiffs to submit a declaration to Defendants detailing previous discovery related to Plaintiffs' immigration files. Order Re: Defendants' Request for Production of Plaintiffs' Immigration Files, December 16, 2003. In its Order, the Court stated that if it was Plaintiffs' position that the entire immigration files of each plaintiff had already been produced, they should declare this position clearly in their submission.

Now before the Court is the parties' follow-up letter to this dispute, filed on January 30, 2004. Defendants argue that Plaintiffs are refusing to confirm that all immigration materials, either in their possession or subject to access upon their request, have been produced. Defendants request the Court order Plaintiffs to create an additional declaration showing compliance with Paragraph 7 of Judge Alsup's

1  Supplemental Standing Order and indicating whether Plaintiffs' entire immigration files have been produced.

2  Plaintiffs respond that they have fully complied with this Court's December 16, 2003 Order and satisfied

3  the requirements under 8 C.F.R.§ 208.6.  Plaintiffs contend that Defendants are attempting to broaden the

4  scope of this Court's December 16, 2003 Order to include files that were not previously under dispute.

5  Plaintiffs further state that no immigration files are being hidden or withheld.

6        Upon review of the parties' letter, the Court finds that Defendants are improperly seeking to

7  broaden their original discovery request and broaden the scope of this Court's previous Order.  The

8  December 16, 2003 Order related to the immigration files in dispute under the December 12, 2003 letter,

9  specifically files which required a release under 8 C.F.R. § 208.6.  The December 16, 2003 Order did not

10 expand Plaintiffs discovery obligations to their entire immigration files.  Rather it sought to clarify Plaintiffs'

11 previous production efforts.

12       Plaintiffs submitted a Declaration by Michael Rubin in Response to the Court's December 16, 2003

13 Order.  The Court finds that Mr. Rubin's Declaration sufficiently satisfied this Court's Order by indicating

14 that all the immigration files in dispute under 8 C.F.R. § 208.6 had been released to Defendants or were

15 already in their possession. Plaintiffs are not required to perform additional Rule 34 search(es) of

16 immigration files which Plaintiffs received from Defendants.  The Court finds that Mr. Rubin's Declaration

17 satisfies Paragraph 7 of Judge Alsup's Supplemental Standing Order by specifying all immigration

18 documents received by and produced to Defendants.  Accordingly, Plaintiffs need not conduct further

19 searches nor create additional declarations beyond that which was required under the December 16, 2003

20 Order.

21       IT IS SO ORDERED.

22 Dated: February 4, 2004       /s Maria-Elena James
      MARIA-ELENA JAMES
23       United States Magistrate Judge