1  MICHAEL W. BOLECHOWSKI (State Bar # 118725)
   MARK C. RASKOFF (State Bar # 72330)
2  DAVID L. HART (State Bar # 219517)
   BISHOP, BARRY, HOWE, HANEY & RYDER
3  2000 Powell Street, Suite 1425
   Emeryville, California 94608
4  Telephone: 510-596-0888
   Facsimile: 510-596-0899
5
   Attorneys for all Defendants except
6  PRASAD LAKIREDDY

7  JONATHAN R. BASS (State Bar # 075779)
   NAOMI RUSTOMJEE (State Bar # 142088)
8  KAREN L. JENNINGS (State Bar #197046)
   GAIL G. QUAN (State Bar # 203705)
9  COBLENTZ, PATCH, DUFFY & BASS, LLP
   One Ferry Building, Suite 200
10 San Francisco, California 94111
   Telephone: (415) 391-4800
11 Facsimile: (415) 989-1663

12 PAUL DELANO WOLF (State Bar # 078624)
   ERIK G. BABCOCK (State Bar #1722517)
13 WOLF & BABCOCK LLP
   1212 Broadway, Tenth Floor
14 Oakland, California 94612-3423
   (510) 451-4600
15
   Attorneys for Defendant
16 PRASAD LAKIREDDY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE I, et al., | Case No. C 02-5570-WHA |
| Plaintiffs, | **DEFENDANTS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AMENDED ANSWERS** |
| vs. | |
| LAKIREDDY BALI REDDY, et al., | |
| Defendants. | Date: April 8, 2004<br>Time: 8:00 a.m.<br>Courtroom: 9<br>Before: Honorable William H. Alsup |

## NOTICE OF MOTION

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on April 8, 2004 at 8:00 a.m., or as soon thereafter as counsel may be heard in the above entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, Courtroom 9, defendants Lakireddy Bali Reddy, Vijay Kumar Lakireddy, Jayaprakash Reddy Lakireddy, Venkateswara Reddy Lakireddy, Pasand Madras Cuisine, Pasand, Inc., Lakireddy Investment Co., L.B. Reddy Estate Co., Jay Construction, Active Tech Solutions, Vani Computer Solutions, Lakireddy Bali Reddy d/b/a Reddy Realty Co. will and hereby do move the Court for leave to file their First Amended Answers to the Second Amended Complaint. This motion is made on the grounds that information that has only recently come to defendants' attention indicates the need for the assertion of a new affirmative defense.

This Motion is made pursuant to Rule 15 of the Federal Rules of Civil Procedure and is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of Jonathan R. Bass ("Bass Decl."), and such other matters as may be presented to the Court.

## STATEMENT OF ISSUES

1. Whether Defendants should be granted leave to amend their Answers to assert the following affirmative defense: The claims of plaintiff Jane Doe II are barred, in whole or in part, by the pending action in the Superior Court of California, County of Alameda, Case No. 833453-6, filed on November 27, 2000 (the "State Court Action"). The State Court Action asserts claims for the same relief being sought in this action, and to allow both actions to proceed would permit a double recovery in violation of, among other things, defendants' rights to due process of law.

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Defendants request leave to file Amended Answers to the Second Amended Complaint in order to plead a previously unknown (and therefore unasserted) affirmative defense. As the Court is aware, Lakshmi and Jarmani Prattipati, who appear in this action as plaintiffs asserting claims that belonged to their deceased daughter, are simultaneously pursuing a state court action for wrongful death. While some of the defendants in this action are also defendants in the state court lawsuit, the Prattipatis could pursue both suits, without running afoul of the rules against "splitting" their cause of action, because the wrongful death claim "belongs" to them, while the claims in this case "belong" to their deceased daughter.

The happenstance of the Prattipatis pursuing two lawsuits at the time has been the subject of inquiry by the Court. The Court was assured that, for the reason described above, it did not present a problem. What plaintiffs failed to tell the Court – and we were unaware of it until about three weeks ago – is that the Prattipatis are not the *only* plaintiffs in the state court action, and that the state court action is not *only* a wrongful death suit. Jane Doe II, the sister of the deceased Prattipati daughter, is herself a plaintiff in that case. She is seeking to recover damages for emotional distress, for the lingering impact on her life of the November 1999 incident in which her sister died, and for the impairment to her life-time earnings potential. While the triggering event for her injury claims is different in the two cases – the alleged sexual abuse and forced labor in this case and the carbon monoxide event in the state court action – the injuries being claimed are the same ones.

