MICHAEL W. BOLECHOWSKI (SBN: 118725)
MARK C. RASKOFF (SBN: 72330)
MARY A. KIKER (SBN: 137824)
BISHOP, BARRY, HOWE, HANEY & RYDER
2000 Powell Street, Suite 1425
Emeryville, California 94608
Telephone: 510-596-0888
Facsimile:  510-596-0899

Attorneys for all Defendants except
PRASAD LAKIREDDY

JONATHAN R. BASS (SBN: 075779)
NAOMI RUSTOMJEE (SBN: 142088)
KAREN L. JENNINGS (State Bar #197046)
GAIL QUAN (SBN: 203705)
COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, CA  94111
Telephone:   415-391-4800
Facsimile:   415-989-1663

PAUL DELANO WOLF (State Bar # 078624)
ERIK G. BABCOCK (State Bar #1722517)
WOLF & BABCOCK LLP
1212 Broadway, Tenth Floor
Oakland, California 94612-3423
(510) 451-4600

Attorneys for Defendant
PRASAD LAKIREDDY

IN THE UNITED STATES DISTRICT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE I, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> LAKIREDDY BALI REDDY, et al. <br><br> Defendants. | Case No. C-02-5570-WHA <br><br> **DEFENDANTS' MOTION IN LIMINE NO. 3 TO EXCLUDE ALL EVIDENCE RELATING TO CHANTI JYOTSNA DEVI PRATTIPATI EXCEPT EVIDENCE RELATING TO UNPAID WAGES AND TO THE FACT OF HER DEATH** <br><br> Date: March 22, 2004 <br> Time: 2:00 p.m. <br> Courtroom: 9 <br> Before: Honorable William H. Alsup |

09578.001.0654.a

Case No. C-02-5570-WHA

DEFENDANTS' MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE RELATING TO CHANTI JYOTSNA DEVI PRATTIPATI
EXCEPT EVIDENCE RELATING TO UNPAID WAGES AND TO THE FACT OF HER DEATH

## INTRODUCTION

Defendants move to exclude all testimony and evidence relating to Chanti Jyotsna Devi Prattipati (the "Decedent") except evidence regarding her claims for unpaid wages and the fact that she is deceased on the grounds that all other evidence is not relevant, inadmissible and would be more prejudicial than probative. Defendants expect plaintiffs will seek to introduce evidence regarding the Decedent's life, including testimony that she was sexually and/or physically assaulted. The only evidence relating to the Decedent that should be allowed in this matter is the fact of her death and evidence directly related to her claim for unpaid wages. All other evidence, however, is irrelevant, constitutes inadmissible hearsay and would be more prejudicial than probative of issues to be resolved at trial.

## ARGUMENT

### I. ALL CLAIMS FOR NON-ECONOMIC DAMAGES BROUGHT ON BEHALF OF THE DECEDENT ARE BARRED.

Lakshmi and Jarmani Prattipati (the "Prattipatis") bring this action as successors in interest on behalf of their daughter Chanti Jyotsna Prattipati, who is deceased. As alleged in the Second Amended Complaint (the "Complaint"), the Prattipatis seek to recover monetary relief on the Decedent's behalf for violations the Fair Labor Standards Act, various California Labor Code sections, RICO and section 17200 of the Business and Professions Code. (Complaint at 64-69, and 79-81). Their claims seek "economic damages" meaning that the plaintiffs' objective is to recover money that should have been paid to the Decedent during her lifetime. In addition, however, the Prattipatis are pursuing claims for "non-economic damages" in connection with such claims as assault and battery, sexual abuse of minors, sexual battery, false imprisonment, fraud and deceit, infliction of emotional distress, conversion, breach of the covenant of good faith and fair dealing and negligence. This latter category of claims cannot be pursued.

