1  MICHAEL W. BOLECHOWSKI (SBN: 118725)
   MARK C. RASKOFF (SBN: 72330)
2  MARY A. KIKER (SBN: 137824)
   BISHOP, BARRY, HOWE, HANEY & RYDER
3  2000 Powell Street, Suite 1425
   Emeryville, California 94608
4  Telephone: 510-596-0888
   Facsimile: 510-596-0899
5
   Attorneys for all Defendants except Prasad Lakireddy
6

7

8                IN THE UNITED STATES DISTRICT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10 | JANE DOE I; JANE DOE II; LAKSHMI        | Case No. **C-02-5570-WHA**
   | and JARMANTI PRATTIPATI as Parents      |
11 | and Successors in Interest of CHANTI    | **RESPONSES TO JANE DOE I'S FIRST
   | JYOTSNA DEVI PRATTIPATTI; JANE          | SET OF INTERROGATORIES TO
12 | DOE III; JANE DOE IV; JANE DOE V;       | DEFENDANT JAY CONTRUCTION**
   | DANE DOE VI; JANE DOE VII; JANE         |
13 | DOE VIII; SREEKANTH KOLLIPARA;          |
   | and All Others Similarly Situated       |
14 |        Plaintiffs,                      |
15 |   vs.                                   |
16 | LAKIREDDY BALI REDDY, an                |
   | individual; VIJAY KUMAR                 |
17 | LAKIREDDY, an individual; PRASAD        |
   | LAKIREDDY, an individual;               |
18 | JAYAPRAKASH REDDY LAKIREDDY,            |
   | an individual; VENKATESWARA             |
19 | REDDY LAKIREDDY, an individual; and     |
   | the businesses they controlled and/or   |
20 | operated, including PASAND MADRAS       |
   | CUISINE, a California corporation;      |
21 | PASAND, INC., a California corporation; |
   | LAKIREDDY INVESTMENT CO., a             |
22 | California limited liability corporation; L.B. |
   | REDDY ESTATE CO., a California limited  |
23 | liability company; JAY CONSTRUCTION,    |
   | a California sole proprietorship; ACTIVE|
24 | TECH SOLUTIONS, a California            |
   | corporation; VANI COMPUTER              |
25 | SOLUTIONS, a California limited liability|
   | corporation; LAKIREDDY BALI REDDY       |
26 | d/b/a REDDY REALTY CO., a California    |
   | sole proprietorship; and ROES 1 through |
27 | 100, inclusive,                         |
   |        Defendants.                      |
28

622-22888

1

RESPONSES TO PLAINTIFF JANE DOE I'S INTERROGATORIES TO JAY CONSTRUCTION, SET ONE
C-02-5570-WHA

PROPOUNDING PARTY:   PLAINTIFF JANE DOE I

RESPONDING PARTY:    JAY CONSTRUCTION

SET NUMBER:          ONE

  Jay Construction ("Jay") has diligently investigated the responses provided below. As investigation is continuing, Jay reserves the right to supplement the responses to these interrogatories if it become necessary.

1. State YOUR full name and the address of YOUR principal place of business.

**RESPOND:** Jay Construction located at 2286 Shattuck Avenue Berkeley, Ca 94704.

2. State all other names that YOU have used (including fictitious business names) between January 1, 1982 and the present.

**RESPOND:** None

3. State YOUR legal status (i.e. corporation, partnership, joint venture, unincorporated association, etc.) and the place and date YOU were formed.

**RESPONSE:** Partnership; Investigation is still continuing into the date and place the business was formed.

4. IDENTIFY every person and ENTITY that has an ownership interest in YOU and state the size of that interest (i.e. 100 percent, 25 percent, etc.) (If there have been any changes in ownership since January 1, 1990, describe each change in ownership.)

**RESPONSE:** Lakireddy Bali Reddy, Jayaprakash Reddy Lakireddy, Prasad Lakireddy. Ownership has never been expressed in interests.

5. IDENTIFY YOUR officers and directors.

**RESPONSE:** None

BISHOP, BARRY, HOWE, HANEY & RYDER
A PROFESSIONAL CORPORATION
2000 Powell Street, Suite 1425, Emeryville, California 94608
Tel. No. (510) 596-0888   Facsimile (510) 596-0899

6.    IDENTIFY YOUR ORGANIZATIONAL DOCUMENTS.

**RESPONSE:** None

7.    IDENTIFY every ENTITY in which you held, directly or indirectly, a 10 percent or greater ownership interest at any time between January 1, 1990 and the present.

