JONATHAN R. BASS (State Bar # 075779)
NAOMI RUSTOMJEE (State Bar #142088)
GAIL G. QUAN (State Bar #203705)
COBLENTZ, PATCH, DUFFY & BASS, LLP
One Ferry Building, Suite 200
San Francisco, California 94111
Telephone: (415) 391-4800
Facsimile:  (415) 989-1663

Attorneys for Defendant
Prasad Lakireddy

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE I, et al., | Case No. CV 02-5570-CW |
| Plaintiffs, | **DEFENDANT PRASAD LAKIREDDY'S RESPONSE TO PLAINTIFF LAKSHMI PRATTIPATI'S FIRST SET OF INTERROGATORIES** |
| vs. | |
| LAKIREDDY BALI REDDY, et al., | |
| Defendants. | |

PROPOUNDING PARTY:     PLAINTIFF LAKSHMI PRATTIPATI

RESPONDING PARTY:      DEFENDANT PRASAD LAKIREDDY

SET:                   ONE

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Prasad Lakireddy ("Lakireddy") responds to Plaintiff Lakshmi Prattipati's First Set of Interrogatories to Defendant Prasad Lakireddy (the "Interrogatories") as follows:

## GENERAL OBJECTIONS

1.  Prasad Lakireddy objects to the Interrogatories on the grounds that requiring a response to this discovery substantially burdens the exercise of Lakireddy's Fifth Amendment rights. The claims against him in this action are substantially similar to those brought against him in the federal criminal proceedings currently pending in this Court, *United States v. Prasad Lakireddy, et al.*, Case Number CR-0040028-CW, in which Lakireddy is scheduled to be sentenced on or about February 9, 2004 (the "Criminal Action"). On or about May 22, 2003, this Court granted Lakireddy's motion to stay discovery in part, and stayed his deposition and answers

to plaintiffs' interrogatories and requests for admission until August 31, 2003. Lakireddy has informed plaintiffs and this Court that requiring a response to this discovery substantially burdens the exercise of his Fifth Amendment rights. Lakireddy makes this response under the compulsion of the Court's order issued on May 22, 2003. Lakireddy will withdraw his assertion of his Fifth Amendment rights and supplement his response upon completion of the Criminal Action.

2. Lakireddy objects to the Interrogatories generally, and to specific interrogatories as set forth below, to the extent they seek information protected from disclosure by the attorney-client privilege, and other applicable privileges. Lakireddy will construe each interrogatory as excluding from its scope any such materials, and its answer to an interrogatory should not be construed as an express or implied waiver of any applicable privilege.

3. Lakireddy further objects to the Interrogatories on the ground that the Interrogatories were not served timely.

4. The following responses are made solely for the purpose of, and in relation to, this litigation. Each answer given is subject to all appropriate objections, including, but not limited to, objections concerning competency, relevancy, materiality, propriety, and admissibility. All such objections and the grounds therefore are expressly reserved and may be interposed at or before the time of trial.

5. Lakireddy objects to the Interrogatories generally, and to specific interrogatories as set forth below, to the extent they require the identification of any fact or witness at this stage of the litigation on the grounds that such interrogatories are premature, overbroad, oppressive, and unduly burdensome. The information needed to provide complete responses to the interrogatories may be developed during the course of this litigation. The responses set forth herein are based on information obtained and evaluated to date and are made without prejudice to Defendant's right to use information subsequently discovered as well as information currently known but not yet known to be relevant, significant, or applicable. Lakireddy specifically reserves the right to use at trial or any pretrial proceeding all information developed during discovery in this case, whether or not it is included in these responses to this set of Interrogatories.

6. Lakireddy objects to the Interrogatories generally, and to specific interrogatories as

set forth below, to the extent that they purport to require Lakreddy to take any act or provide any information not required by the Federal Rules of Civil Procedure.

7. Pursuant to Federal Rule of Civil Procedure 33(d), Lakireddy objects to the Interrogatories generally, and to specific interrogatories as set forth below, to the extent that they seek information that is equally or more readably accessible to Plaintiffs through their own knowledge and/or review of the documents produced by or filed by the parties in this action on the grounds that such interrogatories are oppressive and unduly burdensome.

8. Lakireddy objects to the Interrogatories generally and specifically to the extent they require Defendant to comply with an unreasonable or burdensome investigation or analysis.

9. Lakireddy notes that investigation and discovery are continuing, and reserves the right to amend or supplement these responses after having further opportunity to investigate or analyze the facts and law pertinent to this case.

10. All specific responses are made subject to these general objections and are fully incorporated into each and every response as if set forth therein.

