**CONFIDENTIAL**

## TOLLING AGREEMENT

THIS TOLLING AGREEMENT ("Agreement") shall be effective as of October 18, 2000, and is entered into by and between the parties identified in the caption to the draft complaint attached hereto as Exhibit A ("Complaint"). For purposes of identification only, the plaintiffs identified in the caption to the Complaint and any members of the putative classes or subclasses identified herein will be referred to collectively hereafter as the "Plaintiff Parties." The defendants identified in the caption to the Complaint will be referred to collectively hereafter as the "Defendant Parties."

WHEREAS, some or all of the Plaintiff Parties assert they may have one or more causes of action against some or all of the Defendant Parties in connection with the events alleged in the Complaint;

WHEREAS, each of the Defendant parties hereto denies any wrongdoing of any nature on their respective parts arising out of or in connection with events alleged in the Complaint ; and,

WHEREAS, the all parties seek to defer litigation between or among themselves while they attempt to resolve their differences;

NOW, THEREFORE, in this independent and separately enforceable agreement, it hereby is agreed as follows:

1. The running of all statutes of limitations or claim deadlines shall be tolled and/or suspended for a period beginning October 18, 2000 and continuing thereafter until terminated by written notice as provided herein (the "Tolling Period"). The Tolling Period shall not be asserted or relied on by any party in computing the running of any statute of limitations, other deadline, time limitation or doctrine based in whole or in part upon the passage of time (whether statutory, contractual, legal, equitable or by way of laches, waiver, or estoppel) applicable to all or part of any claim (including claims for indemnity or contribution), cause of action, liability, damages, remedy or any defense thereto (collectively "Claim or Defense") arising out of the subject matter of the Complaint.

2. Nothing in the Tolling Agreement or in the circumstances giving rise to it shall revive any Claim or Defense already barred in whole or in part as of the commencement of the Tolling Period, or be construed as an acknowledgement by any party that any Claim or Defense was or was not barred or about to be barred in whole or in part.

3. The Tolling Period shall remain in effect until terminated through written notice effective 10 days after the date of mailing, providing that in no event shall the Tolling Period terminate prior to November 20, 2000. Notice shall consist in a written statement of the intent to terminate the Tolling Period, and shall be delivered by facsimile and by U.S. Mail addressed as follows:

*To Plaintiff Parties:*

Michael Rubin
Altschuler, Berzon, Nussbaum, Rubin & Demain
177 Post Street, Suite 300
San Francisco, CA 94108

*To Defendant Parties:*

Alan W. Sparer
Howard, Rice, Nemerovski, Canady, Falk
  & Rabkin, A Professional Corporation
Three Embarcadero Center, Seventh Floor
San Francisco, CA 94111

4. The attorneys signing this Agreement below warrant that they are authorized to do so on behalf of their respective clients and that their respective clients are legally empowered to enter into this Agreement.

5. This Agreement shall be governed by the law of the State of California applicable to contracts made and to be wholly performed in that State. This Agreement represents the entire understanding of the parties on the subject matter hereof superseding all prior understandings whether oral or written, and may be modified only by a written agreement signed by all of the parties hereto.

6. Neither the execution of this Agreement nor its contents shall be used or construed in any way as an admission of liability by any party hereto.

7. The parties may execute this document in multiple counterparts, all of which shall constitute the same agreement. Signatures may be delivered by facsimile transmission.

Dated: October 27, 2000

ALTSHULER, BERZON,
NUSSBAUM, RUBIN & DEMAIN

By: *Michael Rubin /sAK*
Michael Rubin
Attorneys for Plaintiff Parties

Dated: October 27, 2000

HOWARD, RICE, NEMEROVSKI,
CANADY, FALK & RABKIN

By: *Alan W. Sparer*
Alan W. Sparer
Attorneys for Defendant Parties

WD 102700/1-141300?/873339/v3

CONFIDENTIAL
FOR SETTLEMENT PURPOSES ONLY

Michael Rubin (#80618)
Scott A. Kronland (#171693)
Meera Trehan (#200509)
Altshuler, Berzon, Nussbaum, Rubin & Demain
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE I; JANE DOE II through her Guardian JANE DOE III; JANE DOE III and JOHN DOE IV as Parents and Successors in Interest of JANE DOE V; SHREEKANTH KOLLIPARA; SRIDEVI GANJI; LAKSHMI GALIREDDY; and All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> LAKIREDDY BALI REDDY, an individual; VIJAY KUMAR LAKIREDDY, an individual; PRASAD LAKIREDDY, an individual; JAYAPRAKASH REDDY LAKIREDDY, an individual; VENKATESWARA REDDY LAKIREDDY, an individual; and the businesses they controlled and/or operated, including PASAND MADRAS CUISINE, a California corporation; PASAND, INC., a California corporation; LAKIREDDY INVESTMENT CO., a California limited liability corporation; L.B. REDDY ESTATE CO., a California limited liability company; JAY CONSTRUCTION, a California sole proprietorship; ACTIVE TECH SOLUTIONS, a California corporation; VANI COMPUTER SOLUTIONS, a California limited liability corporation; LAKIREDDY BALI REDDY d/b/a REDDY REALTY CO., a California sole proprietorship; and ROES 1 through 100, inclusive, <br><br> Defendants. | No. _____ <br><br> COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF <br><br><br> CLASS ACTION <br><br> JURY TRIAL DEMANDED |

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF, No. _____

## AMENDMENT TO TOLLING AGREEMENT

This Amendment to the Tolling Agreement is entered into by and between the parties to the Tolling Agreement attached hereto as Exhibit A.

WHEREAS, the Plaintiff Parties assert that some of them have causes of action against Defendant Parties as well as other parties not covered by the Tolling Agreement for wrongful death and personal injuries as a result of a gas heater incident at 2020 Bancroft Way on or about November 23, 1999; and

WHEREAS, the Plaintiff Parties assert that the filing of a complaint for wrongful death and personal injuries as a result of the gas heater incident described above is necessitated by the statute of limitations because not all the parties against whom Plaintiffs assert they have causes of action are parties to the Tolling Agreement;

NOW THEREFORE, in this Amendment it hereby is agreed as follows:

1. If some of the Plaintiff Parties file a complaint for wrongful death and personal injuries as a result of the gas heater incident described above (hereinafter the "Gas Heater Complaint"), Defendant Parties will not assert that Plaintiffs' failure to assert in that complaint other claims that one or more Plaintiff Parties may have against one or more Defendant Parties bars a future action by any Plaintiff Parties against any Defendant Parties on such other claims or in any way renders the Tolling Agreement invalid or ineffective. Defendant Parties specifically agree that in the event of a future lawsuit by Plaintiff Parties against Defendant Parties, Defendant Parties will not raise a defense of claim splitting, res judicata, or a similar defense based on any or all of the Plaintiff Parties' failure to include other claims or causes of action in the Gas Heater Complaint.

2. Neither the execution of this Amendment nor its contents shall be used or construed in any way as an admission of liability by any party hereto.

3. The parties may execute this document in multiple counterparts, all of which shall constitute the same agreement. Signatures may be delivered by facsimile transmission.

Dated: November 27, 2000

ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN

By: _____
Michael Rubin
Attorneys for Plaintiff Parties

Page 1 of 2

Dated: November 22, 2000

HOWARD, RICE, NEMEROVSKI, CANADY, FALK & RABKIN

By: _____
Alan W. Sparer
Attorneys for Defendant Parties