1  PAUL DELANO WOLF, Bar No. 78624
   ERIK G. BABCOCK, Bar No. 1722517
2  LYNN KESLAR, Bar No. 191521
   WOLF & BABCOCK LLP
3  1212 Broadway, Tenth Floor
   Oakland, CA 94612-3423
4  (510) 451 - 4600

5  SUSAN RAFFANTI, Bar No. 120993
   469 Ninth Street, Suite 200
6  Oakland, CA 94607
   (510) 451-2825
7
   Attorneys for the Defendant
8  PRASAD LAKIREDDY

9              IN THE UNITED STATES DISTRICT COURT

10                NORTHERN DISTRICT OF CALIFORNIA

11

12  United States of America,          No. CR 00-40028 CW

13            Plaintiff                 **REPLY TO GOVERNMENT'S**
                                        **OPPOSITION TO MOTION TO**
14                                      **EXCLUDE, ORDER DISCOVERY OR**
                                        **CONTINUE TRIAL**
15  v.

16  Prasad Lakireddy,

17            Defendant.                Date: April 14, 2003
                               /        Time: 2:00 p.m.
18                                      Dept: 2 (Judge Wilken)

19          The government's attempts to explain, justify and

20  rationalize its discovery violations must be rejected.  The last-

21  minute evidence identified by defendant in his moving papers

22  should be excluded.  In the alternative, trial should be

23  continued to allow defendant time in which to adequately prepare

24  to defend against the new evidence.

25  ///

26  ///

27  ///

28
    DEFENDANT'S REPLY TO OPPOSITION TO
    MOTION TO EXCLUDE, ORDER DISCOVERY OR CONTINUE

**ORIGINAL
F I L E D**

APR 1 4 2003

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

## THE EXPERT WITNESS TESTIMONY SHOULD BE EXCLUDED

1

2          The government weakly attempts to justify the tardiness

3   of its expert disclosures by reminding the Court that Rule 16

4   does not "provide for a specific deadline for disclosure of

5   experts." *Gov't Opp.* at p. 2. But this is not a "run of the

6   mill" criminal case.   The government's first witness list

7   identified over one hundred witnesses.   In a less complex case,

8   disclosure of one expert two weeks before trial might be

9   reasonable.   In a case of this complexity and magnitude, however,

10  disclosure of multiple experts two weeks or less before trial is

11  manifestly unreasonable.

12          The government further argues that disclosure of its

13  handwriting expert "did not violate the requirements of Rule 16

14  as to timeliness because the government did not finally determine

15  until April 8 that it would call this expert."   This case has

16  been pending for years.  The government knew for years that it

17  "intended" to present expert testimony on various issues.  It

18  always contended that Mr. Lakireddy signed false Affidavits of

19  Support.   Under any view of reasonable notice, this expert

20  evidence should have been disclosed much earlier.  The government

21  cannot wait until the "eve" of trial to decide it "intends" to

22  call an expert (or which expert to call) to avoid its obligations

23  under Rule 16.

24          Whatever the general timeliness requirements for expert

25  disclosures under Rule 16, it is clear that the defense must be

26  given disclosure with sufficient time for the defense to obtain

27  the assistance of an expert to attack the findings of the

28

DEFENDANT'S REPLY TO OPPOSITION TO
MOTION TO EXCLUDE, ORDER DISCOVERY OR CONTINUE                    - 2 -

1  prosecution's expert.  That standard has not been met here.

2        The government has now conveniently re-characterized

3  the testimony of its "expert" wage and tax witnesses as mere

4  "persons able to testify about the procedures and practices of

5  their respective agencies."  That is debatable and, if the

6  government persists in that reconsideration, it will be debated

7  up to the moment the government attempts to present those

8  witnesses at trial.  For example, if the government witness

9  opines that defendant violated federal minimum wage obligations,

10 presumably he or she will render an opinion about whether the

11 furnishing of housing and/or food qualifies towards those

12 obligations.  That opinion would call for expert testimony.

13       Moreover, all the testimony of the financial (wage and

14 tax) witnesses should also be excluded under Rule 404(b), as it

15 is collateral to the real issues in this trial, and could result

16 in a "mini-trial" on regulatory and civil liability issues (such

17 testimony bears the danger of confusing the standards and even

18 burden of proof).  If the government has complaints about whether

19 Mr. Lakireddy fulfilled his obligations regarding minimum wage,

20 unemployment and disability payments, there are other, more

21 appropriate, forums in which it can litigate those issues.[1]

22       **THE UNCHARGED SEXUAL EVIDENCE SHOULD BE EXCLUDED**

23       The government now contends that it may introduce

24 evidence of any alleged sexual misconduct by co-conspirators LB

25

26 _____

27 [1]    As to the "adequacy" of the government's expert
disclosures, defendant notes that he still does not have the

28 exemplars on which the handwriting comparison was made.

