LATHAM & WATKINS LLP
  Peter A. Wald (Bar No. 085705)
  John P. Flynn (Bar No. 141094)
  Randall T. Kim (Bar No. 196244)
  Shannon M. Eagan (Bar No. 212830)
505 Montgomery Street, Suite 1900
San Francisco, California 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095

ALTSHULER, BERZON, NUSSBAUM,
RUBIN & DEMAIN
  Michael Rubin (Bar No. 80618)
  Scott A. Kronland (Bar No. 171693)
  Rebekah B. Evenson (Bar No. 207825)
177 Post Street, Suite 300
San Francisco, California 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE I, *et al.*, | CASE NO. C-02-5570-WHA |
| Plaintiffs, | |
| v. | **PLAINTIFFS' RESPONSE TO MARCH 31, 2004 ORDER REGARDING DESIGNATION OF EXPERT ON INDIAN LAW** |
| LAKIREDDY BALI REDDY, *et al.*, | |
| Defendants. | |

        In their complaint, plaintiffs Jane Doe II and Vani Prattipati allege that they were sexually abused when they were minors and that the abuse began in India and continued in California. 2AC ¶¶56-63, 93-99, 114, 121, 130. Plaintiffs then plead claims for civil assault and battery, sexual abuse, and intentional infliction of emotional distress arising out of that abuse. 2AC¶¶203-14, 224-30. Although the Complaint does not explicitly designate which law applies to those common law, plaintiffs contend that California law should govern each common law

LATHAM&WATKINS™
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFFS' RESPONSE TO MARCH 31, 2004 ORDER
REGARDING DESIGNATION OF EXPERT ON INDIAN LAW
CASE NO. C-02-5570

claims, including the portion of these claims based upon sexual abuse that occurred in India. Plaintiffs have not designated an expert regarding Indian tort law, because plaintiffs do not believe Indian tort law should apply.[1]

The law is clear that the *proponent* of applying foreign law bears the burden of giving proper notice of the intent to raise an issue of foreign law and demonstrating that it applies. *Washington Mutual Bank, FA v. Superior Court*, 24 Cal.4th 906, 919-21 & n.8 (2001); *Bernhard v. Harrah's Club*, 16 Cal. 3d 313, 317-318 (1976); *Hurtado v. Superior Court*, 11 Cal. 3d 574 (1974); *Marsh v. Burrell*, 805 F. Supp. 1493, 1496-97 (N.D. Cal. 1992) (applying California law). Plaintiffs believe that Indian law is potentially relevant only to this extent: In India, the legal age of consent to sexual relations is 16 rather than 18. Plaintiffs filed a proper FRCP 44.1 notice, prior to the pre-trial conference, that quotes the pertinent section of the Indian Penal Code. Because plaintiffs contend that they had not reached 16 at the time they were in India, the difference regarding the age of consent should be a non-issue at trial. However, if defendants present evidence to support a finding that Doe II or Vani was over 16 while in India, plaintiffs would not oppose a jury instruction regarding the difference in ages of consent.

Defendants never provided any FRCP 44.1 notice of intent to raise any issues of Indian law. Nor have they ever proposed any jury instructions based on Indian law. Consequently, defendants have failed to meet their burden of establishing that a true issue of Indian law exists. Absent a showing that Indian common law and California common law conflict, California common law must apply for the reasons stated in plaintiffs' March 31, 2004 brief.

---

[1] However, plaintiffs did designate Dr. Kamala Visweswaran, a cultural anthropologist from the University of Texas, to explain Indian law as it pertains to the cultural context in which defendants committed their tortious acts. *See* Pl. Opp. to Motion in Limine to Exclude Testimony of Dr. Kamala Visweswaran at 4 ("Dr. Visweswaran's report contains additional information that will also enable the jurors to understand the evidence in cultural context. For example, her discussion of Indian laws and practices concerning the age of consent for sex and marriage (Report 25-26; Depo. 68:17 - 69:13), and applicable minimum wage (Report 28-29; Depo. 112:6-113:3; 115:9 - 116:2; 117:2 - 118:21; 241:19- 247:3) will enable the jury to understand that defendants' conduct would be considered just as wrong in India as it was in the United States."); *see also id* at 4 n.4 (explaining the basis for her legal expertise).