Defendants now seek leave to amend their answers to plead the affirmative defense that Jane Doe II's claims are barred by the pending state court action (filed two years before this action), since it asserts claims for the same relief being sought in this action. To allow both actions to proceed would permit a double recovery in violation of, among other things, defendants' rights to due process of law.[1] The Court should grant defendants' request because

---

[1] This motion just seeks leave to amend defendants' answers. On the assumption that leave will be granted, defendants will shortly file a motion to stay or dismiss this action, as to Jane Doe II.

this motion has been made in a timely manner (following the discovery of previously unknown facts), will not prejudice plaintiffs, and is most certainly not futile.

## STATEMENT OF FACTS

On February 11, 2004, defendants' attorneys learned that Jane Doe II was a plaintiff in an earlier-filed action in state court involving some of the defendants in this action. Bass Decl. ¶ 3. Plaintiffs Jarmani and Lakshmi Prattipati and "Jane Roe I"[2] filed a Complaint against defendants L.B. Reddy Estate Co. and Lakireddy Bali Reddy in Alameda Superior Court (the "Wrongful Death Action") more than three years ago, on November 27, 2000. Bass Decl. Exh B. The same plaintiffs, represented by the same counsel, filed this action two years later, on October 23, 2002.

Despite their obligation to do so, plaintiffs failed to notify either the Court or defendants of the Alameda state court action via a Notice of Pendency of Other Action or Proceeding pursuant to Local Rule 3.13(a).[3] Plaintiffs did acknowledge at the hearing on their motion for class certification, and in subsequent briefing, that a separate wrongful death action by Lakshmi and Jarmani Prattipati was pending in state court. They did not advise the Court that Jane Doe II was herself a plaintiff in that action.[4] Bass Decl. ¶ 8; Exh. E.

Jane Doe II's allegations in the state court action are indistinguishable, in terms of her claimed injuries, from those in this action. They also mirror some of the same theories of duty and liability. In the state court action, she asserts a negligence cause of action, alleging that defendant "Lakireddy Bali Reddy had custody and de facto guardianship" of her and "a duty to

---

[2] Jane Roe I in the state court action is Jane Doe II in this case.

[3] On November 26, 2002, plaintiffs joined in the Notice of Related Case filed by defendants. Plaintiffs' joinder mentions only the criminal action that was pending at the time of the filing. Bass Decl. ¶ 2; Exh. A.

[4] In footnote 2 of plaintiffs' Supplemental Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Class Certification, plaintiffs explain that "[a] separate claim for the wrongful death of Jyotsna Devi Prattipati was filed in state court." Bass Decl. ¶ 8, Exh. E at 4:26-28. Nowhere do plaintiffs mention that Jane Doe II is a plaintiff in the state court action. Plaintiffs do note, however, that a written agreement was entered into by the parties "in which defendants waive any defense based on the filing of the wrongful death and survivorship claims as separate actions." *Id.* In researching this motion, defendants located the referenced "agreement." Bass Decl. ¶ F. We do not believe that it bars the present motion. The text of the alleged waiver agreement is vague as to the parties and claims to which it applies. Moreover, the waiver certainly does not contemplate that any plaintiff would be seeking a double recovery for a single claim.

provide for her care and protection," and that he breached that duty, thereby causing "injury to her body, and shock and injury to her nervous system, all of which have caused her great mental, physical, and nervous pain and suffering." Bass Decl. Exh B at ¶¶ 13 and 15. In this action, she asserts claims for negligence and for negligent infliction of emotional distress. Second Amended Complaint at ¶¶ 224-227 and 293-296. She alleges that defendants owed her a "duty of care" because of their status as her "guardians" and because they held "themselves out to the general public as being plaintiffs family members, care givers, and protectors." She alleges that they breached their duties of care, causing her to suffer "mental anguish, and severe physical and emotional distress." Second Amended Complaint at ¶ 227.

## ARGUMENT

Rule 15(a) of the Federal Rules of Procedure permits a party to amend a pleading by leave of court. Leave "shall be freely given when justice so requires." Courts liberally grant leave to amend a pleading. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). In fact, "[t]he party opposing the motion for leave to amend bears the burden of demonstrating a substantial reason exists to deny leave to amend." *State of California v. Mueller*, 175 F.R.D. 631, 637 (N.D. Cal. 1997).

The key factors in ruling on a motion for leave to amend are: prejudice to the opposing party, bad faith by the moving party, whether the amendment would be futile, and undue delay. *Foman*, 371 U.S. at 182 ("[i]n the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."); *DCD Programs*, 833 F.2d at 186. Prejudice is the most important factor; absent a showing of prejudice to the party opposing amendment, leave to amend should be granted. *See United States v. Pend Oreille Public Utility Dist.*, 926 F.2d 1502, 1511 (9th Cir. 1991).