Under California law, certain claims survive the death of the holder of the claims, while others do not. Claims for the recovery of economic damages – that is, claims arising out of events that had the effect of reducing the decedent's wealth while she was living – can be pursued after her death. Claims for non-economic damages – for pain and suffering, emotional distress,

and the like – may not be pursued if the claimant dies before judgment is entered. (Cal. Code Civ. Proc. § 377.34; *County of Los Angeles v. Superior Court*, 21 Cal. 4th 292 (1999); *Williamson v. Plant Insulation Co.*, 23 Cal. App. 4th 1406 (cited with approval in *Sullivan v. Delta Air Lines, Inc.*, 15 Cal. 4th 288, 300 (1997); *Carr v. Progressive Casualty Ins. Co.*, 152 Cal. App. 3d 881, 891-92.) While the statute speaks in terms of those damages that are recoverable (or not) where the claimant dies before judgment, where non-economic damages represent the *only* damages sought with respect to a particular claim, "to say that such damages are not recoverable is the functional equivalent of saying that" the plaintiff's causes of action did not survive his death. *Sullivan v. Delta Air Lines*, 15 Cal. 4th at 306. And since an award of punitive damages must rest on a foundation of compensatory damages, a claim for punitive damages does not survive the claimant's death if the only compensatory damages are those that can no longer be pursued. *Id.* at 293.

The claims for which the Prattipatis are seeking to recover economic damages are readily distinguishable from those with respect to which they are pursuing non-economic damages. In some cases, the same underlying event gives rise to both categories of damage. A plaintiff seriously injured in an automobile accident, for example, will have medical expenses and lost wages (economic damages) as well as pain and suffering (non-economic damages). If the plaintiff dies before the trial (whether as a result of the accident or for some unrelated cause), evidence of the accident will be admissible at the trial, but the only economic damages would be the subject of testimony. In other cases, the *only* damages for which recovery would have been possible are non-economic damages. In that event, where the plaintiff dies before trial, there is no claim to assert.

This case is a third type. There are claims in which the only damages are economic – the claims for unpaid wages and overtime. With respect to those claims, the Prattipatis are seeking damages that are mathematically calculable pursuant to the applicable state and federal statutes, and plaintiffs' economics and accounting experts have performed those calculations. Other claims, however, entail no economic damages at all. At the core of the sexual abuse claims, for example, lies the contention that the Decedent suffered emotionally as a result of her experiences,

not that she was deprived of some particular amount of money. The Decedent's sister, Jane Doe II, has an identical claim, and she will seek recovery of her emotional distress claim at trial. The Prattipatis may not pursue a similar award on behalf of the Decedent.

## II. EVIDENCE NOT RELATED TO THE DECEDENT'S CLAIMS FOR ECONOMIC DAMAGES SHOULD BE EXCLUDED AS IRRELEVANT.

Because the Decedent's wage claims are the only ones for which economic damages can be recovered, no evidence of her other claims should be allowed. Evidence, for example, of sexual abuse is not relevant to any claim for which the Prattipatis will be entitled to any relief on behalf of the Decedent, and the claim itself therefore cannot be asserted. *Sullivan v. Delta Air Lines*, 15 Cal.4th at 306.

Evidence regarding the cause of the Decedent's death should be excluded as well, since it is not related to any claim in this action. This action does not involve any claims by the Prattipatis relating to their daughter's death.[1] The death of Chanti Jyotsna Prattipati was a tragic accident. She died in November 1999 in an accident involving a heater that caused her to be overcome with carbon monoxide fumes, although the precise cause of the malfunction is apparently still unclear. Whatever the cause, the Prattipatis are not pursuing their wrongful death claim in this Court, and evidence concerning the fact and circumstances of the death obviously carries with it a high risk of irreparable prejudice to the defendants. It is questionable whether the fact of the death is relevant to any claim in the case, and we would ask that it not be mentioned until plaintiffs have made an appropriate offer of proof to the Court and have received the Court's permission to mention it. But even if the fact that Ms. Prattipati died is relevant to some issue in the case, the circumstances of her death – that she died in a carbon monoxide accident in an apartment owned by some of the defendants – is not.