**RESPONSE:** None

8.    Did YOU ever EMPLOY any of the PLAINTIFFS to perform work in California?

**RESPONSE:** Yes

9.    If YOUR answer to Interrogatory No.8 is yes, list the PLAINTIFFS whom you EMPLOYED to perform work in California and provide their respective dates of EMPLOYMENT.

**RESPONSE:** See response to interrogatory 16.

10.   For each of the PLAINTIFFS listed in response to Interrogatory No.9, IDENTIFY all DOCUMENTS that report the number of hours worked by the PLAINTIFF as YOUR EMPLOYEE in California and/or the WAGES paid to PLAINTIFF for such work.

**RESPONSE:** Responding party has ledgers, work orders and payment sheets.

11.   For each of the PLAINTIFFS listed in response to Interrogatory No.9, state whether YOU ever EMPLOYED the PLAINTIFF to perform work in California OFF THE BOOKS.

**RESPONSE:** Responding party has investigated this question and is unable to respond at this time.

12.   For each of the PLAINTIFFS listed in response to Interrogatory No.9, provide a complete itemization of all money and other things of value that were provided to the PLAINTIFF (or his or her family) as full or partial compensation for the PLAINTIFF'S labor as YOUR employee in California and that are not reported in the records YOU identified in response to Interrogatory No.1O.

RESPONSE: Plaintiffs received apartments, food and clothing.

13. For each of the PLAINTIFFS listed in response to Interrogatory No.9, provide a complete listing of the hours worked by the PLAINTIFF as YOUR employee in California that are not reported in the records YOU identified in response to Interrogatory No.1O.

RESPONSE: Responding party is unable to answer this interrogatory at this time. The records referenced are voluminous. The person with information responsive to this interrogatory is incarcerated and unable to view the records to respond regarding what plaintiffs may have been paid that is not contained in the records.

14. IDENTIFY every person (other than the PLAINTIFFS) whom YOU EMPLOYED to perform work in California at any time between January 1, 1990 and the present and provide their respective dates of EMPLOYMENT.

RESPONSE: Jay objects that this question is unduly burdensome as it requires Jay to make a compilation of voluminous records that will take hundreds of hours. Jay will provide all records that contain information sought by this interrogatory as allowed by Rule 33(d). The information is equally accessible to both parties.

15. For each person identified in response to Interrogatory No. 14, state whether YOU ever EMPLOYED the person to perform work in California OFF THE BOOKS.

RESPONSE: All responding parties who can answer this question have been advised by their counsel not to answer because of the Fifth Amendment.

16. For each of the PLAINTIFFS, IDENTIFY every person and ENTITY that EMPLOYED the PLAINTIFF to perform work in California prior to January 1, 2000 and provide the dates of EMPLOYMENT.

RESPONSE:

    1. DOE I often socialized at restaurant defendant Pasand Madras Cuisine, but never

BISHOP, BARRY, HOWE, HANEY & RYDER
A PROFESSIONAL CORPORATION
2000 Powell Street, Suite 1425, Emeryville, California 94608
Tel. No. (510) 596-0888   Facsimile (510) 596-0899

1      was employed by any defendant.

2    2.    DOE II often socialized at restaurant defendant Pasand Madras Cuisine, but never

3      was employed by any defendant.

4    3.    DOE III Worked for various restaurants owned by defendants including Pasand

5      Madras Cuisine, as well as being employed by Jay Construction from 1995until

6      the end of 1999.

7    4.    DOE IV Worked for Jay Construction from 1995 until 1999. (See Produced

8      ledgers) Was paid by Active Tech Solutions, but never performed any actual work

9      for Active Tech Solutions.

10    5.    DOE V Worked for Jay Construction from 1995 until 1999.

11    6.    DOE VI Worked for Jay Construction from 1995 until 1999.

12    7.    DOE VII was never employed by a defendant.

13    8.    DOE VIII worked for Pasand Madras Cuisine from September of 1999 until

14      January of 2000.

15    9.    SREEKANTH KOLLIPARA came to the United States in December of 1999 to

16      work for Active Tech Solutions, but never worked for Active Tech Solutions.