## SPECIFIC RESPONSES AND OBJECTIONS

Subject to and without waiving its general objections, defendant Prasad Lakireddy responds to the specific Interrogatories as follows:

**INTERROGATORY NO. 1:**

Please state all factual or legal defenses to the allegations in PLAINTIFFS' Second Amended Complaint that YOU intend to assert at the trial of this matter.

**RESPONSE TO INTERROGATORY NO. 1:**

Lakireddy objects to this interrogatory on the grounds that the interrogatory is overbroad, compound and consists of multiple separate interrogatories. Lakireddy further objects on the grounds that the interrogatory seeks information protected by the attorney-work product privilege.

Subject to and without waiver of the foregoing objections, Lakireddy responds as follows: Unless stated otherwise in Defendant Prasad Lakireddy's Answer to Plaintiffs' Second Amended Complaint ("Lakireddy's Answer"), Lakireddy denies the factual allegations in Plaintiffs' Second Amended Complaint. In addition, among the legal defenses Lakireddy may assert at the trial of

1  this matter are the following: plaintiffs have failed to state a claim upon which relief can be
2  granted; plaintiffs have waived any and all claims they may have against Lakireddy; plaintiffs'
3  claims are barred, in whole or in party, by the doctrine of estoppel; plaintiffs approved, ratified,
4  acquiesced in, licensed, and confirmed the actions complained of in the complaint and are
5  therefore barred from seeking any recovery in this action; the complaint does not state facts
6  sufficient to support an award of exemplary damages; plaintiffs' claims are barred, in whole or in
7  part, by the doctrine of laches; plaintiffs' claims are barred, in whole or in part, by the doctrine of
8  unclean hands; plaintiffs' claims are barred by the statute of limitations to each claim applicable;
9  plaintiffs' claims are barred in that the losses and damages of plaintiffs, if any, are the direct and
10 proximate result of the acts and conduct of other persons or entities (including plaintiffs) for
11 which this defendant is not, and cannot be deemed to be, responsible; plaintiffs' claims are
12 barred, in whole or in part, because plaintiffs have already been compensated for any alleged
13 losses or damages; and if plaintiffs are entitled to any recovery in their action, the amount of any
14 such recovery should be reduced to the extent that any plaintiff has received payment in the form
15 of restitution in the case of <u>United States v. Reddy</u>, case no. CR-00-40028.

**INTERROGATORY NO. 2:**

For every defense identified in response to Interrogatory No. 1, please state all facts that support or otherwise RELATE TO that defense.

**RESPONSE TO INTERROGATORY NO. 2:**

Lakireddy objects to this request on the grounds that the request is overbroad and compound in violation of the Federal Rules of Civil Procedure. Lakireddy further objects to this interrogatory on the grounds that it seeks information protected by the attorney work-product privilege. In addition, Lakireddy objects to this interrogatory on the grounds that it is vague and ambiguous in its use of the phrase "otherwise RELATE TO." In addition to the foregoing objections, Lakireddy invokes his rights under the Fifth Amendment.

**INTERROGATORY NO. 3:**

Please state every affirmative defense YOU intend to assert in response to PLAINTIFFS' Second Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 3:**

Lakireddy objects to this interrogatory on the grounds that the interrogatory is overbroad, compound and consists of multiple separate interrogatories. Lakireddy further objects on the grounds that the interrogatory seeks information protected by the attorney-work product privilege. In addition, Lakireddy objects to this interrogatory on the grounds that it is burdensome and harassing. Lakireddy has already responded to PLAINTIFFS' Second Amended Complaint and identified his affirmative defenses.

**INTERROGATORY NO. 4:**

Do YOU contend that any PLAINTIFF is responsible for any of the damages asserted in the Second Amended Complaint?

**RESPONSE TO INTERROGATORY NO. 4:**

Lakireddy objects to this request on the grounds that the request is overbroad and compound in violation of the Federal Rules of Civil Procedure. Lakireddy further objects to the interrogatory on the ground that the interrogatory is vague and ambiguous in its use of the terms "responsible for" and "any of the damages asserted in the Second Amended Complaint." In addition to the foregoing objections, Lakireddy invokes his rights under the Fifth Amendment.

**INTERROGATORY NO. 5:**

If your answer to Interrogatory No. 4 is yes, please state all facts YOU rely upon to support YOUR contentions.

**RESPONSE TO INTERROGATORY NO. 5:**

Not applicable.

**INTERROGATORY NO. 6:**

Do YOU contend that the claims of or damages asserted by any PLAINTIFF are barred by the doctrine of unclean hands?