DEFENDANT'S REPLY TO OPPOSITION TO
MOTION TO EXCLUDE, ORDER DISCOVERY OR CONTINUE          - 3 -

1  and Vijay Lakireddy that was contained in discovery previously
2  provided.

3          But the <u>only</u> evidence that would be relevant is
4  evidence of <u>illegal</u> <u>sexual</u> <u>activity</u> <u>in</u> <u>the</u> <u>United</u> <u>States</u>.
5  Otherwise, such evidence will not be relevant and should be
6  excluded under Rules 403 and 404(b).

7              **THE IMMIGRATION EVIDENCE SHOULD BE EXCLUDED**

8          The government contends that the additional Affidavits
9  of Support "did not come to the attention of prosecutors or
10  investigating agents until it had identified the above persons as
11  possible witnesses for trial." But the government identified
12  these persons as possible trial witnesses on the critical subject
13  of proof (on the conspiracy charged in Count One) almost three
14  years ago. These persons were included among those as for whom
15  LB Reddy and other co-conspirators were given increases under the
16  Guidelines. It is right to assume that the government, before
17  recommending these sentencing increase, reviewed the A files for
18  these illegal aliens to determine how they had immigrated. The
19  prosecutors and law enforcement agents were involved in
20  identifying these people for the Probation Office. In short, the
21  government has made allegations about information regarding
22  illegal immigration of (most concisely established by the
23  contents of the A files) these people on numerous occasions for
24  over two years.

25                      **DISCOVERY ISSUES**

26          The government agreed to provide <u>Jencks</u> material well
27  one month in advance of trial. They now cite <u>Jencks</u> for the

28

DEFENDANT'S REPLY TO OPPOSITION TO
MOTION TO EXCLUDE, ORDER DISCOVERY OR CONTINUE                    - 4 -

1 proposition that no pretrial production is required.  Apparently,
2 upon reconsideration, the government is now willing to suffer
3 through a lengthy mid-trial postponement while <u>Jencks</u> materials
4 are assimilated and investigated by defendant, and to risk a
5 later dismissal if <u>Brady/Giglio</u> material is discovered midway
6 through trial.  The Declaration of Steve Gore filed with this
7 reply establishes conclusively that such investigation is
8 necessary.

9        As to the A files, the government is correct that the
10 source of his request is <u>Jencks</u> and <u>Brady/Giglio</u>.  These
11 witnesses have likely received benefits from the federal
12 government.

13        The same is true of the families of the complaining
14 witnesses.  They have certainly benefitted from their daughters'
15 cooperation with the United States government.  Their testimony
16 is relevant on that ground.  And there is clearly authority for
17 requiring the government to either disclose their whereabouts or
18 produce them for trial.  If these people were confidential
19 informants with material information, the Court would order the
20 government to do what the defense requests here.  The identities
21 here are not secret, just the whereabouts.  These family members
22 are material witnesses, so the Court should order the relief
23 requested.

24 ///
25 ///
26 ///
27
28

DEFENDANT'S REPLY TO OPPOSITION TO
MOTION TO EXCLUDE, ORDER DISCOVERY OR CONTINUE

CONCLUSION

Based on the foregoing, defendant Lakireddy respectfully requests that the evidence identified in his moving papers be excluded, and that certain discovery be ordered produced immediately.   Alternatively, he requests a continuance of the trial.

DATED: 4/14/07                    Respectfully submitted,


                                  WOLF & BABCOCK LLP
                                  Attorneys for Defendant
                                  PRASAD LAKIREDDY


                             By: _____
                                  PAUL DELANO WOLF


                             By: _____
                                  ERIK G. BABCOCK

1        <u>PROOF OF SERVICE</u>

2            I declare under penalty of perjury that I am a citizen

3   of the United States, over the age of eighteen years and not a

4   party to the within action.  My business address is 1212

5   Broadway, Tenth Floor, Oakland, CA 94612.  On this date I served

6   the attached DEFENDANT'S REPLY TO OPPOSITION TO MOTION TO EXCLUDE

7   EVIDENCE, ORDER DISCOVERY AND/OR CONTINUE TRIAL in said action by

8   causing a true copy to be hand delivered to the persons named

9   below at:

10  Stephen G. Corrigan, Esq.
    Lawrence J. Leigh, Esq.
11  Assistant United States Attorney
    1301 Clay Street, 3rd Floor
12  Oakland, CA 94612

13            Executed this 14Th day of April, 2003 at Oakland,

14  California.

15

16

17

18

19

20

21

22

23

24

25

26

27

28