In defendants' March 31, 2004 brief regarding acts that occurred in India, defendants purport to identify two issues relating to this case in which Indian law and California law conflict. However, the Indian statutes cited by defendants demonstrate on their face that defendants are wrong.

1.   The first purported difference concerns the statute of limitations. Defendants contend that under the India Limitation Act, 1963, the statute of limitations (which defendants assert is two years) would bar plaintiffs' claims. However, there are at least four reasons why the statute of limitations is a non-issue in this case.

First, under Indian law, the limitations period does not run while the plaintiff is a minor. Section 6 of the India Limitation Act, which defendants failed to quote, thus provides:

> 6.  Legal disability:  (1) Where a person entitled to institute a suit or make an application for the execution of a decree is, at the time from which the prescribed period is to be reckoned, *a minor*, or insane, or an idiot, he may institute the suit or make the application within the same period after the disability has ceased, as would otherwise have been allowed from the time specified therefor . . . . (Emphasis supplied).[2]

Jane Doe II and Vani Prattipati allege that they were 15 and 14 years old when they left India for California in August 1999. Thus, when all parties' counsel signed a formal Tolling Agreement on October 18, 2000, the statute of limitations on plaintiffs' Indian tort claims had not even begun to run.

Perhaps anticipating that the Court would find this tolling provision in ¶6 of the India Limitation Act, defendants fall back on a second argument – that agreements to toll the statute of limitations are not recognized by Indian courts. Even in the absence of a tolling agreement, however, plaintiffs' claims still would not be time barred. The age of majority in India is 18.[3] Jane Doe II alleges that she was 15 in 1999. That means she was still under 20 years old when this action was filed in October 2002, and a two-year Indian statute of limitations cannot have run.

---

[2] Excerpts from the pertinent Indian statutes are attached to the end of this brief.
[3] Indian Majority Act, 1875 ("Every person domiciled in India shall attain the age of majority on his completing the age of eighteen years and not before.").

3

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFFS' RESPONSE TO MARCH 31, 2004 ORDER
REGARDING DESIGNATION OF EXPERT ON INDIAN LAW
CASE NO. C-02-5570

Next, although defendants assert that Indian law does not recognize tolling agreements, it is California law, not Indian law, that applies to the validity of a contract (the tolling agreement negotiated by counsel) entered into by California residents in California to govern the assertion of the statute of limitations defense in California courts.  In U.S. courts, the statute of limitations is an affirmative defense than can be waived by a defendants' failure to assert it.  Defendants by the Tolling Agreement and by oral representations promised not to assert that affirmative defense in this case.  Thus, defendants are barred from raising that defense now.  The issue in the case defendants rely upon was whether, if claims were *re-filed* in India, the Indian courts would allow the parties waive the statute of limitations.  It was not whether U.S. courts recognize waivers of the statute of limitations, which of course they do.

Finally, and equally to the point, under Section 15 of the India Limitation Act, 1963:

> In computing the period of limitation or any suit the time during which the defendant has been absent from India and from the territories outside India under the administration of the Central Government, shall be excluded.

Each of the defendants resides in California, not India, and visits India only once or twice per year.  Even disregarding the tolling agreement, none of the defendants has spent a sufficient amount of time in India for the statute of limitations to have run on any of the plaintiffs' claims.  For all these reasons, defendants' statute of limitations argument is a red herring.

2. Defendants' second purported distinction between California law and Indian law is that Indian courts award lesser damages to tort victims than California courts.  Even if true, that would not be a basis for refusing to hear plaintiffs' claims.  At most, it might be a basis for giving the jury a different instruction for computing damages.  But defendants did not propose any such instruction.  Moreover, such an instruction would make no sense where the plaintiffs and defendants are all California residents.  Jane Doe II and her parents cannot return to India; they have been granted asylum by the U.S. Government because they have a reasonable fear of persecution if they return.  Any damages award will have to compensate in accordance with United States living standards.  California clearly has the stronger interest when it comes to

4

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFFS' RESPONSE TO MARCH 31, 2004 ORDER
REGARDING DESIGNATION OF EXPERT ON INDIAN LAW
CASE NO. C-02-5570