Defendants have not been guilty of any delay, and the proposed amendment is not prejudicial or futile. Indeed, while this issue is being raised close to trial, the only prejudice is to defendants themselves, and the fault for the delay lies with plaintiffs.

### A. This Motion Is Made Following Discovery Of Facts That Plaintiffs Had A Duty, But Failed, To Disclose

Defendants were not previously aware of Jane Doe II's state court action. Plaintiffs failed to identify the Wrongful Death Action at the outset of this case, despite their duty to do so:

> Whenever a party knows or learns that an action filed or removed to this district involves or a material part of the same subject matter and all or substantially all of the same parties as another action which is pending in any other federal or state court, the party *must promptly* file with the Court in the action pending before this Court and serve all opposing parties in the action pending before this Court with a Notice of Pendency of Other Action or Proceeding.

(N.D. Local Rule 3-13(a) (emphasis added).)

Despite their knowledge that the pending Wrongful Death Action involved some of the same parties and claims as this action, plaintiffs have never complied with this rule and, in fact, appear to have concealed from the Court the nature of the Wrongful Death Action in response to the Court's direct inquiry. If there has been any delay in pleading this affirmative defense, it is the consequence of plaintiffs' concealment and failure to comply with the Local Rules.

### B. Plaintiffs Will Not Be Prejudiced by the Proposed Amendment They Would Unfairly Benefit If Defendants Were Denied Leave To Amend

The proposed amended answers will not unfairly prejudice plaintiffs. Indeed, it will not prejudice them at all. First, of course, the only plaintiff affected is Jane Doe II. She and her counsel made the tactical decision – inexplicable, but tactical nonetheless – to file two actions claiming the same injuries and to conceal the situation from this Court. She is not entitled to pursue both actions, and she has acquired no vested or prescriptive right to do so by her almost successful ploy. Defendants, on the other hand, will be obviously prejudiced if they are not granted leave to amend. If defendants do not allege this critical affirmative defense before trial, they may be deemed to have waived it.

### C. The Proposed Amendment Is Not Futile

This amendment is not futile. Both defendants and the Court have an interest in addressing the implications of Jane Doe II's duplicative litigation. It would be an obvious injustice if Jane Doe II were allowed to recover damages for the *same* injuries based on the *same* duty in two different courts. Defendants should be granted leave to amend their answers to assert

the affirmative defense that Jane Doe II's claims are barred, in whole or in part, by her pending claim in state court.

The interests of justice dictate that a plaintiff cannot split her claim or demand and prosecute it in piecemeal fashion in separate suits. A court "may choose not to exercise its jurisdiction when another court having jurisdiction over the same matter has entertained it and can achieve the same result." *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979) (affirming dismissal of portions of a complaint which duplicate the allegations and prayer for relief in another action). In making a determination to dismiss (or stay a claim), courts consider the desirability of avoiding piecemeal litigation, the order in which the forums obtained jurisdiction, whether state or federal law controls, and whether the state proceeding is adequate to protect the parties' rights. *See Nakash v. Marciano*, 882 F.2d 1411, 1415 (9th Cir. 1989) (affirming district court's decision to stay action for RICO offenses, breach of contract and breach of fiduciary duty when plaintiff filed earlier state court claim involving similar parties and claims).

These factors *all* weigh in defendants' favor with respect to a stay or dismissal of Jane Doe II's claims in this action. The state court action is adequate to protect her rights. Jane Doe II's claims are almost all grounded in state law – she has already offered to dismiss her Alien Tort Claims Act claim, and her RICO claims are insubstantial at best – and she filed her state court action almost two years before this one.

Multiple litigation imposes additional burden and expense on the parties and the courts, and it carries with it the risk of inconsistent or duplicative outcomes. *See Colorado River Water Conservation District v. United States,* 424 U.S. 800 (1976); see also *Crawford*, 599 F.2d at 893 ("increasing calendar congestion in the federal courts makes it imperative to avoid concurrent litigation in more than one forum"). In evaluating the existence of similar claims in two separate forums, courts need not find "exact parallelism," only that the claims are "substantially similar." *Nakash*, 882 F.2d at 1416.

## CONCLUSION

All the relevant factors weigh in favor of granting leave to amend. Jane Doe II cannot demonstrate any prejudice associated with the amendment, and she would be estopped by her own conduct from asserting prejudice even if there were some. The amendment is not futile. It is necessary to prevent an obvious injustice.

Dated: March 2, 2004

BISHOP, BARRY, HOWE, HANEY & RYDER

By: /s/
MICHAEL W. BOLECHOWSKI
Attorneys for all Defendants except PRASAD LAKIREDDY

COBLENTZ, PATCH, DUFFY & BASS, LLP

By: /s/
JONATHAN R. BASS
Attorneys for Defendant
PRASAD LAKIREDDY