## III. ANY EVIDENCE NOT RELATED TO THE DECEDENT'S WAGE CLAIMS WOULD BE MORE PREJUDICIAL THAN PROBATIVE.

Even if evidence not related to the decedent's wage claims were marginally relevant, the probative value of that evidence would be substantially outweighed by the danger of unfair

---

[1] A separate action by the Prattipatis for wrongful death is currently pending in the Superior Court of California, County of Alameda, Case No. 833453-6.

prejudice to the defendants. Pursuant to Federal Rule of Evidence 403, relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." (Fed. R. Ev. 403). Evidence regarding the Decedent, other than that related to the her wage claims would confuse and mislead the jury regarding the issues and would unfairly prejudice defendants.

The claims asserted by Jane Doe II are identical to those made by the Prattipatis on behalf of the Decedent. Both sets of claims allege damages for the identical wrongs—assault and battery, sexual assault, sexual abuse of minors, conversion, false imprisonment, fraud and deceit, and infliction of emotional distress. These claims, however, are distinct to each individual. Evidence of wrongs committed against the Decedent should not be used to bolster Jane Doe II's claims.

## CONCLUSION

For the reasons stated above, defendants respectfully request the Court to exclude any reference in opening statements and any evidence, relating to the Decedent other than the claim for unpaid wages.

Dated: March 1, 2004          BISHOP, BARRY, HOWE, HANEY & RYDER


By: _____/s/_____
MICHAEL W BOLECHOWSKI
MARK C. RASKOFF
MARY A. KIKER

Attorneys for all Defendants except Prasad Lakireddy


Dated: March 1, 2004          COBLENTZ, PATCH, DUFFY & BASS LLP


By: _____/s/_____
JONATHAN R. BASS

Attorneys for Defendant Prasad Lakireddy

ALTSHULER, BERZON, NUSSBAUM
 RUBIN & DEMAIN
  Michael Rubin (Bar No. 80618)
  Scott A. Kronland (Bar No. 171693)
  Rebekah B. Evenson (Bar No. 207825)
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

LATHAM & WATKINS LLP
  Peter A. Wald (Bar No. 085705)
  John P. Flynn (Bar No. 141094)
  Randall T. Kim (Bar No. 196244)
  Shannon M. Eagan (Bar No 212830).
505 Montgomery Street, Suite 1900
San Francisco, California
Telephone: (415) 391-0600
Facsimile: (415) 395-8095

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE I, et al., <br><br> Plaintiffs, <br><br> v. <br><br> LAKIREDDY BALI REDDY, et al., <br><br> Defendants. | No. C-02-5570 WHA (MEJ) <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE RELATING TO CHANTI JYOTSNA DEVI ("VANI") PRATTIPATI EXCEPT EVIDENCE RELATING TO UNPAID WAGES AND TO THE FACT OF HER DEATH** <br><br> Date: March 22, 2004 <br> Time: 2:00 p.m. <br> Place: Courtroom 9, 19th Floor <br> Judge: Hon. William H. Alsup |

### INTRODUCTION

Defendants seek to exclude all evidence that they raped Jyotsna Devi ("Vani") Prattipati, a 14-year old girl who died while living in a Reddy-owned apartment building where she was kept to service the sexual desires of Reddy family men when she was not working without pay in Reddy family businesses. Defendants claim that their sexual abuse of Vani is irrelevant because her estate cannot recover compensatory damages for her pain and suffering. But Vani's

PLS' OPP. TO DEFS' MOTION IN LIMINE RE VANI PRATTIPATI;
Case No. C-02-5570 WHA (MEJ)                                                                                          -1-

successors in interest can recover *punitive* damages (as well as nominal damages) for the intentional torts committed against her, and evidence of defendants' mistreatment of Vani is also relevant to the claims of her sister, Jane Doe II.