17    10.   CHANTI JYOSTHNA DEVI PRATTIPATI often socialized at restaurant Pasand

18      Madras Cuisine, but never was employed by any defendant.

Dated: March 17, 2003

BISHOP, BARRY, HOWE, HANEY & RYDER

By: _____
MICHAEL W BOLECHOWSKI
MARK C. RASKOFF

BISHOP, BARRY, HOWE, HANEY & RYDER
A PROFESSIONAL CORPORATION
2000 Powell Street, Suite 1425, Emeryville, California 94608
Tel. No. (510) 596-0888 · Facsimile (510) 596-0899

622-22888

5
RESPONSES TO PLAINTIFF JANE DOE I'S INTERROGATORIES TO JAY CONSTRUCTION, SET ONE
C-02-5570-WHA

# VERIFICATION

**RESPONSES TO PLAINTIFF'S INTERROGATORIES TO JAY CONSTRUCTION**

[ ]  I, Jayaprakash Reddy Lakireddy, am a party to this action; the attached document is true of my own knowledge, except as to the matters that are stated there upon my information and belief or as to matters within the knowledge of my counsel of record or their agents, and as to those matters I believe them to be true.

[x]  I am an officer or agent of the party providing this Verification, and am authorized to make this Verification for and on its behalf, and I make this Verification for that reason; I have read the attached document(s) and know the contents; I am informed and believe and upon that ground allege that the matters stated in said document(s) are true.

[ ]  I am one of the general partners of the partnership providing this Verification, and am authorized to make this Verification for and on behalf of the partnership, and I make this Verification for that reason; I have read the attached document(s) and know the contents; I am informed and believe and upon that ground allege that the matters stated in said document(s) are true.

[ ]  I am one of the attorneys for the party required to provide this verified Answer; I make this Verification on behalf of said party who is absent from the County of Alameda, California, where I have my office; I have read the attached Answer and know its contents; I am informed and believe and on that ground allege that the matters stated in it are true.

[ ]  I am one of the attorneys for the party required to provide this verified response. I make this Verification for the reason checked below:

    [ ]  because the facts alleged in the attached document are within my own personal knowledge, and are not within the knowledge of the responding party or any of its agents or employees;

    [ ]  because the responding party's whereabouts are unknown to me, said party has failed to communicate with me concerning the subject litigation, and it is impossible, impractical or futile to secure said party's Verification to the attached document;

The matters stated in the attached document are true of my own knowledge, except as to any matters stated therein upon information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Verification was executed on 3-14-_____, 2003 at Los Angeles, California.

_____
JAYAPRAKASH REDDY LAKIREDDY

BISHOP, BARRY, HOWE, HANEY & RYDER
A PROFESSIONAL CORPORATION
2000 Powell Street, Suite 1425, Emeryville, California 94608
Tel. No. (510) 596-0888  Facsimile (510) 596-0899

MICHAEL W. BOLECHOWSKI (SBN: 118725)
MARK C. RASKOFF (SBN: 72330)
DAVID L. HART (SBN: 219517)
BISHOP, BARRY, HOWE, HANEY & RYDER
2000 Powell Street, Suite 1425
Emeryville, California 94608
Telephone: 510-596-0888
Facsimile:  510-596-0899

Attorneys for all Defendants except Prasad Lakireddy

IN THE UNITED STATES DISTRICT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE I; JANE DOE II; LAKSHMI and JARMANTI PRATTIPATI as Parents and Successors in Interest of CHANTI JYOTSNA DEVI PRATTIPATTI; JANE DOE III; JANE DOE IV; JANE DOE V; DANE DOE VI; JANE DOE VII; JANE DOE VIII; SREEKANTH KOLLIPARA; and All Others Similarly Situated<br><br>Plaintiffs,<br><br>vs.<br><br>LAKIREDDY BALI REDDY, an individual; VIJAY KUMAR LAKIREDDY, an individual; PRASAD LAKIREDDY, an individual; JAYAPRAKASH REDDY LAKIREDDY, an individual; VENKATESWARA REDDY LAKIREDDY, an individual; and the businesses they controlled and/or operated, including PASAND MADRAS CUISINE, a California corporation; PASAND, INC., a California corporation; LAKIREDDY INVESTMENT CO., a California limited liability corporation; L.B. REDDY ESTATE CO., a California limited liability company; JAY CONSTRUCTION, a California sole proprietorship; ACTIVE TECH SOLUTIONS, a California corporation; VANI COMPUTER SOLUTIONS, a California limited liability corporation; LAKIREDDY BALI REDDY d/b/a REDDY REALTY CO., a California sole proprietorship; and ROES 1 through 100, inclusive,<br><br>Defendants. | Case No. **C-02-5570-WHA**<br><br>**SUPPLEMENTAL RESPONSES TO JANE DOE I'S INTERROGATORIES TO DEFENDANT JAY CONTRUCTION** |

622-22888

| | |
|---|---|
| PROPOUNDING PARTY: | PLAINTIFF JANE DOE I |
| RESPONDING PARTY: | JAY CONSTRUCTION |
| SET NUMBER: | ONE |

3. State YOUR legal status (i.e. corporation, partnership, joint venture, unincorporated association, etc.) and the place and date YOU were formed.