**RESPONSE TO INTERROGATORY NO. 6:**

Lakireddy objects to this request on the grounds that the request is overbroad and compound in violation of the Federal Rules of Civil Procedure. Lakireddy further objects to the interrogatory on the ground that the interrogatory is vague and ambiguous in its use of the terms

"claims of" and "damages asserted by." In addition to the foregoing objections, Lakireddy invokes his rights under the Fifth Amendment.

**INTERROGATORY NO. 7:**

If YOUR answer to Interrogatory No. 6 is yes, please state all facts YOU rely upon to support YOUR contentions.

**RESPONSE TO INTERROGATORY NO. 7:**

Not applicable

**INTERROGATORY NO. 8:**

Do YOU contend that the claims of or damages asserted by any PLAINTIFF are barred by the doctrine of *in pari dilecto*?

**RESPONSE TO INTERROGATORY NO. 8:**

Lakireddy objects to this request on the grounds that the request is overbroad and compound in violation of the Federal Rules of Civil Procedure. Lakireddy further objects to the interrogatory on the ground that the interrogatory is vague and ambiguous in its use of the terms "claims of" and "damages asserted by." In addition to the foregoing objections, Lakireddy invokes his rights under the Fifth Amendment.

**INTERROGATORY NO. 9:**

If YOUR answer to Interrogatory No. 8 is yes, please state all facts YOU rely upon to support YOUR contentions.

**RESPONSE TO INTERROGATORY NO. 9:**

Not applicable.

**INTERROGATORY NO. 10:**

Do YOU contend that Jane Does I, II, III, V, VI and Chanti Prattipatti were NOT all under 18 years of age when they first arrived in the United States?

**RESPONSE TO INTERROGATORY NO. 10:**

Lakireddy objects to this request on the grounds that the request is overbroad and compound in violation of the Federal Rules of Civil Procedure. Lakireddy further objects to this interrogatory on the grounds that it seeks information not relevant to the litigation. Jane Does III,

V and VI voluntarily moved to dismiss their claims on October 28, 2003. Lakireddy further objects to this interrogatory on the ground that it seeks information that calls for expert opinion. In addition to the foregoing objections, Lakireddy invokes his rights under the Fifth Amendment.

**INTERROGATORY NO. 11:**

If YOUR answer to Interrogatory no. 11 is yes, state all the facts YOU rely upon to support YOUR contentions about PLAINTIFFS' and decedent's ages.

**RESPONSE TO INTERROGATORY NO. 11:**

Not applicable.

**INTERROGATORY NO. 12:**

Do YOU contend that any parent of Jane Does I, II, III, V, VI and/or Chanti Prattipatti knew, prior to L.B. Reddy's arrest in January 2000, that L.B. Reddy was having sexual relations with his or her daughter?

**RESPONSE TO INTERROGATORY NO. 12:**

Lakireddy objects to this interrogatory on the grounds that the interrogatory is overbroad and compound in violation of the Federal Rules of Civil Procedure. Lakireddy further objects to this interrogatory on the grounds that it seeks information not relevant to the litigation. Jane Does III, V and VI voluntarily moved to dismiss their claims on October 28, 2003.

Subject to and without waiver of the foregoing objections, Lakireddy responds as follows: Yes.

**INTERROGATORY NO. 13:**

If YOUR answer to Interrogatory no. 13 is yes, state all the facts YOU rely upon to support YOUR contentions.

**RESPONSE TO INTERROGATORY NO. 13:**

Lakireddy objects to this interrogatory on the grounds that the interrogatory is overbroad in that it seeks "all facts" supporting the contention.

Subject to and without waiver of the foregoing objections, Lakireddy responds as follows: Lakireddy is informed and believes that information supporting the contention may be found in the deposition transcripts of Jane Doe I.

**INTERROGATORY NO. 14:**

Do YOU contend that any PLAINTIFF engaged in SEXUAL RELATIONS in exchange for money in the United States?

**RESPONSE TO INTERROGATORY NO. 14:**

Lakireddy objects to this request on the grounds that the request is overbroad and compound in violation of the Federal Rules of Civil Procedure. Lakireddy objects to this interrogatory on the grounds that it is vague and ambiguous in its use of the term "SEXUAL RELATIONS."

Subject to and without waiver of the foregoing objections, Lakireddy responds as follows: At this time, no.

**INTERROGATORY NO. 15:**

If your answer to Interrogatory No. 14 is yes, state all the facts you rely upon to support your contentions about PLAINTIFFS' sexual relations in exchange for money.

**RESPONSE TO INTERROGATORY NO. 15:**

Not applicable.