1  computing damages to California residents based on torts that were committed by other
2  California residents and that continued in California.  *See Marsh v. Burrell*, 805 F. Supp. 1493,
3  1498-99 (N.D. Cal. 1992) (applying California law, and explaining that, absent extraordinary
4  circumstances, California applies its own more generous principles for awarding damages where
5  the defendant is a California resident); *In re Aircrash In Bali, Indonesia on April 22, 1974*, 684
6  F.2d 1301, 1307 (9th Cir. 1982) (applying California law) (California will apply more generous
7  damages rules where defendant is a California resident because foreign jurisdiction has no
8  interest in limiting damages payable by California residents).

9        Defendants' Indian law briefs show the wisdom of the rule, applied consistently
10 by California courts, that the *proponent* of foreign law bears the burden of establishing what that
11 law is and why it should apply and, if the proponent does not meet that burden, California courts
12 will apply their own law.  Defendants seek to shift the burden to plaintiffs and to the Court by
13 claiming that "a lengthy expert inquiry" would be needed to resolve the possible conflicts
14 between Indian law and California law.  There is no need for such an inquiry because defendants
15 – as the *proponents* of foreign law – have not carried their burden.  As the Ninth Circuit
16 explained in *Commercial Ins. Co. of Newark, N. J. v. Pacific-Peru Const. Corp.*, 558 F.2d 948,
17 952 (9th Cir. 1977) (ellipses in original):

> "None of the parties, pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, gave written notice of an intent to raise an issue concerning the law of a foreign country.  We are, therefore, under no obligation to attempt to apply Peruvian law."  *See Bartsch v. Metro-Goldwyn-Mayer Inc.*, 391 F.2d 150, 155, n.3 (2d Cir. 1968); 5 Moore's Federal Practice P 44.1.03, p. 1655 (2d ed. 1977).  We apply the principle of the Restatement (Second) of Conflicts: "[W]here either no information, or else insufficient information, has been obtained about the foreign law, the forum will usually decide the case in accordance with its own local law . . . . The forum will usually apply its own local law for the reason that in this way it can best do justice to the parties . . . . When both parties have failed to prove the foreign law, the forum may say that the parties have acquiesced in the application of the local law of the forum. . . ."  Restatement (Second) of Conflicts of Laws sec. 136, comment h, at pp. 378-79 (1971); *id.* at sec. 6(2)(g), p. 10.

\* \* \*

5

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFFS' RESPONSE TO MARCH 31, 2004 ORDER
REGARDING DESIGNATION OF EXPERT ON INDIAN LAW
CASE NO. C-02-5570

**Excerpts of Indian Statutes** [4]

**The Limitation Act, 1963**

Section 6:  Legal disability.

(1) Where a person entitled to institute a suit or make an application for the execution of a decree is, at the time from which the prescribed period is to be reckoned, a minor or insane, or an idiot, he may institute the suit or make the application within the same period after the disability has ceased, as would otherwise have been allowed from the time specified therefor in the third column of the Schedule. . . .

Section 15:  Exclusion of time in certain other cases. . . .

(5) In computing the period of limitation for any suit the time during which the defendant has been absent from India and from the territories outside India under the administration of the Central Government, shall be excluded.

**The Indian Majority Act, 1875**

Age of majority of persons domiciled in India.

(1) Every person domiciled in India shall attain the age of majority on his completing the age of eighteen years and not before.

(2) In computing the age of any person, the day on which he was born is to be included as a whole day and he shall be deemed to have attained majority at the beginning of the eighteenth anniversary of that day.

Dated: April 1, 2004

LATHAM & WATKINS LLP
    Peter A. Wald
    John P. Flynn
    Randall T. Kim
    Shannon M. Eagan

By    /s/
    Randall T. Kim

ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
    Michael Rubin
    Scott A. Kronland
    Rebekah B. Evenson

ATTORNEYS FOR PLAINTIFFS

SF\458398.3

---

[4] Text available at www.indiacode.nic.in.

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFFS' RESPONSE TO MARCH 31, 2004 ORDER
REGARDING DESIGNATION OF EXPERT ON INDIAN LAW
CASE NO. C-02-5570