## ARGUMENT

I.  **Evidence of Defendants' Intentional Torts Against Vani Prattipati Is Admissible Because Vani's Estate Can Recover Punitive (and Nominal) Damages on Vani's Behalf.**

At trial, there will be ample direct evidence that defendants began sexually abusing Vani Prattipati when Vani was about 11 years old and worked as a servant at the Reddy estate in India and that the sexual abuse continued after Vani was brought to Berkeley at about age 14, where she lived in a Reddy-owned apartment and worked without pay in Reddy-owned businesses. That evidence will include the eyewitness testimony of Vani's sister, Jane Doe II, and defendants' own admissions. In this action, Vani's successors in interest (her parents, Lakshmi and Jarmani Prattipati) bring tort claims on Vani's behalf for, among other things, assault, battery, rape, false imprisonment, fraud, and intentional infliction of emotional distress, and they seek punitive damages for defendants' egregious misconduct.

A.  Defendants are completely wrong that the punitive damages claim does not survive Vani's death. The California survivorship statute expressly provides that, although successors in interest are not entitled to recover damages for the decedent's "pain, suffering or disfigurement," they are entitled to recover "punitive or exemplary damages that the decedent would have been entitled to recover had the decedent lived." The statute provides in full:

> In an action or proceeding by a decedent's personal representative or successor in interest on the decedent's cause of action, the damages recoverable are limited to the loss or damage that the decedent sustained or incurred before death, *including any penalties or punitive or exemplary damages that the decedent would have been entitled to recover had the decedent lived*, and do not include damages for pain, suffering or disfigurement.

Cal. Code Civ. Proc. §377.34 (emphasis added); *see also* Cal. Code Civ. Proc. §377.20 ("a cause of action for or against a person is not lost by reason of the person's death, but survives

///

///

subject to the applicable limitations period"). This survivorship statute[1] was adopted with the express purpose of eliminating the old common law rule that a tort cause of action dies with the victim, in order to allow successors in interest to seek punitive damages:

> The California Law Revision Commission recommended that the survival statute be expanded to allow recovery of punitive damages that the deceased plaintiff would have been entitled to recover if he or she had lived, reasoning in part that "The object of awarding such damages being to punish the wrongdoer, it would be particularly inappropriate to permit him to escape such punishment in a case in which he killed rather than only injured his victim."

*Sullivan v. Delta Air Lines,* 15 Cal.4th 288, 299 (1997) (quoting *Recommendation and Study Relating to Survival of Actions* (Oct. 1960) 3 Cal. Law Revision Com. Rep. (1961) p. F-7); *see also Id.* 293-298. Thus, since the adoption in 1961 of a provision allowing successors in interest to seek punitive damages, "punitive damage claims now survive the death of the injured party." *Carr v. Progressive Casualty Ins. Co.*, 152 Cal.App.3d 881, 892 (1984); *see also Rufo v. Simpson*, 86 Cal.App.4th 573, 616 (2001) (estate entitled to seek punitive damages on behalf of victim); *Garcia v. Superior Court*, 42 Cal.App.4th 177, 185 (1996) (same).

Under California Civil Code §3294, punitive damages may be awarded "in addition to actual damages." However, "an *award* of actual damages, either compensatory or nominal, is not necessarily a prerequisite to an award of damages." *Carr*, 152 Cal.App.3d at 892 (citing *Werschkull v. United California Bank*, 85 Cal.App.3d 981, 1002-1002 (1978)) (emphasis added). Instead, "the requirement of 'actual damages' imposed by Civil Code §3294 is simply the requirement that a tortious act be proved if punitive damages are to be assessed. Consequently, if damages are actually suffered, punitive damages may be awarded in appropriate cases even if the injured party is not awarded compensatory damages." *Id.* Successors in interest such as the Prattipatis may recover punitive damages that could have been claimed by the decedent, regardless of whether they may recover actual damages (such as for pain and suffering). *Id.* The amount of damages awarded will be based upon the "the actual

---

[1] The provision allowing successors to seek punitive damages was first codified in Probate Code §573, but in 1992 was moved, without substantive change, to the Code of Civil Procedure §277.34. *See Sullivan v. Delta Air Lines,* 15 Cal.4th 288, 299-301 (1997).

harm suffered by the decedent, not the limited economic damages recoverable by the estate." *Rufo*, 86 Cal.App.4th at 623 n.15 (citing *Neal v. Farmers Ins. Exchange*, 21 Cal.3d 910, 929(1978)).