**RESPONSE:** Jay Construction is a Partnership formed in Berkeley, California in 1992.

9. If YOUR answer to Interrogatory No.8 is yes, list the PLAINTIFFS whom you EMPLOYED to perform work in California and provide their respective dates of EMPLOYMENT.

**RESPONSE:** See response to interrogatory 16.

10. For each of the PLAINTIFFS listed in response to Interrogatory No.9, IDENTIFY all DOCUMENTS that report the number of hours worked by the PLAINTIFF as YOUR EMPLOYEE in California and/or the WAGES paid to PLAINTIFF for such work.

**RESPONSE:** The only documents defendants were able to locate are found at HR1311-HR1548

11. For each of the PLAINTIFFS listed in response to Interrogatory No.9, state whether YOU ever EMPLOYED the PLAINTIFF to perform work in California OFF THE BOOKS.

**RESPONSE:** All defendants who can answer this question have pled the 5th Amendment. All employees who could answer this question have pled the 5th amendment.

12. For each of the PLAINTIFFS listed in response to Interrogatory No.9, provide a complete itemization of all money and other things of value that were provided to the PLAINTIFF (or his or her family) as full or partial compensation for the PLAINTIFF'S labor as YOUR employee in California and that are not reported in the records YOU identified in response to Interrogatory No.10.

**RESPONSE:** As agreed in the meet and confer Defendants will provide a list of all items of

value provided to all plaintiffs even though Defendant contends that many plaintiffs were not employees.

    A.    Doe I received one-third of an apartment valued at $1,200. Doe I received furniture for her apartment. The apartment was located 2020 Bancroft #228 Berkeley, Ca. Doe I received plane tickets to visit India valued at $2,000. Doe I had and estimated $2,000 paid towards medical expanses. Doe I received an estimated $2,000 for spending money. Defendant Lakireddy Bali Reddy would take Doe I shopping and buy her whatever she asked for. Doe I received three meals a day with a total value estimated at $20.00.

    B.    Doe II received one-third of an apartment valued at $1,200. Doe II received furniture for her apartment. The apartment was located 2020 Bancroft #228 Berkeley, Ca. Doe II received plane tickets to visit India valued at $2,000. Defendant Lakireddy Bali Reddy would take Doe II shopping and buy her whatever she asked for. Doe II received three meals a day with a total value estimated at $20.00.

    C.    Chanti received one-third of an apartment valued at $1,200. Doe I received furniture for her apartment. The apartment was located 2020 Bancroft #228 Berkeley, Ca. Chanti received an estimated $2,000 for spending money. Defendant Lakireddy Bali Reddy would take Chanti shopping and buy her whatever she asked for. Chanti received three meals a day with a total value estimated at $20.00.

    D.    Doe III received one-third of an apartment valued at $1,200. Doe III received furniture for her apartment. Doe III received $1,300 a month in addition to room and board. Doe I received plane tickets to visit India valued at $2,000. Doe III received I three tickets to India valued at $1,500 each. Doe III received three meals a day with a total value estimated at $20.00. Defendants also built Doe III a home in India.

    E.    Doe IV received one-third of an apartment valued at $1,200. Doe IV received

furniture for her apartment. Doe IV received plane tickets to visit India valued at $2,000. Doe III received three meals a day with a total value estimated at $20.00. Defendants also built Doe III a home in India. When she started Doe IV was given $500 a month. When she quit she was being paid $1,000 a month. Lakireddy Bali Reddy paid for the wedding of the sister Doe IV in India, including the dowry. Doe IV received three meals a day with a total value estimated at $20.00.

F. Doe V received one-third of an apartment valued at $1,200 located at 2126 Bancroft. Doe V received furniture for her apartment. Doe V received three meals a day with a total value estimated at $20.00. When she started Doe V was given $500 a month. When she quit she was being paid $1,000 a month. Defendants paid hospital bills to Highland Hospital on behalf of Doe V in excess of $1,000.

G. Doe VI received one-third of an apartment valued at $1,200 located at 2126 Bancroft. Doe VI later received a studio apartment valued at $600 a month located 2121 Channing in Berkeley, Ca. Doe VI received furniture for her apartment. Doe VI received three meals a day with a total value estimated at $20.00. When she started Doe VI was given $500 a month. When she quit she was being paid $1,000 a month. Defendants paid $10,000 towards Doe VI's marriage and dowry. Defendants paid for Doe VI to fly to India twice with tickets valued at $1,500 each.