**INTERROGATORY NO. 16:**

Do you contend that any PLAINTIFF required, asked or forced anyone to engage in SEXUAL RELATIONS in exchange for money in the United States?

**RESPONSE TO INTERROGATORY NO. 16:**

Lakireddy objects to this request on the grounds that the request is overbroad and compound in violation of the Federal Rules of Civil Procedure. Lakireddy objects to this interrogatory on the grounds that it is vague and ambiguous in its use of the terms "forced" and

"SEXUAL RELATIONS."

Subject to and without waiver of the foregoing objections, Lakireddy responds as follows: At this time, no.

**INTERROGATORY NO. 17:**

If your answer to Interrogatory No. 16 is yes, state all the facts you rely upon to support your contentions about PLAINTIFFS' asking, requiring or forcing anyone to engage in sexual relations in exchange for money.

**RESPONSE TO INTERROGATORY NO. 17:**

Lakireddy objects to this request on the grounds that the request is overbroad and compound in violation of the Federal Rules of Civil Procedure. Lakireddy objects to this interrogatory on the grounds that it is vague and ambiguous in its use of the terms "forced" and "SEXUAL RELATIONS."

Subject to and without waiver of the foregoing objections, Lakireddy responds as follows: Not applicable.

**INTERROGATORY NO. 18:**

Do you contend that any PLAINTIFF has ever made any false accusation of rape?

**RESPONSE TO INTERROGATORY NO. 18:**

Lakireddy objects to this interrogatory on the grounds that the interrogatory is overbroad and compound in violation of the Federal Rules of Civil Procedure. Lakireddy further objects to this interrogatory on the grounds that it seeks information protected by the attorney work-product privilege.

Subject to and without waiver of the foregoing objections, Lakireddy responds as follows: Yes.

**INTERROGATORY NO. 19:**

If your answer to Interrogatory No. 18 is yes, state all the facts you rely upon to support your contentions about any PLAINTIFF making any false accusation of rape.

**RESPONSE TO INTERROGATORY NO. 19:**

Lakireddy objects to this interrogatory on the grounds that the interrogatory is overbroad

and compound in violation of the Federal Rules of Civil Procedure. Lakireddy further objects to this interrogatory on the grounds that it seeks information protected by the attorney work-product privilege.

Subject to and without waiver of the foregoing objections, Lakireddy responds as follows: Lakireddy is informed and believes that Jane Doe VIII may have made a false allegation of rape in India that she made against a young man named Madhava Reddy. Plaintiffs have obstructed discovery in the matter. In addition, in this action, plaintiffs Jane Doe I and II have alleged they were raped by various defendants in this action. The other defendants in this action have denied these allegations.

**INTERROGATORY NO. 20:**

Please state all facts RELATED TO any occasion upon which any PLAINTIFF was required to engage in SEXUAL RELATIONS in the United States in exchange for money or other compensation.

**RESPONSE TO INTERROGATORY NO. 20:**

Lakireddy objects to this request on the grounds that the request is overbroad and compound in violation of the Federal Rules of Civil Procedure. Lakireddy objects to this interrogatory on the grounds that it is vague and ambiguous in its use of the terms "RELATED TO," "SEXUAL RELATIONS" and "other compensation."

Subject to and without waiver of the foregoing objections, Lakireddy responds as follows: At this time, Lakireddy is not aware of any "facts RELATED TO any occasion upon which any PLAINTIFF was required to engage in SEXUAL RELATIONS in the United States in exchange for money or other compensation."

**INTERROGATORY NO. 21:**

Please state all facts RELATED TO any occasion upon which any PLAINTIFF was asked to engage in SEXUAL RELATIONS in the United States in exchange for money or other compensation.

**RESPONSE TO INTERROGATORY NO. 21:**

Lakireddy objects to this request on the grounds that the request is overbroad and

compound in violation of the Federal Rules of Civil Procedure. Lakireddy objects to this interrogatory on the grounds that it is vague and ambiguous in its use of the terms "RELATED TO," "SEXUAL RELATIONS" and "other compensation."

Subject to and without waiver of the foregoing objections, Lakireddy responds as follows: At this time, Lakireddy is not aware of any "facts RELATED TO any occasion upon which any PLAINTIFF was asked to engage in SEXUAL RELATIONS in the United States in exchange for money or other compensation."

**INTERROGATORY NO. 22:**

Please state all facts RELATED TO any occasion upon which any PLAINTIFF was paid for having SEXUAL RELATIONS with anyone in the United States.