Defendants rely upon *Sullivan* to support their argument that, once Vani died, her punitive damages claim died also. Def. Br. 2. But they have misread the decision. The quote from *Sullivan* that defendants rely upon merely reaffirms that, under Code of Civil Procedure §377.34, a successor in interest cannot recover damages for *pain and suffering* on behalf of a decedent. In *Sullivan,* the plaintiff did not seek punitive damages; the only damages sought by the plaintiff were for pain and suffering. When the plaintiff died, his wife was not entitled to recover those damages for pain and suffering, and because the lawsuit did not assert claims for other types of damages, the wife had no claim left. *Sullivan,* 15 Cal.4th at 292 ("When, as here, the *only damages at issue are for pain and suffering*, to say that such damages are not recoverable is the functional equivalent of saying that Sullivan's causes of action against Delta did not survive his death after judgment") (emphasis added). This does not change the rule – set out in the same *Sullivan* decision and countless other California decisions – that under the California Code of Civil Procedure successors in interest are entitled to seek the same punitive damages as "the decedent would have been entitled to recover." Cal. Code Civ. Proc. §377.34.

B.  Even if Code of Civil Procedure §377.34 were not absolutely clear in preserving punitive damage claims, the Prattipatis would still be entitled to seek *nominal* damages for defendants' intentional torts against Vani – and to obtain punitive damages on that basis. A victim of an intentional tort is entitled to seek nominal damages even if the victim suffers *no* pain, suffering or other compensable damages. *Hotel & Restaurant Employees & Bartenders Union, Local 28 v. Francesco's B., Inc.*, 104 Cal.App.3d 962, 973 (1980) ("Where a party is injured by the *intentional* act of another, constituting a breach of a duty owed to the party by the other, then, even though the party may suffer no appreciable detriment (*i.e.* sustain actual damages), the party is entitled to nominal damages."); Cal. Civ. Code §3360. And a party entitled to nominal damages is also entitled to seek punitive damages. *Simon v. San Paolo U.S. Holding Co., Inc.*, 113 Cal.App.4th 1137, 1161 (2003); *Aweeka v. Bonds*, 20 Cal.App.3d 278,

281 (1971); 6 Witkin Summary of California Law (Torts) §§1316, 1372 (plaintiff awarded nominal damages entitled to seek punitive damages); California Torts, § 55.21[2][b] (Matthew Bender 2003) ("Punitive damages are recoverable even if there are no compensatory damages").

Because the Prattipatis have valid claims for both nominal and punitive damages on Vani's behalf, they must be allowed to pursue these claims at trial, and to present evidence in support of such claims.

**II. Evidence of Intentional Torts Against Vani Prattipati Is Admissible Because It is Relevant to Jane Doe II's Claims For Relief and Proof of RICO Predicate Acts.**

Jane Doe II was present for much of defendants' tortious conduct against her younger sister Vani Prattipati. Those acts are part of Jane Doe II's claim for intentional infliction of emotional distress, and contribute to the damages she suffers. To exclude evidence that Jane Doe II and Vani were raped together would not only prejudice Jane Doe II's ability to present her claims, but would also require the telling of a fiction. Additionally, defendants' torts against Vani are part of their RICO predicate acts. For example, traveling to India in order to have sex with a child, and transporting a child to the U.S. in order to have sex with her, are both RICO predicate acts. 18 U.S.C. §§2421-2423; 18 U.S.C. §1961(1)(B).

## CONCLUSION

For the foregoing reasons, the Court should deny defendants' motion to exclude evidence relating to Chanti Jyotsna Devi ("Vani") Prattipati.

Dated: March 12, 2004

Respectfully submitted,

ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN

LATHAM & WATKINS LLP

By: /s/ Rebekah B. Evenson
Attorneys for Plaintiffs

F:\Reddy\Global Case\Briefs\In Limine\In Limine Oppositions\Vani Opposition.wpd

PLS' OPP. TO DEFS' MOTION IN LIMINE RE VANI PRATTIPATI;
Case No. C-02-5570 WHA (MEJ)

-5-