H. Doe VII was taken in by Vijay Lakireddy after being abandoned by her husband. Vijay Lakireddy allowed Doe VII to have access to computers to help her train to become a computer consultant. Doe VII was fed and treated like a guest.

I. Doe VIII received one-half of an apartment valued at $1,000 located at 1915 Haste Street in Berkeley, Ca. Doe VIII received three meals a day with a total value estimated at $20.00. When she quit she was being paid $1,000 a month.

J. Sreekanth Kollipara received one-half of an apartment valued at $1,200. Sreekanth received three meals a day with a total value estimated at $20.00.

Sreekanth was given access to computers with software to train him to become more marketable to help him find gainful employment. Sreekanth never performed any work for Active Tech. Active Tech never made any money from work performed by Sreekanth.

13. For each of the PLAINTIFFS listed in response to Interrogatory No.9, provide a complete listing of the hours worked by the PLAINTIFF as YOUR employee in California that are not reported in the records YOU identified in response to Interrogatory No.10.

**RESPONSE:** Plaintiffs worked on an "as needed basis" for Defendants while they were in the United States. Defendants are only able to give the specific information as contained in interrogatory response 16.

14. IDENTIFY every person (other than the PLAINTIFFS) whom YOU EMPLOYED to perform work in California at any time between January 1, 1990 and the present and provide their respective dates of EMPLOYMENT.

**RESPONSE:** See bates marked documents HR 01311-HR01548

15. For each person identified in response to Interrogatory No. 14, state whether YOU ever EMPLOYED the person to perform work in California OFF THE BOOKS.

**RESPONSE:** All defendants who can answer this question have pled the 5th Amendment. All employees who could answer this question have pled the 5th amendment.

16. For each of the PLAINTIFFS, IDENTIFY every person and ENTITY that EMPLOYED the PLAINTIFF to perform work in California prior to January 1, 2000 and provide the dates of EMPLOYMENT.

**RESPONSE:**

    1. DOE I often socialized at restaurant Pasand Madras Cuisine, but never was employed by any defendant. Defendants don't know anyone else that employed this plaintiff.

2.   DOE II often socialized at restaurant Pasand Madras Cuisine, but never was employed by any defendant. Defendants don't know anyone else that employed this plaintiff.

3.   DOE III worked for various restaurants owned by Defendants on an "as needed basis" and was employed by Jay Construction from 1995 until the end of 1999 as well on an "as needed basis". Defendants can not be more specific with regard to the hours Doe III worked. Defendants did pay for several trips to India for Doe III for months. During the vacations to India Doe III performed no work for Defendants. Defendants don't know anyone else that employed this plaintiff.

4.   DOE IV worked for Jay Construction from 1995 until 1999. Doe IV was paid by Active Tech Solutions but never performed any actual work for Active Tech Solutions. Defendants have searched records and are unable to determine the hours this plaintiff worked per week. Defendants paid for Doe IV to take trips back to India for several months at a time. Defendants believe Doe IV worked at Subway Sandwiches in Berkeley. Defendants have made a diligent search, but are unable to give more specific information. Defendants don't know anyone else that employed this plaintiff.

5.   DOE V worked for Jay Construction from 1995 until 1999. Defendants paid for Doe V to take trips back to India for several months at a time. Defendants have searched records and are unable to determine the hours the plaintiff worked per week. Defendants don't know anyone else that employed this plaintiff.

6.   DOE VI worked for Jay Construction from 1995 until 1999. Defendants paid for Doe VI to take trips back to India for several months at a time. Defendants have made a diligent search of the records but are unable to give specific information on the hours this plaintiff worked. Defendants don't know anyone else that employed this plaintiff.

7.   DOE VII was never employed by a Defendant. Defendants don't know anyone else that employed this plaintiff.

8. DOE VIII worked for Pasand Madras Cuisine from September of 1999 until January of 2000. Defendants can not be more specific concerning the hours she worked. Defendants are not aware of Doe VIII's other employers.

9. SREEKANTH KOLLIPARA came to the United States in December of 1999 to work for Active Tech Solutions but never worked for Active Tech Solutions. Defendants don't know anyone else that employed this plaintiff.

10. CHANTIJYOSTHNA DEVI PRATTIPATI often socialized at restaurant Pasand Madras Cuisine, but never was employed by any defendant. Defendants don't know anyone else that employed this plaintiff.

Dated: 5-21-03

BISHOP, BARRY, HOWE, HANEY & RYDER

By: _____
MICHAEL W BOLECHOWSKI
MARK C. RASKOFF
DAVID L. HART