**RESPONSE TO INTERROGATORY NO. 22:**

Lakireddy objects to this request on the grounds that the request is overbroad and compound in violation of the Federal Rules of Civil Procedure. Lakireddy objects to this interrogatory on the grounds that it is vague and ambiguous in its use of the terms "RELATED TO," "paid" and "SEXUAL RELATIONS."

Subject to and without waiver of the foregoing objections, Lakireddy responds as follows: At this time, Lakireddy is not aware of any "facts RELATED TO any occasion upon which any PLAINTIFF was paid for having SEXUAL RELATIONS with anyone in the United States."

**INTERROGATORY NO. 23:**

Please state all facts RELATED TO any occasion upon which any DEFENDANT received money or other compensation in exchange for any PLAINTIFF having SEXUAL RELATIONS with anyone in the United States.

**RESPONSE TO INTERROGATORY NO. 23:**

Lakireddy objects to this interrogatory on the grounds that it is vague and ambiguous in its use of the terms "RELATED TO," "other compensation" and "SEXUAL RELATIONS."

Subject to and without waiver of the foregoing objections, Lakireddy responds as follows: Lakireddy is not aware of any "facts RELATED TO any occasion upon which any DEFENDANT received money or other compensation in exchange for any PLAINTIFF having SEXUAL

1  RELATIONS with anyone in the United States.

2  **INTERROGATORY NO. 24:**

3  Please describe all efforts YOU have made since 1996 to comply with the immigration
4  laws of the United States as they relate to any business(es) you own or operate.

5  **RESPONSE TO INTERROGATORY NO. 24:**

6  Lakireddy objects to this interrogatory on the grounds that the interrogatory is vague and
7  ambiguous in its use of the terms "comply with the immigration laws of the United States" and
8  "relate to." In addition to the foregoing objections, Lakireddy invokes his rights under the Fifth
9  Amendment.

10 **INTERROGATORY NO. 25:**

11 Please IDENTIFY all persons, including attorneys and investigators, who have visited
12 India and spoken with residents of Velvedam on YOUR behalf since January of 2000.

13 **RESPONSE TO INTERROGATORY NO. 25:**

14 Lakireddy objects to this interrogatory on the grounds that it is compound. Lakireddy
15 further objects to this interrogatory on the ground that it is vague and ambiguous in its use of the
16 phrase "on YOUR behalf." In addition, Lakireddy objects to this request on the ground that it
17 seeks information protected under the attorney-work product privilege.

18 Dated: November 25, 2003          COBLENTZ, PATCH, DUFFY & BASS, LLP

20          By: _____
21             JONATHAN R. BASS
               Attorneys for Defendant
               PRASAD LAKIREDDY

09578.001.0357.a

DEFENDANT PRASAD LAKIREDDY'S RESPONSE TO PLAINTIFF LAKSHMI PRATTIPATI'S FIRST SET OF INTERROGATORIES

## CERTIFICATE OF SERVICE

I, Gail G. Quan, hereby declare:

I am over the age of 18 years and not a party to or interested in the within entitled cause. I am an employee of Coblentz, Patch, Duffy & Bass, LLP and my business address is One Ferry Building, Suite 200, San Francisco, CA 94111. On the date stated below, I served a true copy of:

**DEFENDANT PRASAD LAKIREDDY'S RESPONSE TO PLAINTIFF LAKSHMI PRATTIPATI'S FIRST SET OF INTERROGATORIES**

(X) By mail, by placing said document(s) in an envelope addressed as shown below. I am readily familiar with my firm's practice for collection and processing of correspondence for mailing with the United States Postal Service, to wit, that correspondence will be deposited with the United States Postal Service this same day in the ordinary course of business. I sealed said envelope and placed it for collection and mailing on the date stated below to the addressee stated below, following ordinary business practices.

Michael Rubin
Scott A. Kronland
Altshuler, Berzon, Nussbaum, Rubin & Demain
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
Attorneys for Plaintiffs

John P. Flynn
Randall T. Kim
Latham & Watkins, LLP
505 Montgomery Street, Suite 1900
San Francisco, CA 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095

Michael W. Bolechowski
Mark Raskoff
Bishop, Barry, Howe, Haney & Ryder
Watergate Tower III
2000 Powell Street, Suite 1425
Emeryville, CA 94608
Telephone: (510) 596-0888
Facsimile: (510) 596-0899

Paul D. Wolf
Wolf & Babcock, LLP
1212 Broadway, Tenth Floor
Oakland, CA 94612-1828
Telephone: (510) 451-4600
Facsimile: (510) 451-3002

I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed at San Francisco, California on November 25, 2003.

*/s/ Gail G. Quan*
Gail G. Quan

09578-001.0107a.